Gina A. Bibby (State Bar No. 242657)
**FOLEY & LARDNER LLP**
EMAIL: GBIBBY@FOLEY.COM
975 Page Mill Road
Palo Alto, CA  94304-1013
Telephone: (650) 856-3700
Facsimile:  (650) 856-3710

Ary Chang (State Bar No. 244247)
**FOLEY & LARDNER LLP**
EMAIL: ACHANG@FOLEY.COM
3579 Valley Centre Drive, Suite 300
San Diego, CA  92130
Telephone: (858) 847-6732
Facsimile:  (858) 792-6773

Rick S. Florsheim (Admitted *Pro Hac Vice*)
Cynthia J. Franecki (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
EMAIL: RFLORSHEIM@FOLEY.COM
EMAIL: CFRANECKI@FOLEY.COM
777 E Wisconsin Avenue
Milwaukee, WI  53202-5306
Telephone: (414) 271-2400
Facsimile:  (414) 297-4900

John C. Vetter (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
EMAIL: JVETTER@FOLEY.COM
One South Biscayne Boulevard, Suite 1900
Miami, FL  33151
Telephone: (305) 382-8424
Facsimile:  (305) 482-8600

Attorneys for Plaintiffs
AVAGO TECHNOLOGIES FIBER IP (SINGAPORE) PTE. LTD.

Richard Allan Horning (State Bar No. 54349)
richard.horning@snrdenton.com
Dana J. Finberg (State Bar No. 257459)
dana.finberg@snrdenton.com
Jimmy M. Shin (State Bar No. 200161)
james.shin@snrdenton.com
Imran A. Khaliq (State Bar No. 232607)
imran.khaliq@snrdenton.com
Matthew P. Larson (State Bar No. 266936)
matthew.larson@snrdenton.com
SNR DENTON US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone: (650) 798-0300
Facsimile: (650) 798-0310

Attorneys for Defendants
IPTRONICS INC. AND IPTRONICS A/S

**STIPULATED PROTECTIVE ORDER**
**CASE NO. C 5:10-CV-02863 EJD (PSG)**

1

2

3

# UNITED STATES DISTRICT COURT

4

## NORTHERN DISTRICT OF CALIFORNIA

5

### SAN JOSE DIVISION

6

7 AVAGO TECHNOLOGIES FIBER IP
(SINGAPORE) PTE. LTD.

8              Plaintiff,                          Case No. C 5:10-CV-02863 EJD (PSG)

9

10 v.                                              **STIPULATED PROTECTIVE ORDER**

IPTRONICS, INC. and IPTRONICS A/S

11

12             Defendants.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLMR_882799.1

**STIPULATED PROTECTIVE ORDER**

Plaintiff Avago Technologies Fiber IP (Singapore) Pte. Ltd. ("Plaintiff" or "Avago") and Defendants IPtronics, Inc. and IPtronics A/S ("Defendants" or collectively "IPtronics") hereby stipulate that the following Protective Order ("Order") regarding confidential information may be entered by the Court.

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than preparation and litigation of this matter, as set forth in Section 7 (ACCESS TO AND USE OF PROTECTED MATERIAL), may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 15.4 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) is identified as an expert whose opinions may be presented at trial of this case or is retained by a Party or its counsel in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, including, but not limited to, a proposed expert witness with whom Counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof; (2) is not a past or current employee of a Party or of a Party's competitor; and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.  The term "expert" as it is used herein is to be construed within the meaning of Federal Rule of Civil Procedure 26(b)(4). .

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3

2.9 <u>House Counsel</u>: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Patents-in-Suit</u>: United States Patent Nos. 5,359,447 and 6,947,456.

2.14 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that the Disclosing Party designates as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Protected Material also includes any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

2.17 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

4

1    The protections conferred by this Stipulation and Order cover not only Protected

2    Material (as defined above), but also (1) any information copied or extracted from Protected Material;

3    (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

4    conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

5    However, the protections conferred by this Stipulation and Order do not cover the following

6    information: (a) any information that is in the public domain at the time of disclosure to a Receiving

7    Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

8    publication not involving a violation of this Order, including becoming part of the public record

9    through trial or otherwise; and (b) any information known to the Receiving Party prior to the

10   disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

11   information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of

12   Protected Material at trial shall be governed by a separate agreement or order.

13    4.    <u>DURATION</u>

14    The confidentiality obligations imposed by this Order shall remain in effect for four

15   (4) years after final disposition of this litigation, including any appeals, or a court order otherwise

16   directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in

17   this action, with or without prejudice; and (2) final judgment herein after the completion and

18   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time

19   limits for filing any motions or applications for extension of time pursuant to applicable law.

20    5.    <u>DESIGNATING PROTECTED MATERIAL</u>

21    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each

22   Party or Non-Party that designates information or items for protection under this Order must take care

23   to limit any such designation to specific material that qualifies under the appropriate standards.  To

24   the extent it is practical to do so, and consistent with all paragraphs of section 5.2(a) the Designating

25   Party must designate for protection only those parts of material, documents, items, or oral or written

26   communications that qualify – so that other portions of the material, documents, items, or

27

28

DLMR_882799.1

communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  <u>for information in documentary form</u> (e.g., paper or electronic copies and/or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

6

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

Documents from other litigation which are requested in discovery and which contain any restrictive legend from such other litigation (e.g., "Confidential Business Information," "CBI," "Confidential," "Confidential – Outside Attorneys Eyes Only" or words of similar import shall be treated for all purposes under this Stipulated Protective Order as being designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  To the extent that either Party later believes that any document or group of documents should be de-designated or designated in some other manner (e.g., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - SOURCE CODE"), the Parties shall meet and confer as provided in section 6.2.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that

7

DLMR_882799.1

only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)  for information produced in some form other than documentary or electronic and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

8

1    designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

2    or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

3    confidentiality designation by electing not to mount a challenge promptly after the original

4    designation is disclosed.

5        6.2    Meet and Confer.  The Challenging Party shall initiate the dispute

6    resolution process by providing written notice of each designation it is challenging and describing the

7    basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

8    notice must recite that the challenge to confidentiality is being made in accordance with this specific

9    paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith

10   and must begin the process by conferring directly (in voice to voice dialogue; other forms of

11   communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the

12   Challenging Party must explain the basis for its belief that the confidentiality designation was not

13   proper and must give the Designating Party an opportunity to review the designated material, to

14   reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the

15   chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only

16   if it has engaged in this meet and confer process first or establishes that the Designating Party is

17   unwilling to participate in the meet and confer process in a timely manner.

18       6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court

19   intervention, the Challenging Party shall file and serve a motion to remove confidentiality under Civil

20   Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the

21   initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process

22   will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a

23   competent declaration affirming that the movant has complied with the meet and confer requirements

24   imposed in the preceding paragraph.  Failure by the  Challenging Party to make such a motion

25   including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive

26   the right to object to the confidentiality designation for each challenged designation.  Except where

27   waived under this paragraph, the Challenging Party may file a motion challenging a confidentiality

28

9

1   designation at any time if there is good cause for doing so, including a challenge to the designation of

2   a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must

3   be accompanied by a competent declaration affirming that the movant has complied with the meet

4   and confer requirements imposed by the preceding paragraph.

5           The burden of persuasion in any such challenge proceeding shall be on the

6   Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or

7   impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to

8   sanctions.  All Parties shall continue to afford the material in question the level of protection to which

9   it is entitled under the Producing Party's designation until the Court rules on the challenge.

10          7.      ACCESS TO AND USE OF PROTECTED MATERIAL

11          7.1     Basic Principles.  Any Protected Material obtained by any Party from any

12  person pursuant to discovery in this litigation or otherwise may be used only for purposes of

13  preparation and litigation of this matter, and may not be used for any other purpose, including but not

14  limited to use in other litigations, use for business purposes, or use for patent prosecution or for

15  providing strategic patent prosecution advice other than specifically provided for in this section of the

16  Protective Order.

17          A Receiving Party may use Protected Material that is disclosed or produced by another

18  Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to

19  settle (a) any action involving one or both of the Patents-in-Suit and/or their foreign counterpart

20  patents and involving at least one party to this action, (b) any bankruptcy proceeding involving the

21  Designating Party, and/or (c) any collection efforts relative to any judgment obtained in this

22  litigation.  Protected Material, including documents and things, exchanged during this case shall not

23  be used for drafting, filing or prosecution of new or currently pending patent applications, or for

24  reexamination and/or reissues on behalf of a Party to this litigation that may have access to such

25  Protected Material, as specified in the provisions of section 9 below (PROSECUTION BAR). Such

26  Protected Material may be disclosed only to the categories of persons and under the conditions

27

28

DLMR_882799.1

described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action[1];

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(g) the Designating parties' deposition or trial witnesses.

7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

---

[1] The Receiving Party's Outside Counsel of Record in this action may disclose any information or item designated "CONFIDENTIAL" only to employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

11

information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action[2];

(b)  Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c)  the court and its personnel;

(d)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(f) the Designating parties' deposition or trial witnesses.

7.4  <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a)  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding (excluding academic and/or government funding) for work in his

---

[2] The Receiving Party's Outside Counsel of Record in this action may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

DLMR_882799.1

or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[3] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)   A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)   A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. If a Party invokes section 7.4(b) and (c) and makes an objection to the other party's Expert, the objecting party must agree to a shortened briefing schedule whereby the objecting party's opposing papers are due no later than 5 court days after receipt of the Party filing the motion seeking to make the disclosure to the Expert, with a  Reply brief due within 3 court days after receipt of the opposing Party's brief, and

---

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

DLMR_882799.1

further submits to have the issue resolved by the Magistrate Judge appointed to this action, for

resolution no later than 21 days after the motion seeking to make the disclosure to the Expert is filed

or within the shortest time period available for the Court or the Magistrate to resolve the dispute.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the

burden of proving that the risk of harm that the disclosure would entail (under the safeguards

proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.   USE OF PROTECTED MATERIAL AT TRIAL

A Party shall provide notice to the Producing Party, in the event that a Party intends to

use any Protected Material during trial.

9.   PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access

to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

SOURCE CODE" information shall not be involved in the prosecution of patents or patent

applications relating to laser drivers (including but not limited to VCSEL drivers), transimpedence

amplifiers, parallel optical interconnects, and optical communication systems (using VCSELs),

including without limitation the Patents-in-Suit and any patent or application claiming priority to or

otherwise related to the Patents-in-Suit, before any foreign or domestic agency, including the United

States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph,

"prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the

scope or maintenance of patent claims.[4]  To avoid any doubt, "prosecution" as used in this paragraph

does not include representing a Party challenging a patent before a domestic or foreign agency

(including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination)

nor does it include sharing work product based on information and material obtainable from asserted

public prior art.  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is

---

[4] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

14

1  first received by the affected individual and shall end two (2) years after final termination of this

2  action.

3       10.    <u>SOURCE CODE</u>

4         (a)    To the extent production of source code becomes necessary in this case, a

5  Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it

6  comprises or includes confidential, proprietary or trade secret source code.

7         (b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

8  CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

9  ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8,

10  and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL –

11  ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

12         (c)    Any source code produced in discovery shall be made available for inspection,

13  in a format allowing it to be reasonably reviewed and searched, during normal business hours or at

14  other mutually agreeable times, at an office of the Producing Party's counsel or another mutually

15  agreed upon location.  The source code shall be made available for inspection on a secured computer

16  in a secured room without Internet access or network access to other computers, and the Receiving

17  Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable

18  media or recordable device.  The Producing Party may visually monitor the activities of the

19  Receiving Party's representatives during any source code review, but only to ensure that there is no

20  unauthorized recording, copying, or transmission of the source code.

21         (d)    The Receiving Party may request paper copies of limited portions of source

22  code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or

23  other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing

24  the source code other than electronically as set forth in paragraph (c) in the first instance.  The

25  Producing Party shall provide all such source code in paper form, including bates numbers and the

26  label "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Producing Party may challenge the

27  amount of source code requested in hard copy form pursuant to the dispute resolution procedure and

28

timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

11.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[5]

---

[5] The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

16

1          If the Designating Party timely seeks a protective order, the Party served with the

2 subpoena or court order shall not produce any information designated in this action as

3 "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY

4 CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena

5 or order issued, unless the Party has obtained the Designating Party's permission.  The Designating

6 Party shall bear the burden and expense of seeking protection in that court of its confidential material

7 – and nothing in these provisions should be construed as authorizing or encouraging a Receiving

8 Party in this action to disobey a lawful directive from another court.

9        12.      <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN</u>

10                <u>THIS LITIGATION</u>

11        (a)      The terms of this Order are applicable to information produced by a Non-Party

12 in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

13 EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by

14 Non-Parties in connection with this litigation is protected by the remedies and relief provided by this

15 Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

16 additional protections.

17        (b)      In the event that a Party is required, by a valid discovery request, to produce a

18 Non-Party's confidential information in its possession, and the Party is subject to an agreement with

19 the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

20            1.      promptly notify in writing the Requesting Party and the Non-Party that

21 some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

22            2.      promptly provide the Non-Party with a copy of the Stipulated

23 Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

24 description of the information requested; and

25            3.      make the information requested available for inspection by the Non-

26 Party.

27        13.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

28

**STIPULATED PROTECTIVE ORDER**
**CASE NO. C 5:10-CV-02863 EJD (PSG)**

1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

2 Protected Material to any person or in any circumstance not authorized under this Stipulated

3 Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of

4 the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

5 Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of

6 all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment

7 and Agreement to Be Bound" that is attached hereto as Exhibit A.

8   14. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

9     <u>PROTECTED MATERIAL</u>

10    When a Producing Party gives notice to Receiving Parties that certain inadvertently

11 produced material is subject to a claim of privilege or other protection, the obligations of the

12 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision

13 is not intended to modify whatever procedure may be established in an e-discovery order that

14 provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d)

15 and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or

16 information covered by the attorney-client privilege or work product protection, the Parties may

17 incorporate their agreement in the stipulated protective order submitted to the court.

18   15. <u>MISCELLANEOUS</u>

19    15.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

20 person to seek its modification by the court in the future.

21    15.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

22 Order no Party waives any right it otherwise would have to object to disclosing or producing any

23 information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

24 Party waives any right to object on any ground to use in evidence of any of the material covered by

25 this Protective Order.

26    15.3 <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all

27 applicable laws and regulations relating to the export of technical data contained in such Protected

28

18

1  Material, including the release of such technical data to foreign persons or nationals in the United

2  States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled

3  technical data, and the Receiving Party shall take measures necessary to ensure compliance.

4         15.4   <u>Filing Protected Material</u>.  Without written permission from the Designating

5  Party or a court order secured after appropriate notice to all interested persons, a Party may not file in

6  the public record in this action any Protected Material.  A Party that seeks to file under seal any

7  Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed

8  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

9  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the

10  Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

11  protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant

12  to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected

13  Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the

14  court.

15        16.   <u>FINAL DISPOSITION</u>

16         Within 60 days after the final disposition, as defined in paragraph 4, of all actions for

17  which use of Protected Materials is permitted under provisions of Section 7.1, first paragraph, each

18  Receiving Party must return all Protected Material to the Producing Party or destroy such material.

19  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

20  summaries, and any other format reproducing or capturing any of the Protected Material.  Whether

21  the Protected Material is returned or destroyed, the Receiving Party must submit a written

22  certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by

23  the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that

24  was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

25  abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

26  Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

27  pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

28  

19

1  correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

2  and expert work product, even if such materials contain Protected Material.  Any such archival copies

3  that contain or constitute Protected Material remain subject to this Protective Order as set forth in

4  Section 4 (DURATION).

5

6  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7

8

9  DATED: April 28, 2011                    */s/ Ary Chang*

10                                             John C. Vetter
                                               Rick S. Florsheim
11                                             Cynthia J. Franecki
                                               Gina A. Bibby
12                                             Ary Chang
                                               Attorneys for Plaintiff
13                                                Avago Technologies Fiber IP (Singapore)Pte. Ltd.

14

15 DATED: April 28, 2011                     */s/ Richard Allan Horning*

16                                             Richard Allan Horning
                                               Attorneys for Defendants
17                                                IPtronics, Inc. and IPtronics A/S

18

19

20 PURSUANT TO STIPULATION, IT IS SO ORDERED.

21

22 DATED: ___May 2, 2011___      _____

23                                        XXXXXXXXXXXXXX Paul S. Grewal

24                                        United States ]XXXXX  Judge
                                                  Magistrate
25

26

27

28
                                    20

**STIPULATED PROTECTIVE ORDER**
**CASE NO. C 5:10-CV-02863 EJD (PSG)**

DLMR_882799.1

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc., et al.*, Case No. 5:10-CV-02863 EJD (PT). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

**STIPULATED PROTECTIVE ORDER**
**CASE NO. C 5:10-CV-02863 EJD (PSG)**

DLMR_882799.1