UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES FIBER IP (SINGAPORE) PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> IPTRONICS, INC. and IPTRONICS A/S, <br><br> Defendants. | Case No.:  5:10-CV-02863-EJD (PSG) <br><br> **[PROPOSED] ORDER MODIFYING THE PROTECTIVE ORDER** <br><br> **JUDGE:**  Honorable Paul S. Grewal |

1  Having considered Plaintiff Avago Technologies Fiber IP (Singapore) Pte. Ltd.'s Motion to Modify the Protective Order, the memoranda of points and authorities and the documents in support thereof and in opposition thereto, and having heard argument of counsel, the Court finds that:

(1) The Protective Order shall be modified to allow Avago to access the limited category of information which underlie the trade secret misappropriation, breach of contract, and related causes of action to better manage such claims without triggering the Prosecution Bar; and

(2) The Protective Order shall be modified to allow Avago to share evidence of trade secret misappropriation with criminal prosecutors so the prosecutors could determine whether to use them in criminal proceedings;

(3) Avago representatives can access the documents or other information produced by any party or non-party that contain information belonging to Avago or otherwise already known to Avago (*e.g.*, Avago trade secrets); and

(4) Avago representatives to whom such non-technical information is disclosed will not be barred under the Protective Order from prosecuting patents and patent applications as described in the Prosecution Bar.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Modify the Protective Order is **GRANTED**. Sections 7.1, 7.2, 7.3 and 9 of the Protective Order (including footnotes) entered by this Court on May 2, 2011 (D.I. 77), are amended to read as follows:

### SECTION 7.1

> 7.1 <u>Basic Principles</u>. Any Protected Material obtained by any Party from any person pursuant to discovery in this litigation or otherwise may be used only for purposes of preparation and litigation of this matter, and may not be used for any other purpose, including but not limited to use in other litigations, use for business purposes, or use for patent prosecution or for providing strategic patent prosecution advice other than specifically provided for in this section of the Protective Order. **Any Protected Material that is related to trade secret misappropriation, breach of contract, and other non-technical claims may be used for the purposes of preparing**

**for and litigating any other actual or potential matter, whether civil or criminal, which is not related to the patent infringement claims in the current matter.**

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle (a) any action involving one or both of the Patents-in-Suit and/or their foreign counterpart patents and involving at least one party to this action, (b) any bankruptcy proceeding involving the Designating Party, and/or (c) any collection efforts relative to any judgment obtained in this litigation. **Protected Material received during this case that is related to trade secret misappropriation, breach of contract, and other non-technical claims, may also be used for prosecuting, defending, or attempting to settle any other actual or potential matter, whether civil or criminal, which is not related to the patent infringement claims in the current matter.** Protected Material, including documents and things, exchanged during this case **(except for Protected Material related to trade secret misappropriation, breach of contract, and other non-technical claims)** shall not be used for drafting, filing or prosecution of new or currently pending patent applications, or for reexamination and/or reissues on behalf of a Party to this litigation that may have access to such Protected Material, as specified in the provisions of section 9 below (PROSECUTION BAR). Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

## SECTION 7.2

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action[1];

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) the Designating parties' deposition or trial witnesses.

**A Receiving Party may also disclose any information or item designated "CONFIDENTIAL" that is related to the Receiving Party's trade secret misappropriation, breach of contract, and other related claims only to:**

**(h) the appropriate criminal prosecutors in the United States and/or overseas;**

**(i) the Outside Counsel of Record in any actual or potential collateral action related to the trade secret misappropriation, breach of contract, and related claims[2];**

---

[1] The Receiving Party's Outside Counsel of Record in this action may disclose any information or item designated "CONFIDENTIAL" only to employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

[2] **The Receiving Party's Outside Counsel of Record in any actual or potential collateral action related to the trade secret misappropriation, breach of contract, and related claims may disclose any information or item designated 'CONFIDENTIAL' only to employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for in any actual or potential collateral action related to the trade secret misappropriation, breach of contract, and related claims.**

3

**(j) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for any actual or potential collateral action related to the trade secret misappropriation, breach of contract, and related claims and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);**

**(k) Experts of the Receiving Party to whom disclosure is reasonably necessary for any actual or potential collateral action related to the trade secret misappropriation, breach of contract, and related claims and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).**

## SECTION 7.3

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action[3];

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed

---

[3] The Receiving Party's Outside Counsel of Record in this action may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

4
[PROPOSED] ORDER MODIFYING THE PROTECTIVE ORDER
CASE NO. C 5:10-CV-02863-EJD (PSG)

the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f) the Designating parties' deposition or trial witnesses.

**A Receiving Party may also disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is related to the Receiving Party's trade secret misappropriation, breach of contract, and other related claims only to:**

**(g) the appropriate criminal prosecutors in the United States and/or overseas;**

**(h) an officer, director, or employee (including House Counsel) of the Receiving Party managing Receiving Party's trade secret misappropriation, breach of contract, and related claims and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);**

**(i) the Outside Counsel of Record in any actual or potential collateral action related to the trade secret misappropriation, breach of contract, and related claims[4];**

**(j) Experts of the Receiving Party to whom disclosure is reasonably necessary for any actual or potential collateral action related to the trade secret misappropriation, breach of contract, and related claims and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).**

Section 9 of the Protective Order is amended by adding the following paragraph to the end of the section:

**The Prosecution Bar does not apply where the information designated "HIGHLY CONFIDENTIAL – ATTORNEYS'**

---

[4] **The Receiving Party's Outside Counsel of Record in any actual or potential collateral action related to the trade secret misappropriation, breach of contract, and related claims may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for in any actual or potential collateral action related to the trade secret misappropriation, breach of contract, and related claims.**

**EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information contains information that is not related to the patent infringement claims,** *i.e.***, information related to trade secret misappropriation, breach of contract, or other similar claims.**

**SO ORDERED.**

Dated: _____, 2011

_____
Honorable Paul S. Grewal