Gina A. Bibby (State Bar No. 242657)
**FOLEY & LARDNER LLP**
EMAIL: GBIBBY@FOLEY.COM
975 Page Mill Road
Palo Alto, CA 94304-1013
Telephone: (650) 856-3700
Facsimile: (650) 856-3710

Ary Chang (State Bar No. 244247)
**FOLEY & LARDNER LLP**
EMAIL: ACHANG@FOLEY.COM
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 847-6732
Facsimile: (858) 792-6773

John C. Vetter (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
EMAIL: JVETTER@FOLEY.COM
One South Biscayne Boulevard, Suite 1900
Miami, FL 33151
Telephone: (305) 382-8424
Facsimile: (305) 482-8600

Richard S. Florsheim (Admitted *Pro Hac Vice*)
Cynthia J. Franecki (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
EMAIL: RFLORSHEIM@FOLEY.COM
EMAIL: CFRANECKI@FOLEY.COM
777 E Wisconsin Avenue
Milwaukee, WI 53202-5306
Telephone: (414) 271-2400
Facsimile: (414) 297-4900

Attorneys for Plaintiff
AVAGO TECHNOLOGIES FIBER IP (SINGAPORE) PTE. LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| AVAGO TECHNOLOGIES FIBER IP (SINGAPORE) PTE. LTD.,<br><br>Plaintiff,<br><br>v.<br><br>IPTRONICS, INC. and IPTRONICS A/S,<br><br>Defendants. | Case No.: 5:10-CV-02863-EJD (PSG)<br><br>**DECLARATION OF ARY CHANG IN SUPPORT OF PLAINTIFF'S MOTION TO MODIFY THE PROTECTIVE ORDER**<br><br>[REDACTED VERSION] |

I, Ary Chang, hereby declare that:

1. I am an active member in good standing of the State Bar of California and I am admitted to practice before this Court. I am an attorney at the law firm of Foley & Lardner LLP, counsel of record for Plaintiff Avago Technologies Fiber IP (Singapore) Pte. Ltd. ("Avago"). I have personal knowledge of the matter stated herein and, if called as a witness, I could and would testify competently thereto.

2. During the course of discovery, defendants IPtronics, Inc. and IPtronics A/S (collectively "IPtronics") produced approximately 900,000 pages of documents. Many, if not most, of the documents have been designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order.

3. Attached hereto as Exhibit A is a true and correct copy of a Subpoena To Testify At A Deposition In A Civil Action, including attached exhibits, which Avago caused to be served on Fariba Danesh on July 29, 2011.

4. On August 29, 2011, Avago deposed Fariba Danesh, a former high-ranking Avago executive. From June 2006 through September 2009, Danesh served as the Senior Vice President and General Manager of Avago's Fiber Optics Products Division ("FOPD") and reported directly to the Chief Executive Officer of Avago Technologies Limited, the Avago parent company.

5. At the August 29, 2011 deposition, Danesh produced two discs of documents in addition to a stack of paper documents in response to the subpoena *duces tecum*. In all, Danesh produced 42,925 documents, comprising 19 paper documents and 42,906 emails and attachments.

6. Twelve of the nineteen paper documents produced by Danesh contain confidential Avago information, including ██████████████████████████████████████████████████████████ The other seven of the nineteen paper documents produced by Danesh contain IPtronics information.

7. The electronic documents produced by Danesh amounted to ████████████████████████████████████████. The documents comprised Danesh's day-to-day communications as Senior Vice President &

General Manager of FOPD. The electronic documents contained highly confidential Avago trade secrets and other proprietary information, including hundreds of documents containing information protected by the attorney-client privilege, the work product doctrine, common interest doctrine, and/or any other generally applicable privilege or protection recognized by law.

8. Attached hereto as Exhibit B is a true and correct copy of a Subpoena To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, including attached exhibit, which Avago caused to be served on Fariba Danesh and is dated September 1, 2011.

9. Evidence discovered in documents produced by IPtronics show ███████████████████████.

10. Evidence discovered in documents produced by IPtronics show ███████████████████████████████████████████████████████████████████████████.

11. Evidence discovered in documents produced by IPtronics disclose ███████████████████████.

12. Evidence discovered in documents produced by IPtronics show ███████████████.

13. According to documents produced by Danesh and her deposition testimony, among Danesh's contractual obligations to Avago, Danesh agreed to abide by the terms of Avago's confidentiality requirements, which include (1) keeping any Avago proprietary information or third party confidential information in strict confidence and trust even after the termination of her employment agreement with Avago; and (2) promptly returning all Avago property at Avago's request or if her employment terminates and not retaining any reproductions of such property.

14. At her deposition Danesh testified that ███████████████████████████████████████████████████████████████.

15. Counsel for Danesh testified that ██████████████████████████████████████████████████████████████████████.

16. Evidence discovered in documents produced by IPtronics show that ████████████████████████████████████████████████████████.

17. Attached hereto as Exhibit C is a revised complete copy of the Protective Order which includes the modifications proposed by Avago as stated in its Motion to Modify the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on the 26th day of September, 2011 in San Diego, California.

/s/ Ary Chang
Ary Chang