1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| AVAGO TECHNOLOGIES FIBER IP (SINGAPORE) PTE. LTD.<br><br>   Plaintiff,<br><br>v.<br><br>IPTRONICS, INC. and IPTRONICS A/S<br><br>   Defendants. | Case No. C 5:10-CV-02863 JW (PSG)<br><br><br>**PROTECTIVE ORDER**<br>**[WITH PROPOSED MODIFICATION]** |

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than preparation and litigation of this matter, as set forth in Section 7 (ACCESS TO AND USE OF PROTECTED MATERIAL), may be warranted.  This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  As set forth in Section 15.4 below, this Protective Order with proposed modification does not entitle any Party to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things,

2

DLMR_933377.1

testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) is identified as an expert whose opinions may be presented at trial of this case or is retained by a Party or its counsel in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, including, but not limited to, a proposed expert witness with whom Counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof; (2) is not a past or current employee of a Party or of a Party's competitor; and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.  The term "expert" as it is used herein is to be construed within the meaning of Federal Rule of Civil Procedure 26(b)(4).

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3

2.11    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Patents-in-Suit: United States Patent Nos. 5,359,447 and 6,947,456.

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that the Disclosing Party designates as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Protected Material also includes any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following

4

information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

The confidentiality obligations imposed by this Order shall remain in effect for four (4) years after final disposition of this litigation, including any appeals, or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, and consistent with all paragraphs of section 5.2(a) the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

PROTECTIVE ORDER [MODIFIED]
CASE NO. C 5:10-CV-02863 JW (PSG)

DLMR_933377.1

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  <u>for information in documentary form</u> (e.g., paper or electronic copies and/or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

DLMR_933377.1

1            Documents from other litigation which are requested in discovery and which contain

2    any restrictive legend from such other litigation (e.g., "Confidential Business Information," "CBI,"

3    "Confidential," "Confidential – Outside Attorneys Eyes Only" or words of similar import shall be

4    treated for all purposes under this Protective Order as being designated "HIGHLY CONFIDENTIAL

5    – ATTORNEYS' EYES ONLY."  To the extent that either Party later believes that any document or

6    group of documents should be de-designated or designated in some other manner (e.g.,

7    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - SOURCE CODE"), the Parties shall meet and

8    confer as provided in section 6.2.

9            (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

10    Designating Party identify on the record, before the close of the deposition, hearing, or other

11    proceeding, all protected testimony and specify the level of protection being asserted.  When it is

12    impractical to identify separately each portion of testimony that is entitled to protection and it appears

13    that substantial portions of the testimony may qualify for protection, the Designating Party may

14    invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have

15    up to 21 to identify the specific portions of the testimony as to which protection is sought and to

16    specify the level of protection being asserted.  Only those portions of the testimony that are

17    appropriately designated for protection within the 21 days shall be covered by the provisions of this

18    Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days if

19    that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or

20    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

21            Parties shall give the other Parties notice if they reasonably expect a deposition,

22    hearing, or other proceeding to include Protected Material so that the other Parties can ensure that

23    only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

24    (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

25    shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

26    ATTORNEYS' EYES ONLY."

27

28

DLMR_933377.1

1   Transcripts containing Protected Material shall have an obvious legend on the title

2   page that the transcript contains Protected Material, and the title page shall be followed by a list of all

3   pages (including line numbers as appropriate) that have been designated as Protected Material and the

4   level of protection being asserted by the Designating Party.  The Designating Party shall inform the

5   court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day

6   period for designation shall be treated during that period as if it had been designated "HIGHLY

7   CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the

8   expiration of that period, the transcript shall be treated only as actually designated.

9   (c)  for information produced in some form other than documentary or electronic and

10   for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

11   container or containers in which the information or item is stored the legend "CONFIDENTIAL,"

12   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

13   SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the

14   Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level

15   of protection being asserted.

16   5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

17   designate qualified information or items does not, standing alone, waive the Designating Party's right

18   to secure protection under this Order for such material.  Upon timely correction of a designation, the

19   Receiving Party must make reasonable efforts to assure that the material is treated in accordance with

20   the provisions of this Order.

21   6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

22   6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of

23   confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

24   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

25   or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

26   confidentiality designation by electing not to mount a challenge promptly after the original

27   designation is disclosed.

28

DLMR_933377.1

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to remove confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the  Challenging Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the right to object to the confidentiality designation for each challenged designation.  Except where waived under this paragraph, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

DLMR_933377.1

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. Any Protected Material obtained by any Party from any person pursuant to discovery in this litigation or otherwise may be used only for purposes of preparation and litigation of this matter, and may not be used for any other purpose, including but not limited to use in other litigations, use for business purposes, or use for patent prosecution or for providing strategic patent prosecution advice other than specifically provided for in this section of the Protective Order. Any Protected Material that is related to trade secret misappropriation, breach of contract, and other non-technical claims may be used for the purposes of preparing for and litigating any other actual or potential matter, whether civil or criminal, which is not related to the patent infringement claims in the current matter.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle (a) any action involving one or both of the Patents-in-Suit and/or their foreign counterpart patents and involving at least one party to this action, (b) any bankruptcy proceeding involving the Designating Party, and/or (c) any collection efforts relative to any judgment obtained in this litigation. Protected Material received during this case that is related to trade secret misappropriation, breach of contract, and other non-technical claims, may also be used for prosecuting, defending, or attempting to settle any other actual or potential matter, whether civil or criminal, which is not related to the patent infringement claims in the current matter. Protected Material, including documents and things, exchanged during this case (except for Protected Material related to trade secret misappropriation, breach of contract, and other non-technical claims) shall not be used for drafting, filing or prosecution of new or currently pending patent applications, or for reexamination and/or

DLMR_933377.1

1   reissues on behalf of a Party to this litigation that may have access to such Protected Material, as

2   specified in the provisions of section 9 below (PROSECUTION BAR). Such Protected Material may

3   be disclosed only to the categories of persons and under the conditions described in this Order. When

4   the litigation has been terminated, a Receiving Party must comply with the provisions of section 16

5   below (FINAL DISPOSITION).

6           Protected Material must be stored and maintained by a Receiving Party at a location

7   and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8           7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

9   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose

10  any information or item designated "CONFIDENTIAL" only to:

11          (a) the Receiving Party's Outside Counsel of Record in this action[1];

12          (b) the officers, directors, and employees (including House Counsel) of the Receiving

13  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

14  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15          (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

16  reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to

17  Be Bound" (Exhibit A);

18          (d) the court and its personnel;

19          (e) court reporters and their staff, professional jury or trial consultants, and

20  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

21  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22          (f) the author or recipient of a document containing the information or a custodian or

23  other person who otherwise possessed or knew the information;

24          (g) the Designating parties' deposition or trial witnesses.

25

26  _____

27  [1] The Receiving Party's Outside Counsel of Record in this action may disclose any
    information or item designated "CONFIDENTIAL" only to employees of said Outside Counsel
    of Record to whom it is reasonably necessary to disclose the information for this litigation.

28

11

DLMR_933377.1

1    A Receiving Party may also disclose any information or item designated

2  "CONFIDENTIAL" that is related to the Receiving Party's trade secret misappropriation, breach of

3  contract, and other related claims only to:

4    (h) the appropriate criminal prosecutors in the United States and/or overseas;

5    (i) the Outside Counsel of Record in any actual or potential collateral action related to

6  the trade secret misappropriation, breach of contract, and related claims[2];

7    (j) the officers, directors, and employees (including House Counsel) of the Receiving

8  Party to whom disclosure is reasonably necessary for any actual or potential collateral action related

9  to the trade secret misappropriation, breach of contract, and related claims and who have signed the

10  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

11    (k) Experts of the Receiving Party to whom disclosure is reasonably necessary for any

12  actual or potential collateral action related to the trade secret misappropriation, breach of contract,

13  and related claims and who have signed the "Acknowledgment and Agreement to Be Bound"

14  (Exhibit A).

15    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

16  and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise

17  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose

18  any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

19  "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

20    (a) the Receiving Party's Outside Counsel of Record in this action[3];

21

22    [2] The Receiving Party's Outside Counsel of Record in any actual or potential collateral
action related to the trade secret misappropriation, breach of contract, and related claims may
23  disclose any information or item designated 'CONFIDENTIAL' only to employees of said
Outside Counsel of Record to whom it is reasonably necessary to disclose the information for in
24  any actual or potential collateral action related to the trade secret misappropriation, breach of
contract, and related claims.
25    [3] The Receiving Party's Outside Counsel of Record in this action may disclose any
information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
26  "HIGHLY CONFIDENTIAL – SOURCE CODE" only to employees of said Outside Counsel of
Record to whom it is reasonably necessary to disclose the information for this litigation.
27

28

12

DLMR_933377.1

1

2          (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for

3   this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

4   and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

5          (c) the court and its personnel;

6          (d) court reporters and their staff, professional jury or trial consultants, and

7   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

8   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9          (e) the author or recipient of a document containing the information or a custodian or

10  other person who otherwise possessed or knew the information;

11  (f) the Designating parties' deposition or trial witnesses.

12          A Receiving Party may also disclose any information or item designated "HIGHLY

13  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

14  CODE" that is related to the Receiving Party's trade secret misappropriation, breach of contract, and

15  other related claims only to:

16          (g) the appropriate criminal prosecutors in the United States and/or overseas;

17          (h) an officer, director, or employee (including House Counsel) of the Receiving Party

18  managing Receiving Party's trade secret misappropriation, breach of contract, and related claims and

19  who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20          (i) the Outside Counsel of Record in any actual or potential collateral action related to

21  the trade secret misappropriation, breach of contract, and related claims[4];

22

23

24          [4] The Receiving Party's Outside Counsel of Record in any actual or potential collateral
   action related to the trade secret misappropriation, breach of contract, and related claims may
25  disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'
   EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to employees of said
26  Outside Counsel of Record to whom it is reasonably necessary to disclose the information for in
   any actual or potential collateral action related to the trade secret misappropriation, breach of
27  contract, and related claims.

28

DLMR_933377.1

1    (j) Experts of the Receiving Party to whom disclosure is reasonably necessary for any

2   actual or potential collateral action related to the trade secret misappropriation, breach of contract,

3   and related claims and who have signed the "Acknowledgment and Agreement to Be Bound"

4   (Exhibit A).

5    7.4   Procedures for Approving or Objecting to Disclosure of "HIGHLY

6   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

7   CODE" Information or Items to Experts.

8    (a)   Unless otherwise ordered by the court or agreed to in writing by the Designating

9   Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

10   that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

11   "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a

12   written request to the Designating Party that (1) sets forth the full name of the Expert and the city and

13   state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies

14   the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has

15   received compensation or funding (excluding academic and/or government funding) for work in his

16   or her areas of expertise or to whom the expert has provided professional services, including in

17   connection with a litigation, at any time during the preceding five years,[5] and (5) identifies (by name

18   and number of the case, filing date, and location of court) any litigation in connection with which the

19   Expert has offered expert testimony, including through a declaration, report, or testimony at a

20   deposition or trial, during the preceding five years.

21    (b)   A Party that makes a request and provides the information specified in the

22   preceding respective paragraphs may disclose the subject Protected Material to the identified Expert

23   unless, within 14 days of delivering the request, the Party receives a written objection from the

24   Designating Party. Any such objection must set forth in detail the grounds on which it is based.

25

26    [5] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the
    Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality
27   agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating
    Party regarding any such engagement.

28

DLMR_933377.1

1    (c)  A Party that receives a timely written objection must meet and confer with the

2   Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement

3   within seven days of the written objection.  If no agreement is reached, the Party seeking to make the

4   disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with

5   Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion

6   must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the

7   Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest

8   any additional means that could be used to reduce that risk. In addition, any such motion must be

9   accompanied by a competent declaration describing the Parties' efforts to resolve the matter by

10  agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the

11  reasons advanced by the Designating Party for its refusal to approve the disclosure. If a Party invokes

12  section 7.4(b) and (c) and makes an objection to the other party's Expert, the objecting party must

13  agree to a shortened briefing schedule whereby the objecting party's opposing papers are due no later

14  than 5 court days after receipt of the Party filing the motion seeking to make the disclosure to the

15  Expert, with a  Reply brief due within 3 court days after receipt of the opposing Party's brief, and

16  further submits to have the issue resolved by the Magistrate Judge appointed to this action, for

17  resolution no later than 21 days after the motion seeking to make the disclosure to the Expert is filed

18  or within the shortest time period available for the Court or the Magistrate to resolve the dispute.

19    In any such proceeding, the Party opposing disclosure to the Expert shall bear the

20  burden of proving that the risk of harm that the disclosure would entail (under the safeguards

21  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

22   8.   USE OF PROTECTED MATERIAL AT TRIAL

23    A Party shall provide notice to the Producing Party, in the event that a Party intends to

24  use any Protected Material during trial.

25

26

27

28

15

DLMR_933377.1

9.    PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to laser drivers (including but not limited to VCSEL drivers), transimpedence amplifiers, parallel optical interconnects, and optical communication systems (using VCSELs), including without limitation the Patents-in-Suit and any patent or application claiming priority to or otherwise related to the Patents-in-Suit, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[6]  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a Party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination) nor does it include sharing work product based on information and material obtainable from asserted public prior art.  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

The Prosecution Bar does not apply where the information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information contains information that is not related to the patent infringement claims, *i.e.*, information related to trade secret misappropriation, breach of contract, or other similar claims.

10.    SOURCE CODE

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

---

[6] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

16

(b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)      Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)      The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  The Producing Party shall provide all such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)      The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not

DLMR_933377.1

1  convert any of the information contained in the paper copies into any electronic format. The

2  Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to

3  prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2)

4  necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies

5  used during a deposition shall be retrieved by the Producing Party at the end of each day and must not

6  be given to or left with a court reporter or any other unauthorized individual.

7       11.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

8             OTHER LITIGATION

9             If a Party is served with a subpoena or a court order issued in other litigation that

10  compels disclosure of any information or items designated in this action as "CONFIDENTIAL,"

11  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

12  SOURCE CODE," that Party must:

13             (a)   promptly notify in writing the Designating Party. Such notification shall

14  include a copy of the subpoena or court order;

15             (b)   promptly notify in writing the Party who caused the subpoena or order to issue

16  in the other litigation that some or all of the material covered by the subpoena or order is subject to

17  this Protective Order. Such notification shall include a copy of this Protective Order; and

18             (c)    cooperate with respect to all reasonable procedures sought to be pursued by

19  the Designating Party whose Protected Material may be affected.[7]

20             If the Designating Party timely seeks a protective order, the Party served with the

21  subpoena or court order shall not produce any information designated in this action as

22  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY

23  CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena

24  or order issued, unless the Party has obtained the Designating Party's permission. The Designating

25  Party shall bear the burden and expense of seeking protection in that court of its confidential material

26

27       [7] The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective
Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the
court from which the subpoena or order issued.

28

DLMR_933377.1

1  – and nothing in these provisions should be construed as authorizing or encouraging a Receiving

2  Party in this action to disobey a lawful directive from another court.

3      12.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN

4            THIS LITIGATION

5      (a)      The terms of this Order are applicable to information produced by a Non-Party

6  in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

7  EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by

8  Non-Parties in connection with this litigation is protected by the remedies and relief provided by this

9  Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

10  additional protections.

11      (b)      In the event that a Party is required, by a valid discovery request, to produce a

12  Non-Party's confidential information in its possession, and the Party is subject to an agreement with

13  the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

14          1.      promptly notify in writing the Requesting Party and the Non-Party that

15  some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

16          2.      promptly provide the Non-Party with a copy of the Protective Order in

17  this litigation, the relevant discovery request(s), and a reasonably specific description of the

18  information requested; and

19          3.      make the information requested available for inspection by the Non-

20  Party.

21      13.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

22      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

23  Protected Material to any person or in any circumstance not authorized under this Protective Order,

24  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

25  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

26  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

27

28

DLMR_933377.1

1   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be

2   Bound" that is attached hereto as Exhibit A.

3       14.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

4       <u>PROTECTED MATERIAL</u>

5       When a Producing Party gives notice to Receiving Parties that certain inadvertently

6   produced material is subject to a claim of privilege or other protection, the obligations of the

7   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision

8   is not intended to modify whatever procedure may be established in an e-discovery order that

9   provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d)

10  and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or

11  information covered by the attorney-client privilege or work product protection, the Parties may

12  incorporate their agreement in the protective order submitted to the court.

13      15.    <u>MISCELLANEOUS</u>

14      15.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

15  person to seek its modification by the court in the future.

16      15.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

17  Order no Party waives any right it otherwise would have to object to disclosing or producing any

18  information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives

19  any right to object on any ground to use in evidence of any of the material covered by this Protective

20  Order.

21      15.3    <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all

22  applicable laws and regulations relating to the export of technical data contained in such Protected

23  Material, including the release of such technical data to foreign persons or nationals in the United

24  States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled

25  technical data, and the Receiving Party shall take measures necessary to ensure compliance.

26      15.4    <u>Filing Protected Material</u>.  Without written permission from the Designating

27  Party or a court order secured after appropriate notice to all interested persons, a Party may not file in

28

DLMR_933377.1

the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

16.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition, as defined in paragraph 4, of all actions for which use of Protected Materials is permitted under provisions of Section 7.1, first paragraph, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

PROTECTIVE ORDER [MODIFIED]
CASE NO. C 5:10-CV-02863 JW (PSG)

DLMR_933377.1

1   IT IS SO ORDERED.

2

3   DATED: _____   _____

4                                 Paul S. Grewal

5                                 United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER [MODIFIED]
CASE NO. C 5:10-CV-02863 JW (PSG)

DLMR_933377.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in

its entirety and understand the Protective Order that was issued by the United States District Court for

the Northern District of California on _____ [date] in the case of *Avago Technologies Fiber IP*

*(Singapore) Pte. Ltd. v. IPtronics Inc., et al.*, Case No. 5:10-CV-02863 JW (PT). I agree to comply

with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Protective Order, even if

such enforcement proceedings occur after termination of this action.

.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

23

**PROTECTIVE ORDER [MODIFIED]**
**CASE NO. C 5:10-CV-02863 JW (PSG)**

DLMR_933377.1