UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES FIBER IP (SINGAPORE) PTE, LTD.,<br><br>               Plaintiff,<br>    v.<br><br>IPTRONICS, INC. and IPTRONICS A/S,<br><br>               Defendants. | Case No.: C 10-02863 EJD (PSG)<br><br>**ORDER DENYING MOTION TO MODIFY PROTECTIVE ORDER**<br><br>**(Re: Docket No. 144)** |

In this patent infringement suit, Plaintiff Avago Technologies Fiber IP (Singapore) PTE. Ltd. ("Avago") moves to modify the stipulated protective order. Defendants IPtronics, Inc. and IPtronics A/S (collectively "IPtronics") oppose the motion. Having reviewed the papers and considered the oral arguments of counsel, the court DENIES Avago's motion.

## I. BACKGROUND

In its complaint, Avago alleges that IPtronics has infringed two of Avago's patents related to optical communications devices by manufacturing, importing and marketing certain accused products in the United States.

While this case as presently pleaded concerns patent infringement, Avago claims that discovery has revealed something more. In particular, Avago alleges that documents produced reflect a conspiracy between IPtronics and certain former Avago employees to breach the employees' confidentiality agreements and misappropriate Avago's trade secrets. The documents

Case No.: 10-02863 EJD (PSG)                                                                                                                                         1
ORDER DENYING MOT. TO MODIFY PROT. ORDER

were produced from two sources: (1) IPtronics' own files, in response to Rule 34 document request and (2) a personal computer of a former Senior Vice President and General Manager of Avago's Fiber Optics Products Division who was later was employed by Iptronics, in response to a Rule 45 subpoena. At least some of the documents were explicitly labeled "Avago Technologies Confidential."

Because these documents were designated in production as "Highly Confidential-Attorneys' Eyes Only," under the terms of the stipulated protective order, Avago currently is limited in how it may share these documents internally, pursue a criminal investigation of the alleged conspiracy, or take action against other parties. Avago therefore asks this court to modify sections 7.1, 7.2, 7.3 and 9 of the protective order to: (1) allow one or more Avago representative access to the documents and other evidence of misappropriation without being limited by the otherwise applicable patent prosecution bar; (2) permit disclosure of evidence of the alleged conspiracy with federal prosecutors to determine whether a criminal investigation and/or charges are warranted; and (3) permit use of the evidence in potential civil and collateral proceedings against other parties.

## II. LEGAL STANDARDS

Rule 26(c) confers a district court with broad discretion to decide when a protective order is appropriate and the degree of protection required.[1] A district court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery.[2]

A district court has inherent authority to grant a motion to modify a protective order where good cause is shown.[3] The party asserting good cause bears the burden of showing that specific prejudice or harm will result if the motion is not granted.[4]

---

[1] Fed. R. Civ. P. 26(c).

[2] *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

[3] *See Phillips ex rel. Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir, 2002).

[4] *Id.* at 1210-1211.

## III. DISCUSSION

Relying principally on *CBS Interactive, Inc. v. Etiliza, Inc.*,[5] Avago argues that because the documents at issue concern its own confidential information and trade secrets, the stipulated protective order should not prevent their legitimate use outside this litigation. In *CBS Interactive,* Judge Patel initially observed that the Ninth Circuit espouses a strong policy in favor of access to discovery materials for purposes of collateral litigation, and that "[n]ormally, the court must also weigh the countervailing reliance interest of the party opposing the modification against the likelihood that the collateral action is sufficiently related to the instant action, such that a significant amount of duplicative discovery may be avoided by granting the modification request."[6] The court then held that because the party opposing modification "failed to present a significant reliance interest, the court's balancing [was] relatively straightforward . . . a modification of limited nature" was appropriate.[6]

Iptronics responds that Avago cannot establish good cause when it has not first identified its alleged trade secrets in the manner required under California Code of Civil Procedure Section 2019(d) or initiated any collateral litigation or request for investigation whose relation to the instant action can be evaluated. Iptronics also highlights its reliance on the current protective order in producing its proprietary technical, business and financial information to a competitor, and in particular a competitor presently defending the patents-in-suit against a reexamination by the Patent and Trademark Office.

The court is not yet persuaded that a Section 2019(d) statement is a prerequisite for the protective order modifications sought by Avago. Nevertheless, the court is persuaded that Avago has not met its burden of demonstrating good cause for those modifications. First and foremost, in contrast to the plaintiff in *CBS Interactive*, Avago has not identified with any particularity the specific documents it seeks to disclose. While Judge Patel had the opportunity to review the specific

---

[5] 257 F.R.D. 195 (N.D. Cal. 2009).

[6] *Id.* at 206.

[6] *Id.*

documents at issue, in order to determine that the documents "present a rather questionable use of proprietary information that the court finds satisfies the good cause standard,"[7] no such opportunity has been provided in this case. Second, unlike in *CBS Interactive*, Avago seeks disclosure to individuals not bound by any patent prosecution bar, without even identifying the specific Avago individuals to whom disclosure is sought and, critically, their role in patent prosecution and other competitive decision-making activities. Third, to the extent that Avago believes that a criminal charges may be appropriate here, federal prosecutors have resources, including the subpoena power, to further any investigation. Fourth, there are no collateral proceedings pending for which the relevance of the disputed information may be evaluated, and Avago has not even provided any specific information regarding the collateral proceedings that it contemplates. All that the court has before it to weigh against Iptronics' legitimate reliance in producing its documents are Avago's allegations regarding what it might pursue that are supported by little more than an attorney declaration.

As a final matter, the court notes that at the hearing on this motion, IPtronics stated that it would not challenge the disclosure of documents that the former Avago employee produced in her personal capacity from her own laptop computer. While the former employee may continue to assert rights under the protective order regarding these documents, Avago may pursue use of these documents without objection from IPtronics.

### IV. CONCLUSION

Avago's motion to modify the stipulated protective order is DENIED.

**IT IS SO ORDERED**.

Dated: November 29, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[7] *Id.* at 205.