IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES FIBER IP (SINGAPORE) PTE. LTD., <br><br> Plaintiff, <br> v. <br><br> IPTRONICS INC. and IPTRONICS A/S, <br><br> Defendants. | CASE NO. 5:10-cv-02863 EJD <br><br> **ORDER GRANTING AVAGO'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** <br><br> [Docket Item No. 172] |

Pending before the court is the motion of Avago Technologies Fiber IP (Singapore) Pte. Ltd. ("Avago Fiber IP" or simply "Avago") for leave to file a Second Amended and Supplemental Complaint. See Docket Item No. 172. The court held a hearing on the motion on December 9, 2011. For the reasons set forth below, Avago's motion is granted.

**I. BACKGROUND**

Plaintiff Avago Fiber IP brought this action against Defendants IPtronics, Inc. and IPtronics A/S (together, "IPtronics") on June 29, 2010, alleging infringement of two Avago patents relating to optical communications technology. IPtronics counterclaims for declaratory judgment of invalidity and noninfringement of both patents. All initial pleadings were filed by October 11, 2010. Between October 2010 and February 2011 the parties exchanged infringement and invalidity contentions, conducted claim construction discovery, and prepared a joint claim construction statement, all pursuant to the patent local rules. In March 2011, IPtronics put both patents into reexamination and

moved to stay this action pending resolution of those proceedings.

As a result of discovery obtained in April and May 2011, Avago first learned of facts that it believes will support several new tort-based causes of action related to unfair competition. Mot. 3:23–4:7, ECF No. 172. Also in May 2011, Avago and several of its affiliates executed a cascading series of license agreements by which some of Avago Fiber IP's rights under the patents-in-suit were passed to Avago Technologies General IP (Singapore) Pte. Ltd., Avago Technologies Trading Ltd., Avago Technologies International Sales Pte. Ltd., and Avago Technologies U.S., Inc. (collectively, the "Avago Licensees").[1] The four Avago Licensees subsequently moved to intervene in this case, and Avago moved to amend its complaint to add the tort claims.

On July 28, 2011, the court issued an order denying both IPtronics's motion to stay the case and the Avago Licensees' motion to intervene. In that order the court concluded that "intervention is the wrong mechanism for the Avago Licensees to enter this case. . . . [T]he Licensees' right to participate in the case [will be analyzed] in the context of the Plaintiff's motion for leave to amend its complaint." Avago subsequently refiled its motion to amend the complaint to address not only the addition of new claims but also the joinder of the Licensees. This motion was heard on December 9, 2011.

Meanwhile, the patent case between Avago Fiber IP and IPtronics has progressed. In February and March 2012, the parties briefed claim construction as provided by Patent Local Rule 4-5. The court held a claim construction hearing on April 3, 2012.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[2] The burden of persuading the court that leave should not be granted rests with the non-moving party. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186–87 (9th Cir. 1987).

---

[1] By their terms, these agreements "confirm and clarify" a similar series of agreements that were executed in January 2011.

[2] An exception, not applicable here, allows a party to amend its pleading as a matter of course within 21 days after serving it or within 21 days of the service of a responsive pleading/motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1).

Leave to amend should be granted unless the opposing party makes a showing of undue delay, bad faith, or dilatory motive on the part of the movant, that the amendment would be futile, or that the non-movant would suffer undue prejudice if the amendment were allowed. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989); McGlinchy v. Shell Chem. Co., 845 F.2d 802, 809 (9th Cir. 1988).

Rule 15(d) allows parties to file supplemental pleadings with the court's permission to allege any transaction, occurrence, or event that occurred after the date of the original pleading. A supplemental pleading may also add new parties related to these new events provided the applicable joinder rules allow it. See Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 226–27 (1964).

### III. DISCUSSION

Avago's proposed Second Amended and Supplemental Complaint ("SASC") differs in two primary respects from the current operative complaint. First, it adds the four Avago Licensees as co-plaintiffs. Second, it adds five new tort claims. The two types of amendments are addressed separately.

#### A. New Parties

Avago Fiber IP argues that the Avago Licensees must be joined because they are required parties under Rule 19. In the alternative, it argues that the court in its discretion should permit the Licensees to intervene under Rule 20.

Rule 19 defines those persons who must be joined to an action if feasible. For example, a person "claim[ing] an interest relating to the subject of the action" who is situated such that "disposing of the action in the person's absence may as a practical matter impair the person's ability to protect the interest" is a required party. Rule 20, by contrast, defines the outer limits on who *may* participate as a party in a federal case. Persons may be joined as plaintiffs if (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

### 1. Rule 15(d) Applies to the Addition of the Licensees

The Avago Licensees derive their rights from the license agreements that were signed in May 2011. Even if, as IPtronics maintains, these agreements created no new rights but merely clarified existing rights created by earlier agreements, the earlier agreements were themselves signed in January 2011. The operative complaint in this case was filed in June 2010, so it does not matter whether the rights were created in January or May 2011.[3]

Allowing the Avago Licensees to be joined will ensure that the court can afford complete relief to all parties even after the rights to the patents have been distributed across several entities.

### 2. The Avago Licensees Have Standing to Pursue the Patent Claims

IPtronics argues that the Avago Licensees lack standing to pursue the patent infringement claims. Only exclusive licensees are entitled to join a patent infringement suit as co-plaintiffs. See Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1552 (Fed. Cir. 1995). IPtronics contends that because Avago Fiber IP granted a nonexclusive license to the patents to Finisar in 2006, it has not granted to the Licensees a license that excludes all others. The recent case WiAV Solutions LLC v. Motorola, Inc., 631 F.3d 1257 (Fed. Cir. 2010), forecloses this argument. In WiAV, the Federal Circuit explained that what matters is not the right to exclude all others, but rather the right to exclude the particular defendant. Id. at 1267.

IPtronics further contends that the Avago license agreements fail to effectively transfer all substantial rights in the patent. In support of this argument, IPtronics cites just one provision of one of the agreements, which restrains Avago U.S. from assigning its rights under the agreement without the prior written consent of Avago Sales. Alone, such a restriction on assignment does not deprive the licensee of standing. See Speedplay, Inc. v. Bebop, Inc., 211 F.3d 1245, 1252 (Fed. Cir. 2000).

In sum, an Avago Licensee has standing to pursue patent infringement claims in this case if it had the right to exclude IPtronics from exercising some right conferred by the patent. There is no serious dispute that the Avago Licensees had that right. The agreements filed under seal make clear

---

[3] Earlier agreements among the Avago Licensees, such as the 2005 Consortium Agreement, granted materially different rights. The 2011 contracts could not be said to merely "clarify" the Consortium Agreement. See Chang Decl. Ex. G, ECF No. 105.

that each Avago Licensee does have the right to exclude IPtronics from some right created by the patents. See Mot. at 14–15 nn.9–12. The Avago Licensees have standing to pursue the patent infringement claims in this case.

### 3. The Avago Licensees Meet the Rule 20 Requirements

The patent claims already at issue in this case meet both Rule 20 requirements. Every Avago Licensee's right to relief against IPtronics for infringement of the two patents at issue will depend on IPtronics's sales of allegedly infringing products. Moreover, resolution of the infringement issue involves many issues of law and fact common to all the plaintiffs—for example, claims construction, patent validity, and the determination of whether IPtronics manufactures infringing products.

Whether or not the Licensees are "required" parties as defined by Rule 19, the court finds both Rule 20 requirements to be met, and allows the amendment in the interest of justice.

## B. New Claims

IPtronics contends that allowing Avago to amend the complaint to add the tort claims would be futile because each of the new claims lacks merit. "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim . . . ." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). If the complaint's "deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint," an amendment should be allowed. Upon review of the proposed SASC, there is no basis for a finding that the tort claims are futile. Here, IPtronics argues only that the proposed SASC does not plead enough facts to support its claims. See Opp'n at 18:1–2, 19:15–16, 22:1–2, 22:11–12, 23:3–4. These possibly curable deficiencies are insufficient to support a finding of futility.

IPtronics also argues that expanding the case at this stage would be unduly prejudicial to its defense. The only prejudice IPtronics identifies arise from the delay and the expenses it will incur in responding to the new claims. These harms do not constitute *undue* prejudice without some credible showing of unfairness. See Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 531 (N.D. Cal. 1988). IPtronics has not made such a showing here.

IPtronics next asserts that the new claims are brought in violation of the protective order.

This is not so. The protective order allows the parties to use discovery "for purposes of preparation and litigation of this matter," but not "in other litigations." Contrary to IPtronics's suggestion, the statement in Avago's motion that "Avago Fiber IP and the Avago Licensees diligently and promptly investigated the facts" does not demonstrate that Avago Fiber IP violated the protective order by sharing confidential information with the Avago Licensees. Avago is using the information it obtained through discovery to amend the complaint in this case; that use is plainly within the scope of the protective order.

IPtronics further asserts without any support that the proposed addition of the tort claims is a "bad faith attempt by Avago to add frivolous allegations designed to needlessly multiply the litigation against IPtronics." Opp'n at 16:18–19. Avago's new claims are not obviously frivolous, and IPtronics will have ample opportunity to challenge the sufficiency of the new pleading or to test the claims on their merits.

Finally, the court notes that Avago moved to amend the complaint shortly after learning the facts underlying the new claims. See Mot. 22:20–23:12. There is therefore no concern of undue delay.

### IV.   ORDER

For good cause shown, IT IS HEREBY ORDERED that Avago Fiber IP's motion for leave to file its Second Amended and Supplemental Complaint is hereby GRANTED. Any motion to seal any part of the new complaint must be made within 7 days of the date of this order. The Second Amended and Supplemental Complaint must be filed within 7 days of the ruling on any motion to seal, or within 14 days of the date of this order if no sealing motion is made.

**IT IS SO ORDERED.**

Dated:  September 4, 2012

_____
EDWARD J. DAVILA
United States District Judge