Gina A. Bibby (State Bar No. 242657)
Adrienne Hunacek Miller (State Bar No. 274660)
**FOLEY & LARDNER LLP**
EMAIL: GBIBBY@FOLEY.COM
EMAIL: AMILLER@FOLEY.COM
975 Page Mill Road
Palo Alto, CA  94304-1013
Telephone: (650) 856-3700
Facsimile:  (650) 856-3710

Ary Chang (State Bar No. 244247)
**FOLEY & LARDNER LLP**
EMAIL: ACHANG@FOLEY.COM
3579 Valley Centre Drive, Suite 300
San Diego, CA  92130-3302
Telephone: (858) 847-6700
Facsimile:  (858) 792-6773

John C. Vetter (Admitted *Pro Hac Vice*)
Laura Ganoza (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
EMAIL: JVETTER@FOLEY.COM
EMAIL: LGANOZA@FOLEY.COM
Two South Biscayne Boulevard, Suite 1900
Miami, FL  33131
Telephone: (305) 382-8400
Facsimile:  (305) 482-8600

Richard S. Florsheim (Admitted *Pro Hac Vice*)
Cynthia J. Franecki (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
EMAIL: RFLORSHEIM@FOLEY.COM
EMAIL: CFRANECKI@FOLEY.COM
777 E Wisconsin Avenue
Milwaukee, WI  53202-5306
Telephone: (414) 271-2400
Facsimile:  (414) 297-4900

**ATTORNEYS FOR PLAINTIFFS**
AVAGO TECHNOLOGIES U.S. INC.,
AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD.,
AVAGO TECHNOLOGIES TRADING LTD., AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE.
LTD., and AVAGO TECHNOLOGIES FIBER IP (SINGAPORE) PTE. LTD.

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES U.S. INC., AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD., AVAGO TECHNOLOGIES TRADING LTD., AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD., AND AVAGO TECHNOLOGIES FIBER IP (SINGAPORE) PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> IPTRONICS, INC. and IPTRONICS A/S, <br><br> Defendants. | Case No.:  5:10-CV-02863 EJD (PSG) <br><br> **PLAINTIFFS' MOTION FOR EXPEDITED HEARING AND MOTION TO COMPEL REGARDING RULE 30(B)(6) DEPOSITIONS** <br><br> Judge:  Honorable Paul S. Grewal <br><br> **DOCUMENT SUBMITTED UNDER SEAL – REDACTED PUBLIC VERSION** |

# **TABLE OF CONTENTS**

I.     INTRODUCTION .................................................................................................. 2

II.    FACTUAL BACKGROUND .................................................................................. 4

    A.   All Discovery Between the Parties Have Proceeded Under the Federal Rules. ............... 4

    B.   The Parties Have Strong Ties to California. .................................................... 5

    C.   Past Conduct Shows That Compelling the Depositions in California Would Be Most Fair and Economical. .................................................. 7

    D.   Avago Provided Reasonable Deposition Notice ............................................. 7

III.   LEGAL STANDARDS ......................................................................................... 8

    A.   The Federal Rules Should Apply. ................................................................ 8

    B.   Palo Alto, California Is the Proper Deposition Location. ................................. 9

IV.   ARGUMENT ..................................................................................................... 11

    A.   Defendants Have Waived Application of the Hague Convention and Freely *Sought* Discovery Under the U.S. Federal Rules. .......................................... 11

    B.   All of the Factors Militate Toward Holding the Depositions in Palo Alto, California. ............................................................................................ 12

        1.   All Counsel for the Parties are in Palo Alto, California....................................12

        2.   Defendants Previously Offered Only One Deponent for 12 Deposition Topics. .................................................................................... 13

        3.   The Time Difference Between Denmark and California Would Impede Progress If Any Significant Discovery Dispute Were to Arise Which Would Necessitate Resolution by This Court. ............................................. 14

        4.   Any Witness Defendants Designate Most Likely Engages in Travel for Business Purposes, Specifically to the Forum District. ................................. 15

        5.   The Equities with Regard to the Nature of the Claim and the Parties' Relationship ............................................................................. 16

    C.   Each of the Five Factors and Equities Overwhelmingly Favor Compelling Defendants to Appear for Depositions in Palo Alto. ...................................... 17

V.    CONCLUSION.................................................................................................. 18

# TABLE OF AUTHORITIES

CASES

*Am. Home Assurance Co. v. Societe Commerciale Toutelectric*,
104 Cal. App.4th 406 (Cal. App. 1st Dist. 2002)....................................................8

*Cadent Ltd. v. 3M Unitek Corp.*,
232 F.R.D. 625 (C.D. Cal. 2005) .........................................................................10

*Custom Form Mfg., Inc. v. Omron Corp.*,
196 F.R.D. 333 (N. D. Ind. 2000) .........................................................9, 13, 15, 17

*Dean Foods Co. v. Eastman Chem. Co.*,
No. C 00-4379, 2001 U.S. Dist. LEXIS 25447 (N.D. Cal. Aug. 13, 2001)............................15

*E.I. DuPont de Nemours & Co. v. Kolon Indus.*,
268 F.R.D. 45 (E.D. Va. 2010) ...................................................................10, 14, 17

*Haynes v. Kleinewefers*,
119 F.R.D. 335 (E.D.N.Y. 1988) ..........................................................................9

*In re Honda Am. Motor Co., Inc.*,
168 F.R.D. 535 (D. Md. 1996)...................................................................9, 14, 16

*In re Vitamins Antitrust Litig.*, Misc. No. 99-197 (TFH), MDL No. 1285, 2001 Dist Lexis
24025, * 32 (D.D.C. Nov. 30, 2001)......................................................................12

*Kasper v. Cooper Canada, Ltd.*,
120 F.R.D. 58 (N.D. Ill. 1988).............................................................................13

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*,
No. C07-03952, 2008 U.S. Dist. LEXIS 109319 (N.D. Cal. Apr. 15, 2008) .....................10

*New Medium Techs. LLC v. Barco N.V.*,
242 F.R.D. 460 (N.D. Ill. 2007)............................................................................9

*Prism Techs., LLC v. Adobe Sys. et al.*,
No. 8:10CV220, 2012 U.S. Dist. LEXIS 67386 (D. Neb. May 15, 2012) ........................14

*Roberts v. Heim*,
130 F.R.D. 430 (N.D. Cal. 1990)...........................................................................9

*Schindler Elevator Corp. v. Otis Elevator Co.*,
657 F. Supp.2d 525 (D.N.J. 2009) .........................................................................8

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*,
   482 U.S. 522, 107 S. Ct. 2542, 96 L. Ed. 2d 461 (1987).....................................................8, 11

*Triple Crown Am. v. Biosynth AG*,
   No. 96-7476, 1998 U.S. Dist. LEXIS 6117 (E.D. Pa. Apr. 29, 1998).....................................10

**RULES**

Civil Local Rule 6-3...................................................................................................... 1-2

Civil Local Rule 7-2...................................................................................................... 1-2

Civil Local Rule 37-1(b).................................................................................................14

FED. R. CIV. P. 28 (b)(1)(a)-(b) .......................................................................................11

FED. R. CIV. P. 30(b)(5) ........................................................................................... 11-12

FED. R. CIV. P. 30(b)(6) ........................................................................................ Passim

Rule 28............................................................................................................................11

**REGULATIONS**

22 C.F.R. § 92.54 ..........................................................................................................13

PLAINTIFF'S MOTION TO COMPEL REGARDING RULE 30(B)(6) DEPOSITIONS
CASE NO. 5:10-CV-02863 EJD (PSG)

4840-4138-5233.3

**TO DEFENDANTS IPTRONICS, INC. AND IPTRONICS A/S AND THEIR ATTORNEYS OF RECORD**:

NOTICE IS HEREBY GIVEN that as soon as counsel may be heard by this Court, Plaintiffs[1] will and hereby do move the Court, pursuant to Civil Local Rule 6-3, for an order setting an expedited hearing schedule on Plaintiffs' Motion to Compel Regarding Rule 30(b)(6) Depositions ("Motion") of Defendants'[2] Rule 30(b)(6) witnesses.  Specifically, Plaintiffs seek to have this Motion heard on the same date as the hearing on Defendants' Motion for Entry of Protective Order to relieve Defendants of the requirement to produce a representative witness in this district (Dkt. 272), noticed for hearing on November 6, 2012 at 10:00 a.m., because both this Motion and Defendants' motion address the same two Rule 30(b)(6) depositions of Defendants.[3]  This Motion for an expedited hearing is brought on the ground that Defendants failed to appear at the noticed Rule 30(b)(6) depositions in Palo Alto on October 3 and 4, 2012.  If the Court denies Defendants' motion—as it should—then the Court should also grant Plaintiffs' instant Motion to compel Defendants to produce their witness in Palo Alto for the noticed depositions.  Thus, Plaintiffs will be unable to obtain timely relief if they must notice this Motion through a regular noticed motion pursuant to Local Rule 7-2.

Plaintiffs further will and hereby do move the Court for an Order compelling such depositions to proceed under the Federal Rules rather than under the Hague Convention or other international laws.

The Motion is based upon the Memorandum of Points and Authorities, the supporting Declaration of Ary Chang, and all exhibits thereto, the [Proposed] Order to the Motion, all the

---

[1]  Avago Technologies U.S. Inc., Avago Technologies General IP (Singapore) Pte. Ltd., Avago Technologies Trading Ltd., Avago Technologies International Sales Pte. Ltd., and Avago Technologies Fiber IP (Singapore) Pte. Ltd. (collectively, "Avago" or "Plaintiffs").
[2]  IPtronics Inc. and IPtronics A/S (collectively "IPtronics" or "Defendants").
[3]  On September 21, 2012, Defendants filed a Motion for Entry of Protective Order, with a hearing scheduled for November 6, 2012.  (D.I. 272.)  In their motion, Defendants requested a protective order relieving their still unidentified 30(b)(6) witness(es) from appearing for duly noticed depositions in Palo Alto, California.

pleadings, records, and files in this action, matters of which the Court may take judicial notice, and such other evidence as may be presented at any hearing on this Motion.

## MOTION FOR EXPEDITED BRIEFING AND HEARING

Pursuant to Civil Local Rule 6-3, Avago respectfully requests an expedited hearing on its motion to compel the deposition of Defendants' Rule 30(b)(6) witnesses.  Plaintiffs seek an expedited hearing.  Defendants refused to appear, and did not appear, at the noticed Rule 30(b)(6) depositions on October 3 and 4, 2012.  Even if the Court were to deny Defendants' motion for entry of a protective order, there is nothing to compel Defendants to produce any witness for the noticed depositions.  Thus, Plaintiffs will be unable to obtain timely relief if they must notice this motion through a regular noticed motion pursuant to Local Rule 7-2.  An order shortening time for Plaintiffs' motion to compel to be heard will not negatively impact the Court's schedule.

Accordingly, for each and all of the foregoing reasons, Avago respectfully requests an expedited hearing on this matter on the same day as the Court has scheduled a hearing on Defendants' Motion for Entry of a Protective Order in this matter (*see* D.I. 272)—or as soon thereafter as the Court is available.

## MOTION TO COMPEL RULE 30(B)(6) DEPOSITION IN PALO ALTO, CALIFORNIA
## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiffs bring this Motion to address Defendants' unreasonable objections to the Rule 30(b)(6) deposition notices and failure to attend the noticed depositions.  *See* (D.I. 280, filed under seal, Exs. C, D, G, & H).  Specifically, Plaintiffs bring this Motion to compel Defendants' Rule 30(b)(6) witnesses to attend depositions in Palo Alto.  Defendants insist that the depositions occur in Denmark.

All of the equitable factors weigh heavily towards compelling depositions to proceed in California, rather than Denmark.  One of the two Defendants, IPtronics Inc., **has its principal place of business in this judicial district**.  All of the attorneys are located within a half-mile of one another

in this judicial district.  In the past, Defendants have designated one single witness for all twelve 30(b)(6) deposition topics, and Defendants have not asserted that they will designate more than a single witness for both depositions at issue on this Motion.  Thus, there will most likely be a single witness traveling from Denmark, making it far more efficient than requiring Plaintiffs' counsel, Defendants' counsel, a videographer, and a stenographer to travel to Denmark from other countries.  Moreover, should a dispute arise during the depositions, it will be extremely difficult to seek the Court's assistance from Denmark—nine time zones ahead of this district.  Additionally, evidence shows that ████████████████████████████████████████████████████████ ████████████████████████.  (D.I. 280, filed under seal, Ex. O, lodged).  Fairness also dictates that the depositions take place in Palo Alto because Defendants' insistence on holding the previous two 30(b)(6) depositions in Roskilde, Denmark, unnecessarily increased the costs of taking those depositions by requiring four people to travel from other countries to Denmark to prevent inconvenience to one witness—a witness who admitted that ██████████████████████████ ████████████.  (D.I. 280, filed under seal, Ex. N, lodged).  Plaintiff had to hire local Danish counsel, which would be unnecessary if the depositions were to take place in Palo Alto.

Further, Plaintiffs bring this Motion to address Defendants' unwarranted insistence on following the procedures of the Hague Convention, the Danish central authority, and "applicable treaty or convention" rather than the procedures of the U.S. Federal Rules.  Other than boiler plate objections, Defendants have failed to articulate *any* compelling reason why the Hague Convention (rather than the Federal Rules) should apply to these notices and depositions.  Such insistence is especially unjustifiable when both Defendants have fully taken advantage of the liberal Federal Rules in *seeking* discovery from Plaintiffs and from non-parties.

In view of the foregoing, Plaintiffs respectfully request that the Court compel Defendants' Rule 30(b)(6) witness(es) to appear for depositions in Palo Alto and order the depositions to proceed under the U.S. Federal Rules and the Northern District of California Local Rules.

## II.      FACTUAL BACKGROUND

### A.      All Discovery Between the Parties Have Proceeded Under the Federal Rules.

It is undisputed that all discovery between the parties have been conducted pursuant to the Federal Rules of Civil Procedure and not the Hague Convention.  Plaintiffs are concerned that Defendants are attempting to have the depositions taken under the Hague Convention and assorted international laws where Defendants insist that the depositions be taken in Denmark and object to the deposition notices for not following the Hague Convention procedures.  *See* (D.I. 280, filed under seal, Exs. G & H).

Defendants have invoked the jurisdiction of this Court by asserting numerous counterclaims and have freely availed themselves of the liberal discovery available under the Federal Rules, including but not limited to:

- Asserting four counterclaims, seeking declaratory judgment of non-infringement and invalidity of the patents-in-suit and other affirmative relief  (D.I. 23);

- Requesting that Avago produce documents and things in accordance with the Federal Rules and receiving approximately 1,500,000 pages of documents in response;

- Propounding interrogatories on Avago and receiving responses thereto;

- Moving—twice—to compel supplemental discovery from Avago (*see* D.I. 233 & 248) and arguing these motions before the Court;

- Serving, pursuant to the Federal Rules of Civil Procedure and the Northern District of California Local Rules, a 30(b)(6) deposition notice directed at Avago to be taken at the offices of Defendants' shared counsel: 1530 Page Mill Road, Suite 200, Palo Alto, California, *see* (D.I. 280, filed under seal, Ex. I);

- Serving subpoenas on third parties Finisar and Emcore, seeking (and receiving) confidential documents, *see* (D.I. 280, filed under seal, Exs. J & K); and

- Admitting that personal jurisdiction exists over both Defendants in this forum district (D.I. 23).

Defendants have also waived application of the Hague Convention on numerous occasions. For example, Defendants waived application of the Hague Convention (1) in exchange for a 60-day extension to respond to the complaint (D.I. 10); (2) during the previous two 30(b)(6) depositions (D.I. 82-84); (3) in producing approximately 900,000 pages of documents; (4) in producing several accused products; (5) in producing source code; and (6) most recently, agreeing to hold the subject depositions pursuant to the Federal Rules of Civil Procedure (*see* D.I. 272).

## B.     The Parties Have Strong Ties to California.

Avago is a Singapore company co-headquartered in San Jose, California.  Foley & Lardner LLP ("Foley"), the law firm representing Plaintiffs, has multiple offices in California, including its Palo Alto office, noticed as the location for the two depositions at issue.

Defendant IPtronics, Inc. is a corporation organized and existing under the laws of Delaware, ***with its principal place of business in Menlo Park, California***.  *See* (D.I. 272).  Its website lists its Menlo Park location as its "US Headquarters."  (D.I. 280, filed under seal, Ex. L).  That facility is less than six miles from Foley's Palo Alto office.  (D.I. 280, filed under seal, ¶¶ 18, 19).  It is a wholly owned subsidiary of Defendant IPtronics A/S.

Defendant IPtronics A/S is a corporation organized and existing under the laws of Denmark, with its principal place of business in Roskilde, Denmark.  *See* (D.I. 272).  Its website states that it has facilities in the United States, Japan, China, Korea, Taiwan, and Italy.  (D.I. 280, filed under seal, Ex. L).  Documents produced by IPtronics show that, at least since ███████████████ █████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████.[4]  (D.I. 280,

---

[4] For example, evidence shows at least the following ███████████████████████ ████████, including:

- ██████████████, IPtronics' designated witness for the first two Rule 30(b)(6) depositions taken by Avago in May of 2011, ████████████████████████████████████████████.
- ███████████, Director of Sales and Marketing for IPtronics A/S, █████████████ ████████████.  Documents produced by IPtronics indicate that in █████████████████████████████
- ████████████, IPtronics' VP of Engineering, also ████████████████ ████████████████.
- Other IPtronics ████████████████████████████████████████████████

filed under seal, Ex. O, lodged).  Defendants' own website also shows that Defendants had a booth at The Optical Fiber Communication Conference and Exposition (OFC) in San Diego, California, in 2009 and again in Los Angeles, California, in 2012.  (D.I. 280, filed under seal, Ex. P).  According to Defendants' press release, Defendants also plan on setting up a booth at the OFC in Anaheim, California in 2013.  *Id.*  Both Defendants are represented by lawyers in the Silicon Valley office (located in Palo Alto) of the law firm SNR Denton, including:

- Richard A. Horning, who is lead counsel for Defendants in this matter;
- Arthur S. Beeman, the managing partner of SNR Denton's Silicon Valley office, who argued on behalf of Defendants at the claim construction hearing on April 3, 2012;
- Dana J. Finberg, who defended Defendants' designated witness during the previous two 30(b)(6) depositions; and
- Imran Khaliq, who argued Defendants' two motions to compel discovery on September 18, 2012.

Defendants' counsel Matthew P. Larson was initially located in SNR Denton's Palo Alto office.  Mr. Larson also argued Defendants' two motions to compel discovery on September 18, 2012.  Counsel for Defendants are all members of the California Bar.  Notably, the SNR Denton Silicon Valley office is a mere half mile from Foley's Palo Alto office.  (D.I. 280, filed under seal, ¶¶ 18, 19).



*See* (D.I. 280, filed under seal, Ex. O, lodged).

1

2

**C.    Past Conduct Shows That Compelling the Depositions in California Would Be Most Fair and Economical.**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

In May 2011, Avago twice deposed IPtronics pursuant to the Federal Rule of Civil Procedure 30(b)(6).  (D.I. 280, filed under seal, ¶ 21).  For those two depositions, Avago accommodated IPtronics' demands (*i.e.*, moving back the dates considerably and conducting the depositions in Denmark and in Danish with a translator).  *Id.*  However, these accommodations were unwarranted and resulted in great inefficiencies.  First, IPtronics designated only one witness to provide testimony on the 12 topics listed in both of the notices on behalf of IPtronics Inc. *and* IPtronics A/S.  *Id.*  To depose one single witness, two attorneys—Avago's attorney and Defendants' attorney—traveled from the United States to Denmark.   Additionally, because there were no videographer or stenographer in Denmark to record the depositions, Avago had to pay for a videographer and a stenographer to fly in from England, each carrying their respective equipment to Denmark.  Avago was also forced to retain local Danish counsel.  Since IPtronics insisted that the depositions must be conducted in Danish, Avago was also forced to hire a Danish interpreter.   Despite IPtronics' insistence on holding the previous two depositions in the Danish language, IPtronics' witness frequently answered in English, even at some points confusing the interpreter, who automatically began to translate the witness's English response to Danish.  *Id.*

18

**D.    Avago Provided Reasonable Deposition Notice**

19

20

21

22

23

24

25

26

27

On June 26, 2012, Avago issued two Notices of Taking 30(b)(6) Deposition of IPtronics Inc. and IPtronics A/S ("Notice" or "Notices").  (D.I. 280, filed under seal, Exs. A & B).  In the Notices, Avago requested testimony regarding a wide range of deposition topics.  *See id.*  Both Notices specified that the deposition would occur at the offices of Foley & Lardner LLP in Palo Alto, on July 23-24, 2012, almost a month after the date the Notices were issued.  *Id.*  On July 10, 2012, IPtronics responded to both Notices, stating that IPtronics was unavailable to appear for a deposition on either date.  (D.I. 280, filed under seal, ¶¶ 2, 5, 6, Exs. C & D, pp. 2:10-16).  To date, IPtronics has failed to identify a single witness for any topic of either of the noticed depositions.  *Id*. at 18:8-10.  On August 21, 2012, the parties met and conferred and agreed on the deposition dates of October 3,

28

7

4840-4138-5233.3

2012 through October 5, 2012.  *Id.* at ¶ 7.  Ultimately, the parties agreed to deposition dates of October 3 and 4, 2012. *Id.*

On September 20, 2012, Avago served re-notices of the two depositions.  (D.I. 280, filed under seal, ¶¶ 8, 9, 10, Exs. E & F).  Both notices contain the same information as the July 10, 2012 notices, with new deposition dates.  *Id.*  On September 28, 2012, Defendants objected to these re-notices.  (D.I. 280, filed under seal, ¶¶ 8, 11, 12, Exs. G & H).

## III.   LEGAL STANDARDS

### A.   The Federal Rules Should Apply.

"[T]he [Hague] Convention was intended as a permissive supplement, not a pre-emptive replacement, for other means of obtaining evidence located abroad."  *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 536, 107 S. Ct. 2542, 96 L. Ed. 2d 461 (1987).  "[T]he Federal Rules remain the 'normal method[] for federal litigation involving foreign national parties' unless the facts of a given case indicate 'the "optional" or "supplemental" Convention procedures prove to be conducive to discovery.'"  *Schindler Elevator Corp. v. Otis Elevator Co.*, 657 F. Supp.2d 525, 528 (D.N.J. 2009); *accord Aerospatiale*, 482 U.S. at 523 (declining "to hold as a blanket matter that comity requires resort to Hague Evidence Convention procedures without prior scrutiny in each case of the particular facts, sovereign interests, and likelihood that resort to those procedures will prove effective.").  Moreover, "the party seeking to apply the Convention procedures bears the burden to show that the 'particular facts, sovereign interests, and likelihood [of resorting to the Hague Convention procedures] will prove effective.'"  *Id.* at 529; *see also Am. Home Assurance Co. v. Societe Commerciale Toutelectric*, 104 Cal. App.4th 406, 427 (Cal. App. 1st Dist. 2002) ("The majority of the courts addressing the issue have decided the burden falls on the party proposing discovery under the Hague Convention. [internal citations omitted]  We agree with this approach. . . . [T]he party proposing use of a foreign law must identify the applicable rule and show it is appropriate in the case before the court.").

A defendant cannot avail itself of discovery from plaintiff under the Federal Rules while simultaneously insisting that plaintiff seek discovery from defendant under the Hague Convention.

1    *Haynes v. Kleinewefers*, 119 F.R.D. 335, 338 (E.D.N.Y. 1988) ("To require that all parties seeking

2    discovery of Kleinewefers . . . employ the more complicated and expensive procedures of the Hague

3    Convention while Kleinewefers proceeds with its discovery under the Federal Rules, is not an

4    equitable result."); *see also In re Honda Am. Motor Co., Inc.*, 168 F.R.D. 535, 539-540 (D. Md.

5    1996) (patently unfair to limit plaintiff's discovery under Japanese law while allowing defendants

6    free reign to discover all relevant facts pursuant to Federal Rules); *Roberts v. Heim*, 130 F.R.D. 430,

7    438 (N.D. Cal. 1990) (unfair and inequitable to permit defendants to take discovery of plaintiff

8    pursuant to Federal Rules while prohibiting plaintiff from doing the same).   "When a foreign

9    corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely

10   taken advantage of our federal rules of discovery, exceptions to the general rule on the location of

11   depositions are often made." *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (N. D.

12   Ind. 2000) (granting plaintiff's motion to compel depositions in United States).   Filing counterclaims

13   in a patent infringement case is considered freely taking advantage of discovery rules, especially

14   where, as here, the defendants seek discovery related to their counterclaims. *See New Medium*

15   *Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 466 (N.D. Ill. 2007) ("This provisional preference [for

16   the deposition to be in the principal place of business] is not totally inapplicable because Toshiba has

17   counterclaims for declaratory judgment.   Counterclaims of non-infringement, patent invalidity, and

18   unenforceability are compulsory in this context. . . .   Thus, it cannot be said that defendants selected

19   this forum, in the sense referred to by the cases.   By the same token, the counterclaim is of

20   importance to Toshiba, and it has availed itself of the liberal discovery rules here in the United

21   States.").

22        **B.        Palo Alto, California Is the Proper Deposition Location.**

23        Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, a party may name a

24   private corporation as a deponent. FED. R. CIV. P. 30(b)(6).   The corporation must designate "one or

25   more officers, directors, or managing agents, or designate other persons to consent to testify on its

26   behalf." *Id*.   The person designated must "testify about information known or reasonably available

27   to the organization." *Id*.

28

1     Rule 30(b)(6) does not contain a requirement for *where* a deposition should be taken.  Thus, a

2  party may reasonably specify the location of a deposition of the opposing party.  *Cadent Ltd. v. 3M*

3  *Unitek Corp.,* 232 F.R.D. 625, 628 (C.D. Cal. 2005) (noting that "[c]orporate defendants are

4  frequently deposed in places other than the location of the principal place of business, especially in

5  the forum [where the action is pending], for the convenience of all parties and in the general interests

6  of judicial economy.").  Although there is a general presumption that the deposition of a corporate

7  deponent should take place at the party's place of business, this presumption is not conclusive.  *See*

8  *Triple Crown Am. v. Biosynth AG*, No. 96-7476, 1998 U.S. Dist. LEXIS 6117 at *1 (E.D. Pa. Apr.

9  29, 1998) (holding that 30(b)(6) depositions of both foreign corporation defendant and U.S.

10  defendant take place in state where U.S. defendant resides **and** be conducted according to the

11  Federal Rules of Civil Procedure rather than the Hague Convention because "[r]esort to the

12  procedures of the Hague convention is not required when discovery is sought from a party to an

13  American lawsuit" and noting "deficiencies in Hague Convention procedures when seeking to

14  ensure availability of 'American-style deposition.'").  This presumption should be modified when

15  justice so requires.  *Id.*; *see also Cadent Ltd*., 232 F.R.D. at 628 (noting that "[c]orporate defendants

16  are frequently deposed in places other than the location of the principal place of business, especially

17  in the forum [where the action is pending], for the convenience of all parties and in the general

18  interests of judicial economy.").

19     To determine the proper deposition location for a foreign corporations' representative, the

20  court "considers the convenience of the parties, relative hardships and the economy obtained in

21  attending a particular location."  *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc*., No. C07-

22  03952, 2008 U.S. Dist. LEXIS 109319 at *1, *3 (N.D. Cal. Apr. 15, 2008).  Specifically, the court

23  looks to five factors:  "the location of counsel for both parties, the number of corporate

24  representatives a party seeks to depose, whether the deponent often travels for business purposes, the

25  likelihood of significant discovery disputes arising which would require resolution by the forum

26  court, and the equities with respect to the nature of the claims and the parties' relationship."  *Id*.

27  (citing *Cadent Ltd.,* 232 F.R.D. at 628-29); *see also E.I. DuPont de Nemours & Co. v. Kolon Indus*.,

28

268 F.R.D. 45, 56 (E.D. Va. 2010) (using the five-factor test to determine that a Korean corporation's employees should be compelled to appear for deposition in Virginia).

Each of these five factors in the context of this case strongly favors compelling depositions of Defendants' witness(es) in Northern California rather than in Denmark.

## IV.    ARGUMENT

### A.    Defendants Have Waived Application of the Hague Convention and Freely *Sought* Discovery Under the U.S. Federal Rules.

The parties agree that the depositions will be in accordance with the Federal Rules of Civil Procedure.  (D.I. 280, filed under seal, ¶ 8).  The Federal Rules present obstacles to conducting the deposition in Denmark.  Federal Rule 30(b)(5) requires depositions be conducted "before an officer appointed or designated under Rule 28."  FED. R. CIV. P. 30(b)(5).  Rule 28 allows a deposition to be conducted in a foreign country under an applicable treaty or convention or under a letter of request, "whether or not captioned a 'letter rogatory.'"  FED. R. CIV. P. 28(b)(1)(a)-(b).  Foreign nationals or U.S. citizens living abroad who are parties (or are affiliated to parties) to an action are subject to the court's personal jurisdiction and may be deposed wherever the court directs.  RUTTER CAL. PRAC. GUIDE FED. CIV. PRO. BEFORE TRIAL CH. 11 § 11:1281.  Defendants admitted that they are subject to the personal jurisdiction of this Court.  Thus, if the depositions are held in Denmark, as maintained by Defendants, judicial resources would be wasted because the Court would be required to prepare a letter rogatory to validate the deposition in Denmark under Rule 30(b)(5).  FED. R. CIV. P. 30(b)(5). A letter rogatory is a "formal request *from a court* in which an action is pending, to a foreign court to perform some judicial act."  22 C.F.R. § 92.54 (2011) (emphasis added).  Preparation of the letter rogatory is a burdensome hoop for the Court to be forced to jump through and would be an unnecessary drain on judicial economy.  *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. Of Iowa*, 482 U.S. 522, 542, 107 S. Ct. 2542, 96 L. Ed. 2d 461 (1987) ("In many situations the Letter of Request procedure authorized by the Convention would be unduly time consuming and expensive . . . .").

Despite their previous repeated waivers and despite freely availing themselves of the liberal U.S. rules of discovery, Defendants' latest objections to the Rule 30(b)(6) depositions notices once again "object[ed] to the taking of the noticed 30(b)(6) deposition[s] to the extent that Avago has failed to follow the proper procedures set forth in the Hague Convention on Taking of Evidence Abroad in Civil and Commercial Matters," "on the grounds that Avago has failed to send letters of request to the Danish central authority to determine whether the sought deposition testimony will be allowed," "on the grounds that it constitutes discovery abuse and ignores the demands of international comity," "to the extent the deposition is not taken under an applicable treaty or convention, before a person authorized to administer oaths in Denmark, or pursuant to letters of request," and "to the extent that a judge is not responsible for transcribing the testimony provided during the deposition, according to Danish law and practice regarding the transcription of testimony during a trial."  (D.I. 280, filed under seal, Exs. G & H).  Defendants also "object[ed] to the administration of an oath or affirmation pursuant to Rule 30(b)(5) to the designated deponent in that the taking of such an oath under the penalty of perjury of the laws of the United States is inconsistent with and impermissible under Danish law."  *Id.*  There is no reason to continue raising these objections when they have previously been waived and when Defendants previously waived them in connection with the subject depositions.  *See* (D.I. 280, filed under seal, ¶ 13, D.I. 272).

**B.  All of the Factors Militate Toward Holding the Depositions in Palo Alto, California.**

**1.  All Counsel for the Parties are in Palo Alto, California.**

The first factor to consider is the location of counsel.  All counsel in this case have offices in this district, specifically in Palo Alto.  In fact, counsels' offices are only a half mile away from one another.  (D.I. 280, filed under seal, ¶ 19).  This fact weighs heavily in favor of conducting the depositions in Palo Alto.  *See, e.g., In re Vitamins Antitrust Litig.*, Misc. No. 99-197 (TFH), MDL No. 1285, 2001 Dist Lexis 24025, * 32 (D.D.C. Nov. 30, 2001) (granting plaintiff's motion to compel depositions in Washington, D.C., given the number of attorneys with offices in or easily

accessible to Washington, D.C.); *Custom Form Mfg, Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (N. D. Ind. 2000) (granting motion to compel depositions in Chicago, Illinois or Northwestern Indiana where counsel for plaintiff and defendant are located rather than in Japan); *Kasper v. Cooper Canada, Ltd.*, 120 F.R.D. 58, *59-*60 (N.D. Ill. 1988) (affirming ruling that depositions may be taken in Chicago, Illinois, given that counsel for both parties were located in Chicago and that defendant corporation had substantial business operations in Chicago).

The last time Avago deposed Defendants' 30(b)(6) witness, four people—Avago's counsel, Defendants' counsel, the videographer, and the court reporter—had to travel to Denmark from other countries to save inconvenience to one witness.  A witness who testified that ██████████ ████████.  *See* (D.I. 280, filed under seal, Ex. N, lodged (IPT HC-AEO Finseth Dep. Tr., 5/26/2011, 9:13-10:19)).  Such an inefficient arrangement also was much more expensive since Avago was forced to pay for travel and accommodations for its counsel, the videographer, and the court reporter.  Avago also had to retain the services of local Danish counsel and a translator who turned out not to be really needed since the witness was clearly comfortable with English to an extent that he frequently responded in English and even corrected the translator at one point.  *See id.* at ¶ 21.

If this Motion were denied, Plaintiffs' counsel and Defendants' counsel (at least two attorneys) will have to travel to Denmark.  A videographer and an English court reporter would also have to travel to Denmark to facilitate and record the depositions.  Plaintiffs would also have to retain local Danish counsel.  Clearly, it would be far more efficient for the designated witness to travel to California than to require two or more attorneys, a videographer and a court reporter to travel to Denmark, with each having to carry equipment and/or documents for the depositions.  For these reasons, this factor weighs heavily in favor of holding the depositions in Palo Alto.

### 2. Defendants Previously Offered Only One Deponent for 12 Deposition Topics.

The second consideration is the number of deponents.  To date, Defendants have failed to identify a single witness for any topic of either of the noticed depositions.  For the two 30(b)(6)

depositions that were taken in May of 2011, a single witness was designated on behalf of both Defendants for all noticed topics.  *See* (D.I. 280, filed under seal, ¶ 21).  If only one or a small number of witnesses were designated again, such a fact would weigh in favor of holding the deposition in Palo Alto.  *See, e.g., E.I. DuPont de Nemours & Co. v. Kolon Indus.*, 268 F.R.D. at 56 (depositions of *five* Korean corporation's employees proper in Virginia*); In re Honda Am. Motor Co., Inc.*, 168 F.R.D. at 539-540 (comity and judicial economy require depositions of defendant's *four* managing agents in Maryland rather than Japan).

Having one, two or even three deponents travel from Denmark to California is far more efficient than requiring the entire deposition team of attorneys, videographer, and court reporter to travel to Denmark with their equipment and other materials.  As well, Plaintiffs would no longer need to retain Danish counsel.

Moreover, Defendant IPtronics, Inc.'s principal place of business is in Menlo Park, California.  The mere selection of a witness who resides in a different place than the party's principal place of business is not sufficient to establish an undue burden such that the deposition should be moved to the location of the witness.  *See Prism Techs., LLC v. Adobe Sys. et al*., No. 8:10CV220, 2012 U.S. Dist. LEXIS 67386, at *11 (D. Neb. May 15, 2012) (compelling depositions at defendant corporation's principal place of business in California even though defendant argued that the only witnesses who could meaningfully testify about the deposition topics lived and worked in Taiwan).

For these reasons, factor two clearly favors holding the depositions in Palo Alto, which is located in the same jurisdictional district where Defendant IPtronics, Inc. has its principal place of business and where the vast majority of the people who will attend the depositions live and work.

### 3.   The Time Difference Between Denmark and California Would Impede Progress If Any Significant Discovery Dispute Were to Arise Which Would Necessitate Resolution by This Court.

The third factor to consider is the likelihood of discovery disputes requiring resolution by the Court.  Local Rule 37-1(b) states that, in the event of a discovery dispute, the parties should seek to resolve the issue by conferring in good faith.  Civil L.R. 37-1(b).  However, if the parties cannot

1   agree to a resolution, and where a resolution "likely would result in substantial savings of expense or

2   time," the parties may contact the assigned Magistrate Judge to seek resolution.  Civil L.R. 37-1(b).

3      If the depositions in this case were ordered to proceed in Denmark, and a discovery dispute

4   were to arise, such a dispute would be very difficult to handle.  There is a nine-hour time difference

5   between Denmark and California, with very few overlapping business hours between the two

6   locations in a given day.  For example, when it is 8 a.m. in California, it would be 5 p.m. in

7   Denmark.  Thus, if a dispute were to arise, the deposition would likely have to be postponed in order

8   to await a response from the court.  *See Dean Foods Co. v. Eastman Chem. Co.,* No. C 00-4379,

9   2001 U.S. Dist. LEXIS 25447, at *2-3 (N.D. Cal. Aug. 13, 2001) (stating "[i]t would be a

10  monumental task to coordinate the proceedings with a sixteen hour time difference."); *In re Vitamins*

11  *Antitrust Litig.*, 2001 Dist Lexis 24025, at *32-*33 (stating that conducting depositions in

12  Washington, D.C., would aid court in promptly resolving disputes); *Custom Form Mfg., Inc. v.*

13  *Omron Corp.*, 196 F.R.D. at 336 (stating that it would be difficult to resolve discovery disputes if

14  deposition in Japan).  Such a delay would prolong the trip and exacerbate the expenses to the parties,

15  with most of the burden falling on Plaintiffs.

16     Holding the deposition in Palo Alto would alleviate these practical concerns.  Thus, this

17  factor also weighs in favor of holding the deposition in Palo Alto.

18  ### 4.   Any Witness Defendants Designate Most Likely Engages in Travel for Business Purposes, Specifically to the Forum District.

19

20     The next factor is whether the deponent travels often on business.  IPtronics A/S is

21  headquartered in Denmark and IPtronics Inc. has its principal place of business in Menlo Park.  The

22  company also has a branch in Texas and affiliates in Japan, China, Korea, Taiwan, and Italy.  (D.I.

23  280, filed under seal, Ex. L).  Given the wide breadth of the companies, any witness designated to

24  speak on behalf of the Defendants on the designated topics almost certainly travels for business.  It is

25  most likely that the witness(es) would have traveled not only to various branch offices, but

26  specifically to the United States headquarters.  Even a few trips over a number of years would be

27  sufficient to establish that a designated witness "often" engages in travel.  *See Dean Foods Co. v.*

28

15

*Eastman Chem. Co.,* No. C 00-4379, 2001 U.S. Dist. LEXIS 25447 at *21-22 (N.D. Cal. Aug. 13, 2001) (determining that a few trips to the United States by each deponent over 10 years showed "that overseas travel is part of their job description and that the company has enjoyed the benefits of their travels before."); *In re Honda Am. Motor Co., Inc.*, 168 F.R.D. 535, 539 (D. Md. 1996) (stating that named Japanese nationals are not occasional visitors, have conducted extensive business in the United States, availing themselves of the laws and protections afforded United States citizens). Documents provided by IPtronics reveal that ██████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████. (D.I. 280, filed under seal, Ex. O, lodged). Evidence also shows ████████████████████████████████████████████████ █████████████. *Id.* Additionally, Defendants' own website also shows that Defendants had a booth at The Optical Fiber Communication Conference and Exposition (OFC) in San Diego, California, in 2009 and again in Los Angeles, California, in 2012. (D.I. 280, filed under seal, Ex. P). According to Defendants' press release, Defendants also plan on setting up a booth at the OCF in Abaheim, California in 2013. *Id.*

Because any designated witness likely travels to the United States, including to Defendants' United States headquarters in Menlo Park, California, such a witness should be compelled to give his deposition testimony in California, not Denmark.

### 5.  The Equities with Regard to the Nature of the Claim and the Parties' Relationship

The last consideration in the five-part test examines the nature of the claim and the parties' relationship.  In this case, although no witness has yet been designated by either Defendant for any of the noticed topics, it is likely that a single witness will be designated on behalf of both IPtronics A/S, the Danish company, and IPtronics Inc., ***the American subsidiary***, for any given topic and likely for all topics, just like the last time.  The parties agreed that the depositions be held in accordance with the Federal Rules of Civil Procedure.  *See* (D.I. 272.)  Additionally, Defendants admitted in their answer that personal jurisdiction existed over both Defendants in this forum

district.  (D.I. 23, ¶ 9.)  Defendant IPtronics Inc. admitted that its principal place of business is in the district, and both Defendants admitted that they conduct business within the state of California, and specifically within the forum district.  (*Id*., ¶¶ 5-9.)  Additionally, any designated witness would most likely be considered an officer, director, or managing agent of the company.  *See E.I. DuPont de Nemours & Co. v. Kolon Indus*., 268 F.R.D. at 55-56 (stating that a general consideration of the equities, including the conduct by defendant to delay the deposition, weighs toward holding the deposition in Virginia); *see also Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. at 336 (finding that best way to protect the discovery process in light of the facts of the case is to compel depositions in United States).  Thus, Defendants' designated 30(b)(6) witness(es) should be compelled to provide deposition testimony in Palo Alto.

The relationship between the parties and Defendants' close ties to Northern California further support the conclusion that any designated witness should be compelled to appear for deposition in Northern California.

**C.    Each of the Five Factors and Equities Overwhelmingly Favor Compelling Defendants to Appear for Depositions in Palo Alto.**

Upon weighing each of the applicable legal and equitable factors, it is clear that the depositions of Defendants' designated witness(es) should proceed in Palo Alto.  All of the attorneys are located within a half-mile of one another.  (D.I. 280, filed under seal, ¶¶ 18, 19).  There will most likely be one or a small number of witnesses traveling from Denmark, which is far more efficient than requiring at least two attorneys, a videographer, and a stenographer (a total of four or more people) to travel to Denmark from other countries, bearing equipment and/or large volumes of documents and requiring accommodations in Denmark.  Most of the people expected to be in the depositions will work in Palo Alto.  There would also be no need for Plaintiffs to retain the services of Danish counsel.  It would be much easier to obtain guidance from the Court in the event a dispute arises which will require the Court to intervene with the proceedings in California, rather than in Denmark.  Additionally, evidence shows that ████████████████████████████

4840-4138-5233.3

█████████████████████████████████. *See* (D.I. 280, filed under seal, Ex. O, lodged).  Last, Defendants have admitted that both companies have very close ties to the forum district.

As Avago accommodated Defendants last time and bore the brunt of the costs of taking two prior depositions in Denmark, it seems only fair that Defendants' designated witness(es) travel to Palo Alto for the two depositions at issue.  Thus, Plaintiffs request that this Court compel Defendants to appear for depositions in the Palo Alto office of Foley and Lardner as stated in the Notices.

## V.   CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant their Motion to Compel Regarding the Rule 30(b)(6) Depositions and grant any other relief the Court deems just.

Respectfully submitted

Foley & Lardner LLP

Dated:  October 9, 2012

By:   */s/ John C. Vetter*
     John C. Vetter
     Richard S. Florsheim
     Cynthia J. Franecki
     Gina A. Bibby
     Ary Chang
     Adrienne Hunacek Miller
     Attorneys for Plaintiffs
     Avago Technologies US Inc., Avago Technologies General IP (Singapore) Pte. Ltd., Avago Technologies Trading Ltd., Avago Technologies International Sales Pte. Ltd., and Avago Technologies Fiber IP (Singapore) Pte. Ltd.