1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11   AVAGO TECHNOLOGIES FIBER IP              )   Case No.: C 10-02863 EJD (PSG)
     (SINGAPORE) PTE LTD.,                    )
12                                            )   **ORDER RE: DEFENDANTS' FIRST**
                              Plaintiff,      )   **AND SECOND MOTIONS TO**
13              v.                            )   **COMPEL**
                                              )
14   IPTRONICS, INC., ET AL.,                 )   **(Re: Docket Nos. 232, 248)**
                                              )
15                            Defendants.     )
                                              )
16   ─────────────────────────────           )

17          In this patent infringement suit, Defendants IPtronics, Inc. and IPtronics A/S (collectively,

18   "IPtronics") bring two motions to compel further discovery. In the first motion to compel, IPtronics

19   moves to compel further responses to its first set of interrogatories and its second set of document

20   requests. In the second motion to compel, IPtronics moves to compel all of the discovery that

21   Plaintiff Avago Technologies Fiber IP (Singapore) PTE Ltd ("Avago") previously agreed to

22   produce as well as electronic copies of documents and materials from Avago's prior litigation

23   against Emcore Corporation ("Emcore") before the International Trade Commission. Avago

24   opposes both motions. On September 18, 2012, the parties appeared for hearing. Having reviewed

25   the papers and considered the arguments of counsel,

26          IT IS HEREBY ORDERED that IPtronics's first motion to compel is GRANTED-IN-

27   PART.

28

**United States District Court**
For the Northern District of California

Although discovery has been pending for more than two years,[1] IPtronics contends that Avago has refused to provide IPtronics with interrogatory responses regarding the following: (1) contentions that specifically point out where each limitation of each asserted claim is found within each of the ten IPtronics products accused of infringing the patents-in-suit (interrogatory no. 6); (2) an accounting of the damages sought by Avago (interrogatory nos. 8 and 14); (3) secondary considerations of non-obviousness to rebut IPtronics' assertion that the patents are invalid as obvious in view of the references listed in IPtronics' January 4, 2011 invalidity contentions (interrogatory no. 11); and (4) explanations as to how each of the 113 individual Avago products alleged to practice one of the claimed inventions actually does so (interrogatory no. 6). Avago also is alleged to have refused to produce: (1) license agreements to the patents-in-suit and any communications related to the negotiation of those agreements, which are directly relevant to damages in the instant case (document request no. 62); and (2) documents related to representations made by Avago or its predecessors in interest to various standard setting organizations ("SSO's") concerning standards that are practiced by products embodying the claimed inventions, which are relevant to issues of infringement and enforceability of the patents-in-suit (document request nos. 47, 48, 50, 54, 55, 57, 58, 59, 60 and 61). IPtronics complains that Avago either objects that the discovery sought is irrelevant or that it merely promises to produce the discovery "when necessary."

Avago responds that even though IPtronics has waited more than 16-18 months to bring this motion, Avago previously agreed to produce to IPtronics most of the discovery sought. According to Avago, IPtronics brought this motion only after: (1) IPtronics failed to invalidate the patents-in-suit through reexamination and the PTO issued reexamination certifications for both patents-in-suit; (2) the parties presented technical tutorials and claim construction arguments that may result in an order favoring Avago's infringement positions; and (3) Avago filed a flawed administrative motion to de-designate or modify the protective order. In other words, Avago claims that IPtronics has manufactured an urgency to its motion that does not exist and is otherwise unwarranted. Avago

---

[1] *See* Docket No. 263. At the parties' request, the presiding judge modified the scheduling order to permit discovery to close on May 3, 2013.

Case No.: C 10-02863 EJD (PSG)
ORDER

1  nevertheless joins in IPtronics' motion to the extent it is allowed to supplement its Pat. L.R. 3-1

2  infringement contentions. Avago continues to object, however, to document requests seeking

3  information regarding (1) Avago's participation in standard setting organizations; and (2)

4  negotiations and discussions leading up to any agreement. Avago continues to dispute that either of

5  these two categories of documents sought is relevant.

6       As an initial matter, Avago may supplement its Pat. L.R. 3-1 infringement contentions. In

7  light of the additional discovery produced and the parties' agreement that amendment is warranted,

8  the court is satisfied that good cause has been shown to grant this request. And because Avago has

9  agreed to supplement all of its interrogatory responses, the court will focus on the document

10  requests involving the two document categories to which Avago objects. Avago's supplemental

11  infringement contentions and interrogatory responses that Avago previously agreed to produce

12  shall be produced no later than October 31, 2012.

13       Turning to the disputed document categories, IPtronics argues that documents related to

14  Avago's participation in various SSO's promulgating specifications related to the technologies at

15  issue is relevant to its defenses. In prior litigation before the International Trade Commission,

16  Avago alleged that the '447 Patent is not essential or necessary for compliance with certain

17  multisource agreements or standards in which Avago and its predecessors were involved because

18  there are ways by which the standards can be practiced without infringing the '447 Patent. Indeed,

19  Judge Essex has found that the '447 Patent is not essential or necessary for compliance because the

20  '447 patent requires a VCSEL with an aperture greater than eight microns, whereas the evidence

21  presented indicated a VCSEL with an aperture smaller than eight microns would comply with the

22  industry standard. IPtronics therefore argues that representations made by Avago and its

23  predecessors to any SSO of which it was a part bears directly on what constitutes non-infringing

24  uses of IPtronics' accused devices.

25       Avago responds that IPtronics has not pleaded any of the defenses of estoppel, implied

26  license, waiver or patent unenforceability and therefore the discovery now sought is not relevant.

27  Avago also notes that it informed IPtronics that the patents-in-suit have never been required to be

28  identified by the terms of any SSO nor has Avago identified either of the patents in response to any

3

1  SSO's call for patents. Both the industry standards and the patents-in-suit are publicly available yet

2  IPtronics has not identified any standards from which the patents-in-suit were improperly withheld.

3  Avago also notes that IPtronics' mischaracterizes Judge Essex's finding. While Judge Essex did

4  hold that the '447 Patent was not essential or necessary for compliance with any multisource

5  agreement that Avago participates in, the ruling was made not because the '447 Patent requires a

6  VCSEL with an aperture greater than eight microns, but rather it was based on the conclusion that

7  industry standards do not specify an aperture size. Avago argues that because the decision about

8  whether the '447 Patent is necessary to practice an industry standard does not turn on the size of

9  the VCSEL aperture, IPtronics' argument is false and has no bearing on Avago's doctrine of

10  equivalents infringement theory.

11        Here, the presiding judge recently granted Avago's motion for leave to file an amended

12  complaint and IPtronics confirmed at oral argument that it will plead the additional defenses when

13  it files its answer.[2] Whatever the ultimate merits of the parties' respective position, because these

14  defenses put the issue of Avago's SSO representations squarely within the broad sweep of relevant

15  infringement-related information, discovery concerning these representations is plainly appropriate.

16        As for the license agreements for the patents-in-suit, Avago does not dispute that they are

17  generally discoverable. Avago does dispute, however, that negotiations and discussions in advance

18  of those agreements are subject to additional protections against discovery.

19        The court agrees with IPtronics. The Federal Circuit has thrown open discovery of all

20  licenses to the patents-in-suit.[3] As for the negotiations and discovery of discussions leading up to

21  any agreement, this court has held that such discovery is appropriate.[4] While their admissibility

22  might ultimately be rejected by the presiding judge at trial,[5] the court cannot discern from any of

23

24  _____

[2] *See* Docket No. 259.

25  [3] *See ResQNet v. Lansa,* 594 F.3d 860, 871-872 (Fed. Cir. 2010).

26  [4] *See Phoenix Solutions, Inc. v. Wells Fargo Bank,* 254 F.R.D. 568, 583 (N.D. Cal. 2008) ("at a
27  minimum, discovery of licensing/settlement negotiations is reasonably calculated to lead to
   relevant admissible evidence").

28  [5] *See id.*

4

Case No.: C 10-02863 EJD (PSG)
ORDER

United States District Court
For the Northern District of California

1  the relevant case law presented by Avago any mediation-based exception to discovery of these

2  materials.

3       IT IS FURTHER ORDERED that IPtronics's second motion to compel is GRANTED.

4       Despite Avago's promises to do so, IPtronics contends that Avago has failed to produce the

5  following discovery: (1) the supplemental interrogatory responses addressed above; (2) additional

6  documents from custodians identified in IPtronics May 21, 2012 letter; (3) documents responsive

7  to document request nos. 51, 53 and 56; (4) documents evidencing Avago's royalty stream

8  generated by licensing the patents-in-suit; and (5) electronic copies of documents related to the

9  Emcore action which Avago has made available for inspection at its offices in hard copy form.

10      Avago responds that the second motion to compel is moot. It already has produced more

11 than 500,000 pages of responsive documents to IPtronics. And as for the 44 boxes of documents

12 from the Emcore ITC action, Avago made these available to IPtronics for inspection and copying

13 more than a year ago. IPtronics chose not to review them. Avago even undertook additional

14 expense by retrieving these same documents from a warehouse for a second time in May 2012.

15 While there is no requirement that Avago convert documents into a different format, Avago did

16 download publicly available documents from the ITC and produced them to IPtronics. Like

17 IPtronics, Avago too, is burdened by using paper copies but should not have to bear the expense of

18 converting them to electronic format unless it chooses to do so. If IPtronics wants the documents in

19 electronic format, it should undertake that expense itself.

20      In light of the representations made by Avago, to the extent Avago's production remains

21 deficient in any category that it promised to produce discovery, it should do so no later than

22 October 31, 2012. In addition, by this same order, if Avago has any documents from the Emcore

23 ITC action in electronic form, Avago shall produce them.

24      All other relief requested by either motion is DENIED.

25

26

27

28

Case No.: C 10-02863 EJD (PSG)
ORDER

United States District Court
For the Northern District of California

1   **IT IS SO ORDERED.**

2

3   Dated:   10/19/2012                    _Paul S. Grewal_____

4                                          PAUL S. GREWAL
                                           United States Magistrate Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: C 10-02863 EJD (PSG)
ORDER