UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES U.S. INC., et al.,<br><br>   Plaintiffs,<br>v.<br><br>IPTRONICS, INC., et al.,<br><br>   Defendants. | Case No.: C 10-02863 EJD (PSG)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND GRANTING PLAINTIFFS' MOTION TO COMPEL**<br><br>**(Re: Docket Nos. 272, 283)** |

In this patent infringement suit, Defendants IPtronics, Inc. and IPtronics A/S (collectively, "Defendants") move for a protective order. Plaintiffs Avago Technologies U.S. Inc., Avago Technologies General IP (Singapore) PTE, Ltd., Avago Technologies Trading Ltd., Avago Technologies International Sales PTE., and Avago Technologies Fiber IP (Singapore) PTE Ltd. (collectively, "Plaintiffs") oppose the motion and separately, move to compel the Rule 30(b)(6) depositions at issue. On November 6, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Defendants' motion for a protective order is DENIED and Plaintiffs' motion for an order compelling the requested depositions is GRANTED.

1

Case No.: C 10-02863 EJD (PSG)
ORDER

IPtronics, Inc. ("Inc.") is a fabless semiconductor company incorporated in Delaware that maintains its principal place of business in Menlo Park, California. Defendants represent that none of its employees work or reside in the United States. IPtronics A/S ("A/S") is Inc.'s parent, is organized under the laws of Denmark and has its principal place of business in Denmark.

On June 26, 2012, Plaintiffs noticed two Rule 30(b)(6) depositions to occur in Palo Alto, California. The deposition notices seek testimony from Defendants on 44 different topics involving technical information and business operations. Defendants believe that the depositions should proceed in Denmark especially since Plaintiffs previously conducted Rule 30(b)(6) depositions there on May 26 and 27, 2011. On July 10, 2012, Defendants served objections to the two deposition notices stating that "the date, time, and location set forth in Avago's Notice [is] unduly burdensome and unnecessarily disruptive to the regular business operations of IPtronics." During the parties' meet and confer, they agreed that the depositions would proceed on October 3 and 4, 2012. They disagreed, however, on the location. In an effort to accommodate Plaintiffs' counsel, Defendants proposed that the depositions occur in Copenhagen, instead of Roskilde, Denmark. Plaintiffs nonetheless insisted that the depositions occur in the United States. Less than two weeks before the depositions were scheduled to be held on October 3 and 4, Plaintiffs re-noticed them for Palo Alto. Based on the parties' failure to agree on a deposition location, Defendants move for protective order.

Defendants contend that because all of their employees reside in Denmark, requiring them to travel to the United States for depositions is disruptive to business operations and is unduly burdensome. According to Defendants, Plaintiffs acknowledged this necessity when they agreed previously to depose Rule 30(b)(6) witnesses there. Defendants note that Plaintiffs' deposition notices seek testimony on 44 topics, which will require testimony from multiple individuals.

Plaintiffs respond that Inc., one of two defendants in this case, has its principal place of business in Menlo Park and not in Denmark. In the past, Inc. has not designated more than a single witness to cover twelve 30(b)(6) deposition topics. In addition, counsel for all parties are located in Palo Alto and if court intervention is required, it would be much easier if the depositions were held in this district. Plaintiffs argue that it is far less burdensome for the designated witnesses to travel to Palo Alto than for counsel, a videographer, and a stenographer to travel to Denmark. Plaintiffs also argue that employees from A/S often travel to this district. Based on these factors, Plaintiffs not only oppose Defendants' motion for a protective order but separately move for an order compelling the depositions.

The court agrees with Plaintiffs. The general presumption is that a corporate designee is deposed at the corporation's principal place of business.[1] Not only is the location of Inc.'s principal place of business a short drive from the proposed deposition location, both locations are in the middle of this very district. While A/S is based in Denmark, many of its key personnel regularly travel to California:

- Niels Finseth traveled to California at least six times between 2007 and 2011.

- Jesper Bek traveled to California at least five times from 2006 to mid-2008. In July 2008, Mr. Bek and his family relocated to the San Francisco Bay Area.

- Henning Lysdal regularly engaged in business travel to the United States, planning at least six trips to the United States between 2008 and 2010.

- Steen Bak Christensen traveled three times to California from 2007 to 2009.

- Finn Kraemer regularly traveled to the United States.

- Steen Gundersen traveled at least nine times to the United States since 2008.

- Anders Andersen regularly traveled to the United States.

---

[1] *See, e.g., Thomas v. Int'l Bus. Machs.,* 48 F.3d 478, 483 (10th Cir. 1995) (holding that a deposition of a corporation by its officers and agents should ordinarily be taken at its principal place of business) (internal citations omitted); *Fausto v. Credigy Services Corp.,* 251 F.R.D. 427, 429 (N.D. Cal. 2008) (noting general presumption that a corporate designee is deposed at the corporation's principal place of business).

3
Case No.: C 10-02863 EJD (PSG)
ORDER

- Thomas Olsen traveled at least three times to the United States in 2007, including two trips to California.

- Piers Dawe traveled at least five times to the United States since 2010.

- Ulrich Keil regularly traveled to the United States.

- Navid Ostadian-Binai regaularly traveled to the United States.[2]

Defendants' own website shows that they had a booth at The Optical Fiber Communication Conference and Exposition (OFC) in San Diego in 2009 and again, in Los Angeles in 2012.[3] According to Defendants' press release, they also plan to have a booth at the OCF in Anaheim in 2013.[4] In addition, Defendants are represented by lawyers from the Palo Alto office of the SNR Denton law firm, including:

- Richard A. Horning, who is lead counsel for Defendants in this matter;

- Arthur S. Beeman, who argued on behalf of Defendants at the claim construction hearing on April 3, 2012;

- Dana J. Finberg, who defended Defendants' designated witness during the previous two Rule 30(b)(6) depositions; and

- Imran Khaliq, who argued Defendants' two motions to compel discovery on September 18, 2012.

Finally, Defendants are not merely respondents in this case, but have themselves invoked this court's jurisdiction by their affirmative counterclaims. Under these circumstances, none of the five factors this court typically considers in weighing the presumption cuts in Defendants' favor.[5]

---

[2] *See* Docket No. 281 (Declaration of Ary Chang in Support of Plaintiffs' Opposition to Defendants' Motion Entry of a Protective Order) at ¶ 23, Ex. O.

[3] *See id.* at ¶ 24, Ex. P.

[4] *See id.*

[5] When facing challenges to this presumption, courts consider the following factors: (1) the location of counsel in the forum district, (2) the number of representatives a party seeks to depose, (3) the likelihood of significant discovery disputes, (4) whether the parties to be deposed often engage in travel for business purposes, and (5) the equities with regard to the nature of the claim and the parties' relationship. *See Mahroom v. Best Western Intern., Inc.,* No. C07-02351 HRL, 2007 WL 2701325, at *1 n.3 (N.D. Cal. Sept, 13, 2007) (citing Moore's Federal Practice, 3d. §30.20).

4
Case No.: C 10-02863 EJD (PSG)
ORDER

1   **IT IS SO ORDERED.**

2   Dated:  11/6/2012

PAUL S. GREWAL
United States Magistrate Judge

Case No.: C 10-02863 EJD (PSG)
ORDER

5