United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES FIBER IP (SINGAPORE) PTE. LTD., ) ) ) Plaintiff, ) v. ) ) ) IPTRONICS, INC. and IPTRONICS A/S, ) ) Defendants. ) | Case No.: C 10-CV-02863 EJD (PSG) **ORDER GRANTING-IN-PART MOTION TO DE-DESIGNATE AND MODIFY THE PROTECTIVE ORDER** **(Re: Docket No. 221)** |

On April 6, 2012, Plaintiff Avago Technologies Fiber IP (Singapore) Pte. Ltd. ("Avago") filed an administrative motion to de-designate certain product samples marked highly confidential by Defendant IPtronics, Inc. and IPtronics A/S ("IPtronics") and to modify the court's protective order. IPtronics opposes the motion.

IPtronics argues that Avago improperly filed an administrative motion to resolve a substantive dispute. IPtronics is right. Civil Local Rule 7-11 is reserved for "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge," including but not limited to "motions to exceed otherwise applicable page limitations or motions to file documents under seal." A motion for administrative relief "is not the appropriate vehicle for resolution of the substantive arguments raised by the

1

Case No.: C 10-02863 EJD (PSG)
ORDER

parties."[1] As IPtronics correctly noted, the de-designation of product samples and modification of the parties' stipulated protective order are substantive issues. These issues are not suitable for filing under the shortened time and briefing requirements of Civil Local Rule 7-11.[2]

Despite Avago's procedural violation, in light of its own delay in resolving this dispute and its understanding of the parties' arguments, the court will proceed to consider the merits of the dispute.

The parties' dispute centers around what Avago views as overly broad restrictions on discovery. Avago first seeks modification of the prosecution bar in the protective order, complaining the language is overbroad. However, Avago wrongly suggests that it had no role in urging this language upon the court. In fact, the parties negotiated at length before they jointly submitted the language of the stipulated protective order to the court.[3] If Avago is unhappy with the consequences of the language it agreed upon, those consequences are of its own making, and there is no reason to alter it at this late stage.

Regarding IPtronics' designation of certain products as "Highly Confidential – Attorney's Eyes Only," the court agrees that this higher level of confidentiality is unwarranted. The designating party bears the burden of showing its designation is correct.[4] Under the stipulated protective order, the standard for "Highly Confidential – Attorney's Eyes Only" is "extremely sensitive" information, "disclosure of which… would create a substantial risk of serious harm that could not be avoided by less restrictive means."[5] The standard dictates that the information cannot be disclosed to the receiving party itself, but only to the receiving party's outside counsel and other

---

[1] *Hess v. Astrazeneca Pharmaceuticals, L.P.,* Case No. 06-0572 PJH, 2006 WL 2092068, at *1 (N.D. Cal. July 26, 2006).

[2] *See* Civ. L.R. 7-11 (limiting motions and oppositions to five pages each and requiring oppositions to be filed no later than four days after the filing of the motion).

[3] *See* Docket No. 77; Docket No. 227 ¶ 4.

[4] *See* Docket No. 77; *See also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

[5] *See* Docket No. 77.

2

Case No.: C 10-02863 EJD (PSG)
ORDER

select individuals who agree to be bound by the prosecution bar.[6] Avago has shown that IPtronics has distributed the products at issue only under the label of "Confidential," or "treated and maintained as confidential by the receiving party."[7] IPtronics relied on this lower, not higher, level of confidentiality in distributing the products to a third-party (but Avago-related) entity, Avago Technologies U.S., Inc.[8] IPtronics cannot now claim that the lower level of confidentiality is insufficient to protect their products when they have previously distributed products to customers under only that level of confidentiality. If the lower level of confidentiality was sufficient outside of this litigation, it will be sufficient inside of it.

Avago's motion to modify the protective order is DENIED. Avago's motion to re-designate certain samples under the lower standard of "Confidential" is GRANTED.

**IT IS SO ORDERED.**

Dated: January 2, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[6] *See* Docket No. 77.

[7] *See* Docket No. 222 ¶¶ 10-11, Ex. G.

[8] *See* Docket No. 226 ¶ 8.

3

Case No.: C 10-02863 EJD (PSG)
ORDER