UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES FIBER IP (SINGAPORE) PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> IPTRONICS, INC. and IPTRONICS A/S, <br><br> Defendants. | Case No.: C 10-CV-02863 EJD (PSG) <br><br> **ORDER DENYING ADMINISTRATIVE MOTION TO SEAL** <br><br> **(Re: Docket No. 236)** |

Before the court is Plaintiff Avago Technologies Fiber IP (Singapore) Pte. Ltd.'s ("Avago") administrative motion to seal portions of three documents: Avago's opposition to Defendants IPtronics, Inc.'s and IPtronics A/S's ("IPtronics") motion to compel ("Opposition"),[1] Ary Chang's Declaration ("Chang Declaration") in support of Avago's Opposition,[2] and Exhibit 6 to the Chang Declaration in support of Avago's Opposition.[3] Some of this information was designated as

---

[1] Docket No. 239.

[2] Docket No. 240.

[3] Docket No. 240, Ex. 6.

1

Case No.: C 10-02863 EJD (PSG)
ORDER

confidential by Avago, while other portions were designated as confidential by IPtronics. Both Avago and IPtronics have filed declarations in support of this motion.[4]

## I. LEGAL STANDARD

Civil Local Rule 79-5 sets for the procedure for filing documents under seal. The party designating the information as "confidential" bears the burden of establishing that the information is sealable. The rule allows sealing orders only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law."[5] The rule requires parties to "narrowly tailor" their requests only to sealable material.[6]

While parties seeking to seal documents related to dispositive motions must demonstrate "compelling reasons" that outweigh the general policies favoring disclosure,[7] sealing records attached to nondispositive motions need only meet the lower "good cause" standard of Rule 26(c).[8] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[9] that "specific prejudice or harm will result" if the information is disclosed.[10] "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice.[11] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[12]

---

[4] *See* Docket No. 237, 244.

[5] Civil L.R. 79-5.

[6] *Id.*

[7] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

[8] *Id.* at 1179 (internal quotations and citations omitted).

[9] *Id.*

[10] Fed. R. Civ. Proc. 26(c).

[11] *Id.*

2
Case No.: C 10-02863 EJD (PSG)
ORDER

but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed after being introduced into the underlying proceeding.[13]

## II.   DISCUSSION

### A.  Information Designated by Avago as Confidential

Portions of Avago's Opposition and the Chang Declaration quote or discuss terms of a confidential license agreement between Avago and a third party, Finisar Corporation ("Finisar").[14] Upon review of the documents, the court finds these are general licensing terms regarding exclusivity, sublicensing rights, and details of the products to be licensed, which do not appear to be protectable information.[15] Absent a particularized showing that specific harm or prejudice will result, these general licensing terms may not be sealed.[16] Avago merely makes a broad allegation that these terms consist of sensitive business and financial information of both Avago and Finisar, creating a general risk of competitive injury from disclosure. This does not meet even the lower standard of good cause.

Avago also seeks to redact portions its Opposition and Chang's Declaration revealing the identities of the parties to two licensing agreements of the patents-in-suit.[17] Avago again recites

---

[12] *See Kamakana*, 447 F.3d at 1179-80.

[13] *See* Civil L.R. 79-5(a).

[14] *See* Docket No. 239 at 6:22-28.

[15] *See In re Elec. Arts, Inc.,* 298 F. App'x 568, 569 (9th Cir. 2008) (holding that "pricing terms, royalty rates, and guaranteed minimum payment terms" are clearly protectable).

[16] *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV-01846-LHK, 2012 WL 5988570, at *4 (N.D. Cal. Nov. 29, 2012) (noting under the higher "compelling reasons" standard, that although "pricing terms, royalty rates, and guaranteed minimum payment terms plainly constitute trade secrets… the rest of the agreements, however, do not pose the same risks to future negotiations.")

[17] *See* Docket No. 239 at 20:14; Docket No. 240 at 2:26.

3

Case No.: C 10-02863 EJD (PSG)
ORDER

boilerplate language that this would reveal sensitive business and financial information. However, the names of the parties to licensing agreements, without more, cannot qualify as protectable under 79-5.[18]

Lastly, Avago's Opposition states that Avago provided Patent L.R. 3-1 and 3-2 Disclosures to IPtronics, including a list of all products dating back to a certain year.[19] Avago seeks to redact the year, asserting the year appears in a document previously placed under seal because it referenced a preliminary product not released for sale. The mere fact that a document has previously been placed under seal does not indicate that all information contained in that document must now be sealed. Focusing on the information presented in this motion, the court fails to see how release of this date would reveal confidential, proprietary information that would cause competitive harm to Avago. Avago makes no particularized showing to suggest otherwise.

**B. Information Designated by IPtronics as Confidential**

IPtronics designated its Responses and Objections to Avago's First Set of Interrogatories ("Responses") as "Highly Confidential – Attorney's Eyes Only."[20] Accordingly, Avago filed this motion to seal the Responses (filed as Exhibit 6 to Chang's Declaration) and portions of the Opposition pursuant to the stipulated protective order.[21] The purportedly confidential information consists of references to "IPtronics' knowledge of the existence of the patents-in-suit and the optical communications industry."[22] IPtronnics fails to make a particularized showing as to why its knowledge of the patents-in-suit is a trade secret or otherwise protectable, proprietary information.

---

[18] *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, 11-CV-01846-LHK, 2012 WL 3283478, at *6 (N.D. Cal. Aug. 9, 2012) (denying request to seal names of parties to licensing agreements). *See also Elec. Arts, Inc.,* 298 F. App'x at 569.

[19] *See* Docket No. 339 at 11:13.

[20] *See* Docket No. 244 ¶ 2.

[21] *See* Docket No. 239 at 14:22-23, 17:17-26; Docket No. 240, Ex. 6.

[22] *See* Docket No. 244 ¶ 2.

4

Case No.: C 10-02863 EJD (PSG)
ORDER

### III. CONCLUSION

Avago's administrative motion to seal is DENIED. No later than February 1, 2013, Avago shall submit unredacted versions of the associated documents.

**IT IS SO ORDERED.**

Dated: January 18, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

5
Case No.: C 10-02863 EJD (PSG)
ORDER