Shawn E. McDonald (State Bar No. 237580)
Adrienne Hunacek Miller (State Bar No. 274660)
**FOLEY & LARDNER LLP**
EMAIL: SEMCDONALD@FOLEY.COM
EMAIL: AMILLER@FOLEY.COM
975 Page Mill Road
Palo Alto, CA  94304-1013
Telephone: (650) 856-3700
Facsimile:  (650) 856-3710

Nancy L. Stagg (State Bar No. 157034)
Ary Chang (State Bar No. 244247)
**FOLEY & LARDNER LLP**
EMAIL: NSTAGG@FOLEY.COM
EMAIL: ACHANG@FOLEY.COM
3579 Valley Centre Drive, Suite 300
San Diego, CA  92130
Telephone: (858) 847-6700
Facsimile:  (858) 792-6773

| | |
|---|---|
| John C. Vetter (Admitted *Pro Hac Vice*)<br>**FOLEY & LARDNER LLP**<br>EMAIL: JVETTER@FOLEY.COM<br>Two South Biscayne Boulevard, Suite 1900<br>Miami, FL  33131<br>Telephone: (305) 382-8424<br>Facsimile:  (305) 482-8600 | Richard S. Florsheim (Admitted *Pro Hac Vice*)<br>**FOLEY & LARDNER LLP**<br>EMAIL: RFLORSHEIM@FOLEY.COM<br>777 E Wisconsin Avenue<br>Milwaukee, WI  53202-5306<br>Telephone: (414) 271-2400<br>Facsimile:  (414) 297-4900 |

Attorneys for Plaintiffs
AVAGO TECHNOLOGIES U.S. INC.,
AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD.,
AVAGO TECHNOLOGIES TRADING LTD., AND
AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| AVAGO TECHNOLOGIES U.S. INC., AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD., AVAGO TECHNOLOGIES TRADING LTD., AND AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,<br><br>          Plaintiffs,<br><br>     v.<br><br>IPTRONICS INC., MELLANOX TECHNOLOGIES DENMARK APS (f/k/a IPTRONICS A/S),<br><br>          Defendants. | Case No.:  5:10-CV-02863-EJD (PSG)<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE UNDER THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**<br><br>Honorable Paul S. Grewal |

1. **Sender**

   The Honorable Paul S. Grewal
   United States Magistrate Judge
   United States District Court for the Northern District of California
   San Jose Division
   280 South 1st Street
   San Jose, CA 95113
   United States of America

2. **Central Authority of the Requested State**

   Justitiedepartementet
   Enheten för brottmålsärenden och internationellt rättsligt samarbete (BIRS)
   Centralmyndigheten
   103 39 Stockholm
   Telephone: +46 8 405 45 00
   Fax: +46 8 405 46 76
   e-mail: birs@gov.se; ju.birs@regeringskansliet.se

3. **Person to Whom the Executed Request Is to Be Returned**

   The Honorable Paul S. Grewal
   United States Magistrate Judge
   United States District Court for the Northern District of California
   San Jose Division
   280 South 1st Street
   San Jose, CA 95113
   United States of America

4. **Specification of the Date by Which the Requesting Authority Requires Receipt of the Response to the Letter Request**

   By January 15, 2015, or as soon as reasonably practicable.  The U.S. District Court

   for the Northern District of California has scheduled a procedural hearing on

   February 5, 2015, for which the parties need to file a statement by January 26, 2015.

   Fact discovery is scheduled to end March 2, 2015.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

5.     a.     **Requesting Judicial Authority (Art. 3(a))**

United States District Court for the Northern District of California
San Jose Division
280 South 1st Street
San Jose, CA 95113
United States of America

       b.     **To the Competent Authority of (Art. 3(a))**

Sweden

       c.     **Name of the Case and Any Identifying Number**

*Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics, Inc. and IPtronics A/S*; Case Number 5:10-CV-02863 EJD (PSG), United States District Court for the Northern District of California.

6.     **Name and Addresses of the Parties and Their Representatives (Art. 3(b))**

    a.     **Plaintiffs**

Avago Technologies Fiber IP (Singapore) Pte. Ltd.
No. 1 Yishun Avenue 7
Singapore 768923
Singapore
Telephone: 65-6755-7888

Avago Technologies U.S. Inc.
350 West Trimble Road, Building 90
San Jose CA 95131
USA
Telephone: (408) 435-7400

Avago Technologies General IP (Singapore) PTE. LTD.
1 Yishun Avenue 7
Singapore, 768923
Singapore
Telephone: 65-6755-7888

Avago Technologies Trading LTD.
4th Floor, IBL House
Caudan
Port Louis
Mauritius

Avago Technologies International Sales PTE. LTD.
1 Yishun Avenue 7
Singapore, 768923
Singapore
Telephone: 65-6755-7888

*Counsel for the Plaintiff*

Shawn E. McDonald
Adrienne Hunacek Miller
Foley & Lardner LLP
975 Page Mill Road
Palo Alto, CA  94304-1013
Telephone: (650) 856-3700
Facsimile:  (650) 856-3710
E-mail: SEMcDonald@Foley.com
E-mail: AMiller@Foley.com

    b.    **Defendants**

IPtronics, Inc
1370 Willow Road
2nd Floor
Menlo Park, California 94025
Telephone: 650-681-9653

Mellanox Technologies Denmark ApS
Ledreborg Allé 130B
DK-4000 Roskilde
Denmark
Telephone: +45 4632 8434

*Counsel for the Defendants*

Steven D. Hemminger
Xavier Brandwajn
Alston & Bird LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
Email: steve.hemminger@alston.com
Email: xavier.brandwajn@alston.com

Brian Parker Miller
Alston & Bird LLP
1201 W Peachtree St.
Atlanta, GA 30309
Email: parker.miller@alston.com

Thomas Davison
Alston & Bird LLP
950 F Street, NW
Washington, DC 20004-1404
Email: tom.davison@alston.com

7.  a.  **Nature of the Proceedings (Art. 3(c))**

This is a civil action with claims arising in part under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and, in particular, 35 U.S.C. § 271; under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1141 (the "Lanham Act"), and in particular 15 U.S.C. § 1125 (§ 43(a) of the Lanham Act); and under the State of California's Uniform Trade Secrets Act §§3426 *et seq.*

b.  **Summary of the Complaint (Art. 3(c))**

On June 29, 2010, Avago Technologies Fiber IP (Singapore) Pte. Ltd. ("Avago Fiber IP") filed a Complaint against IPtronics, Inc. and IPtronics A/S (collectively, "IPtronics").

On September 18, 2012, Avago Fiber IP filed its Second Amended and Supplemental ("SASC") complaint to join Avago Technologies U.S. Inc. ("Avago US"), Avago Technologies General IP ("Avago General IP"), Avago Technologies International Sales Pte. Ltd. ("Avago Sales"), and Avago Technologies Trading Ltd. ("Avago Trading") (collectively, "Avago Licensees"), which have exclusive rights in the patents-in-suit to this action. The SASC included the original allegations that IPtronics (i) contributorily infringed and actively induced infringement of one or more claims of United States Patent No. 5,359,447, which Avago Fiber IP owned at the

time, and (ii) directly infringed and actively induced infringement of one or more claims of United States Patent No. 6,947,456, which Avago Fiber IP owned at the time. The SASC also added factual allegations and related claims against IPtronics for violations of 15 U.S.C. § 1125 (§ 43(a) of the Lanham Act), misappropriation of trade secrets under the State of California's Uniform Trade Secrets Act §§ 3426 *et seq.*, and unlawful, unfair, or fraudulent business act or practices under California Business & Professional Code § 17200.

Effective October 29, 2012, Avago Fiber IP transferred ownership of the patents-in-suit to co-Plaintiff Avago General IP, and Avago Fiber IP ceased to exist.

On July 1, 2013, Mellanox Technologies Ltd. acquired defendant IPtronics A/S, now known as Mellanox Technologies Denmark ApS, which became a wholly owned subsidiary of Mellanox Technologies Ltd.

   c. **Summary of Defense (Art. 3(c))**

IPtronics has denied Avago's allegations and asserted counterclaims against Avago, including declaratory judgments of non-infringement and invalidity of Avago's patents, breach of contract, fraudulent misrepresentation, and other business tort claims.

  **8.** **a.** **Evidence to Be Obtained (Art. 3(d))**

The evidence to be obtained is for use at trial in the action of *Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics, Inc. and IPtronics A/S*; Case Number 5:10-CV-02863 EJD (PSG), United States District Court for the Northern District of California, and includes (i) oral testimony from Dr. Ivar Hamberg, Technical Director and FAB Manager at Tyco Electronics Svenska Holdings AB ("TESH") in Sweden, and (ii) documents from TESH, Reg. No. 556803-3046, Box 598, 175 26 Järfälla, Sweden, Telephone: +46 8 507 250 00, Fax: +46 8 507 250 01, email: info.se@tycoelectronics.com. Schedule A, attached as Exhibit 1 hereto, sets forth a list of topics for examination and the documents sought. Upon information and belief, Dr. Hamberg is the most proper witness to testify as to the topics specified in Schedule A, including because in a promotional video published by TE Connectivity regarding its production of products containing VCSEL driver circuits at the TESH facility in Järfälla, Sweden, Dr. Hamberg stated that "I'm responsible for the manufacturing process." *See* http://youtu.be/u1HS4eyYV-k at 1:30. Upon information and belief,

TESH is a subsidiary of Tyco Electronics Group S.A., Luxemburg, which is a wholly owned subsidiary of TE Connectivity Ltd. (referred to herein as "TE Connectivity"). As Schedule A reflects, the evidence sought is limited, relating to the settings used for certain "waveform control parameters" in TE Connectivity products containing IPtronics laser driver circuits, sales of such products into the United States since 2004, and simulation models used to characterize the electrical performance of the products containing the accused IPtronics driver circuits.

### b. Purpose of the Evidence to Be Obtained (Art. 3(d))

Avago seeks evidence from TESH in connection with its allegations that IPtronics has directly infringed and actively induced infringement of one or more claims of United States Patent No. 6,947,456 (the "'456 Patent"). In general terms, the '456 Patent pertains to laser driver circuits and optical transmitters containing them, that are used to control arrays of VCSELs for high-speed optical data transmission. More specifically, they may be used to "drive" VCSELs in a VCSEL array with respective drive waveforms (also called drive currents or drive current waveforms) that represent the incoming data stream. The claimed devices include "waveform parameters" that are variables stored in memory, and the settings specified for the parameters affect the performance of the driver circuit. For example, the specific levels of electrical current used to represent a datum value of "0" and the additional amount of electrical current used to represent a datum value of "1" can be specified. These specific parameters are typically referred to as the "bias current" and "modulation current" of the device. The inventions of the asserted claims of the '456 patent also include "negative peaking" of the electrical signal, which refers to a transient present in the drive waveform during, and sometimes after, the transition from a "high" or "logic 1" level of the electrical drive waveform down to the "low" or "logic 0" of the waveform. One or more waveform parameters may also control the amount of negative peaking applied. IPtronics' term for the waveform parameter that controls the amount of negative peaking is "pre-emphasis." A true and correct copy of the '456 Patent, which includes a more detailed description of the invention covered, is attached hereto as Exhibit 2.

In its Complaint, Avago alleges that IPtronics has marketed and sold in the United States various driver circuits for VCSELs, that infringe certain asserted claims of the '456 patent directly

and infringe other asserted claims indirectly when used in an optical transmitter. IPtronics issues publications providing instructions for how to use its laser driver circuits in an optical transmitter. Specifically, IPtronics released a publicly available document, titled "Reference Design," that instructs customers how to use IPtronics laser driver circuits in an optical transmitter and provides "optimal values" for certain waveform parameters, including pre-emphasis.  A copy of the "Reference Design" document is attached hereto as Exhibit 3.  The optimal value for the pre-emphasis given in the Reference Design document is 4-7.  In other words, IPtronics' recommended values for pre-emphasis are all positive, *i.e.*, some amount of negative peaking is applied, as is required by each of the asserted claims.

Avago has alleged that IPtronics' laser driver circuits, when used as described in the Reference Design, infringe the asserted claims of the '456 Patent.  TE Connectivity sells active optical cable and transceiver products in the United States that incorporate these IPtronics laser driver circuits.  Avago has alleged that these active optical cable and transceiver products directly infringe the asserted claims of the '456 patent.  In order to establish that these products infringe the '456 patent, Avago needs to establish the settings that are actually used for certain waveform parameters, including but not limited to, the pre-emphasis (negative peaking) parameter.  A TE Connectivity entity, which upon information and belief is TESH, sets the values for the waveform parameters.  Accordingly, Avago requests evidence related to the values TESH sets for certain waveform parameters of TESH products containing IPtronics driver circuits, the methods used to determine those values, the reasons for selecting the chosen values, the effects of such parameter values on product performance, including bit error rate, and the sales of such products in the United States since 2004.

The evidence sought by Avago through this Letter Request includes the values set for particular waveform control parameters used in certain TE Connectivity products containing IPtronics driver circuits.  It also includes evidence of the sales of such products in the United States since 2004, and evidence relating to competition between such products and Avago's products that incorporate the inventions of the asserted claims of the '456 patent.  This information will aid in establishing that the IPtronics driver circuits are used to infringe Avago's '456 Patent, and the

7

commercial effects of such infringement. As regards the purpose of the evidence to be obtained, see also Schedule A.

9. **Identity of Persons to be Examined (Art. 3(e))**

Dr. Ivar Hamberg
Själagårdsgatan 21 Lgh 1401
111 31  Stockholm
Sweden
Telephone: +46 8 200 982

10. **Questions to be Put to the Persons to be Examined or Statement of the Subject-Matter About Which They are to be Examined (Art. 3(f))**

A list of topics for examination of the witness(es) is set forth on <u>Schedule A</u>, attached hereto.

11. **Documents or Other Property to be Inspected (Art. 3(g))**

The documents to be inspected are set forth on <u>Schedule A</u>, attached hereto.

The documents are to be produced by:

Tyco Electronics Svenska Holding AB ("TESH"), Reg. No. 556803-3046
Box 598
175 26 Järfälla
Sweden
Telephone: +46 8 507 250 00
Fax: +46 8 507 250 01
email:  info.se@tycoelectronics.com

12. **Requirement That the Evidence be Given on Oath or Affirmation (Art. 3(h))**

The witnesses should be examined under oath or affirmation.

13. **Special Methods or Procedures to be Followed (Art. 3(i) and 9)**

This Letter Request includes the following requests:

- That the witnesses be examined orally by attorneys for the Plaintiff, and, if the Defendants so choose, by attorneys for the Defendants;

- That an authorized interpreter be present at the examination who shall translate the questions and oral testimony between Swedish and English;

- That, to the extent that multiple hearing dates are necessary to complete all the topics identified in Schedule A, the hearings are scheduled on consecutive days or as close to each other as reasonably practicable; and

- That all evidence be obtained in a manner compliant with the Stipulated Protective Order, attached as <u>Exhibit 4</u> and entered by the Honorable Paul S. Grewal on May 2, 2011 in the action of *Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics, Inc. and IPtronics A/S*; Case Number 5:10-CV-02863 EJD (PSG), United States District Court for the Northern District of California.

In the event the evidence cannot be taken in the manner or location requested, it is to be taken in such a manner or location as provided by local law.

14. **Request for Notification of the Time and Place for the Execution of the Request and Identity and Address of Any Person to be Notified (Art. 7)**

Please notify the following counsel regarding the time and place for the execution of the Letter of Request:

Shawn E. McDonald
Adrienne Hunacek Miller
Foley & Lardner LLP
975 Page Mill Road
Palo Alto, CA  94304-1013
Telephone: (650) 856-3700
Facsimile:  (650) 856-3710
E-mail: SEMcDonald@Foley.com
E-mail: AMiller@Foley.com

Advokat Christian Pfeiff
Advokat David Ackebo
Mannheimer Swartling Advokatbyrå
Box 1711
111 87 Stockholm
Sweden
Telephone: +46 8 595 064 39
Fax: +46 595 060 01
e-mail: cpf@msa.se
e-mail: daa@msa.se

Steven D. Hemminger
Xavier Brandwajn
Alston & Bird LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
Email: steve.hemminger@alston.com
Email: xavier.brandwajn@alston.com

Brian Parker Miller
Alston & Bird LLP
1201 W Peachtree St.
Atlanta, GA 30309
Email: parker.miller@alston.com

Thomas Davison
Alston & Bird LLP
950 F Street, NW
Washington, DC 20004-1404
Email: tom.davison@alston.com

**15. Request for Attendance of Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter Request (Art. 8)**

No attendance of judicial personnel is requested.

**16. Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin (Art. 11(b))**

The privilege or duty of the witnesses to refuse to give evidence shall be the same as if they were testifying under the applicable provisions of the Federal Rules of Civil Procedure, including if giving such evidence would (1) subject them to a real and appreciable danger of criminal liability in the United States, or (2) disclose a confidential and privileged communication between them and their respective attorneys.

**17. Counsel, to the Extent Necessary, to Take Evidence as Commissioners (Art. 17)**

In Section 13 of this Letter Request, it has been requested, under Articles 3(i) and 9, that the witnesses be examined orally by attorneys for the Plaintiff, and, if the Defendants so choose, by attorneys for the Defendants. To the extent this request is deemed incompatible with local law or is otherwise not granted, it is requested, in the alternative, that attorneys for the Plaintiff, and, if the Defendants so choose, attorneys for the Defendants be permitted to examine the witnesses as commissioners under Article 17.

**18. Fees and Costs (Art. 14 and 26)**

Fees and costs incurred which are reimbursable under the Hague Convention shall be borne by Foley & Lardner LLP, 975 Page Mill Road, Palo Alto, California 94304.

Date of Request:    December 19, 2014

Signature and Seal of
Requesting Authority

*Paul S. Grewal* (signature)
Honorable Paul S. Grewal