Shawn E. McDonald (State Bar No. 237580)
Adrienne Hunacek Miller (State Bar No.  274660)
**FOLEY & LARDNER LLP**
EMAIL: SEMCDONALD@FOLEY.COM
EMAIL: AMILLER@FOLEY.COM
975 Page Mill Road
Palo Alto, CA  94304-1013
Telephone: (650) 856-3700
Facsimile:  (650) 856-3710

Nancy L. Stagg (State Bar No. 157034)
Ary Chang (State Bar No. 244247)
**FOLEY & LARDNER LLP**
EMAIL: NSTAGG@FOLEY.COM
EMAIL: ACHANG@FOLEY.COM
3579 Valley Centre Drive, Suite 300
San Diego, CA  92130
Telephone: (858) 847-6700
Facsimile:  (858) 792-6773

John C. Vetter (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
EMAIL: JVETTER@FOLEY.COM
Two South Biscayne Boulevard, Suite 1900
Miami, FL  33131
Telephone: (305) 382-8424
Facsimile:  (305) 482-8600

Richard S. Florsheim (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
EMAIL: RFLORSHEIM@FOLEY.COM
777 E Wisconsin Avenue
Milwaukee, WI  53202-5306
Telephone: (414) 271-2400
Facsimile:  (414) 297-4900

Attorneys for Plaintiffs
AVAGO TECHNOLOGIES U.S. INC.,
AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD.,
AVAGO TECHNOLOGIES TRADING LTD., AND
AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES U.S. INC., AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD., AVAGO TECHNOLOGIES TRADING LTD., AND AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> IPTRONICS INC., MELLANOX TECHNOLOGIES DENMARK APS (f/k/a IPTRONICS A/S), <br><br> Defendants. | Case No.:  5:10-CV-02863-EJD (PSG) <br><br> **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS** <br><br> Honorable Paul S. Grewal |

4839-0505-3982.1

1. **Sender**

   The Honorable Paul S. Grewal
   United States Magistrate Judge
   United States District Court for the Northern District of California
   San Jose Division
   280 South 1st Street
   San Jose, CA 95113
   United States of America

2. **Central Authority of the Requested State**

   Der Präsident
   des Amtsgerichts Freiburg
   Holzmarkt 2
   79098 Freiburg
   Germany
   Telephone: +49 (761) 205-0
   Fax: 49 (761) 205-1800
   E-mail:  poststelle@agfreiburg.justiz.bwl.de
   Website: www.amtsgericht-freiburg.de

3. **Person to Whom the Executed Request Is to Be Returned**

   Dr. Georg Andreas Rauh
   Rechtsanwalt
   Attorney-at-Law
   Patentanwälte Rechtsanwälte
   Siebertstrasse 3
   81675 München
   Germany
   Telephone: +49 (0) 89 413 04-0
   E-mail:  g.rauh@vossiusandpartner.com

4. **Specification of the Date by Which the Requesting Authority Requires Receipt of the Response to the Letter Request**

   By December 31, 2014, or as soon as reasonably practicable.  The U.S. District Court

   for the Northern District of California has scheduled a procedural hearing on

   February 5, 2015, for which the parties need to file a statement by January 26, 2015.

   The evidence cutoff date is March 2, 2015.

1

4839-0505-3982.1

1
2

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

3

      5.      a.      **Requesting Judicial Authority (Art. 3(a))**

4

      United States District Court for the Northern District of California

5

      San Jose Division
      280 South 1st Street

6

      San Jose, CA 95113
      United States of America

7

      b.      **To the Competent Authority of (Art. 3(a))**

8

      The Central Authority of Germany

9

      c.      **Name of the Case and Any Identifying Number**

10

11

      *Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics, Inc. and IPtronics A/S*; Case Number 5:10-CV-02863 EJD (PSG), United States District Court for the Northern District of California.

12

13

      6.      **Name and Addresses of the Parties and Their Representatives (Art. 3(b))**

14

      a.      **Plaintiffs**

15

16

      Avago Technologies Fiber IP (Singapore) Pte. Ltd.
      No. 1 Yishun Avenue 7

17

      Singapore 768923
      Singapore

18

      Telephone: 65-6755-7888

19

      Avago Technologies U.S. Inc.
      350 West Trimble Road, Building 90

20

      San Jose CA 95131
      USA

21

      Telephone: (408) 435-7400

22

      Avago Technologies General IP (Singapore) PTE. LTD.

23

      1 Yishun Avenue 7
      Singapore, 768923

24

      Singapore
      Telephone: 65-6755-7888

25

26

      Avago Technologies Trading LTD.
      4th Floor, IBL House

27

      Caudan
      Port Louis

28

      Mauritius

4839-0505-3982.1

Avago Technologies International Sales PTE. LTD.
1 Yishun Avenue 7
Singapore, 768923
Singapore
Telephone: 65-6755-7888

***Counsel for the Plaintiffs***

John C. Vetter
Foley & Lardner LLP
One South Biscayne Boulevard, Suite 1900
Miami, FL 33151
Telephone:  (305) 382-8424
Facsimile:  (305) 482-8600
E-mail:  JVetter@Foley.com

Ary Chang
3579 Valley Centre Drive, Suite 300
San Diego, CA  92130
Telephone: (858) 847-6700
Facsimile:  (858) 792-6773
E-mail:  AChang@Foley.com

Dr. Georg Andreas Rauh
Rechtsanwalt
Attorney-at-Law
Vossius & Partner
Patentanwälte Rechtsanwälte
Siebertstrasse 3
81675 München
Germany
Telephone:  +49 (0) 89 413 04-0
E-mail:  g.rauh@vossiusandpartner.com

Dr. Thure Schubert
Rechtsanwalt
Attorney-at-Law
Vossius & Partner
Patentanwälte Rechtsanwälte
Siebertstrasse 3
81675 München
Germany
Telephone: +49 (0) 89 413 04-0
E-mail:  schubert@vossiusandpartner.com

b.      **Defendants**

IPtronics, Inc.

1

1370 Willow Road
2nd Floor
Menlo Park, California 94025
Telephone: 650-681-9653

Mellanox Technologies Denmark ApS
Ledreborg Allé 130B
DK-4000 Roskilde
Denmark
Telephone: +45 4632 8434

**Counsel for the Defendants**

Steven D. Hemminger
Xavier Brandwajn
Alston & Bird LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
Email: steve.hemminger@alston.com
Email: xavier.brandwajn@alston.com

Brian Parker Miller
Alston & Bird LLP
1201 W Peachtree St.
Atlanta, GA 30309
Email: parker.miller@alston.com

Thomas W. Davison
Alston & Bird LLP
950 F Street, NW
Washington, DC 20004-1404
Email: tom.davison@alston.com

**7.   a.   Nature of the Proceedings (Art. 3(c))**

This is a civil action with claims arising in part under the Patent Laws of the United States, 35 U.S.C. § 1 et *seq*., and, in particular, 35 U.S.C. § 271; under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1141 (the "Lanham Act"), and in particular 15 U.S.C. § 1125 (§ 43(a) of the Lanham Act); and under the State of California's Uniform Trade Secrets Act §§3426 *et seq*.

**b.   Summary of the Complaint (Art. 3(c))**

On June 29, 2010, Avago Technologies Fiber IP (Singapore) Pte. Ltd. ("Avago Fiber IP") filed a Complaint against IPtronics, Inc. and IPtronics A/S (collectively, "IPtronics").

1

4839-0505-3982.1

1    On September 18, 2012, Avago Fiber IP filed its Second Amended and Supplemental

2 ("SASC") complaint to join Avago Technologies U.S. Inc. ("Avago US"), Avago Technologies

3 General IP ("Avago General IP"), Avago Technologies International Sales Pte. Ltd. ("Avago

4 Sales"), and Avago Technologies Trading Ltd. ("Avago Trading") (collectively, "Avago

5 Licensees"), which have exclusive rights in the patents-in-suit to this action.  The SASC included

6 the original allegations that IPtronics (i) contributorily infringed and actively induced infringement

7 of one or more claims of United States Patent No. 5,359,447, which Avago Fiber IP owns, and (ii)

8 directly infringed, contributorily infringed, and actively induced infringement of one or more claims

9 of United States Patent No. 6,947,456, which Avago Fiber IP owns.  The SASC also added factual

10 allegations and related claims against IPtronics for violations of 15 U.S.C. § 1125 (§ 43(a) of the

11 Lanham Act), misappropriation of trade secrets under the State of California's Uniform Trade

12 Secrets Act §§ 3426 *et seq*., and unlawful, unfair, or fraudulent business act or practices under

13 California Business & Professional Code § 17200.

14    Effective October 29, 2012, Avago Fiber IP transferred ownership of the patents-in-suit to

15 Avago General IP, and Avago Fiber IP ceased to exist.

16    On July 1, 2013, Mellanox Technologies Ltd. acquired defendant IPtronics A/S, now known

17 as Mellanox Technologies Denmark ApS, which becomes a wholly owned subsidiary of Mellanox

18 Technologies Ltd.

19         **c.    Summary of Defense (Art. 3(c))**

20    IPtronics has denied Avago's allegations and asserted counterclaims against Avago,

21 including declaratory judgments of non-infringement and invalidity of Avago's patents, breach of

22 contract, fraudulent misrepresentation, and other business tort claims.

23      **8.    a.    Evidence to Be Obtained (Art. 3(d))**

24    The evidence to be obtained is for use at trial in the action of *Avago Technologies Fiber IP*

25 *(Singapore) Pte. Ltd. v. IPtronics, Inc. and IPtronics A/S*; Case Number 5:10-CV-02863 EJD (PSG),

26 United States District Court for the Northern District of California, and includes (i) oral testimony

27 from Dr. Martin Grabherr, Senior Manager Sales & Marketing at Philips Technologie GmbH, U-L-

28

1

4839-0505-3982.1

1  M Photonics ("ULM"), or his successor in the company, (ii) oral testimony from Mr. Roger King,

2  Senior Manager of Research and Development at ULM, or his successor in the company and (iii)

3  documents from ULM.  Schedule A, attached as Exhibit 1 hereto, sets forth a list of questions to be

4  asked of the witnesses and the documents sought.  As Schedule A reflects, the evidence sought is

5  limited, relating to the "aperture" on vertical cavity surface emitting lasers ("VCSELs") ULM

6  manufactures and supplies to the United States, and ULM's electronic modeling of such products.

7  A previous Letter of Request to the Central Authority of Germany ("Central Authority") for

8  International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking

9  of Evidence Abroad in Civil or Commercial Matters ("Letter Request") was issued by the

10  Requesting Authority on September 18, 2012, and the original executed copy sent soon thereafter.

11  On December 6, 2012, the Central Authority requested clarification with respect to certain sections

12  in the Letter Request.  On January 2, 2013, Avago filed an Application for the Issuance of

13  Supplemental Request for International Judicial Assistance Pursuant to the Hague Convention of 18

14  March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Supplemental

15  Letter Request") to provide the requested clarification.  On February 8, 2013, the Requesting

16  Authority issued a Supplemental Letter Request.  On February 15, 2013, before the original

17  executed Supplemental Letter Request could be sent to the Central Authority, this case was stayed.

18  The case was reopened on July 23, 2014.

19  The September 18, 2012 Letter Request is being withdrawn and the Amended Letter Request

20  for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the

21  Taking of Evidence Abroad in Civil or Commercial Matters ("Amended Letter Request") sent to the

22  Central Authority.

23  ### b.    Purpose of the Evidence to Be Obtained (Art. 3(d))

24  Avago seeks evidence from Dr. Martin Grabherr (or his successor in the company) and

25  Mr. Roger King (or his successor in the company), and ULM in connection with its allegations that

26  IPtronics has contributorily infringed and actively induced infringement of one or more claims of

1

4839-0505-3982.1

United States Patent Nos. 5,359,447 (the "'447 Patent") and 6,947,456 (the "'456 Patent"), and directly infringed one or more claims of the '456 Patent.

### Evidence to show infringement of the '447 patent

In general terms, the '447 Patent covers the invention of an optical communication system having a VCSEL. A multi-mode optical medium such as an optical fiber is coupled to the VCSEL. A power supply provides a bias current that drives the VCSEL into multiple transverse mode operation, preferably in more than two distinct modes. The VCSEL generates a beam of light that has a lower coherence than that provided by a single-mode laser. This beam of light is modulated with data carried by an incoming signal. The VCSEL preferably has an "aperture" larger than about eight (8) micrometers (microns) through which the modulated light beam is emitted. A true and correct copy of the '447 Patent, which includes a more detailed description of the invention covered, is attached hereto as Exhibit 2.

In its Complaint, Avago alleges that IPtronics has marketed and sold in the United States various driver circuits for VCSELs and components for use in optical communication networks. IPtronics issues publications providing instructions for how to couple these products with VCSELs and an optical coupling medium to provide an optical communication network. Avago has alleged that such optical communication networks infringe the '447 Patent. Specifically, if the optical communication network resulting from the coupling process uses a VCSEL with an aperture that has a diameter of at least 8 microns, then this optical communication network literally infringes the '447 Patent. If the optical communication network resulting from the coupling process uses a VCSEL with an aperture that has a diameter of 8 microns or less, then this optical communication network infringes the '447 Patent by the doctrine of equivalents.

Upon information and belief, the optical communication networks comprised of products from IPtronics utilize VCSELs manufactured by ULM Photonics, as taught by IPtronics. A publicly available document released by IPtronics, entitled "Reference Design," instructs customers how to use ULM's VCSELs with IPtronics' products. A copy of the "Reference Design" document is attached hereto as Exhibit 3. In order to determine whether the optical communication networks

4839-0505-3982.1

implicated by the lawsuit literally infringe the '447 Patent, or infringe by the doctrine of equivalents, it is necessary to determine the diameter of the aperture on ULM's VCSELs.

"Aperture" is a term used by persons of skill in the art to refer to the unoxidized portion of a layer in a VCSEL that confines current flow, and thus the path of the light emitted by the active region of a VCSEL.  A VCSEL consists of many layers of semiconductor material grown or formed parallel to a substrate.  The composition and thicknesses of the various VCSEL layers are specified by an epitaxial recipe.  An active region, where light is generated, is located among layers near the VCSEL center.  The active region lies between upper and lower mirror stacks.  Metal contacts are provided on the top and bottom of the VCSEL so that electrical current can pass through it, and stimulate the electrons of atoms located in the active region so that light can be generated.  There are several techniques used to confine this current flow to the desired area of the active region.  ULM's VCSELs are "oxide confined," as are many commercial embodiments.  The upper and lower mirrors of the VCSELs are made of AlGaAs layers having an optical thickness of 1/4 wavelength of the emitted light.  In an oxide confined VCSEL, one of the AlGaAs layers has a higher aluminum content than all of the other layers.  When the VCSEL is subjected to heat and steam, the aluminum oxidizes from the outside in.  Oxidation is continued until the unoxidized portion in the high aluminum content layer is of the desired dimension.  The dimension of this unoxidized portion is what is known as the "aperture" of the VCSEL.

Aperture dimensions can have a range of acceptable values or tolerances.  The range of tolerances is caused by acceptable variations in material composition, temperature, properties of the steam, and dimensional tolerances of the VCSEL structure itself.  Oxidation of the high AlGaAs layer is a physical process of limited precision.  Based on these tolerances and other considerations, manufacturers develop an acceptable range of values for their apertures in which the VCSELs will perform satisfactorily.  That range may well be over 10% to 15% of the aperture dimension.  For example, if a target aperture is 7.8 microns, an acceptable tolerance may be close to 9 microns.

The evidence sought by Avago through this Letter Request includes the target values and acceptable range of values for the apertures in certain ULM VCSEL products.  This information will

1

1 aid in determining whether and in what manner the optical communication networks using products

2 from IPtronics infringe Avago's '447 Patent.

3

**Evidence to show infringement of the '456 patent**

4

5       In general terms, the '456 Patent pertains to laser driver circuits and optical transmitters

6 containing them, that are used to control arrays of VCSELs for high-speed optical data transmission.

7 More specifically, they may be used to "drive" VCSELs in a VCSEL array with respective drive

8 waveforms (also called drive currents or drive current waveforms) that represent the incoming data

9 stream.  The inventions of the asserted claims of the '456 patent include "negative peaking" of the

10 electrical signal, which refers to a transient present in the drive waveform during, and sometimes

11 after, the transition from a "high" or "logic 1" level of the electrical drive waveform down to the

12 "low" or "logic 0" of the waveform.  An electronic model of the electrical properties of a VCSEL is

13 useful for modeling the behavior of the electrical circuit in which the VCSEL operates.   The

14 evidence sought from ULM relating to its electronic models for its VCSELs, related bond wires, and

15 other parasitic circuit elements, will be useful for modeling the electrical behavior of those of the

16 accused products that contain an ULM VCSEL as a part of the proof that such products infringe the

17 '456 Patent.  A true and correct copy of the '456 Patent, which includes a more detailed description

18 of the invention covered, is attached hereto as Exhibit 2.

19       **9.     Identity of Persons to be Examined (Art. 3(e))**

20       Based upon information available from ULM Photonics' web site, Avago believes one or

21 both of the following ULM employees, and ULM as a corporate entity, may have the requisite

22 knowledge:

23       Dr. Martin Grabherr (or his successor within the company)
         Senior Manager, Sales & Marketing
24       Philips Technologie GmbH
         U-L-M Photonics
25       Lise-Meitner str. 13
         d-89081 Ulm
26       Germany
         Telephone: +49 (0) 731 550194-011
27

28       Mr. Roger King (or his successor within the company)

1

4839-0505-3982.1

Senior Manager of Research and Development
Philips Technologie GmbH
U-L-M Photonics
Lise-Meitner str. 13
d-89081 Ulm
Germany
Telephone: +49 (0) 731 550194-011

### _Alternatively_

An officer, director or managing agent, or any other person who consents to testify on ULM's behalf concerning the matters and questions set forth in <u>Schedule A</u>, to be designated by:

Philips Technologie GmbH
U-L-M Photonics
Lise-Meitner str. 13
d-89081 Ulm
Germany
Telephone: +49 (0) 731 550194-011

1

4839-0505-3982.1

**10.     Questions to be Put to the Persons to be Examined or Statement of the Subject-Matter About Which They are to be Examined (Art. 3(f))**

A list of questions to be asked of the witnesses is set forth on <u>Schedule A</u>, annexed hereto.

**11.     Documents or Other Property to be Inspected (Art. 3(g))**

The documents to be inspected are set forth on Schedule A, attached.  Should ULM fail to produce these documents, it is requested that the Court conducting the taking of evidence requests the production of documents according to § 142 ZPO and, if necessary, applies compulsory measures according to § 390 ZPO.

**12.     Requirement That the Evidence be Given on Oath or Affirmation (Art. 3(h))**

The witnesses should be examined under oath or affirmation.

**13.     Special Methods or Procedures to be Followed (Art. 3(i) and 9)**

This Letter Request includes the following requests:

- **That this Letter Request be granted and the evidence-taking proceeding be performed on an expedited basis because the fact discovery cut off in the underlying case is on March 2, 2015;**

- That attorneys for the Plaintiff, and, if the Defendants so choose, attorneys for the Defendants be permitted to ask the witnesses additional questions that are related to those questions set forth in <u>Schedule A</u>;

- That an authorized shorthand writer/court reporter be present at the examination who shall record the oral testimony verbatim (in English) and prepare a transcript of the evidence;

- That an authorized shorthand writer/court reporter be present at the examination who shall record the oral testimony verbatim (in German) and prepare a transcript of the evidence;

- That an authorized interpreter be present at the examination who shall translate the questions and oral testimony between German and English;

- That the examinations take place at dates and times as may be agreed upon between the witnesses and counsel for the parties;

- That, to the extent that multiple hearing dates are necessary to complete all the questions in Schedule A and the additional questions related to those questions set forth in Schedule A, the hearings are scheduled on consecutive days or as close to each other as reasonably practicable;

4839-0505-3982.1

- That, to the extent the individual witnesses identified in Section 9 of this Letter Request do not have sufficient knowledge to testify as to the matters and questions set forth in <u>Schedule A</u>, ULM, as a corporate entity, be required in accordance with established means of practice under Federal Rule of Civil Procedure 30(b)(6) to provide testimony by designating one or more officers, directors, or managing agents, or other persons who consent to testify on ULM's behalf concerning the matters and questions set forth in <u>Schedule A</u>; and

- That all evidence be obtained in a manner compliant with the Stipulated Protective Order, attached as <u>Exhibit 4</u> and entered by the Honorable Paul S. Grewal on May 2, 2011 in the action of *Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics, Inc. and IPtronics A/S*; Case Number 5:10-CV-02863 EJD (PSG), United States District Court for the Northern District of California.

In the event the evidence cannot be taken in the manner or location requested, it is to be taken in such a manner or location as provided by local law.  To the extent any request in this section is deemed incompatible with German principles of procedural law, it is to be disregarded.

**14.    Request for Notification of the Time and Place for the Execution of the Request and Identity and Address of Any Person to be Notified (Art. 7)**

Please notify the following counsel regarding the time and place for the execution of the Letter Request:

John C Vetter
Foley & Lardner LLP
One South Biscayne Boulevard, Suite 1900
Miami, FL 33151
Telephone: (305) 382-8424
Fax: (305) 482-8600
E-mail: jvetter@foley.com

Ary Chang
3579 Valley Centre Drive, Suite 300
San Diego, CA  92130
Telephone: (858) 847-6700
Facsimile:  (858) 792-6773
E-mail: AChang@Foley.com

Dr. Georg Andreas Rauh
Rechtsanwalt
Attorney-at-Law
Patentanwälte Rechtsanwälte
Siebertstrasse 3
81675 München
Germany
Telephone: +49 (0) 89 413 04-0
E-mail: g.rauh@vossiusandpartner.com

1

4839-0505-3982.1

Dr. Thure Schubert
Rechtsanwalt
Attorney-at-Law
Patentanwälte Rechtsanwälte
Siebertstrasse 3
81675 München
Germany
Telephone: +49 (0) 89 413 04-0
E-mail: schubert@vossiusandpartner.com

Steven D. Hemminger
Xavier Brandwajn
Alston & Bird LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
Email: steve.hemminger@alston.com
Email: xavier.brandwajn@alston.com

Brian Parker Miller
Alston & Bird LLP
1201 W Peachtree St.
Atlanta, GA 30309
Email: parker.miller@alston.com

Thomas W. Davison
Alston & Bird LLP
950 F Street, NW
Washington, DC 20004-1404
Email: tom.davison@alston.com

**15.    Request for Attendance of Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter Request (Art. 8)**

No attendance of judicial personnel is requested.

**16.    Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin (Art. 11(b))**

The privilege or duty of the witnesses to refuse to give evidence shall be the same as if they were testifying under the applicable provisions of the Federal Rules of Civil Procedure, including if giving such evidence would (1) subject them to a real and appreciable danger of criminal liability in the United States, or (2) disclose a confidential and privileged communication between them and their respective attorneys.

4839-0505-3982.1

**17.    Fees and Costs (Art. 14 and 26)**

Fees and costs incurred which are reimbursable under the Hague Convention shall be borne by Foley & Lardner LLP, One South Biscayne Boulevard, Suite 1900, Miami, Florida 33151.


Date of Request:                    December 19, 2014


Signature and Seal of
Requesting Authority

Honorable Paul S. Grewal

1

4839-0505-3982.1