UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| AVAGO TECHNOLOGIES, INC., et al., | ) | Case No.: 5:10-cv-02863-EJD |
| | ) | |
| Plaintiffs, | ) | **OMNIBUS ORDER RE: MOTIONS** |
| v. | ) | **TO SHORTEN TIME, MOTIONS TO** |
| | ) | **SEAL AND MOTION TO FILE SUR-** |
| IPTRONICS INC., et al., | ) | **REPLY** |
| | ) | |
| Defendants. | ) | **(Re: Docket Nos. 462, 465, 477, 479, 496)** |
| | ) | |

Plaintiffs have filed two motions to shorten time and two motions to seal. Defendants have filed a motion to file a sur-reply. The court DENIES the motions to shorten time, GRANTS-IN-PART the motions to seal and GRANTS the motion to file a sur-reply.

**I.**

Pursuant to Civil L.R. 6-3, Plaintiffs seek to shorten time on motions to compel at Docket Nos. 463 and Docket No. 478.[1] Plaintiffs must make efforts "to obtain a stipulation to the time

---

[1] *See* Docket Nos. 465, 479.

change."[2]  "If the motion is to shorten time for the Court to hear a motion," Plaintiffs must "[d]escribe[] the moving party's compliance with Civil L.R. 37-1(a)."[3]  Local Rule 37-1(a) provides that the "Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues."[4]  A conference between counsel must be a direct dialogue in person or by telephone.[5]  A party may be sanctioned for failing to confer as required.[6]

Plaintiffs contend they have diligently sought discovery, the March 3, 2015 fact discovery cut-off deadline is fast approaching and a hearing date of January 27, 2015 would prejudice Plaintiffs as to any follow-up on the motions to compel.[7]  Defendants and Counterclaimants oppose because "there is no good cause and [Plaintiffs] ignored the rules"—there was no meet and confer.[8]  The court agrees with Defendants that the parties must follow the Civil Local Rules and engage in genuine efforts to meet and confer.  Plaintiffs' motions to shorten time are DENIED.

## II.

Defendants and Counterclaimants move to file a sur-reply in support of Plaintiffs' motion to compel the production of documents because Plaintiffs filed in their reply "new and factually

---

[2] Civil L.R. 6-3(a)(2).

[3] Civil L.R. 6-3(a)(4).

[4] Civil L.R. 37-1(a).

[5] *See* Civil L.R. 1-5(n) ("The mere sending of a written, electronic . . . communication . . . does not satisfy a requirement to 'meet and confer' or to 'confer.' Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation.").

[6] *See, e.g.*, Civil L.R. 37-1(a).

[7] *See* Docket Nos. 465, 479.

[8] Docket No. 483 at 1.

incorrect arguments" not previously raised.[9] Having considered the papers and arguments, the court GRANTS Defendants' motion. Defendants' proposed sur-reply and supporting declaration are deemed filed as of the date of this order.

### III.

In two motions, Plaintiffs seek to file 13 documents under seal.[10] "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[11] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[12] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[13]

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[14] Records attached to nondispositive motions therefore are not subject to the strong presumption of access.[15] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[16] As with dispositive motions,

---

[9] *See* Docket No. 496 at 1.

[10] *See* Docket Nos. 462, 477.

[11] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[12] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[13] *Id.* at 1178-79.

[14] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[15] *See id.* at 1180.

[16] *Id.* at 1179 (internal quotations and citations omitted).

the standard applicable to nondispositive motions requires a "particularized showing"[17] that "specific prejudice or harm will result" if the information is disclosed.[18] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[19] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[20] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[21]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[22] "Within 4 days of the filing of the Administrative

---

[17] *Id.*

[18] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[19] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[20] *See Kamakana,* 447 F.3d at 1179-80.

[21] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

[22] Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

4

Case No.: 5:10-cv-02863-EJD
OMNIBUS ORDER RE:  MOTIONS TO SHORTEN TIME, MOTIONS TO SEAL AND MOTION TO FILE SUR-REPLY

Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[23]

With these standards in mind, the courts rules on the instant motions as follows:

| Motion | Document to be Sealed | Result | Reason/Explanation |
|---|---|---|---|
| Docket No. 462 | Exhibit C to the Declaration of Adrienne Hunacek Miller | Highlighted portions indicated in Docket No. 462-4 SEALED. | Narrowly tailored to confidential business information. |
| Docket No. 477 | Avago's Motion to Compel | 14:4-23, 17:1-18 SEALED. Remainder UNSEALED. | Only sealed portions narrowly tailored to confidential business information and supported by a declaration. |
| Docket No. 477 | Exhibit 5 to the Stagg Motion Declaration | UNSEALED. | Not supported by a declaration. |
| Docket No. 477 | Exhibit 10 to the Stagg Motion Declaration | 12:11-15 SEALED. Remainder UNSEALED. | Only sealed portions narrowly tailored to confidential business information and supported by a declaration. |
| Docket No. 477 | Exhibit 11 to the Stagg Motion Declaration | Highlighted portions indicated in Docket No. 477-10 SEALED. | Narrowly tailored to confidential business information. |
| Docket No. 477 | Exhibit 12 to the Stagg Motion Declaration | UNSEALED. | Blank page filed; not properly supported by a declaration. |
| Docket No. 477 | Exhibit 13 to the Stagg Motion Declaration | Highlighted portions indicated in Docket No. 477-14 SEALED. | Narrowly tailored to confidential business information. |
| Docket No. 477 | Exhibit 14 to the Stagg Motion Declaration | UNSEALED. | Blank page filed; not properly supported by a declaration. |
| Docket No. 477 | Exhibit 15 to the Stagg Motion Declaration | UNSEALED. | Blank page filed; not properly supported by a declaration. |
| Docket No. 477 | Exhibit 16 to the Stagg Motion Declaration | UNSEALED. | Not supported by a declaration. |
| Docket No. 477 | Exhibit 17 to the Stagg Motion Declaration | UNSEALED. | Not supported by a declaration. |
| Docket No. 477 | Exhibit 18 to the Stagg Motion Declaration | UNSEALED. | Not supported by a declaration. |
| Docket No. 477 | Exhibit 21 to the Stagg Motion Declaration | 187:3-10 and 21-25 SEALED; remainder UNSEALED. | Narrowly tailored to confidential business information. |

---

[23] Civ. L.R. 79-5(e)(1).

Case No.: 5:10-cv-02863-EJD
OMNIBUS ORDER RE:  MOTIONS TO SHORTEN TIME, MOTIONS TO SEAL AND MOTION TO FILE SUR-REPLY

**United States District Court**
For the Northern District of California

**SO ORDERED.**

Dated:  January 12, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge