1   Steven D. Hemminger (State Bar No. 110665)
    steve.hemminger@alston.com
2   Xavier Brandwajn (State Bar No. 246218)
    xavier.brandwajn@alston.com
3   **ALSTON & BIRD LLP**
4   1950 University Avenue, 5th Floor
    East Palo Alto, CA  94303
5   Telephone:  650-838-2000
    Facsimile:   650-838-2001
6
7   Randall L. Allen (State Bar No. 264067)
    randall.allen@alston.com
8   B. Parker Miller (*pro hac vice*)
    parker.miller@alston.com
9   **ALSTON & BIRD LLP**
10  1201 West Peachtree Street
    Atlanta, GA 30309
11  Telephone: 404-881-7000
    Facsimile:  404-881-7777
12
13  Attorneys for Defendants and Counterclaimants
    IPTRONICS, INC., MELLANOX TECHNOLOGIES DENMARK APS, MELLANOX
    TECHNOLOGIES, INC., and MELLANOX TECHNOLOGIES, LTD.
14

15              **UNITED STATES DISTRICT COURT**

16              **NORTHERN DISTRICT OF CALIFORNIA**

17

| | |
|---|---|
| AVAGO TECHNOLOGIES, U.S. INC., AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD., AVAGO TECHNOLOGIES TRADING LTD., AND AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD., | **CASE NO.  5:10-cv-02863-EJD** **DEFENDANTS IPTRONICS INC. AND MELLANOX TECHNOLOGIES DENMARK APS' MOTION FOR DISCOVERY SANCTIONS** |
| Plaintiffs and Counterclaim Defendants, | **[FED. R. CIV. P. 37; CIV. L.R. 37-4]** |
| v. | **Hearing Date:** May 5, 2015 **Hearing Time:** 10:00 a.m. **Location:** Courtroom 5, 4th Floor **Judge:** Hon. Paul S. Grewal |
| IPTRONICS INC., MELLANOX TECHNOLOGIES DENMARK APS, MELLANOX TECHNOLOGIES, INC., and MELLANOX TECHNOLOGIES, LTD. | **[PUBLIC REDACTED VERSION]** |
| Defendants and Counterclaimants. | |

18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that, on May 5, 2015, at 10:00 a.m., or as soon thereafter as this matter may be heard in the above entitled Court, located at 280 South 1st Street, San Jose, CA 95113, pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rule 37-4, Defendants and Counterclaimants IPtronics Inc. and Mellanox Technologies Denmark APS (collectively "IPtronics") will and hereby do respectfully move the Court for an order imposing monetary and preclusion sanctions against the Avago Entities[1] for their failure to obey the Court's March 12, 2015 Order (D.I. 537) to produce on March 17, 2015 a Fed. R. Civ. P. 30(b)(6) witness fully prepared to testify on "each of the topics listed in the notice of deposition" and their related conduct which has required three motions including the present one (D.I. 527, 528) and an opposition to a motion filed by the Avago Entities (D.I. 530, 531).  Specifically, the Court should enter an order:

(1) imposing on the Avago Entities and/or their counsel of record, Foley & Lardner LLP, a monetary sanction of $17,243.60, representing IPtronics' reasonable attorneys' fees incurred in connection with IPtronics' Motion to Compel Deposition on Previously Agreed-Upon Date of March 10, 2015 (D.I. 527, 536) and related Motion to Shorten Time on its Motion to Compel Deposition on Previously Agreed-Upon Date of March 10, 2015 (D.I. 528);

(2) imposing on the Avago Entities and/or their counsel of record, Foley & Lardner LLP, a monetary sanction of $1,034.80 representing IPtronics' reasonable attorneys' fees incurred in opposing the Avago Entities' motion to continue the March 12, 2015 hearing date (D.I. 530, 531);

(4) imposing on the Avago Entities and/or their counsel of record, Foley & Lardner LLP, a monetary sanction of $9,076.40 representing IPtronics' reasonable attorneys' fees currently incurred in connection with the present Motion;

(5) imposing on the Avago Entities and/or their counsel of record, Foley & Lardner LLP, a monetary sanction of $3,523.52 representing IPtronics' reasonable attorneys' fees incurred in taking the March 17, 2015 deposition, reduced by 30% in light of the minimal amount of testimony the

---

[1] "The Avago Entities" refers collectively to the Avago plaintiffs in this action.

witness was able to provide;

(6) imposing on the Avago Entities and/or their counsel of record, Foley & Lardner LLP, a monetary sanction of $3,842.83 representing the costs IPtronics incurred for the March 17 deposition, including the court reporter and transcript, reduced by 30% in light of the minimal amount of testimony the witness was able to provide; and

(7) precluding the Avago Entities from presenting any evidence or argument on any matter that was not disclosed or on which the witness could not be examined at the March 17, 2015 deposition.

This Motion is based on the following Memorandum of Points and Authorities, the Declaration of Xavier Brandwajn ("Brandwajn Decl.") filed concurrently herewith, any reply brief filed, on the entire file of this action, and on any additional arguments or evidence that may be accepted at the hearing on this Motion.

The Motion is made on the grounds that the Avago Entities' Rule 30(b)(6) deposition witness produced on March 17, 2015 was admittedly unprepared to testify of each of the noticed topics, in direct disobedience of the Court's March 12 Order.  The witness could not testify at all with respect to 9 of the 24 noticed topics.  The witness could not testify regarding any significant detail with respect to most of the other noticed topics.  Four of the five binders of documents that the witness reviewed and the Avago Entities contend support their contentions with respect to the matters described in the noticed deposition topics were not produced to IPtronics until over a week after the deposition, making it impossible for IPtronics to understand which documents the Avago Entities were relying on, much less examine the witness on them.  At the March 12 hearing the Court found that the Avago Entities have delayed and frustrated without substantial justification IPtronics' ability to take this deposition, and unfortunately even a court order has not secured the Avago Entities' compliance with the discovery rules.  Because only roughly three months will remain in fact discovery by the time this Motion is heard, the prejudice to IPtronics on this basic discovery of the Avago Entities' non-patent claims cannot be cured by anything other than narrowly tailored sanctions against the Avago Entities, which this Motion seeks.

Unfortunately, IPtronics' efforts to resolve this dispute without the Court's intervention

have not been successful in view of the Avago Entities' counsel refusal to even acknowledge the deficiencies with the testimony of their witness, refusal to offer a fully prepared witness to cure the problem in the additional week offered by IPtronics, and the Avago Entities' invocation (again) of their busy schedule to delay a telephonic discussion on these issues until two weeks after the deposition.  On March 19, 2015, counsel for IPtronics met and conferred by email with counsel for the Avago Entities, asking for the production of the documents the Avago Entities' Rule 30(b)(6) witness reviewed in preparation of the deposition in the format she reviewed them.  (Brandwajn Decl., Ex. B).  IPtronics' counsel also requested, although there would be additional follow up on the other issues with the March 17 deposition by separate letter, that the Avago Entities' let IPtronics' counsel know when the witness would be available to resume questioning with those documents.  (*Id.*).  On March 20, 2015, counsel for IPtronics sent a detailed meet and confer email with respect to the March 17 deposition.  (Brandwajn Decl., Ex. C).  The March 20 letter identified each of the deficiencies in the Avago Entities' Rule 30(b)(6) witness' testimony, with citations to the rough deposition transcript then available.  (*Id.*).  In the March 20 letter, IPtronics' counsel asked for a telephonic discussion on March 23, 2015 to try to resolve the issues and gave the Avago Entities a week (until March 27) to produce a witness that was fully prepared on the deficiencies identified in the letter to attempt to cure the problems and avoid the filing of the present Motion.  (*Id.*).  IPtronics' March 20 letter further specified that, if the problems were not cured promptly, IPtronics would seek monetary and preclusion sanctions from the Court.  (*Id.*).

On March 26, the Avago Entities' counsel responded by email, "disagree[ing] entirely" that the witness was unprepared and stating that "Avago will not be producing Ms. Hall for deposition tomorrow, March 27, 2015, on your unilaterally selected and demanded date, given that she and I are both unavailable."  (Brandwajn Decl., Ex. D).  The Avago Entities' counsel stated that she would only be available to speak by phone on March 31 because she was on a business trip.  (*Id.*).  The Avago Entities' counsel also requested that IPtronics "please be prepared during the call or in advance to identify which specific question posed by you or responses of Ms. Hall IPtronics is intending to move to compel further responses to so that we can have a meaningful meet and confer session."  (*Id.*).

1    On March 27, IPtronics' counsel responded that given the Avago Entities' refusal to

2 acknowledge the deficiencies and failures in testimony manifested in the March 17 deposition

3 transcript or to confirm that a fully prepared witness would be produced soon to cure the problem,

4 IPtronics would be filing its motion.[2]  (Brandwajn Decl., Ex. D).

5    On March 29, the Avago Entities' counsel sent a fairly lengthy email in response to

6 IPtronics' counsel's March 27 email.  (Brandwajn Decl., Ex. E).  In the email, the Avago Entities

7 stated that IPtronics had not met and conferred by telephone or in person and was "refus[ing] to

8 provide the further information it would have to provide if IPtronics were to file a motion to compel

9 further responses."  (*Id.*).  The Avago Entities' counsel still refused to acknowledge any deficiency

10 with the testimony of their Rule 30(b)(6) witness, still refused to offer any supplemental deposition

11 to cure the problem, and instead stated that she was available to speak by phone on March 31

12 "regarding specific questions asked to Ms. Hall or her responses  if IPtronics is genuinely interested

13 in attempting to resolve all disputed issues without judicial intervention and in good faith as

14 required by Civil Local Rule 37." (*Id.*).

15    On March 30, IPtronics' counsel responded by email.  (*Id.*).  IPtronics' counsel pointed out

16 that despite her lengthy emails about wanting to meet and confer by phone, the Avago Entities'

17 counsel had not made herself available for a call at any point since IPtronics first raised the issues in

18 dispute.  (*Id.*).  IPtronics also noted that the Avago Entities had yet to acknowledge the problem or

19 offer to cure it, much less within the reasonable time frame offered by IPtronics.  (*Id.*).  IPtronics

20 stated that based on those failures, it could not afford to delay resolution of this issue any further

21 and would be filing its motion but that it would speak by phone to the Avago Entities' counsel on

22 March 31 and, should the parties be able to resolve the dispute, IPtronics would withdraw its

23 motion.  (*Id.*).  This Motion followed.

24

25

_____

26 [2] *See also JSR Micro, Inc. v. QBE Ins. Corp.*, Case No.C-09-03044 PJH (EDL), 2010 U.S. Dist. LEXIS 56000, *4 (N.D. Cal. May 14, 2010) (awarding sanctions under Rule 37 and finding that

27 "Plaintiff engaged in sufficient good faith efforts to resolve this dispute without Court intervention" because "as Plaintiff notes, the issues involved in this dispute, such as witnesses who were woefully

28 unprepared and an extensive pattern of improper speaking objections, are not well-suited to meeting and conferring")

Dated:  March 30, 2015            Respectfully submitted,

ALSTON & BIRD LLP


 /s/   Xavier M. Brandwajn
Steven D. Hemminger
Xavier M. Brandwajn
**ALSTON & BIRD LLP**
1950 University Avenue, 5th Floor
East Palo Alto, CA  94303
Telephone:  650-838-2000
Facsimile:   650-838-2001
steve.hemminger@alston.com
xavier.brandwajn@alston.com

Attorneys for Defendants
Mellanox Technologies Denmark ApS and IPtronics, Inc.

# TABLE OF CONTENTS

Page

I.      SUMMARY OF THE REASONS WHY THE MOTION SHOULD BE GRANTED.............1

II.     FACTUAL AND PROCEDURAL BACKGROUND.................................................3

        A.      IPtronics' Efforts To Compel The March 17 Deposition ...............................3

        B.      The Deficient Testimony Provided At The March 17 Deposition................................3

        C.      IPtronics' Efforts To Resolve This Dispute Without Court Intervention ......................9

III.    ARGUMENT...................................................................................11

        A.      Legal Standards Governing This Motion..................................................11

        B.      The Court Should Impose Sanctions Because The Avago Entities Have
                Disobeyed the Court's March 12, 2015 Order............................................14

                1.      Preclusion Sanctions Are Appropriate To Remedy The Avago Entities'
                        Failure To Produce A Properly Prepared Witness On Each Noticed
                        Topic ..................................................................................14

                2.      IPtronics Is Entitled To A Portion Of Its Reasonable Attorneys' Fees
                        And Costs Incurred In Taking The March 17 Deposition ..............................17

                3.      IPtronics Is Entitled To Its Reasonable Attorneys' Fees Incurred In
                        Having To Involve The Court In This Discovery Dispute. .............................17

IV.     CONCLUSION.................................................................................19

# TABLE OF AUTHORITIES

Page

**CASES**

*Averkamp v. Swimways Corp.,*
2014 U.S. Dist. LEXIS 160793 (E.D. Wis. Nov. 17, 2014) ...................................................14

*Black Horse Lane Assocs., L.P. v. Dow Chem. Corp.,*
228 F.3d 275 (3d Cir. 2000)...................................................................................................13

*Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co., Inc.,*
201 F.R.D. 33 (D. Mass. 2001).............................................................................................14

*E.E.O.C. v. Thorman & Wright Corp.,*
243 F.R.D. 421, 425 (D. Kan. 2007) ....................................................................................14

*E.E.O.C. v. Unit Drilling Co.,*
2014 U.S. Dist. LEXIS 97122 (N.D. Okla. July 17, 2014)...................................................15

*FormFactor, Inc. v. Micro-Probe, Inc.,*
No. C-10-03095 PJH (JCS), 2012 U.S. Dist. LEXIS 62233 (N.D. Cal. May 3, 2012) ... passim

*Gold v. Midland Credit Mgmt., Inc.,*
2014 U.S. Dist. LEXIS 93461, 2014 WL 3371012 (N.D. Cal. July 9, 2014) ..................14, 15

*Great Am. Ins. Co. of N. Y. v. Vegas Constr. Co., Inc.,*
251 F.R.D. 534 (D. Nev. 2008)........................................................................................13, 14

*Grimes v. City and County of San Francisco,*
951 F.2d 236 (9th Cir. 1991) ................................................................................................11

*Guifi Li v. A Perfect Day Franchise, Inc.,*
281 F.R.D. 373 (N.D. Cal. 2012).........................................................................................12

*Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Matsuda,*
390 F. Supp. 2d 479 (D. Md. 2005) ......................................................................................14

*JSR Micro, Inc. v. QBE Ins. Corp,*
2010 U.S. Dist. LEXIS 56000 (N.D. Cal. May 14, 2010) ..........................................13, 17, 18

*Navellier v. Sletten,*
262 F.3d 923 (9th Cir. 2001) ................................................................................................12

*Payne v. Exxon Corp.,*
121 F.3d 503 (9th Cir. 1997) ................................................................................................13

*Resolution Trust Corp. v. S. Union Co.,*
985 F.2d 196 (5th Cir. 1993) ................................................................................................13

# TABLE OF AUTHORITIES

Page

*Rooney v. Sierra Pac. Windows*,
    2011 WL 2149097, at *3 (N.D. Cal. June 1, 2011) ................................................................12

*Tacori Enters., Inc. v. Beverlly Jewellry Co., Ltd.*,
    253 F.R.D. 577 (C.D. Cal. 2008) ......................................................................12, 13

*United States v. Taylor*,
    166 F.R.D. 356, 362 (M.D.N.C. 1996) ..............................................................14

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101, 1107 (9th Cir. 2001) ..................................................................12

**STATUTES**

Cal. Code of Civ. Proc. §2019.210 ..............................................................................2, 5

**RULES**

Fed. R. Civ. P. 30(b)(6)................................................................................... passim

Fed. R. Civ. P. 37 ............................................................................................. passim

Local Rule 37 ........................................................................................11, 12, 13

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    SUMMARY OF THE REASONS WHY THE MOTION SHOULD BE GRANTED**

3         IPtronics regrets having to bring another motion to the Court regarding what should be a

4    simple Rule 30(b)(6) deposition of the Avago Entities on their non-patent claims, but the Avago

5    Entities have not obeyed the Court's March 12, 2015 Order (D.I. 537) compelling them to produce

6    one or more witnesses on March 17 fully prepared to testify on each noticed topics of deposition.

7    With fact discovery closing only roughly three months after this Motion will be heard, IPtronics

8    respectfully seeks appropriate relief so that the Avago Entities' disregard for both the Court's March

9    12 Order and IPtronics' discovery rights will not be rewarded.

10        At the hearing on March 12 where the Court granted IPtronics' motion to compel this Rule

11   30(b)(6) deposition of the Avago Entities on their non-patent claims, the Court stated that the Avago

12   Entities have "had several months, several months to investigate, identify, prepare witnesses.  It's

13   not a matter of getting ready between today and next Tuesday."  (Brandwajn Decl., Ex. F at 5:25-

14   6:3).  In actuality, however, the Avago Entities did not even begin to prepare for the deposition they

15   had known about since November 2014 until after the Court issued its order.  Even the Avago

16   Entities' Rule 30(b)(6) witness, Sharon Hall, testified that



(*Id.* at 5:9).

26        The Avago Entities' failure to prepare their Rule 30(b)(6) witness adequately is also manifest

27   in the testimony on the noticed topics themselves.  Ms. Hall could not provide *any* testimony on 9 of

28   the 24 noticed topics, i.e. over a third of the deposition notice.  On the remaining topics, Ms. Hall by

and large could not provide any meaningful, detailed testimony in response to counsel's questions. With respect to the Avago Entities' alleged trade secrets, even reading their CCP §2019.210 disclosure Ms. Hall did not know what some of the ones listed were, she confirmed that some in fact were publicly known at all and should not be claimed as trade secrets, and told IPtronics for the first time at the deposition that the Avago Entities were no longer alleging that an entire category of alleged trade secrets had been misappropriated by IPtronics despite that litigation decision having been made "recently." With respect to the Avago Entities' Lanham Act allegations that IPtronics falsely advertised the power consumption and dissipation properties of its products and Avago fiber optic products, for no good reason Ms. Hall had been shown only a heavily redacted version of a twice removed, inoperative version of the complaint and was not prepared to testify on any of the allegations that were amended or supplemented for purposes of the operative Fourth Amended and Supplemental Complaint because the first time she had seen them was during the deposition. The Avago Entities' counsel took overly long breaks during the deposition so they could research answers or Bates ranges in response to questions already posed and answered (or not answered, as it were) to feed them to Ms. Hall to change her prior testimony, thereby forcing IPtronics to repeat its examination of those matters, and even then Ms. Hall was only parroting was she had been told over a break and could not provide any further details when asked.

The Avago Entities made a mockery of IPtronics' Rule 30(b)(6) deposition and of the Court's March 12 Order, and this should not be countenanced. An order compelling the Avago Entities to produce a prepared witness on the deposition notice topics, following the briefing of three related motions, was obviously ineffective to make the Avago Entities and/or their counsel understand their discovery obligations. The last four months, as well as the Avago Entities' refusal to acknowledge the deficiencies in the testimony of March 17, much less attempt to cure them, are proof that another Rule 30(b)(6) deposition on the unanswered issues will only lead to further delay by the Avago Entities and the incurring of additional attorneys' fees without any reasonable expectation that IPtronics will actually obtain the discovery it is owed. Although IPtronics does not bring this Motion lightly, the sanctions sought herein should be imposed without hesitation.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      IPtronics' Efforts To Compel The March 17 Deposition

On November 25, 2014, IPtronics requested a meet and confer regarding a deposition of an Avago representative pursuant to Fed. R. Civ. P. 30(b)(6) on 24 topics related to the Avago Entities' five non-patent claims asserted in the complaint.  (D.I. 527-4).   After several months of unsuccessfully attempting to schedule and complete the deposition, on March 3, 2015 IPtronics filed a motion to compel the Rule 30(b)(6) deposition.  (D.I. 527).  IPtronics concurrently moved to have the motion to compel briefed and heard on shortened time.  (D.I. 528).  On March 4, the Court granted (with modifications) IPtronics' motion to shorten time and ordered the parties to appear on March 12 for the hearing on IPtronics' motion to compel.  (D.I. 529).  On March 5, the Avago Entities filed a motion to continue the March 12 hearing ordered by the Court, citing the busy schedule of Nancy Stagg, one of the seven attorneys of record for the Avago Entities, as the reason for the continuance sought.  (D.I. 530).  IPtronics opposed the motion the same day (D.I. 531), and on March 10 the Court summarily denied the motion (D.I. 534).

At the March 12 hearing on IPtronics' motion to compel, the Court expressed that "shocking, frankly, was how hard it appears to have been to get a simple 30(b)(6) deposition scheduled in this case and the fact that your clients have now been forced to spend, I suspect, tens of thousands of dollars all in on the briefing over whether a deposition should take place in February, March, late March."  (Brandwajn Decl., Ex. F at 4:4-9).  Rejecting the Avago Entities' argument for pushing this deposition even further based on the preparation of the witness, the Court stated, "It's hard, but you chose to bring hard claims, and you've had months of notice, and even before you brought the claims, you had to know -- you had to know that the Defendant to these claims was going to bring or serve a deposition notice on them. So you've, in fact, had, for all practical purposes, many many months to prepare."  (*Id.* at 7:16-22; *see also id.* at 8:4-13; 10:18-24).  The Court granted IPtronics' motion to compel and ordered the Avago Entities "to tender one or more witnesses to testify on each of the topics listed in the notice of deposition [D.I. 527-12]."  (D.I. 537).

### B.      The Deficient Testimony Provided At The March 17 Deposition

IPtronics took the deposition of the Avago Entities' Rule 30(b)(6) witness on the notice,

1   Sharon Hall, on March 17, 2015.  (Brandwajn Decl., Ex. A).[3] ████████████

2   ████████████████████████████████████████ (*Id.* at 9:12-22), it

3   became clear as the day progressed that she was in fact unable to testify at all on numerous topics

4   and provided only partial testimony as to many others.  Specifically with respect to her preparation

5   for the deposition, ████████████████████████████████████████

6   ████████████████████████████████████████████████

7   ████████████ (*Id.* at 265:22-266:8). ████████████

8   ████████████████████████████████████████████████

9   ████████████████████████████████████████████████

10  ████████████████████ (*Id.* at 266:16-267:11). ████████

11  ████████████████████████████████████████████████

12  ████████████████████████████████ (*Id.* at 268:17-

13  270:4). ████████████████████████████████████████

14  ████████████████████████████ (four of which IPtronics received only on

15  March 26, nine days after the deposition, Brandwajn Decl., ¶8) ████████████

16  ████████████████████ (Brandwajn Decl., Ex. A at 267:25-268:11).

17  Perhaps the most compelling evidence that Ms. Hall was not adequately prepared was her own

18  testimony ████████████████████████████████ (*Id.* at 270:12-20).

19          Ms. Hall's testimony on the individual topics further reflects the lack of adequate preparation

20  for the deposition.  Although Topics 1 and 2 sought testimony on all facts and documents that Avago

21  is aware of that reflect, show or support any disclosure or use, respectively, by IPtronics of the

22  alleged Avago trade secrets, Ms. Hall testified ████████████████████████

23  ████████████████████████████████████████████████

---

[3] Although IPtronics does not wish to burden the Court with unnecessary paper and apologizes if it
has done so here, IPtronics attaches the entire transcript of the March 17 deposition as Exhibit A to
the Brandwajn Declaration in the interest of completeness.  While, in the interest of mitigating the
amount of attorneys' fees incurred in connection with this discovery dispute, IPtronics in the present
Motion has focused on the more flagrant deficiencies and failures of testimony from the March 17
deposition, a review of the entire transcript, should the Court be so inclined, will best reveal the
overall failure by the Avago Entities to comply with the Court's March 12 Order.

(*Id.* at 203:5-16). On Topic 11, seeking information on how long it took the Avago Entity that developed the information listed in each of the categories of allegedly trade secret information stated in Exhibit 5 to the complaint to develop that information,

(*Id.* at 28:14-29:3). Ms. Hall similarly stated

(*Id.* at 46:6-47:1), (*Id.* at 29:4-30:3, 31:6-16, 38:12-20, 40:25-41:10), (*Id.* at 58:23-59:21, 62:4-10), or (187:3-188:11). Ms. Hall testified

(*Id.* at 200:25-201:9). There was therefore a complete failure to provide any testimony on at least those 9 topics, *i.e.* over a third of IPtronics' deposition notice.

Ms. Hall was similarly unable to provide testimony about several details or important matters within the scope of the noticed topics. With respect to Topic 3 in the deposition notice, concerning each of the categories of information the Avago Entities had listed as alleged trade secrets in their disclosure required by California Code of Civil Procedure §2019.210 (Brandwajn Decl., Ex. G (Exhibit 5 to the Avago Entities' operative Fourth Amended and Supplemental Complaint; Deposition Exhibit 1095)),

(Brandwajn Decl., Ex. A at 124:18-24, 170:22-171:1, 173:9-14). She initially testified

(*Id.* at 175:17-25),

(*Id.* at 182:25-183:18),

(*Id.* at 185:23-186:9). Throughout her testimony relating to Topic 3,

(*See, e.g., id.* at 177-79, 186:11-14). For example, Ms. Hall testified

which, for the reasons discussed below, IPtronics does not agree

1  was a legitimate excuse for her lack of preparation.  (*See id.* at 104:7-105:19).  ███████

2  ████████████████████████████████████████████████████████████████████

3  ████████████████████████████████████  (*Id.* at 198:17-199:5).

4        Also for Topic 3, Ms. Hall was also unable to provide full testimony on a number of the

5  categories listed in the Avago Entities' trade secret designation.  As examples, Ms. Hall was unable

6  to testify fully, and in some cases at all, on Categories 1 (*id.* at 91:13-21), 2 (*id.* at 94:22-96:14), 5

7  (*id.* at 101:5-102:22), 6 (*id.* at 102:23-103:16), 7 (*id.* at 72:13-73:13), and 10.H (*id.* at 61:10-24,

8  127:11-21), 10.J (*id.* at 131:3-132:13), 10.K (*id.* at 132:14-134:15), 10.L (*id.* at 137:6-138:11), 10.M

9  (*id.* at 138:20-139:9), 10.N (*id.* at 139:10-23), 10.O (*id.* at 141:16-142:7), 10.P (*id.* at 24:4-20), 10.Q

10 (*id.* at 144:9-146:3), 10.S (*id.* at 148:17-151:4), 10.T (*id.* at 151:10-152:6), 10.U (*id.* at 153:7-24),

11 10.V (*id.* at 155:17-156:3), 10.X (*id.* at 157:23-158:15), 10.Z (*id.* at 158:16-159:18), 10.CC (*id.* at

12 163:4-9), and 10.DD (*id.* at 163:10-164:19) in Deposition Exhibit 1095, the list of alleged Avago

13 trade secrets (Brandwajn Decl., Ex. G).

14       With respect to Topics 6, 7, and 8 in the deposition notice, concerning the Avago Entities'

15 claims  based  on  ████████████████████████████████████████████████████

16 ████████████████████  Ms. Hall testified  ████████████████████████████

17 ████████████████████████████████████████████████████████████████████

18 ███████████████████████████

19 ███████████  (Brandwajn Decl., Ex. A at 227:25-229:17).  However, the Avago Entities' allegations

20 on these issues have changed and/or been supplemented since that version.  (D.I. 400, 400-3, 453).

21 As IPtronics informed the Avago Entities during the deposition, moreover,  ████████████████

22 ████████████████████████████████████████████████████████████████████

23 ████████████████████████████████████████  (Brandwajn Decl., Ex. A at

24 229:18-230:1).  ███████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████████████████

27 ████████████  (*Id.* at 230:10-232:12).

28       Further,  ███████████████████████████████████████████████████████

1

2 (*id.* at

3 218:19-219:1),

4 (*id.* at 241:3-9),

5

6 (*Id.* at 223:5-224:23).  As such, Ms. Hall's testimony on these

7 three topics was incomplete to say the least.

8 Because Topic 9 relates to the Avago Entities' unjust enrichment claim and Ms. Hall

9 confirmed during the deposition

10 (*id.* at 264:9-16), the deficiencies addressed above with respect to Topics 6, 7 and 8

11 carry through to her testimony on Topic 9.

12 In addition, Ms. Hall provided only very superficial, non-detailed testimony for a number of

13 topics.  For Topic 4, the efforts taken by each of the Avago Entities to protect or maintain the

14 secrecy of the alleged trade secrets, Ms. Hall

15 (*See, e.g.,* Brandwajn Decl., Ex. A at 48-53, 57-58).  With respect to Topic 10,

16

17 (*See, e.g., id.*

18 at 12:6-16, 19:18-21:22, 24:4-20, 24:24-25:18).   On Topic 16, Ms. Hall testified t

19

20 (*Id.* at 81:24-83:22, 84:5-17).  On Topic 18,

21 Ms. Hall

22 (*Id.* at 78:14-23).  As such, her testimony on these topics was incomplete, to put it charitably.

23 On Topic 21, Ms. Hall

24

25

26 (*Id.* at 43:17-44:7).   Ms. Hall, however,

27

28 (*Id.* at 43:25-45:19).

IPTRONICS' MOTION FOR DISCOVERY SANCTIONS

1    During the deposition, Ms. Hall also stated, and Ms. Stagg confirmed, ██████████

2   ████████████████████████████████████████████████████████████████████████████████

3   ████████████████████████████████████████████████████████████████████████████████

4   ██████████████████████████████████████████████ (*Id.* at 167:3-19).  That was

5   the first time IPtronics had heard of any such change in the Avago Entities' trade secrets contentions.

6   When IPtronics' counsel asked when that change in the Avago Entities' contentions was made, Ms.

7   Stagg responded only "recently" and refused to provide any date.  (Brandwajn Decl., Ex. A at

8   167:21-168:7).  During the deposition, ████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████████████████████████

12  ████████████████ (*Id.* at 186:17-187:1).  Ms. Hall also ████████████████████████

13  ████████████████████████████████████████████████████████████████████████████████

14  ██████████████████████████████████ (*Id.* at 49:20-50:6).  Again, that was the first time IPtronics

15  had been informed of that.  Notwithstanding these newly disclosed modifications to the Avago

16  Entities' trade secret contentions, at no time prior to the deposition, nor since, has any revised

17  iteration of those contentions been served on IPtronics.

18       Finally, IPtronics has yet to receive, and was not able to examine Ms. Hall on, documents

19  that were referenced by Ms. Hall during her deposition and that the Avago Entities agreed to

20  provide.  First, as discussed above, IPtronics received only on March 26 the four additional binders

21  reviewed by Ms. Hall but not brought to the deposition.  (*See, e.g.,* Brandwajn Decl., Ex. A at 111:7-

22  13, 135:18-136:2).  Of course these should have been available at the deposition so IPtronics could

23  examine the witness on their contents or why they allegedly supported a claimed fact.

24       Second, with regard to Topic 16, regarding to which third parties the claimed trade secrets

25  were disclosed, Ms. Hall ██████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████████ (*id.* at 82:16-

28  83:22), this has not happened, either.

1    Third, with regard to category 10.O of Exhibit 1095, Ms. Hall ████████████████
2  ███████████████████████████████████████ (Brandwajn Decl., Ex. A at 141:16-
3  142:7).  It still has not been provided, hampering any examination by IPtronics on its contents.

4    Fourth, ██████████████████████████████████████████████
5  ████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████
7  ████████████████████ (Brandwajn Decl., Ex. A at 72:25-73:7).  Despite the fact that ████████
8  ████████████ is one of the explicit categories of alleged trade secrets made at issue by the Avago
9  Entities (D.I. 452-6 (Topic 7)), and despite the Avago Entities' commitment to produce their
10 privilege log by February 25 (D.I. 527-11 at 1-2), in actuality it was produced only on March 26,
11 nine days after the deposition (Brandwajn Decl., ¶8), thereby making it impossible for IPtronics to
12 test in deposition any contention or fact claimed to be privileged.

13    **C.    IPtronics' Efforts To Resolve This Dispute Without Court Intervention**

14    After just shy of seven hours of deposition on March 17, in light of Ms. Hall's lack of
15 preparation and knowledge concerning many of the matters asked during the day, IPtronics' counsel
16 concluded by telling the Avago Entities' counsel as follows:  "Well, Counsel, there has been a lot of
17 questions for which Miss Hall didn't know the answer to, and we feel it was incumbent upon you all
18 to  prepare  her  for  it.    So  we  are  going  to  be  writing  you  a  letter  with  --
19 identifying specifically the topics or questions we think are fair[ly] within the notice and that she
20 should have been prepared to testify on, and we will go from there.  But I think at this point, I think,
21 we've -- I mean, I'm limited by the witness's knowledge and preparation, so that's all I'll say on
22 that."  (Brandwajn Decl., Ex. A at 270:21-271:7).  The Avago Entities' counsel did not respond or
23 dispute the witness' inadequate preparation or failures of testimony.  (*See id.*).

24    On March 19, 2015, counsel for IPtronics met and conferred by email with counsel for the
25 Avago Entities, asking for the production of the documents the Avago Entities' Rule 30(b)(6)
26 witness reviewed in preparation of the deposition in the format she reviewed them.  (Brandwajn
27 Decl., Ex. B).  IPtronics' counsel also requested, although there would be additional follow up on
28 the other issues with the March 17 deposition by separate letter, that the Avago Entities' counsel let

1  IPtronics' counsel know when the witness would be available to resume questioning with those

2  documents.  (*Id.*).  The Avago Entities' counsel did not respond to the inquiry about resuming

3  questioning of a fully prepared witness.  (*See id.*).

4       On March 20, 2015, counsel for IPtronics sent a detailed meet and confer letter to Ms. Stagg

5  with respect to the March 17 deposition.  (Brandwajn Decl., Ex. C).  In the March 20 letter,

6  IPtronics identified, by issue and deposition topic, each of the deficiencies in the Avago Entities'

7  Rule 30(b)(6) witness' testimony, with citations to page and line of the rough deposition transcript

8  then available.  (*Id.*).  In the same letter, IPtronics' counsel also asked for a telephonic discussion on

9  March 23, 2015 and gave the Avago Entities a week (until March 27) to produce a witness that was

10  fully prepared on the deficiencies identified in the letter to attempt to cure the problems and avoid

11  the filing of the present Motion.  (*Id.*).  IPtronics' March 20 letter further specified that, if the

12  problems were not cured promptly, IPtronics would seek monetary and preclusion sanctions from

13  the Court.  (*Id.*).

14       On March 26, Ms. Stagg responded by email, "disagree[ing] entirely with  [IPtronics']

15  characterizations of both Ms. Hall's preparation and testimony" and stating that "Avago will not be

16  producing Ms. Hall for deposition tomorrow, March 27, 2015, on your unilaterally selected and

17  demanded date, given that she and I are both unavailable."  (Brandwajn Decl., Ex. D).  Ms. Stagg

18  stated that she would only be available to speak by phone on March 31 because she was on a

19  business trip.  (*Id.*).   The Avago Entities' counsel also requested that IPtronics "please be prepared

20  during the call or in advance to identify which specific question posed by you or responses of Ms.

21  Hall IPtronics is intending to move to compel further responses to so that we can have a meaningful

22  meet and confer session."  (*Id.*).

23       On March 27, IPtronics' counsel responded that it had already identified the issues and

24  deficiencies in Ms. Hall's testimony in the March 20 letter and would not waste time by doing so

25  again.  (*Id.*).  IPtronics expressed its disappointment that although Ms. Stagg had found the time to

26  prepare and serve several documents that week in a companion case despite her claimed travel

27  schedule, she could not find time to confer telephonically as IPtronics requested.  (*Id.*)  IPtronics

28  further responded that unless the Avago Entities would even acknowledge the deficiencies and

failures in testimony manifested in the March 17 deposition transcript or confirm that a fully prepared witness would be produced soon to cure the problem, IPtronics did not understand the utility of a delayed phone call and that IPtronics would be filing its motion. (*Id.*).

On March 29, the Avago Entities' counsel sent a fairly lengthy email in response to IPtronics' counsel's March 27 email. (Brandwajn Decl., Ex. E). In the email, the Avago Entities stated that IPtronics had not met and conferred by telephone or in person and was "refus[ing] to provide the further information it would have to provide if IPtronics were to file a motion to compel further responses." (*Id.*). The Avago Entities' counsel still refused to acknowledge any deficiency with the testimony of their Rule 30(b)(6) witness, still refused to offer any supplemental deposition to cure the problem, and instead stated that she was available to speak by phone on March 31 "regarding specific questions asked to Ms. Hall or her responses  if IPtronics is genuinely interested in attempting to resolve all disputed issues without judicial intervention and in good faith as required by Civil Local Rule 37." (*Id.*).

On March 30, IPtronics' counsel responded by email. (*Id.*). IPtronics' counsel pointed out that despite her lengthy emails about wanting to meet and confer by phone, the Avago Entities' counsel had not made herself available for a call at any point since IPtronics first raised the issues in dispute. (*Id.*). IPtronics also noted that the Avago Entities had yet to acknowledge the problem or offer to cure it, much less within the reasonable time frame offered by IPtronics. (*Id.*). IPtronics stated that based on those failures, it could not afford to delay resolution of this issue any further and would be filing its motion but that it would speak by phone to the Avago Entities' counsel on March 31 and, should the parties be able to resolve the dispute, IPtronics would withdraw its motion. (*Id.*). This Motion followed.

## III.   <u>ARGUMENT</u>

### A.   <u>Legal Standards Governing This Motion</u>

A court may impose sanctions for discovery violations through Rule 37.  *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (sanctions under Rule 37 appropriate because "willful disobedience of the magistrate's [discovery] orders threatened the court's integrity"). Federal Rule of Civil Procedure 37(b)(2)(A) provides in pertinent part as follows:

(2) Sanctions Sought in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order.  If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

…

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; …

Fed. R. Civ. P. 37(b)(2)(A).

Rule 37(b)(2)(A) provides for sanctions where a party fails to comply with a discovery order, as long as the established issue or preclusion sanction bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct.  *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001).  Evidentiary preclusion sanctions may be granted unless "the failure to provide discovery was either substantially justified or harmless."  *FormFactor, Inc. v. Micro-Probe, Inc.*, No. c-10-03095 PJH (JCS), 2012 U.S. Dist. LEXIS 62233, *5 (N.D. Cal. May 3, 2012) (quoting *Rooney v. Sierra Pac. Windows*, 2011 WL 2149097, at *3 (N.D. Cal. June 1, 2011)).  "The burden is on the disclosing party to show that the failure to disclose information or witnesses was justified or harmless."  *Id.* at *6 (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001)).  Willfulness, bad faith, or fault of the party including disobedient conduct not shown to be outside the litigant's control also prevent findings of substantial justification.  *Tacori Enters., Inc. v. Beverly Jewellry Co., Ltd.*, 253 F.R.D. 577, 582 (C.D. Cal. 2008) (citations omitted).  "There are two limitations to the application of a Rule 37(b)(2) sanction.  First, 'any sanction must be just'; second, the sanction must be specifically related to the particular claim which was at issue in the order to provide discovery."  *Guifi Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 393 (N.D. Cal. 2012) (granting in part motion for discovery sanctions, including monetary sanctions and a finding adverse to the disobeying party that certain facts are established for purposes of the trial).

Federal Rule of Civil Procedure 37(b)(2)(C) provides, "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of expenses unjust." *Id.* at 394 (Rule 37 "requires that monetary sanctions be imposed upon the party or attorney opposing an order to compel deposition testimony that is granted by the court").

Further, under Rule 37(d)(1)(A)(i), sanctions are available when the failure to produce an adequately prepared witness pursuant to Rule 30(b)(6) is tantamount to a failure to appear. *See id.*; *see also JSR Micro, Inc. v. QBE Ins. Corp*, 2010 U.S. Dist. LEXIS 56000 (awarding sanctions under Rule 37(a)(5)(A) for unprepared 30(b)(6) witness); *Black Horse Lane Assocs., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000) (affirming monetary sanctions because "if a Rule 30(b)(6) witness is unable to give useful information, he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it"); *Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196, 197,198 (5th Cir. 1993) (same); *Great Am. Ins. Co. of N. Y. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 543 (D. Nev. 2008) (same).

Finally, Rule 37 provides that where a motion to compel is granted the court "must" require the attorney or client "whose conduct necessitated the motion" to pay the attorneys' fees and other expenses incurred in making the motion." *FormFactor*, 2012 U.S. Dist. LEXIS 62233 at *7 (citing Fed. R. Civ. P. 37(a)(5)(A)).  "The only exceptions are where there was no good faith attempt to resolve the motion, where the objections or non-disclosure were substantially justified, or where other circumstances would make an award unjust." *Id.* (citing Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii)). A party meets the "substantially justified" standard when there is a "genuine dispute" or if "reasonable people could differ" as to the appropriateness of the motion. *JSR Micro*, 2010 U.S. Dist. LEXIS 56000 at *4 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

In deciding whether to grant a motion for sanctions, the court may "properly consider all of a party's discovery misconduct … including conduct which has been the subject of earlier sanctions." *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 2001).  *See also Tacori Enters.*, 253 F.R.D. at 582 n.6 (granting sanctions in part due to deposition of previously unprepared 30(b)(6) witness taking place after date specified in order granting motion to compel).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.    The Court Should Impose Sanctions Because The Avago Entities Have Disobeyed the Court's March 12, 2015 Order**

In accordance with the authorities discussed above, the Avago Entities' extensive conduct in regards to this Rule 30(b)(6) deposition—unjustifiably delaying for over three months to schedule it, pulling previously-agreed upon deposition dates, unsuccessfully opposing IPtronics' motion to compel, unsuccessfully attempting to continue the shortened hearing date ordered by the Court, failing to prepare its witness until after the Court ordered the deposition to proceed on March 17, failing to adequately prepare the witness for deposition, and ambushing IPtronics with surprise amendments to their trade secret designations that should have been disclosed to IPtronics before IPtronics prepared to depose a witness on them—warrants the imposition of sanctions on the Avago Entities and their counsel.

**1.    Preclusion Sanctions Are Appropriate To Remedy The Avago Entities' Failure To Produce A Properly Prepared Witness On Each Noticed Topic**

The obligations in preparing a Rule 30(b)(6) witness are exacting.  A company served with a deposition notice has "a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Gold v. Midland Credit Mgmt., Inc.*, 2014 U.S. Dist. LEXIS 93461, 2014 WL 3371012, at *10-11 (N.D. Cal. July 9, 2014) (quoting *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 421, 425 (D. Kan. 2007)).  It is not expected that the designee have personal knowledge as to all relevant facts; however, the designee must become educated and gain the requested knowledge to the extent reasonably available.  *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Matsuda*, 390 F. Supp. 2d 479, 487 (D. Md. 2005); *see also Averkamp v. Swimways Corp.*, 2014 U.S. Dist. LEXIS 160793, 3-4 (E.D. Wis. Nov. 17, 2014) (granting motion to compel and finding that witnesses failed to "discuss the topic … with responsible employees or review[] correspondence directly on point").  "Although adequately preparing a Rule 30(b)(6) deposition can be burdensome, 'this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.'" *Great Am. Ins. Co. of New York v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 540 (D. Nev. 2008) (quoting *United States*

*v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996)); *see also Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 37 (D. Mass. 2001) (noting that even if the documents that a designee must review in preparation for Rule 30(b)(6) deposition "are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed."). "Where, as here, a party fails to produce an adequately prepared Rule 30(b)(6) witness, the party is required to produce an additional designee with adequate knowledge." *EEOC v. Unit Drilling Co.*, 2014 U.S. Dist. LEXIS 97122, *4 (N.D. Okla. July 17, 2014); *accord Gold*, 2014 U.S. Dist. LEXIS 93461 at *12.

Fearful that what did in fact happen at the March 17 deposition would happen, IPtronics reminded the Avago Entities of these obligations twice before the March 17 deposition. (D.I. 527-9 at 2). As discussed above, however, the Avago Entities did not comply with these rules, much less the Court's March 12 Order. Ms. Hall herself testified ███████████████████████████████ (Brandwajn Decl., Ex. A at 270:12-20). No preparation occurred between November 25, 2014, when IPtronics first started the meet and confer over the scheduling of this deposition and provided notice of all deposition topics, and March 12, 2015, when the Court ordered the deposition to take place on March 17. (*See id.* at 266:16-267:11). ████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████ (*See id.*). Instead,
██████████████████████████████████████████████
██████████████████████████████████████████████
███████████████████████████ (Brandwajn Decl., Ex. F at 5:6-9; *id.*, Ex. A at 266:16-267:11, 267:25-268:11, 268:17-270:4).

In addition to this facially inadequate preparation, Ms. Hall could not provide *any* testimony on 9 of the 24 noticed topics: Topics 1, 2, (Brandwajn Decl., Ex. A  at 203:5-16), Topic 11 (*Id.* at 28:14-29:3), Topic 13 (*Id.* at 46:6-47:1), Topic 14 (*Id.* at 29:4-30:3, 31:6-16, 38:12-20, 40:25-41:10), Topic 15 (*Id.* at 58:23-59:21, 62:4-10), Topics 19 or 20 (*Id.* at 200:25-201:9), or Topic 24 (187:3-188:11). There was therefore a complete failure to provide any testimony on at least those 9 topics, amounting to over a third of IPtronics' deposition notice. Moreover, although the Court instructed

the Avago Entities to produce a witness fully prepared to testify each of the noticed topics, including Topic 3 ("Each of the categories of [alleged trade secret] information stated in Exhibit 5 to the Complaint"), Ms. Hall could not provide detailed, meaningful testimony regarding the majority of the alleged Avago trade secrets—Categories 1 (*id.* at 91:13-21), 2 (*id.* at 94:22-96:14), 5 (*id.* at 101:5-102:22), 6 (*id.* at 102:23-103:16), 7 (*id.* at 72:13-73:13), and 10.H (*id.* at 61:10-24, 127:11-21), 10.J (*id.* at 131:3-132:13), 10.K (*id.* at 132:14-134:15), 10.L (*id.* at 137:6-138:11), 10.M (*id.* at 138:20-139:9), 10.N (*id.* at 139:10-23), 10.O (*id.* at 141:16-142:7), 10.P (*id.* at 24:4-20), 10.Q (*id.* at 144:9-146:3), 10.S (*id.* at 148:17-151:4), 10.T (*id.* at 151:10-152:6), 10.U (*id.* at 153:7-24), 10.V (*id.* at 155:17-156:3), 10.X (*id.* at 157:23-158:15), 10.Z (*id.* at 158:16-159:18), 10.CC (*id.* at 163:4-9), and 10.DD (*id.* at 163:10-164:19) in Deposition Exhibit 1095, the list of alleged Avago trade secrets). Further, as set forth above, Ms. Hall's testimony was lacking for several other topics of deposition and factual matters within the scope of those topics. Although Ms. Hall referred to documents during her deposition, ███████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████ (*See, e.g.*, *id.* at 25:20-26:18).

In light of the Avago Entities' failure to obey the March 12 Order, they should be precluded from offering any evidence or argument concerning any matter on which Ms. Hall was not prepared to be examined during the March 17 deposition. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii); *see also FormFactor*, 2012 U.S. Dist. LEXIS 62233 at *10-15 (imposing preclusion sanctions for failure to produce an adequately Rule 30(b)(6) witness on alleged trade secrets). The Avago Entities cannot meet their burden of showing that these failures were substantially justified because, as described above, they did not seriously try to comply with their obligations even though IPtronics and the Court reminded the Avago Entities of those obligations. Even accepting that no preparation for the deposition had been done before the Court ordered it, there is no substantial justification for not utilizing all of the time between March 12 and March 17 to prepare. There is no substantial justification for not preparing a witness on the amended and supplemental factual allegations in the operative complaint, for which IPtronics did not support the sealing by stating that it did not consider any information in those allegations to be IPtronics confidential information. (D.I. 403). There is no

substantial justification for not producing in the litigation, much less preparing a witness on, documents that are explicitly alleged to be trade secrets.  Similarly, the Avago Entities cannot possibly show that Ms. Hall's inadequate preparation was harmless because IPtronics was not able to elicit any meaningful testimony on the basic factual contentions in the complaint and the alleged Avago trade secrets.  Consistent with the authorities discussed above, the Court should preclude the Avago Entities from presenting any evidence or argument on any matter that was not disclosed or on which the witness could not be examined at the March 17, 2015 deposition.

> **2.**   **IPtronics Is Entitled To A Portion Of Its Reasonable Attorneys' Fees And Costs Incurred In Taking The March 17 Deposition**

The Avago Entities' failure to produce a properly prepared witness at the March 17 deposition was a violation of the Court's March 12 Order.  Had the violation not occurred, IPtronics would have obtained the testimony it sought and not incurred attorneys' fees and deposition costs examining Ms. Hall on her lack of preparation.   Whether under Rule 37(b)(2)(C) or Rule 37(d)(1)(A)(i), the Court should award IPtronics $3,523.52 in attorneys' fees and $3,842.83 in deposition costs.  *See, e.g., JSR Micro*, 2010 U.S. Dist. LEXIS 56000 at *6-12 (awarding, pursuant to Rule 37(d)(1)(A)(i), reasonable attorneys' fees and costs incurred in taking deposition of unprepared Rule 30(b)(6) witness, discounted by 40% to account for the fact that the prevailing party obtained some testimony from the deponents in an individual capacity); *FormFactor*, 2012 U.S. Dist. LEXIS 62233 at *26-27 (awarding monetary sanctions under Rule 37(b)(2)(C) including attorney fees "caused by the violation of the order").   IPtronics' attorneys' fees and costs are reasonable for the reasons described in the Brandwajn Declaration and the amount sought by the present Motion was reduced by 30% to reflect the minimal amount of testimony Ms. Hall was able to provide on March 17.   (Brandwajn Decl., ¶¶18-19).  Such an award is just for all the reasons discussed above and specifically related to the violation of the Court's March 12 Order.

> **3.**   **IPtronics Is Entitled To Its Reasonable Attorneys' Fees Incurred In Having To Involve The Court In This Discovery Dispute.**

The Court should also award IPtronics its reasonable attorneys' fees in successfully bringing its motion to compel the March 17 deposition on shortened time, in successfully opposing the Avago

- 17 -

1    Entities' motion to continue the March 12 hearing ordered by the Court on IPtronics' motion to

2    compel the March 17 deposition, and in bringing the present Motion.

3          Rule 37(a) provides that were a motion to compel is granted, attorney fees and expenses must

4    be awarded to the prevailing party unless there was no good faith effort to resolve the motion, the

5    non-disclosure was substantially justified, or other circumstances make an award of expenses

6    otherwise unjust.  Fed. R. Civ. P. 37(a)(5); *FormFactor*, 2012 U.S. Dist. LEXIS 62233 at *26-27

7    (awarding fees and costs incurred in preparation of the filings related to the motion for sanctions "or

8    otherwise caused by Plaintiff's violation of the order"); *JSR Micro*, 2010 U.S. Dist. LEXIS 56000 at

9    *2-5 (granting motion for monetary sanctions incurred in connection with motion to compel and

10   motion for sanctions for failure to produce a properly prepared Rule 30(b)(6) witness).

11         None of those circumstances is present here.  The motion to compel was substantially

12   justified because the Court agreed that the Avago Entities' conduct in delaying the scheduling of the

13   Rule 30(b)(6) deposition for over three months was not reasonable and the Court rejected each of the

14   Avago Entities' arguments for opposing the motion.  (Brandwajn Decl., Ex. F).  That IPtronics'

15   motion to shorten the briefing and hearing schedule on its motion to compel the deposition was

16   substantially justified is evident from the fact that the Court granted the motion even before the

17   Avago Entities' time to respond had expired.  (D.I. 528, 529).  IPtronics' opposition to the Avago

18   Entities' motion to continue the shortened March 12 hearing date was also substantially justified

19   because the Court summarily denied the Avago Entities' motion.  (D.I. 530, 531, 534).  IPtronics'

20   present Motion is substantially justified in view of the many failures in testimony at the March 17

21   deposition that are described above and evident from a review of the entire transcript.  Moreover,

22   IPtronics' good faith efforts to resolve those disputes informally are documented in each of the

23   pertinent filings (including above, with respect to this Motion).  And each of these discovery-related

24   filings was necessary to enforce IPtronics' rights in discovery to a fully prepared Rule 30(b)(6)

25   witness on the Avago Entities' non-patent claims, even though ultimately they were not even

26   sufficient by themselves (or with the March 12 Order) to secure the Avago Entities' compliance with

27   their discovery obligations.  Under these circumstances, an award of IPtronics' reasonable attorneys'

28   fees cannot be unjust.  Therefore, the Court should award IPtronics its reasonable attorneys' fees of

1   $34,721.15 incurred in having to bring the dispute regarding the Rule 30(b)(6) deposition on the

2   Avago Entities' non-patent claims to the Court's attention.[4]  (Brandwajn Decl., ¶¶14-19).

3   **IV.   <u>CONCLUSION</u>**

4          For all the foregoing reasons, IPtronics respectfully requests that the Court grant this Motion

5   and impose the sanctions described above.

6   Dated:  March 30, 2015                        Respectfully submitted,

7                                                 ALSTON & BIRD LLP

8

9                                                 _/s/  Xavier M. Brandwajn_____
                                                  Steven D. Hemminger
10                                                Xavier M. Brandwajn

11                                                Attorneys for Defendants and Counterclaimants
                                                  IPtronics, Inc. and Mellanox Technologies Denmark ApS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4]  Should the Court require additional submissions to demonstrate the reasonableness of IPtronics'
fees and costs described above, IPtronics hereby requests leave to file those submissions.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, on behalf of Defendants IPTRONICS, INC., MELLANOX TECHNOLOGIES DENMARK APS, MELLANOX TECHNOLOGIES, INC., and MELLANOX TECHNOLOGIES, LTD. I electronically filed **DEFENDANTS IPTRONICS INC. AND MELLANOX TECHNOLOGIES DENMARK APS' MOTION FOR DISCOVERY SANCTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for all parties.

Dated:  March 30, 2015                    */s/ Xavier M. Brandwajn*
                                          Xavier M. Brandwajn