Shawn E. McDonald (State Bar No. 237580)
Adrienne Hunacek Miller (State Bar No. 274660)
**FOLEY & LARDNER LLP**
EMAIL: SEMCDONALD@FOLEY.COM
EMAIL: AMILLER@FOLEY.COM
975 Page Mill Road
Palo Alto, CA  94304-1013
Telephone: (650) 856-3700
Facsimile:  (650) 856-3710

Nancy L. Stagg (State Bar No. 157034)
Ary Chang (State Bar No. 244247)
Wendy W. Cheung (State Bar No. 285802)
**FOLEY & LARDNER LLP**
EMAIL: NSTAGG@FOLEY.COM
EMAIL: ACHANG@FOLEY.COM
3579 Valley Centre Drive, Suite 300
San Diego, CA  92130
Telephone: (858) 847-6732
Facsimile:  (858) 792-6773

John C. Vetter (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
EMAIL: JVETTER@FOLEY.COM
Two South Biscayne Boulevard, Suite 1900
Miami, FL  33131
Telephone: (305) 382-8424
Facsimile:  (305) 482-8600

Richard S. Florsheim (*Admitted Pro Hac Vice*)
**FOLEY & LARDNER LLP**
EMAIL: RFLORSHEIM@FOLEY.COM
777 E Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 271-2400
Facsimile: (414) 297-4900

Attorneys for Plaintiffs
AVAGO TECHNOLOGIES U.S. INC., AVAGO TECHNOLOGIES GENERAL IP
(SINGAPORE) PTE. LTD., AVAGO TECHNOLOGIES TRADING LTD., AND
AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES U.S. INC., AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD., AVAGO TECHNOLOGIES TRADING LTD., AND AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> IPTRONICS INC., MELLANOX TECHNOLOGIES DENMARK APS, MELLANOX TECHNOLOGIES, INC., and MELLANOX TECHNOLOGIES, LTD., <br><br> Defendants. | Case No.:  5:10-CV-02863-EJD (PSG) <br><br> **DECLARATION OF NANCY STAGG IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL (D.I. 541) DOCUMENTS IN SUPPORT OF DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS REGARDING PLAINTIFFS' RULE 30(B)(6) WITNESS** |

I, Nancy L. Stagg, hereby declare:

1.      I am an attorney licensed to practice in the State of California and before this Court.  I am a partner at the law firm of Foley & Lardner LLP, and counsel of record for Plaintiffs Avago Technologies U.S. Inc., Avago Technologies General IP (Singapore) Pte. Ltd., Avago Technologies Trading Ltd., and Avago Technologies International Sales Pte. Ltd. (collectively, "Avago"), in the above-entitled action.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I could and would competently testify to the truth of the statements herein.

2.      I file this Declaration in support of Defendants IPtronics, Inc., and Mellanox Technologies Denmark ApS' (collectively, "IPtronics"), Administrative Motion To File Documents Under Seal.  *See* D.I. 541.

3.      This Court has previously entered a Protective Order in this case.  *See* D.I. 77.

4.      On March 17, 2015, Avago produced Ms. Sharon Hall, Senior Segment Marketing Manager, as its Rule 30(b)(6) witness for deposition in response to IPtronics' Notice of Rule 30(b)(6) Deposition (Re: Non-Patent Claims) ("the Deposition").  I attended and defended the Deposition on behalf of Avago.  At the Deposition, given the sensitive and highly confidential information discussed and documents referenced during the Deposition, including Avago's trade secrets, and other relevant confidential business information inquired of Avago by IPtronics' counsel, including product pricing, product development, and suppliers and customers, the entire transcript of the Deposition was preliminarily designated as "Highly Confidential – Attorney's Eyes Only," under the terms of the existing Protective Order.

5.      On March 30, 2015, IPtronics filed a Motion for Discovery Sanctions relating to the Deposition ("Discovery Motion").  *See* D.I. 541-3 (unredacted motion); 541-4 (redacted motion); 542 (same).

6.      As part of the Discovery Motion, IPtronics' counsel filed with the Court the *entire* 270-plus page Deposition (*see* Exhibit A to the Declaration of X. Brandwajn, D.I. 541-1; 542-2).  *See* D.I. 541-5 (redacted transcript); 541-6 (sealed transcript); 542-2 (redacted transcript); *compare with* Discovery Motion, D.I. 541-3 (unredacted motion); 541-4 (redacted motion); 542 (same).

STAGG DECLARATION ISO DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL
CASE NO. 5:10-CV-02863-EJD (PSG)

7.      In addition, IPtronics' counsel submitted as Exhibits C and G, respectively, to the Declaration of X. Brandwajn, a meet and confer letter dated March 20, 2015, from Mr. Brandwajn to me (Exhibit C), and Avago's Trade Secret Designation Pursuant to California Code of Civil Procedure Section 2019.210 (Exhibit G).   *See* D.I. 541-7 (redacted letter); 541-8 (unredacted letter); 541-9 (redacted Trade Secret Designation); 541-10 (unredacted Trade Secret Designation).

8.      Regarding Avago's Trade Secret Designation Pursuant to California Code of Civil Procedure Section 2019.210 ("TSD") (Exhibit G to the Brandwajn Declaration):

a.      The TSD document at Exhibit G was also previously attached as Exhibit 5 to Avago's Fourth Amended and Supplemental Complaint ("FASC").   *See* D.I. 398 (Chang Declaration Supporting Motion To Seal); 398-11 (Exhibit 5 to Avago's FASC).

b.      On September 16, 2014, this Court sealed designated portions of the TSD because it contained Avago's trade secrets and other highly confidential information.  *See* D.I. 404.

c.      On December 10, 2014, the Court granted Avago leave to file its FASC, including Exhibit 5, the TSD, under seal.   *See* D.I. 450; *see also* D.I. 452 – 453 (Administrative Motions Filing FASC under seal).

d.      The TSD contains Avago's designated trade secrets, as required by California Code of Civil Procedure Section 2019.210.   Avago's TSD identifies, with reasonable particularity, the trade secrets of Avago that it alleges have been misappropriated by IPtronics.  *See* Brandwajn Declaration, Ex. G [D.I. 541-10] (Exhibit 5 to Avago's FASC) (Trade Secret Designation at 1:8-11; 1:13-21; 1:24-28; 2:1; 2:3-5; 2:9-28; 3:2-28; and 4:1-3).

e.      The public disclosure of those certain portions of Exhibit G to the Brandwajn Declaration (submitted redacted by IPtronics with its Discovery Motion) would create a further risk of significant competitive injury and particularized harm to Avago.

f.    Moreover, the redactions in Exhibit G, the TSD, are narrowly tailored to redact only Avago's trade secrets, which have been marked as "Highly Confidential – Attorney's Eyes Only," pursuant to the Protective Order.  As noted above, this Court has previously found good cause to seal the same information in Avago's FASC.  *See* D.I. 404.  Any information contained in Exhibit 5 to the FASC that is not essential to Avago's trade secrets has already been filed in this action unredacted.

9.    Regarding the March 20, 2015, meet-and-confer letter from Mr. Brandwajn to me (Exhibit C to the Brandwajn Declaration):

a.    Certain portions of Mr. Brandwajn's letter either discuss or summarize the testimony from the deposition transcript of Ms. Hall, which was marked as "Highly Confidential – Attorney's Eyes Only" during the deposition pursuant to the Protective Order (D.I. 77).

b.    IPtronics' counsel spent significant time deposing Ms. Hall on Exhibit 5 to Avago's FASC, the Trade Secret Designation, that contains the trade secrets Avago alleges IPtronics misappropriated.

c.    Because the trade secrets themselves are highly confidential, as this Court already found (*see* D.I. 404), the discussions and testimony related to those trade secrets in certain portions of Mr. Brandwajn's March 20th letter are also highly confidential and subject to redaction under the Protective Order.

d.    The redactions in Exhibit C to the Brandwajn Declaration are narrowly tailored so only portions of Exhibit C that discuss or summarize highly confidential information from Ms. Hall's deposition testimony are redacted, and all other discussion between counsel is left unredacted.  *See* Ex. C to Brandwajn Declaration, at 1:13-14; 1:19; 2:1-8; 2:10-13; 2:22-27; 2:29-30; 2:35-40; 3:1-5; 3:22-24; 3:32-35; 4:1-5; 4:9-10; 4:17-20; 4:22-26; 5:2-5; 5:13-15; 5:28-32.

10.   Regarding the *entire* 270-page transcript that IPtronics submitted in support of its

3

Discovery Motion (Exhibit A to the Brandwajn Declaration):

    a.    Given the confidential, sensitive, and proprietary nature of the information disclosed during the deposition, the entire deposition transcript was designated "Highly Confidential – Attorney's Eyes Only," pursuant to the Protective Order (D.I. 77).

    b.    The scope of Ms. Hall's deposition was the non-patent claims asserted by Avago against IPtronics in Avago's FASC.  Avago's non-patent claims in the FASC are for Violation of the Lanham Act, Misappropriation of Trade Secrets, Unfair Competition, Intentional Interference with Prospective Economic Advantage, and Unjust Enrichment.  *See* D.I. 453 (sealed FASC).

    c.    Avago's Fourth Cause of Action for Violation of California's Uniform Trade Secrets Act (California Civil Code section 3426 *et seq.*) (trade secret misappropriation claim), and Fourth Cause of Action for Unfair Competition, are premised on various highly confidential, non-public trade secrets that Avago alleges IPtronics misappropriated.  *See* D.I. 453, at ¶¶ 111 – 151 (Avago's sealed FASC).  On September 16, 2014, this Court sealed designated portions of the FASC because it contained Avago's trade secrets and other highly confidential information, including Exhibit 5 to the FASC, as discussed above.  *See* D.I. 404.

    d.    Certain portions of Ms. Hall's testimony concerned the trade secret misappropriation claims, which in turn necessarily raised the trade secrets enumerated in Avago's Trade Secret Designation.  *See* Brandwajn Declaration, Ex. G [D.I. 541-10] (Exhibit 5 to Avago's FASC) (Trade Secret Designation at 1:8-11; 1:13-21; 1:24-28; 2:1; 2:3-5; 2:9-28; 3:2-28; and 4:1-3).

    e.    The majority of the 270-page deposition transcript involves questions and testimony related to Avago's Trade Secret Designations and claims of misappropriation by IPtronics.  *See generally* Brandwajn Declaration, Ex. A [D.I. 541-6] (deposition transcript), at pp. 9 – 203 (discussing each trade secret in

STAGG DECLARATION ISO DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL
CASE NO. 5:10-CV-02863-EJD (PSG)

4813-0955-3698.1

Exhibit 5 to Avago's FASC). I have reviewed the Deposition transcript in its entirety. <u>The specific page ranges in the Deposition citing or otherwise referencing the confidential information relating to Avago's trade secrets and misappropriation claims which Avago requests the Court order sealed are at 9:23 – 34:23; 38:9 – 201:10, as well as the entire Word Index following the testimony portions of the Deposition transcript.</u>

f.  Because the trade secrets themselves are highly confidential, as this Court already found (*see* D.I. 404), the discussions and testimony related to those trade secrets in the Deposition are also highly confidential and subject to redaction under the terms of the existing Protective Order.

g.  In addition, Avago's FASC made various allegations regarding IPtronics' allegedly false or misleading marketing or advertising in support of its Second Cause of Action for a Violation of the Lanham Act and Fourth Cause of Action for Unfair Competition.  Many of these allegations were also filed under seal in Avago's FASC.  *See* D.I. 453, at ¶¶ 75 – 110 (Avago's sealed FASC).  On September 16, 2014, this Court sealed designated portions of the FASC because it contained various alleged misrepresentations made by IPtronics, which were confidential and partially premised on documents both Avago and IPtronics produced during discovery marked "Highly Confidential – Attorney's Eyes Only."  *See* D.I. 404.

h.  During the Deposition, Ms. Hall also testified regarding these alleged false or misleading marketing or advertising statements, Avago's investigation, response, and resulting damages.  *See generally* Brandwajn Declaration, Ex. A [D.I. 541-6] (deposition transcript), at pp. 215 – 265 (discussing alleged misrepresentations and the financial and business competition impact on Avago, including sensitive, confidential business information belonging to Avago and highly confidential, non-public details concerning Avago's products).  <u>The specific page ranges for</u>

STAGG DECLARATION ISO DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL
CASE NO. 5:10-CV-02863-EJD (PSG)

4813-0955-3698.1

testimony related to the Lanham Act and other causes of action relating to the advertising misrepresentations and Avago's damages resulting therefrom which Avago requests the Court order sealed are at  215:9 – 221:4; 222:16 – 227:21; 233:10 – 261:9; 261:19 – 265:6, as well as the entire Word Index following the testimony portions of the Deposition transcript.

i.  Because the Court previously sealed these misrepresentation allegations (*see* D.I. 404), the discussions and testimony related to those misrepresentations in the Deposition transcript are also confidential and subject to redaction under the Protective Order.

j.  The public disclosure of those portions identified above in Exhibit A to the Brandwajn Declaration (Deposition transcript) would create a further risk of significant competitive injury and particularized harm to Avago, especially because Ms. Hall's testimony elaborated upon and provided further detail to the trade secrets listed in Avago's Trade Secret Designation as well as the alleged advertising misrepresentations made by IPtronics and the effect those advertising misrepresentations had on Avago and its business.

k.  As a result, and in summary regarding Exhibit A, Avago requests that the following portions of the Deposition transcript (Exhibit A) be sealed:  9:23 – 34:23; 38:9 – 201:10; 215:9 – 221:4; 222:16 – 227:21; 233:10 – 261:9; 261:19 – 265:6, as well as the entire Word Index of the Deposition transcript.

11.  If the Court is not inclined to grant IPtronics' Motion To Seal for any reason, Avago Avago respectfully requests that the Court: (1) not unseal the entirety of Exhibits A, C, and G to the Brandwajn Declaration for public viewing (but rather order they be removed entirely from the Court docket and replaced with appropriately redacted versions to be supplied by Avago or IPtronics, as discussed below); (2) order IPtronics to replace the current Exhibits A, C, and G to the Brandwajn Declaration with an appropriately redacted versions based on this Declaration.  Alternatively, if the Court permits or prefers, and so orders, Avago can file a separate Motion to Seal and provide the Court

STAGG DECLARATION ISO DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL
CASE NO. 5:10-CV-02863-EJD (PSG)

4813-0955-3698.1

with an appropriately redacted Exhibits A, C, and G.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on April 3, 2015, in San Diego, California.

By:   _____/s/ Nancy L. Stagg_____
Nancy L. Stagg

STAGG DECLARATION ISO DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL
CASE NO. 5:10-CV-02863-EJD (PSG)

4813-0955-3698.1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on April 3, 2015 to all counsel of record, who are deemed to have consented to electronic service via the court's CM/ECF system per Civil Local Rule 5.1.

*/s/ Nancy L. Stagg*
Nancy L. Stagg