Shawn E. McDonald (State Bar No. 237580)
Adrienne Hunacek Miller (State Bar No. 274660)
**FOLEY & LARDNER LLP**
EMAIL: SEMCDONALD@FOLEY.COM
EMAIL: AMILLER@FOLEY.COM
975 Page Mill Road
Palo Alto, CA 94304-1013
Telephone: (650) 856-3700
Facsimile: (650) 856-3710

Nancy L. Stagg (State Bar No. 157034)
Ary Chang (State Bar No. 244247)
Wendy W. Cheung (State Bar No. 285802)
**FOLEY & LARDNER LLP**
EMAIL: NSTAGG@FOLEY.COM
EMAIL: ACHANG@FOLEY.COM
EMAIL: WCHEUNG@FOLEY.COM
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 847-6732
Facsimile: (858) 792-6773

John C. Vetter (Admitted *Pro Hac Vice*)          Richard S. Florsheim (*Admitted Pro Hac Vice*)
**FOLEY & LARDNER LLP**                           **FOLEY & LARDNER LLP**
EMAIL: JVETTER@FOLEY.COM                          EMAIL: RFLORSHEIM@FOLEY.COM
Two South Biscayne Boulevard, Suite 1900          777 E Wisconsin Avenue
Miami, FL 33131                                   Milwaukee, WI 53202
Telephone: (305) 382-8424                         Telephone: (414) 271-2400
Facsimile: (305) 482-8600                         Facsimile: (414) 297-4900

Attorneys for Plaintiffs
AVAGO TECHNOLOGIES U.S. INC., AVAGO TECHNOLOGIES GENERAL IP
(SINGAPORE) PTE. LTD., AVAGO TECHNOLOGIES TRADING LTD., AND
AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES U.S. INC., AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD., AVAGO TECHNOLOGIES TRADING LTD., AND AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> IPTRONICS INC., MELLANOX TECHNOLOGIES DENMARK APS, MELLANOX TECHNOLOGIES, INC., and MELLANOX TECHNOLOGIES, LTD., <br><br> Defendants. | Case No.: 5:10-CV-02863-EJD (PSG) <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS IPTRONICS INC.'S AND MELLANOX TECHNOLOGIES DENMARK APS' MOTION FOR DISCOVERY SANCTIONS RELATED TO THE DEPOSITION OF PLAINTIFF'S RULE 30(B)(6) WITNESS** <br><br> Date: May 5, 2015 <br> Time: 10:00 a.m. <br> Location: Courtroom 5, 4th Floor <br> Judge: Hon. Paul S. Grewal |

# TABLE OF CONTENTS

**Page**

I. THE COURT SHOULD DENY IPTRONICS' MOTION FOR DISCOVERY SANCTIONS ...................................................................................... 1

II. BACKGROUND FACTS ................................................................................. 1

III. APPLICABLE LEGAL STANDARDS ......................................................... 4

IV. ARGUMENT ................................................................................................. 5

    A. IPtronics' Motion For Sanctions Is Improper For Failure To Meet and Confer in Accordance with Local Rules ............................................ 5

    B. IPtronics' Motion For Sanctions Is Premature Because IPtronics Did Not File A Prior Motion To Compel Responses or Answers .................. 7

    C. Avago's Witness Was Adequately Prepared for Her Deposition Given the Nature of the Deposition That IPtronics Demanded ......................... 9

        1. Avago Had No Obligation To Produce Documents at the Deposition ................. 9

        2. Avago Was Not Obligated To Update Its Trade Secret Disclosure ...................... 10

        3. Avago Had a Good Faith Basis To Withhold Certain Portions of Its Fourth Amended and Supplemental Complaint from Ms. Hall ........................................ 12

        4. Ms. Hall Provided Substantial Testimony Notwithstanding IPtronics' Cherry-Picked Deposition Excerpts ...................................................................... 13

    D. IPtronics' Cases Do Not Support Discovery Sanctions In This Case ............................. 15

    E. Sanctions Are Inappropriate Given IPtronics' Failure To Meet and Confer and Given the Expedited Nature of the Deposition ............................................... 20

V. CONCLUSION ............................................................................................. 21

OPPOSITION TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
CASE NO. 5:10-CV-02863-EJD (PSG)

4814-6539-5234.1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alexander v. Fed. Bureau of Investigation*,
    186 F.R.D. 137 (D.D.C. 1998)................................................................................4

*Averkamp v. Swimways Corp.*,
    2014 U.S. Dist. LEXIS 160793 (E.D. Wis. Nov. 17, 2014) .................................18

*Aziz v. Wright*,
    34 F.3d 587 (8th Cir. 1994) ....................................................................................7

*Black Horse Lane Assocs., L.P. v. Dow Chem. Corp.*,
    288 F.3d 275 (3d Cir. 2000)....................................................................................8

*Calzaturficio S.C.A.R.P.A., s.p.a. v. Fabiano Shoe Co.*,
    201 F.R.D. 33 (D. Mass. 2001)............................................................................19

*E.E.O.C. v. Am. Int'l Group, Inc.*,
    1994 U.S. Dist. LEXIS 9815 (S.D.N.Y. 1994)......................................................4

*E.E.O.C. v. Thorman & Wright Corp.*,
    243 F.R.D. 421 (D. Kan. 2007)............................................................................18

*E.E.O.C. v. Thurston Motor Lines, Inc.*,
    124 F.R.D. 110 (M.D.N.C. 1989) .........................................................................10

*Estrada v. Rowland*,
    69 F.3d 405 (9th Cir. 1995) .........................................................................7, 8, 21

*Farhang Indian Inst. Of Tech. v. Kharagpur*,
    2010 U.S. Dist. LEXIS 53975 (N.D. Cal. June 1, 2010) ......................................11

*FormFactor, Inc. v. Mirco-Probe, Inc.*,
    2012 U.S. Dist. LEXIS 62233 (N.D. Cal. May 3, 2012) ................................16, 21

*Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.*,
    2007 U.S. Dist. LEXIS 8870 (E.D. Cal. Jan. 29, 2007) ......................................11

*Gold v. Midland Credit Mgmt.*,
    2014 U.S. Dist. LEXIS 93461 (N.D. Cal. July 9, 2014)......................................17

*Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*,
    251 F.R.D. 534 (D. Nev. 2008)..............................................................................9

*Grimes v. City and County of San Francisco*,
    951 F.2d 235 (9th Cir. 1991) ...............................................................................15

iii

*Guifi Li v. A Perfect Day Franchise, Inc.*,
   281 F.R.D. 373 (N.D. Cal. 2012) .................................................................17

*Hilderman v. Enea Teksci, Inc.*,
   2010 U.S. Dist. LEXIS 1527 (S.D. Cal. Jan. 8, 2010) ...................................11

*Int'l Ass'n of Machinists & Aero. Workers v. Werner-Matsuda*,
   390 F. Supp. 2d 479 (D. Md. 2005) ...............................................................18

*JRS Mirco, Inc. v. QBE Ins. Corp.*,
   2010 U.S. Dist. LEXIS 56000 (N.D. Cal. May 4, 2010) ..................................8

*JRS Mirco, Inc. v. QBE Ins. Corp.*,
   Case No. 09-c-03044-PJH (EDL) (N.D. Cal.) ..................................................8

*Marker v. Union Fidelity Life Ins. Co.*,
   125 F.R.D. 121 (M.D.N.C. 1989) .....................................................................8

*Mattel, Inc. v. MGA Entertainment, Inc.*,
   782 F. Supp. 2d 911 (C.D. Cal. 2010) ...........................................................11

*Navellier v. Sletten*,
   262 F.3d 923 (9th Cir. 2001) ..........................................................................15

*Payne v. Exxon Corp.*,
   121 F.3d 503 (9th Cir. 1997) ..........................................................................17

*Proven Methods Seminars, LLC v. Am. Grants & Affordable Hous. Inst.*,
   2008 U.S. Dist. LEXIS 10714 (E.D. Cal. Jan. 31, 2008) ..............................11

*R.W. Int'l Corp. v. Welch Foods, Inc.*,
   937 F.2d 11 (1st Cir. 1991) ...............................................................................7

*Resolution Trust Corp. v. S. Union Co.*,
   985 F.2d 196 (5th Cir. 1993) .............................................................................9

*Retiree Support Group v. Contra Costa County*,
   2014 U.S. Dist. LEXIS 175095, (N.D. Cal. Dec. 18, 2014) .............................4

*Rooney v. Sierra Pac. Windows*,
   2011 U.S. Dist. LEXIS 62650 (N.D. Cal. June 1, 2011) ..........................15, 21

*SEC v. Research Automation Corp.*,
   521 F.2d 585 (2d Cir. 1975) ..............................................................................7

*So. Cal. Ins. of Law v. TCS Educ. Sys.*,
   2011 U.S. Dist. LEXIS 39827 (C.D. Cal. Apr. 5, 2011) ................................11

*Sprint Communs. Co., L.P. v. Theglobe.com, Inc.*,
   236 F.R.D. 524 (D. Kan. 2006) .........................................................................4

iv

*Stevens v. Greyhound Lines, Inc.*,
    710 F.2d 1224 (7th Cir. 1983) ..................................................................................7

*Tacori Enters. v. Beverlly Jewellry Co.*,
    253 F.R.D. 577 (C.D. Cal. Sept. 17, 2008) ..............................................................16

*United States v. Taylor*,
    166 F.R.D. 356 (M.D.N.C. 1996) ........................................................................18, 19

*Weinstein v. Dist. of Columbia Housing Auth.*,
    931 F. Supp. 2d 178 (D.D.C. 2013) ........................................................................13

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001) ..........................................................................16, 17

**Federal Statutes**

Fed. R. Civ. P. 26 ..........................................................................................................11

Fed. R. Civ. P. 30(b)(1) ................................................................................................10

Fed. R. Civ. P. 30(b)(2) ................................................................................................10

Fed. R. Civ. P. 30(b)(6) ...........................................................................................1, 10

Fed. R. Civ. P. 34 ..........................................................................................................10

Fed. R. Civ. P. 37 ......................................................................................................5, 17

Fed. R. Civ. P. 37(a) ...........................................................................................1, 7, 8, 9

Fed. R. Civ. P. 37(a)(3)(B)(i) ........................................................................................8

Fed. R. Civ. P. 37(a)(3)(B)(ii) .......................................................................................8

Fed. R. Civ. P. 37(b)(1) ..................................................................................................8

Fed. R. Civ. P. 37(d)(1)(A)(i) ........................................................................................7

**State Statutes**

California Code of Civil Procedure §2019.210 ....................................................1, 10, 11

## I.     THE COURT SHOULD DENY IPTRONICS' MOTION FOR DISCOVERY SANCTIONS

Without engaging in any in-person or telephonic meet and confer efforts, IPtronics has filed yet another discovery motion with the Court—one day before Avago's proposed date to meet and confer on the alleged deficiencies.   Although IPtronics "apologizes" to the Court for bringing yet another discovery motion, IPtronics' communications with Avago (as well as the conduct of the deposition itself) make one thing clear:  IPtronics never had any intent to meet and confer in a meaningful manner, and simply wanted to get another Motion complaining about Avago in front of the Court.

IPtronics' Motion should be denied on the following procedural and substantive grounds:

- The Motion is deficient because IPtronics did not meet and confer in-person or telephonically in accordance with Civil Local Rule 37-1(a).

- The Motion is at a minimum premature because IPtronics did not seek a motion to compel responses to particular questions or topics, as required by Rule 37(a) of the Federal Rules of Civil Procedure.  Sanctions are only appropriate if Avago's witness failed to answer particular questions or topics after the Court ordered the witness to do so. That has not yet occurred.

- IPtronics' Motion misrepresents Avago's obligations regarding the Rule 30(b)(6) deposition, such as asserting that Avago did not produce any documents at the deposition but critically omitting the fact that IPtronics did not request any documents.

- IPtronics misrepresents the testimony provided by Ms. Sharon Hall, Avago's Rule 30(b)(6) witness, such as stating that Ms. Hall was not prepared to testify on certain topics even though Ms. Hall's actual testimony was that no one at Avago could possibly know the information IPtronics requested, even after reasonable investigation.

## II.     BACKGROUND FACTS

On November 25, 2014, IPtronics served on Avago its original Notice of Deposition of Plaintiff Avago on non-patent issues under Rule 30(b)(6) of the Federal Rules of Civil Procedure. *See* D.I. 527-2 (Ex. 1 to Decl of X. Brandwajn [Original Deposition Notice]).   The unilaterally set date of the deposition was for Christmas week, December 22, 2014.  *Id.*  IPtronics did not include any requests for production of documents related to the deposition.  *Id.*  The original deposition notice listed 24 topics. *Id.*  However, 18 of the 24 noticed topics related to trade secrets identified by Avago pursuant to California Code of Civil Procedure §2019.210 ("Trade Secret Disclosure").  Avago identified 40 trade secrets in its Trade Secret Disclosure.  *See* D.I. 452-6 (sealed version of Avago's Trade Secret Disclosure, attached as Exhibit 5 to Avago's Fourth Amended and Supplemental Complaint).   Thus, although the deposition notice only listed 24 general topics, 18 of these topics related to *each* trade

secret identified in Avago's Trade Secret Disclosure.

On December 22, 2014, Avago objected to the deposition notice, including various definitions and numerous topics listed in the deposition notice.  *See* D.I. 527-3 (Ex. 2 to Decl. of X. Brandwajn [Avago's Objections to Original Deposition Notice]).  On December 30, 2014, Avago and IPtronics met and conferred telephonically for an hour regarding Avago's objections.  *See* D.I. 527-6 (Transcript of meet and confer teleconference).  Some objections were resolved while others were not.  *See generally id.*

On March 3, 2015, IPtronics filed a motion to compel the deposition of Avago's person most knowledgeable on the non-patent claims.  *See* D.I. 527.  On the same day, IPtronics filed a motion to shorten the time for briefing and hearing on its motion to compel.  *See* D.I. 528.  On March 4, 2015, before Avago could file any opposition, the Court granted IPtronics' motion to shorten time.  *See* D.I. 529.  On March 12, 2015, the Court granted IPtronics' motion to compel the deposition of Avago's Rule 30(b)(6) witness and, based on IPtronics' demand first raised in its Reply filed March 11, 2015, ordered the deposition to occur on March 17, 2015.  *See* D.I. 537, Declaration of Nancy L. Stagg ("Stagg Decl."), at ¶ 3.  The Court ordered, "Motion to compel is granted.  Plaintiff Avago Technologies to tender one or more witnesses to testify on each of the topics listed in the notice of deposition.  Deposition to take place 3/17/2015 at the Offices of Alston & Bird in East Palo Alto or any other location identified by Alston & Bird in the next 48 hours."  *See id.*  Also on that day, in light of the Court's order, IPtronics served on Avago its Amended Notice of Deposition of Plaintiff Avago on non-patent issues.  *See* Stagg Decl., at ¶ 3 & Ex. 1.  The amended deposition notice again listed 24 general topics, 18 of which related to each of the 40 trade secrets identified in Avago's Trade Secret Disclosure.[1] Like the original deposition notice, IPtronics did not include any requests for production of documents related to the deposition.  *Id.*

On March 17, 2015, Avago produced Ms. Sharon Hall to testify on the topics in the amended

---

[1]  This underscores the unspoken problem with IPtronics' argument.  Even assuming that IPtronics deposed Ms. Hall *only* on the 40 trade secrets over the course of seven hours (and not on any noticed deposition topics), IPtronics would only have an average of 10.5 minutes per trade secret.  It is unclear what substantive, in-depth testimony IPtronics would expect of any deponent in 10.5 minutes per trade secret.  The problem is exponentially compounded when IPtronics attempted to depose Ms. Hall on all 24 topics, 18 of which present discrete subtopics on *each* of the 40 trade secrets.

deposition notice.  *See* Stagg Decl., at ¶ 4.  However, Ms. Hall *was not* the original Rule 30(b)(6) witness that Avago had intended to designate.  *See id.*, at ¶ 5.  Avago had to prepare a new witness for the Court-ordered date because its original witness had family medical conflicts with March 17, 2015.  *See id.*

As a result, Ms. Hall had to cut short her business trip to China, where she was located when the Court ordered the March 17, 2015, deposition.  *See id.*, at ¶ 6.  Ms. Hall had to find and purchase a flight to return to the United States, which took one day before Ms. Hall boarded the flight.  *See* D.I. 541-6 Ex. A to Brandwajn Decl. Supp. Admin. Mtn. To Seal) [sealed version of deposition transcript of Sharon Hall]) ("Transcript"), at 265:22 – 266:15.  Because of the short notice, Ms. Hall began reviewing some documents on her flight back to the United States.  *See* Transcript, at 266:18-20.  After adjusting to the new time in the United States, Ms. Hall spent more time reviewing documents with counsel and consulting with colleagues.  *See* Transcript, at 267:2 – 270:6.  Given that Ms. Hall was not the original designated witness for the deposition, had to cut short her trip to China, and had severely limited time to prepare for the deposition to give testimony on 24 topics, 18 of which involved questions on the 40 trade secrets listed in Avago's Trade Secret Designation, it is unsurprising that, at the end of her deposition, Ms. Hall felt that she could have used more time to prepare.  *See* Transcript, at 270:12-17.  However, that testimony doesn't mean anything that occurred at the deposition warrants sanctions against Avago or its counsel.

During the deposition, Ms. Hall provided testimony on numerous topics and trade secrets, as is evidenced by the 270-page Transcript.  The deposition spanned over 6.5 hours of the 7 total hours allotted for the deposition,[2] and covered many topics and numerous trade secrets identified in Avago's Trade Secret Designation.  *See generally* Transcript.  IPtronics now contends that Ms. Hall was unprepared to give testimony on certain topics, but as discussed below, Ms. Hall provided substantive testimony on numerous topics, and indicated that given the overbreadth of many of IPtronics' topics, no

---

[2] The deposition of a Rule 30(b)(6) witness is limited to 7 hours absent stipulation or court order.  *See* Adv. Comm. Note to Rule 30 (1993 Amendments) ("For purposes of this durational limit [of one day of seven hours], the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition," and "[t]he presumptive duration may be extended, or otherwise altered, by agreement.  Absent agreement, a court order is needed").  The parties did not stipulate to longer than 7 hours of testimony, and IPtronics did not seek a Court order for more time.

OPPOSITION TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
CASE NO. 5:10-CV-02863-EJD (PSG)

one at Avago could provide the specific answers IPtronics sought.

## III.   **APPLICABLE LEGAL STANDARDS**

"Pursuant to Rule 30(b)(6), a party seeking the deposition of an organization must describe 'with reasonable particularity' the subject matter of the deposition and allow the organization to designate any persons to testify on its behalf." *Retiree Support Group v. Contra Costa County*, No. 12-cv-00944, 2014 U.S. Dist. LEXIS 175095, *7 (N.D. Cal. Dec. 18, 2014); *see* FED. R. CIV. P. 30(b)(6).  In order for Rule 30(b)(6) to function effectively, a requesting must take care to designate particular subject areas for examination with "painstaking specificity." *See, e.g.*, *Sprint Communs. Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006).  Indeed, even general practice guides suggest increased specificity in Rule 30(b)(6) deposition topics because without such specificity, the responding witness may not know or have information related to the specific questions asked.  *See, e.g.*, The Rutter Group, *Civil Procedure Before Trial*, at ¶ 11:1411 (2014, rev. #1).

A company served with a deposition notice has "a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Retiree Support Group*, 2014 U.S. Dist. LEXIS 175095, *7.  However, a Rule 30(b)(6) deposition is not a "memory contest." *See Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 137, 142-43 (D.D.C. 1998) (observing that even if a designated witness "was an inadequate witness in certain narrow respects does not lead to the conclusion, on the facts of this case, that the plaintiffs are entitled to take several new depositions," and ordering interrogatories for remaining questions); *see also E.E.O.C. v. Am. Int'l Group, Inc.*, 1994 U.S. Dist. LEXIS 9815, at *8-9 (S.D.N.Y. 1994) ("It is not reasonable to expect any individual to remember every fact" in a particular case or file).  In that regard, if a Rule 30(b)(6) witness does not recall the answer to a particular question and the information is easily or quickly obtainable, the favored practice is to obtain that information during a break in the deposition so the witness can provide a substantive answer on the record. *See, e.g.*, Priscilla A Schwab and Lawrence J. Vilardo, *The Litigation Manual: Depositions*, at 366 (2006 Am. Bar Assoc., Litig. Section).

///

///

4814-6539-5234.1

IV.    **ARGUMENT**

A.    **IPtronics' Motion For Sanctions Is Improper For Failure To Meet and Confer in Accordance with Local Rules**

Civil Local Rule 37-1(a) provides that "[t]he Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues."  *See* Civil L.R. 37-1(a).  A conference between counsel must be a direct dialogue in person or by telephone.  *See* Civil L.R. 1-5(n) ("The mere sending of a written, electronic . . . communication . . . does not satisfy a requirement to 'meet and confer' or to 'confer.'  Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation.").  A party may be sanctioned for failing to confer as required.  *See, e.g.*, Civil L.R. 37-1(a).

As is evident from the Motion and the Brandwajn Declaration in support of the Motion, IPtronics' counsel never met in person or via telephone to meet and confer regarding the alleged deficiencies in the testimony of Ms. Hall, despite Avago's counsel's numerous attempts to schedule convenient times for the parties.  *See* D.I. 542 (Motion), at 9:14 – 11:22; D.I. 542-1 (Brandwajn Decl.), at ¶¶ 3 – 6; D.I. 542-3 through – 6 (Exhibits B – E to the Brandwajn Decl., all of which are email communications); Stagg Decl. at ¶¶ 10, 12.  This tactic is common with IPtronics' motions: a brief, insubstantial, and usually electronic process whereby IPtronics makes immediate demands of Avago ("produce the witness tomorrow"), and once those immediate demands are not met, IPtronics files its motion contending that it "met and conferred" and that Avago was somehow obstinate in not acceding to IPtronics' unilateral demands.

For example, although the deposition of Ms. Hall took place on March 17, 2015, it was not until two days later (March 19, 2015) that *Avago's* counsel sent IPtronics' counsel an email asking how certain documents Avago volunteered to provide after the deposition should be provided.[3]  *See* D.I. 542-3.  The following day, IPtronics' counsel finally sent Avago's counsel a letter regarding the alleged deficiencies in Ms. Hall's testimony.  *See* D.I. 541-8; Stagg Decl. at ¶ 10.  On March 26, 2015, Avago's

---

[3] As discussed below, contrary to IPtronics' assertions, Avago had no obligation to produce any documents because IPtronics never requested document production as part of the deposition notice.

1    counsel responded to the letter, noting specifically (1) Avago's counsel had not received the certified

2    transcript of the deposition until March 23, 2015—three days after IPtronics' letter; (2) that counsel was

3    then traveling for other matters and would not be available to meet and confer by telephone until March

4    31, 2015; and (3) Ms. Hall would not be produced at the unilaterally set date for a continued deposition

5    of March 27, 2015, until counsel had conferred on the alleged issues with Ms. Hall's testimony.  *See* D.I.

6    542-5; Stagg Decl., at ¶ 12.  Instead of agreeing to a date to confer as proposed by Avago, IPtronics'

7    counsel simply demanded that Avago concede Ms. Hall's testimony was entirely deficient and to

8    produce her for _seven_ more hours of testimony, even though IPtronics only had 19 minutes remaining of

9    its original deposition time.  *See* D. I. 542-5.

10         Avago responded to IPtronics' impulsive email by again reiterating meet and confer

11   requirements under the Local Civil Rules, again proposing March 31, 2015, as a meet and confer date,

12   and by noting IPtronics' continued unreasonable demands that Avago re-produce Ms. Hall on short

13   notice for another seven-hour deposition.[4]  *See* D.I. 542-6.  Again, IPtronics' response on March 30,

14   2015, was that Avago needed to admit deficiencies in Ms. Hall's testimony, that Avago was evading

15   meaningful meet and confer (notwithstanding Avago's consistent position that March 31, 2015, would

16   be a reasonable date to discuss by telephone), and that IPtronics would file this Motion.  *Id.*  Of course,

17   IPtronics filed its Motion on March 30, 2015—the day before Avago's proposed date to meet and confer

18   on the issues by telephone, which Avago had consistently stated throughout all correspondence, and

19   which was one week after Avago received a complete transcript of the deposition.  *See* Stagg Decl., at ¶

20   13.

21         As should be evident from even this exchange, IPtronics waited several days until after the

22   deposition to even commence communication on the alleged issues, and then proceeded to make

23   unreasonable demands that Ms. Hall be produced underlined immediately for _seven more_ hours of deposition.

24   IPtronics' counsel consistently rejected the proposed date of March 31, 2015, to meet and confer by

25   telephone, even though that date was one week after Avago received the certified transcript of the

26   deposition.  To avoid meaningful meet and confer efforts, IPtronics made further unreasonable demands,

27
---
28   [4] Which, of course, makes no sense at all if IPtronics actually wanted answers to the questions its
     counsel felt he did not obtain during the first deposition session.

OPPOSITION TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
CASE NO. 5:10-CV-02863-EJD (PSG)

and then filed its Motion the day before the proposed telephonic meet and confer could occur. Undoubtedly, IPtronics always wanted to file this Motion, and counsel's emails and unreasonable demands reflect that IPtronics did not want to engage in meaningful meet and confer efforts. Rather, counsel simply wanted to shoot off a few emails and then file the Motion the day before any meaningful conversation could be had.

Moreover, Avago's counsel offered Ms. Hall for an additional two hours of deposition testimony in addition to the 6.5 hours IPtronics' counsel already used in the original deposition. *See* Stagg Decl., at ¶ 14 & Ex. 25. IPtronics rejected this offer. *See id*., at ¶ 15 & Ex. 3. Although the offer came after IPtronics filed this Motion, IPtronics' counsel failed to meet and confer in accordance with the Civil Local Rules, as discussed above. Had IPtronics been genuine in its supposed desire to meet and confer, then the parties may very well have worked out additional deposition time prior to filing this Motion. IPtronics cannot now discount the offer of two more hours of deposition time simply because it wanted to rush to the courthouse to file its Motion the day before the telephonic meet and confer discussions was proposed.

**B.    IPtronics' Motion For Sanctions Is Premature Because IPtronics Did Not File A Prior Motion To Compel Responses or Answers**

Under Rule 37(d), a motion to compel a deposition may only be made if a party fails to appear for a deposition after properly being served with a deposition notice. *See* FED. R. CIV. P. 37(d)(1)(A)(i). The Ninth Circuit strictly construes the language of Rule 37(d). *See Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995). When a party physically appears at a deposition but fails to testify, "the proper remedy is a court order to testify under Rule 37(a) . . . ." *Id.*; *see also R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15 n.2 (1st Cir. 1991) ("'[F]ailure to appear' for a deposition is strictly construed and Rule 37(d) sanctions apply only when a deponent literally fails to show up for a deposition session.") (quotations and citations omitted); *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) ("Where a defendant does in fact appear physically for the taking of his deposition but refuses to cooperate by being sworn in and by testifying, the proper procedure is first to obtain an order from the court . . . ."); *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1228 (7th Cir. 1983) (quoting *Research Automation*); *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) ("[R]efusal to answer questions or

7

participate [at a deposition] does not constitute a 'failure to appear.'").

Under Rule 37(a), a party may seek an order compelling a response to a question that the deponent does not answer during a deposition. *See* FED. R. CIV. P. 37(a)(3)(B)(i). Such a motion would also be proper if the corporate entity did not designate a person for a particular noticed topic or the designated witness lacked sufficient information on a noticed topic. *See* FED. R. CIV. P. 37(a)(3)(B)(ii); *see also Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989). <u>Only</u> <u>after</u> Avago's witness failed to respond to certain questions or topics as ordered by the Court would Avago be liable for sanctions under Rule 37(b) for failure to comply with a court order. *See* FED. R. CIV. P. 37(b)(1) ("If the court . . . orders a deponent . . . to answer a question and the deponent fails to obey, the failure may be treated as contempt of court.").

Here, Avago complied with this Court's prior order to produce the Rule 30(b)(6) witness. *See* D.I. 537. Ms. Hall sat for over 6.5 hours of deposition time, which resulted in a 270-page transcript. Although IPtronics argues or intimates that Ms. Hall's alleged lack of preparation means that she "failed to appear" for the deposition (*see* D.I. 541-4 (sealed Motion), at 13:4-12), IPtronics' argument has been squarely rejected by the Ninth Circuit's strict interpretation of Rule 37(d). *See Estrada*, 69 F.3d at 406.[5]

---

[5] As a result, the authority cited by IPtronics' in support of its position must be rejected. *See* D.I. 541-4 (sealed Motion), at 13:4-12. Moreover, these cases are distinguishable from the present case because they present extreme cases of violations of <u>prior</u> court orders. For example, in *JRS Mirco, Inc. v. QBE Ins. Corp.*, 2010 U.S. Dist. LEXIS 56000 (N.D. Cal. May 4, 2010), the court awarded sanctions on a Rule 30(b)(6) deposition because the deponents were "woefully unprepared," despite the court's <u>prior order</u> granting a motion to compel, which noted that defendant failed to designate a witness as to three topics, designated multiple deponents for a single topic, designated deponents who were testifying in their individual capacity, and designated deponents who had no preparation or did not have any knowledge on the topics for which they were designated. *See JRS Mirco, Inc. v. QBE Ins. Corp.*, Case No. 09-c-03044-PJH (EDL) (N.D. Cal.), at Dkt. No. 102 (Order Granting Plaintiff's Motion To Compel). Moreover, defendant's counsel engaged in inappropriate conduct, such as rude and unprofessional correspondence prior to the deposition, excessive and improper speaking objections and instructions not to answer during the deposition, and otherwise unprofessional conduct. *Id.*

In *Black Horse Lane Assocs., L.P. v. Dow Chem. Corp.*, 288 F.3d 275 (3d Cir. 2000), the magistrate judge ordered defendant's Rule 30(b)(6) witness to appear for a deposition on a specific day and time. Notwithstanding the order, the witness and defendant's counsel did not appear. *Id.*, at 280. The magistrate judge re-ordered the deposition. At the close of discovery, the magistrate judge awarded additional sanctions based on the lack of preparedness of the Rule 30(b)(6) deponent, and prohibited defendants from introducing evidence to the contrary of the deponent's testimony, as well as additional monetary sanctions. *Id.*, at 281. The lack of preparedness included the deponent denying that he was a Rule 30(b)(6) witness, disavowing documents the deponent had signed, and disclaiming any knowledge of documents he had signed. *Id.*, at 300.

---

To the extent IPtronics was unsatisfied with Ms. Hall's testimony, then the proper course of action would have been first to meaningfully meet and confer on those issues (which, as discussed above, did not occur), and absent resolution of those issues then to file a motion to compel further responses under Rule 37(a) as to those questions or topics IPtronics believed were inadequately answered. As noted above, Avago even offered an additional two hours of deposition time for Ms. Hall, which IPtronics refused. Instead of seeking a Court order compelling certain responses (which would have permitted the Court to assess IPtronics' claims on the merits in a properly presented motion to compel), IPtronics instead immediately filed this Motion for Sanctions. The Motion is improper under Rule 37(d) because Avago did not disobey the Court's prior order to produce a witness, and the witness appeared and testified. IPtronics' complaint is simply that Ms. Hall was allegedly unprepared to discuss certain topics, and such a motion should be brought as a motion to compel responses under Rule 37(a). Thus, the Motion for Sanctions is premature and procedurally improper.

### C.   Avago's Witness Was Adequately Prepared for Her Deposition Given the Nature of the Deposition That IPtronics Demanded

Contrary to IPtronics' argument, Ms. Hall was adequately prepared for her deposition. IPtronics' arguments in its Motion either misrepresent Avago's obligations or mischaracterize the testimony Ms. Hall provided.

#### 1.   Avago Had No Obligation To Produce Documents at the Deposition

IPtronics claims that Avago did not produce any documents at the deposition, and only produced some documents after the deposition concluded, including some documents that Ms. Hall reviewed as part of her preparation. *See* D.I. 541-4 (sealed Motion), at 1:23-25; 8:18-23; 16:13-15. IPtronics' argument critically misleads the Court because IPtronics' Amended Notice of Deposition (and even the

---

In *Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196 (5th Cir. 1993), the trial court concluded that plaintiff failed to produce an adequately prepared Rule 30(b)(6) witness because neither witness had any knowledge of the noticed topics. *Id.*, at 196-97. Moreover, plaintiff only produced documents and identified other witnesses with pertinent knowledge after defendant moved for sanctions. *Id.*, at 197.

In *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534 (D. Nev. 2008), the court awarded sanctions because the designated witness had done nothing to prepare, did not even review the noticed topics for the deposition, and defendant's counsel refused to postpone the deposition to find a more appropriate witness or to produce another witness. *Id.*, at 536-37.

OPPOSITION TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
CASE NO. 5:10-CV-02863-EJD (PSG)

4814-6539-5234.1

original notice of deposition) *never* requested production of any document in relation to the deposition. *See* Stagg Decl., at ¶ 3 & Ex. 1.  This glaring omission in the Amended Deposition Notice undercuts IPtronics' argument and underscores IPtronics' mischaracterization of the deposition.

Under Rule 30(b) of the Federal Rules of Civil Procedure, a deposition notice must provide the time and place of the deposition, and the name, and address of the deponent.  *See* FED. R. CIV. P. 30(b)(1).  For depositions of a corporate entity, the notice need only identify the corporation or other entity and specify with reasonable particularity the topics of examination, upon service of which the corporation has a duty to identify those persons who will testify on behalf of the corporation.  *See* FED. R. CIV. P. 30(b)(6).  Separate and apart from the notice of deposition, "[t]he notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition."  *See* FED. R. CIV. P. 30(b)(2); *see also E.E.O.C. v. Thurston Motor Lines, Inc.*, 124 F.R.D. 110, 115 (M.D.N.C. 1989) (granting sanctions after defendant failed to designate and produce a Rule 30(b)(6) witness, and after "fail[ing] to produce documents *after proper requests* . . . ." (emphasis added)).

IPtronics' Amended Deposition Notice did not request document production at the deposition. *See* Stagg Decl., at ¶ 3 & Ex. 1.  Because there was no document request under Rules 30(b)(2) and 34 of the Federal Rules of Civil Procedure, Avago had no obligation to produce any documents.  Avago's offer to produce these documents during and after the deposition was simply professional courtesy. Avago cannot be punished for <u>*IPtronics'*</u> failure to request this material, particularly when IPtronics misrepresents to the Court that Avago was under some obligation to do so.

### 2.    <u>Avago Was Not Obligated To Update Its Trade Secret Disclosure</u>

IPtronics also asserts that Avago failed to update its Trade Secret Disclosure, and that as a result IPtronics was "ambushed" at the deposition because Avago "changed" its trade secret contentions.  *See* D.I. 541-4 (sealed Motion), at 8:1-17; 14:7-9.  IPtronics again misleads the Court by mischaracterizing both Avago's obligations and the deposition testimony.  Moreover, IPtronics provides no authority for its position.

Under §2019.210 of the California Code of Civil Procedure, "In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act . . . before commencing

10

discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity . . . ."  *See* Cal. Code Civ. Proc. § 2019.210.  Federal courts have disagreed as to whether §2019.210 applies in federal court.  Some courts favor the application of §2019.210 as a pleading rule,[6] whereas other courts reject the application of §2019.210 because it conflicts with the discovery process outlined in Rule 26 of the Federal Rules of Civil Procedure.[7]  To the extent §2019.210 is a pleading requirement, Avago would have no obligation to update the Trade Secret Designation because such a challenge should have been brought at the pleading stage, and in any event the deadline to amend pleadings has passed.  To the extent § 2019.210 imposes discovery obligations under California law, the section is not applicable in federal court as it relates to discovery.  Moreover, the Trade Secret Designation is not a response to a discovery request from IPtronics, and therefore Avago has no obligation under Rule 26(e) to supplement.

Even assuming that Avago had an obligation to update its Trade Secret Designation, the decision to no longer pursue the trade secret claim against the former employee identified in Avago's Trade Secret Designation No. 11 was made "recently" in time relative to the deposition, as Avago's counsel indicated on the record.  *See* Transcript, at 167:3 – 168:2.  However, Avago's counsel could not give a specific date at the time of the deposition.  *See* Transcript, at 168:1-7.  Given that the decision was made only recently, it is not unreasonable that Avago would not have had time to update and re-serve its Trade Secret Designation, assuming it even had to do so.

Finally, IPtronics does not articulate in its Motion what prejudice this recent decision would have caused it.  Ultimately the decision not to pursue a specific claim of trade secret misappropriation against the former employee is advantageous to IPtronics because IPtronics no longer has pursue questioning as to that employee during the deposition, which would free up time to pursue other topics.  The same is true of a portion of Avago's Trade Secret Designation No. 6, which portion (not the entirety of No. 6)

---

[6] *See, e.g.*, *Mattel, Inc. v. MGA Entertainment, Inc.*, 782 F. Supp. 2d 911 (C.D. Cal. 2010); *Farhang Indian Inst. Of Tech. v. Kharagpur*, 2010 U.S. Dist. LEXIS 53975 (N.D. Cal. June 1, 2010); *So. Cal. Ins. of Law v. TCS Educ. Sys.*, 2011 U.S. Dist. LEXIS 39827 (C.D. Cal. Apr. 5, 2011).

[7] *See, e.g.*, *Hilderman v. Enea Teksci, Inc.*, 2010 U.S. Dist. LEXIS 1527 (S.D. Cal. Jan. 8, 2010); *Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.*, 2007 U.S. Dist. LEXIS 8870 (E.D. Cal. Jan. 29, 2007); *Proven Methods Seminars, LLC v. Am. Grants & Affordable Hous. Inst.*, 2008 U.S. Dist. LEXIS 10714 (E.D. Cal. Jan. 31, 2008).

OPPOSITION TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
CASE NO. 5:10-CV-02863-EJD (PSG)

Ms. Hall testified at the deposition was public information and therefore not a trade secret. *See* Transcript, at 49:20 – 50:6; *compare* D.I. 541-4 (sealed Motion), at 8:1-17. Avago's assertion that it is no longer pursuing a trade secret claim against the former employee during the deposition is not an "ambush" and certainly does not qualify as a "surprise amendment" that IPtronics claims (because there was no "amendment," only an on the record withdrawal of claims relating to one of two former employees). *See id.* These are further examples of how IPtronics misleads the Court by mischaracterizing what actually occurred in the deposition.

### 3. Avago Had a Good Faith Basis To Withhold Certain Portions of Its Fourth Amended and Supplemental Complaint from Ms. Hall

IPtronics further argues that Ms. Hall did not review a complete, unredacted version of Avago's Fourth Amended and Supplemental Complaint ("FASC") regarding certain misrepresentations made by IPtronics (Topic Nos. 6 – 8), and therefore Ms. Hall was unprepared to answer particular questions on those subjects. *See* D.I. 541-4 (sealed Motion), at 2:10-12; 5:27-28; 6:14-27.

However, Avago did not show certain portions of its own FASC because it had a good faith belief that those portions were not only sealed to the public but also classified as "Highly Confidential – Attorney's Eyes Only" pursuant to the protective order in this case. *See* D.I. 77. When Avago filed its Motion for Leave to File its FASC and related Administrative Motion To Seal in September 2014, Avago specifically redacted portions of its FASC because the allegations contained in the FASC were derived from documents that *IPtronics* had marked as "Highly Confidential – Attorney's Eyes Only." *See* D.I. 398-1, at ¶¶ 7 – 8 (Chang Decl. Supp. Admin. Mot. To Seal). IPtronics' opposed Avago's Administrative Motion To Seal, but focused its opposition on Avago's information that Avago sought to seal. *See generally* D.I. 403 (Brandwajn Decl. Opp. Avago's Admin. Mot. To Seal). While IPtronics did not provide any supporting declaration regarding information related to it that Avago proposed to seal, IPtronics never de-designated the referenced underlying documents, and notwithstanding IPtronics' opposition, the Court granted Avago's Administrative Motion To Seal in full, including IPtronics' information. *See* D.I. 404. Thus, Avago had a reasonable, good faith basis not to show certain parts of its own FASC to Ms. Hall prior to the deposition.

///

OPPOSITION TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
CASE NO. 5:10-CV-02863-EJD (PSG)

4814-6539-5234.1

**4.** **Ms. Hall Provided Substantial Testimony Notwithstanding IPtronics' Cherry-Picked Deposition Excerpts**

In support of its Motion, IPtronics cherry-picks various excerpts of testimony in an attempt to demonstrate to the Court that Ms. Hall was not adequately prepared to testify. Like the other misrepresentations about the deposition discussed above, these selective excerpts do not accurately convey the entire picture.

For example, IPtronics contends that Ms. Hall was not able to provide adequate testimony on Topic No. 11 regarding how long it took Avago to develop the information listed in the Trade Secret Designation. *See* D.I. 541-4 (sealed motion), at 5:2-6. As noted above, the Trade Secret Designation lists 40 trade secrets, so this one topic is really 40 discrete subparts. IPtronics' selective quotation that Ms. Hall would "be guessing" on how much time it took to develop each trade secret misstates the testimony because Ms. Hall testified that some trade secret information would take weeks, months, or years to develop, and that the information on this topic ranged "all over the place." *See* Transcript, at 28:17 – 29:1. This is an unsurprising answer to an overly broad and vague deposition topic because "how long" it took to develop certain information, particularly highly confidential trade secret information related to 40 trade secrets, is bound to produce a general answer. Indeed, a deponent's ignorance of certain information in one area is not sanctionable conduct unless that information is clearly known to the organization. *See, e.g.*, *Weinstein v. Dist. of Columbia Housing Auth.*, 931 F. Supp. 2d 178, 185 (D.D.C. 2013). Ms. Hall's testimony was that there would be no way to determine how much time it took to develop each trade secret. And, notably, IPtronics' counsel immediately moved on after this answer without probing further. *See* Transcript, at 29:4.

The same applies for Topic No. 14 regarding how much money Avago spent to develop the information listed in the Trade Secret Designation. IPtronics mischaracterizes Ms. Hall's testimony by asserting Ms. Hall was unprepared. *See* D.I. 541-4 (sealed Motion), at 5:7. However, as the transcript reflects, Ms. Hall testified that no one at Avago would be able to testify as to the amount of money spent over the years to develop each of the 40 trade secrets listed in the Trade Secret Designation. *See* Transcript, at 30:2-3. Ms. Hall concluded that the information would be impossible to provide. *See* Transcript, at 36:18-19. Ms. Hall made this conclusion after compiling certain documents and data over

13

4814-6539-5234.1

the last six months in an effort unrelated to her deposition, and observing that not all development is tracked through the research and development budget.  *See* Transcript, at 32:15-19; 33:14-20; 34:4 – 35:19.   Like Topic No. 14 above, IPtronics misrepresents Ms. Hall's testimony through selective citation.

Similarly, Topic No. 15 asked Ms. Hall to identify <u>*every*</u> Avago employee who had access to each of the 40 trade secrets in the Trade Secret Designation.  *See also* D.I. 541-4 (sealed Motion), at 5:7-8.  Ms. Hall testified that such information would be impossible to compile.  *See* Transcript, at 59:7.  The overbroad scope of IPtronics' topic should be evident enough, and Ms. Hall's answer should come as no surprise.  The same is true of Topic No. 24, which asks for the identity of <u>*all*</u> Avago employees <u>*who were ever informed*</u> of the information contained in the Trade Secret Designation.  Such requests are overbroad and not specified with reasonable particularity as required by Rule 30(b)(6), and IPtronics cannot blame Avago for IPtronics' vague, poor drafting of topics.

What hopefully is becoming clearer is that IPtronics' deposition strategy was to notice overly broad topics related to each of Avago's 40 trade secrets, and then expect Avago to produce information or testimony when such information could not possibly be known by anyone at Avago, even through reasonable investigation.  Instead, IPtronics complains that Avago did not have testimony responsive to its overbroad topics.  If IPtronics wanted something specific, it could have noticed those discrete topics.  A fine example of IPtronics' tactic to notice broad topics but then attempt to pigeonhole and ding Avago when the deponent did not know some minutia occurred during questioning on cost structure for a certain product.  IPtronics' counsel asked a highly specific question about the cost structure for a particular product in the year 2007, and Ms. Hall was able to provide the overall cost structure for that product in that year.  *See* Transcript, at 89:10 – 91:21.  Although Ms. Hall provided the overall cost structure, IPtronics then tried to pin Ms. Hall down with even further detailed questions as to the exact breakdown of that cost structure.  *Id.*  When Ms. Hall could not answer the exact breakdown, IPtronics' counsel jumped at the opportunity by pointing out that Ms. Hall did not know that information or could not provide a document with that information.  *Id.*  This is but one example of where Ms. Hall provided a substantive answer, only to be probed further and further until she could not answer questions relating to minutia.  Once IPtronics is far enough in the weeds that Ms. Hall could not answer, IPtronics

14

proclaims that Ms. Hall is unprepared.

Although Avago has an obligation to reasonably prepare its Rule 30(b)(6) witness, it does not have an obligation to anticipate the highly detailed questions counsel may ask. If counsel wanted such specific information (during the course of a 7-hour deposition covering 24 general topics and 40 trade secrets), then IPtronics could have noticed these more specific topics. If IPtronics fails to notice deposition topics with that level of granularity, then there is no reason why Avago should have to anticipate and prepare for such granularity either.

### D. IPtronics' Cases Do Not Support Discovery Sanctions In This Case

The cases cited by IPtronics in its Motion (not already addressed above) do not support awarding discovery sanctions in this case. As discussed above, Ms. Hall was adequately prepared to answer questions on IPtronics' numerous topics and subtopics.

For example, IPtronics's citation to *Grimes v. City and County of San Francisco*, 951 F.2d 235 (9th Cir. 1991), is unhelpful to IPtronics' Motion. Although the Ninth Circuit affirmed the award of sanctions, the award was issued after defendant repeatedly failed to comply with the magistrate judge's discovery orders and after a warning of further sanctions for continued non-compliance. *Id.*, at 240-41. Specifically, after defendant's failure to comply with the court's first order compelling interrogatory responses, the court issued a second order with new sanctions. The court also imposed future sanctions of $500 per day for non-compliance with the order, which ultimately resulted in hefty monetary sanctions after yet a third order on the same set of interrogatory responses almost one year after the original order to compel. *Id.* That situation is not presented here, where a motion to compel further responses has not been brought.

*Navellier v. Sletten*, 262 F.3d 923 (9th Cir. 2001), is also inapplicable. There the Ninth Circuit reversed an award of sanctions after the special master imposed sanctions without notice to the party and his attorney who were to be sanctioned, and after the district court summarily adopted the special master's recommendation. *Id.*, at 943. *Rooney v. Sierra Pac. Windows*, 2011 U.S. Dist. LEXIS 62650 (N.D. Cal. June 1, 2011), does not support IPtronics' position either. That court denied sanctions when it was not clear that the defendant violated a prior court order related to limited document production for the purposes of a meaningful mediation, and where no motion to compel was brought prior to the

15

1   sanctions motion.  *Id.*, at 10-12.

2          Moreover, *FormFactor, Inc. v. Mirco-Probe, Inc.*, 2012 U.S. Dist. LEXIS 62233 (N.D. Cal. May

3   3, 2012), is inapplicable because in that case the court granted in part and denied in part a sanctions

4   motion that was based on the continued failure of plaintiff to produce an adequately prepared Rule

5   30(b)(6) witness to respond to particular topics on which the court previously ordered <u>further</u> testimony.

6   *Id.*, at*1-4; *see also id.*, Case No. 10-cv-03095-PJH (JCS), Dkt. No. 108 (Order On Rule 30(b)(6)

7   Deposition Topics).  Here, the Court ordered Avago to produce a witness, which it did, on three business

8   days' time.

9          Similarly, in *Tacori Enters. v. Beverlly Jewellry Co.*, 253 F.R.D. 577 (C.D. Cal. Sept. 17, 2008),

10  the court awarded sanctions after defendant's continued disobedience to several court orders.  In that

11  case, the court had granted plaintiff's motion to compel the continued deposition of defendant's Rule

12  30(b)(6) witness.  During the first deposition, defendant's counsel took numerous breaks, objected to

13  nearly every question, and interposed numerous speaking objections.  *Id.*, at 579-80.  The court granted

14  the motion to compel and ordered four more hours of deposition to be completed by a certain date.  At

15  the re-noticed date of the continued deposition, defendant's counsel, without notice to plaintiff, arrived

16  at the deposition with defendant's own court reporter and translator, and refused to let the deposition

17  continue unless defendant's court reporter and translator were used.  After the court rejected defendant's

18  *ex parte* application to use its own court reporter and translator, the court reminded the parties that the

19  deposition must still be completed by the date set in the prior court order.  The night before the date set

20  in the court's order, defendant's counsel informed plaintiff that the Rule 30(b)(6) witness was no longer

21  available, thus disobeying the court's original order.  *Id.*, at 581.  Thus, the court concluded that

22  defendant had willfully disobeyed several court orders and that sanctions were appropriate, especially

23  because discovery cut-off had passed and the court previously tried less drastic monetary sanctions

24  against defendant.  *Id.*, at 582-83.  None of those facts are present here.

25         Another example of extreme delay and prejudice, which is not present here, is IPtronics' citation

26  to *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001).  In that case, defendant

27  failed to provide an expert report for 2.5 years after defendant's expert disclosure, despite that plaintiff

28  timely produced and supplemented its expert report.  Almost two years after the close of discovery, and

16

just 28 days prior to trial, defendant finally produced its expert report.  *Id.*, at 1105.  Given the failure to comply with disclosure rules, the extreme delay and lack of justification for the late production, the close of discovery, and the proximity to trial, the trial court granted plaintiff's motion in limine to exclude that evidence as a sanction, which the Ninth Circuit affirmed.  *Id.*, at 1105-06.  None of those factors are present here.

IPtronics' citation to *Guifi Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373 (N.D. Cal. 2012), is also unhelpful to IPtronics because in that case, the court awarded discovery sanctions for defendants' failure to comply with at least eight court orders regarding discovery, failure to produce all documents responsive to particular requests, and failure to provide testimony that was consistent with publicly available documents.  *Id.*, at 390-91.  The court concluded that defendants obstructed the discovery process to avoid disclosure of certain of defendants' finances and corporate records, as well as engaged in evasive behavior that was willful and coordinate among all defendants. *Id.*, at 392.  Therefore, issue and monetary sanctions were appropriate.  Here, there has been no failure to comply with any Court Order regarding the deposition.

In *Payne v. Exxon Corp.*, 121 F.3d 503 (9th Cir. 1997), the Ninth Circuit affirmed the District Court's dismissal of plaintiff's lawsuit as a sanction under Rule 37.  In that case, the District Court issued three separate orders compelling discovery responses after plaintiffs either failed to respond timely to the requests or provided insufficient responses.  Furthermore, plaintiffs failed to pay monetary sanctions issued by the court.  *Id.*, at 505-06.  After further insufficient discovery responses, Exxon moved to dismiss the lawsuit as a sanction.  The District Court gave plaintiffs one last chance to rectify their behavior, but after plaintiffs again provided insufficient responses, the District Court dismissed the lawsuit.  *Id.*, at 506.  *Payne* is plainly inapplicable here, as there have been no prior orders which have been disobeyed.

In *Gold v. Midland Credit Mgmt.*, 2014 U.S. Dist. LEXIS 93461 (N.D. Cal. July 9, 2014), defendant's Rule 30(b)(6) witness testified she was not qualified to discuss several of the noticed topics, defendant failed to produce a possible witness who would have knowledge on those topics after plaintiff identified that person, and defendant objected to various topics based on relevancy.  *Id.*, at 6-8.  The court granted plaintiff's motion to compel, but did not address or award any sanctions.  IPtronics has not

17

brought a motion to compel further responses.

In *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 421 (D. Kan. 2007), the court granted plaintiff's motion to compel document production notwithstanding defendants' argument that the title of the discovery request was in appropriately captioned the "second" request for production when it was really the first, and that it was directly only to one defendant despite that the discovery requests clearly applied to all defendants. *Id.*, at 423-24. The court also granted the motion to compel the continuation of the Rule 30(b)(6) deposition because the witness did not have any knowledge on certain topics, did not review any documents or request relevant documents, and defendants refused a continuation of the deposition on those topics. *Id.*, at 424-26. In addition, the court did not address or award any sanctions Again, here, IPtronics has apparently deliberately not brought a motion to compel further responses.

In *Int'l Ass'n of Machinists & Aero. Workers v. Werner-Matsuda*, 390 F. Supp. 2d 479 (D. Md. 2005), the court found that the Rule 30(b)(6) deponent was "woefully unprepared" because he had no knowledge of any of the subjects in the deposition notice, had not even seen the deposition notice until the day of the deposition, did absolutely no preparation or document review, and even lacked basic knowledge of the corporation because his sole involvement with the corporation was as a part-time volunteer handing out flyers at the local airport on three separate instances, and the deponent was not even with the corporation during the time period in question. *Id.*, at 487-88. The second deponent did nothing to prepare himself for the deposition, was only "marginally more prepared" than the first deponent, and did not know he was representing the corporation until the deposition began. *Id.*, at 489. Even a cursory review of the Hall deposition, as well as the preparation efforts detailed in the Stagg Declaration show that this case is inapplicable.

In *Averkamp v. Swimways Corp.*, 2014 U.S. Dist. LEXIS 160793 (E.D. Wis. Nov. 17, 2014), the court did find that the deponents had not adequately prepared for their depositions, but the issue the court was addressing in the motion to compel was whether the identified persons could be compelled to testify under Rule 30(b)(6) as managing agents of the corporation. *Id.*, at *2. The court concluded that based on the deponents' respective testimony, they were officers, directors, or managing agents of the corporation, and therefore could be compelled to testify. That issue is not relevant here.

In *United States v. Taylor*, 166 F.R.D. 356 (M.D.N.C. 1996), the court did not award any

18

sanctions, and merely admonished the parties that any further infraction may lead to monetary sanctions. The court also noted that if defendants did not produce a witness as to certain topics, defendants may be precluded from offering evidence later on those topics.  *Id.*, at 364-66.  Moreover, the case involved CERCLA clean-up of a waste site where the operative events occurred decades in the past, many corporate employees had left the corporation or passed away, and the initial corporation itself had been sold or otherwise dismantled years before litigation. *Id.*, at 358. None of those facts are present here.

In *Calzaturficio S.C.A.R.P.A., s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33 (D. Mass. 2001), the court noted that one of the two corporate deponents testified that he was not there to represent the corporation, that he had no obligation to educate himself on the issues, and that he reviewed one two documents.  The other deponent testified that he only reviewed one document other than the deposition notice.  Moreover, defendant's counsel contended that the deponents only had to testify from first-hand knowledge, and that the deponents had no more knowledge regarding produced documents than what could be learned from reading those documents.  *Id.*, at 36-37.  Nor did defendant's counsel make a written designation as to what topics each deponent would be testifying.  *Id.*, at 35.  In addition, during the deposition, defendant's counsel also conferred with the deponents during questioning and while questions were pending, left the room with the deponent while a question was pending, suggested answers to the deponents or otherwise instructed the deponents to not finish their answers, rephrased opposing counsel's questions, instructed the deponents not to answer on a basis other than privilege, asserted numerous objections, engaged in lengthy colloquies, and made *ad hominem* attacks against opposing counsel.  *Id.*, at 39-40.  Again, none of these extreme circumstances are present here.

Instead, Avago produced a witness in response to the Court's prior order.  Ms. Hall prepared as diligently as she could, and provided substantial testimony as to many of IPtronics' overbroad topics.  In some instances, Ms. Hall indicated that no one would know the answers to IPtronics' questions. IPtronics does not contend that counsel's behavior during the deposition was somehow inappropriate, nor was it.  Thus, IPtronics' citation to extreme cases is not applicable here and the imposition of money or issue sanctions is unwarranted.

///

///

### E. Sanctions Are Inappropriate Given IPtronics' Failure To Meet and Confer and Given the Expedited Nature of the Deposition

Money or issue sanctions are unwarranted in this case.  First, IPtronics did not meaningfully meet and confer with Avago.  Avago's counsel repeatedly stated that March 31, 2015, would be the best date to telephonically meet (one week after Avago's counsel received the complete transcript and after travel for another case), and yet IPtronics rushed to the courthouse to file its Motion one day before, on March 30, 2015 (and set for hearing in May 2015).  IPtronics could not even wait one day to see how the meet and confer conference played out, which underscores IPtronics' motive behind this Motion.  Proper meet and confer efforts may have obviated this Motion altogether, especially given that Avago was willing to offer additional deposition time.

Second, the current Motion is–at best–premature because the appropriate avenue to remedy the alleged deficiencies in Ms. Hall's testimony would have been to seek a Court order compelling specific answers to particular questions or topics.

Third, Avago's actions were substantially justified.  Avago originally proposed new deposition dates within the same month as the originally scheduled deposition, but IPtronics rejected those dates and proceeded with a motion to compel.  As a result, Avago had to designate and prepare a new witness, who immediately cut short a trip and returned from China, in three business days before the deposition.  Ms. Hall prepared as best she could, given her travel back to the United States, readjustment to time in the United States, and the numerous, overbroad topics contained in the deposition notice.  Moreover, as demonstrated above, IPtronics misrepresents to the Court what Avago's deposition obligations were, and selectively quotes from Ms. Hall's deposition without providing any context as to how overbroad IPtronics' deposition topics were, or why Ms. Hall should have anticipated counsel's questions on the minutia of 24 topics relating to 40 trade secrets all in the course of a 7-hour deposition.  Avago's good faith efforts are further reflected in its offer for reasonable additional deposition time of two hours, which IPtronics rejected.

Fourth, issue or evidentiary sanctions are particularly inappropriate where, as here, Ms. Hall provided over 6.5 hours of fulsome testimony, Avago produced numerous documents at the deposition it was not otherwise required to produce, Avago offered additional deposition time, and no prior court

20

order compelling responses was sought or issued.  Evidentiary sanctions are a "harsh" sanction generally reserved for flagrant discovery abuses.  *See, e.g.*, *FormFactor*, 2012 U.S. Dist. LEXIS 62233, at *7; *Rooney*, 2011 U.S. Dist. LEXIS 62650, at *8.  IPtronics does not explain why Avago should be subject to such a harsh sanction when IPtronics could not meaningfully meet and confer, when IPtronics rejected Avago's offer of additional deposition time, or why IPtronics would propose numerous topics during the course of a 7-hour deposition, many of which were vague and overbroad, and still expect Ms. Hall to answer highly granular questions.

Fifth, an award of monetary sanctions would be inappropriate now for IPronics' prior motion to compel because Ms. Hall physically appeared at the deposition and provided over 6.5 hours of testimony, culminating in a 270-page transcript.  Ms. Hall's presence is not a "failure to appear" or in violation of a prior Court order, *see Estrada*, 69 F.3d at 406, and therefore, IPtronics should not receive attorneys' fees for its  prior motion.  Indeed, despite IPtronics' cherry-picking of certain testimony, a review of the transcript demonstrates that Ms. Hall provided substantive responses on the deposition topics.  See D.I. 541-6, Deposition Transcript, *passim*.

## V.  **CONCLUSION**

For the foregoing reasons, Avago respectfully requests that the Court deny IPtronics' Motion for Discovery Sanctions.

Respectfully submitted,

Dated:  April 13, 2015

Foley & Lardner LLP

By:   */s/ Nancy L. Stagg*
      Nancy L. Stagg
      John C. Vetter
      Richard S. Florsheim
      Shawn E. McDonald
      Ary Chang
      Adrienne H. Miller
      Wendy W. Cheung

Attorneys for Plaintiffs
AVAGO TECHNOLOGIES U.S. INC., AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTD. LTD., AVAGO TECHNOLOGIES TRADING LTD., AND AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.

4814-6539-5234.1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on April 13, 2015 to all counsel of record, who are deemed to have consented to electronic service via the court's CM/ECF system per Civil Local Rule 5.1.

*/s/ Nancy L. Stagg*
Nancy L. Stagg

OPPOSITION TO DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS
CASE NO. 5:10-CV-02863-EJD (PSG)

4814-6539-5234.1