UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES, INC., et al., | Case No. 5:10-cv-02863-EJD |
| Plaintiffs, | **ORDER GRANTING-IN-PART DEFENDANTS' MOTION FOR SANCTIONS** |
| v. | |
| IPTRONICS INC., et al., | **(Re: Docket No. 542)** |
| Defendants. | |

In 1970, Fed. R. Civ. P. 30 was amended so that, upon notice of the topics with reasonable particularity, a corporation must avail itself for deposition through an officer, director, managing agent or another who consents to testify on its behalf. The idea was to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it."[1]  45 years later, the bandying continues, even with the Rule 30(b)(6) deposition a staple of discovery in patent cases like this one.

Here, the court must consider what sanctions, if any, are required when a designated witness at a 30(b)(6) deposition ordered by the court cannot speak to a third of the noticed topics

---

[1] Fed. R. Civ. P. 30 Advisory Committee Notes, 1970 Amendment (citing *Haney v. Woodward & Lothrop, Inc.,* 330 F.2d 940, 944 (4th Cir. 1964).

1

Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART DEFENDANTS' MOTION FOR SANCTIONS

and gives often-sparse testimony as to the others. As set forth below, the court holds that sanctions in the form of attorney's fees are justified.

**I.**

Defendants IPtronics, Inc. et al. stand accused of infringing Avago's rights under United States Patent Nos. 5,359,447 and 6,947,456, making false descriptions or representations contrary to the Lanham Act and misappropriating some 40 separate Avago trade secrets.[2] In defense of Avago's non-patent claims, last November, IPtronics noticed a 30(b)(6) deposition of an Avago representative on 24 separate topics.[3] Months later, after the parties met to discuss Avago's objections, nothing much had occurred, other than Avago unilaterally withdrawing the one confirmed deposition date it had offered. And so in March, IPtronics moved to compel the deposition[4] and to shorten time.[5] After the court granted the motion to shorten time,[6] Avago sought to continue the hearing,[7] which the court denied.[8]

At the hearing, Avago again sought to postpone the deposition, which the court denied.[9] A company served with a deposition notice has "a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and

---

[2] *See* Docket No. 453 at ¶¶ 1-3.

[3] *See* Docket No. 527-4.

[4] *See* Docket No. 527.

[5] *See* Docket No. 528.

[6] *See* Docket No. 529.

[7] *See* Docket No. 530.

[8] *See* Docket No. 534.

[9] *See* Docket No. 537.

unevasively answer questions about the designated subject matter."[10] The designee need not have personal knowledge as to all relevant facts, but must become educated and gain the requested knowledge to the extent reasonably available.[11] Finding Avago had delayed IPtronics' deposition without substantial justification, the court granted IPtronics' motion to compel one or more witnesses to testify on each noticed topic.[12] The deposition was set for the following week, on March 17.

On that day, Avago produced one witness, Sharon Hall. Hall could not speak to nine of the 24 noticed topics[13] and could address the rest only in-part, citing confidentiality concerns.[14] She testified that before the deposition she had not reviewed Avago's operative complaint.[15] Nor was Hall aware of Avago's trade secret contentions or support for its claims.[16]

---

[10] *Gold v. Midland Credit Mgmt., Inc.*, Case No. 5:13-cv-02019-BLF, 2014 WL 3371012, at **10-11 (N.D. Cal. July 9, 2014) (quoting *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 421, 425 (D. Kan. 2007)).

[11] *See Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Matsuda*, 390 F. Supp. 2d 479, 487 (D. Md. 2005); *see also Averkamp v. Swimways Corp.*, Case No. 13-cv-473-RTR, 2014 U.S. Dist. LEXIS 160793, at **3-4 (E.D. Wis. Nov. 17, 2014) (granting motion to compel and finding that witnesses failed to "discuss the topic . . . with responsible employees or review[] correspondence directly on point").

[12] *See* Docket Nos. 541-6, 537.

[13] *See id.* at 28:14-30:3, 31:6-16, 38:12-20, 40:25-41:10, 46:6-47:1, 58:23-59:21, 62:4-10, 187:3-188:11, 200:25-201:9, 203:5-16.

[14] *See id.* at 124:18-24, 170:22-171:1, 173:9-14, 175:17-25, 177-79,182:25-183:18, 185:23-186:9, 186:11-14, 218:19-219:1, 223:5-224:23, 241:3-9. IPtronics tried to meet and confer with Avago during the deposition on the confidentiality issue, but Avago refused, claiming it was not prepared. *See id.* at 198:17-199:5.

[15] *See id.* at 227:25-229:17.

[16] Hall was unable to testify fully, and in some cases at all, on the following topics: 1 (*id.* at 91:13-21), 2 (*id.* at 94:22-96:14), 5 (*id.* at 101:5-102:22), 6 (*id.* at 102:23-103:16), 7 (*id.* at 72:13-73:13), 10.H (*id.* at 61:10-24, 127:11-21), 10.J (*id.* at 131:3-132:13), 10.K (*id.* at 132:14-134:15), 10.L (*id.* at 137:6-138:11), 10.M (*id.* at 138:20-139:9), 10.N (*id.* at 139:10-23), 10.O (*id.* at 141:16-142:7), 10.P (*id.* at 24:4-20), 10.Q (*id.* at 144:9-146:3), 10.S (*id.* at 148:17-151:4), 10.T (*id.* at 151:10-152:6), 10.U (*id.* at 153:7-24), 10.V (*id.* at 155:17-156:3), 10.X (*id.* at 157:23-158:15), 10.Z (*id.* at 158:16-159:18), 10.CC (*id.* at 163:4-9) and 10.DD (*id.* at 163:10-164:19) on Deposition Exhibit 1095, the list of alleged Avago trade secrets (Docket No. 542-8). For Topic 4, Avago's efforts to protect or maintain the secrecy of the alleged trade secrets, Hall could not provide specifics or refer

During the deposition, Hall and her counsel revealed that Avago had amended its trade secret designations. In particular, IPtronics learned that Avago no longer asserts that Chris Kocot took confidential information from Avago and provided such information to IPtronics.[17] Avago's counsel would not, however, say when the change had occurred.[18] Hall also brought to light that the identity of Avago's distributors is in fact public information and cannot be a trade secret.[19]

On March 19, IPtronics responded to an email from Avago, asking for the production of the documents Hall reviewed in preparation for the deposition in the format she reviewed them.[20] IPtronics also requested when the witness would be available to resume questioning with those documents.[21] On March 20, IPtronics sent another email with respect to the March 17 deposition.[22] The March 20 letter identified each of the deficiencies in Avago's Rule 30(b)(6) witness testimony, with citations to the rough deposition transcript then available.[23] In the March 20 letter, IPtronics asked for a telephonic discussion on March 23 to try to resolve the issues and gave Avago a week

---

to particular documents. *See, e.g.*, Docket No. 542-2, Ex. A at 48-53, 57-58. With respect to Topic 10, Hall could not testify with any meaningful certainty as to who developed various categories of information in Avago's trade secret designation. *See, e.g.*, *id.* at 12:6-16, 19:18-21:22, 24:4-20, 24:24-25:18. On Topic 16, Hall testified that some third parties might be provided the alleged trade secrets under nondisclosure agreements, but could not identify the specific customers or those agreements. *See id.* at 81:24-83:22, 84:5-17. On Topic 18, Hall did not know what Category 10.W of Avago's trade secret designations actually was. *See id.* at 78:14-23. On Topic 21, Hall did not know who owned the claimed trade secrets. *See id.* at 43:17-45:19.

[17] *See id.* at 167:3-19 (Category 11).

[18] *See id.* at 167:21-168:7.

[19] *See id.* at 49:20-50:6. As of the hearing on the motion for sanctions, Avago still has not served on IPtronics any written form of its revised designations.

[20] *See* Docket No. 542-3, Ex. B. Avago provided four of five binders of deposition documents and a privilege log nine days after the deposition. *See* Docket No. 452-1 at ¶ 8. Avago still has not produced Avago's nondisclosure agreements or the trade secret customer list to which Hall referred in her deposition. *See* Docket No. 542-2, Ex. A at 82:16-83:22, 141:16-142:7.

[21] *See* Docket No. 542-3, Ex. B.

[22] *See* Docket No. 542-4, Ex. C.

[23] *See id.*

(until March 27) to produce a witness that was fully prepared.[24]  The March 20 letter further specified that, if the problems were not cured promptly, IPtronics would seek monetary and preclusion sanctions from the court.[25]

On March 26, Avago responded by email, "disagree[ing] entirely" that the witness was unprepared and stating that "Avago will not be producing Ms. Hall for deposition tomorrow, March 27, on your unilaterally selected and demanded date, given that she and I (Avago counsel) are both unavailable."[26]  Avago stated that Hall would only be available to speak by phone on March 31 because its counsel was on a business trip.[27]  Avago also requested that IPtronics "please be prepared during the call or in advance to identify which specific question posed by you or responses of Ms. Hall IPtronics is intending to move to compel further responses to so that we can have a meaningful meet and confer session."[28]

On March 27, IPtronics responded that given Avago's refusal to acknowledge the deficiencies and failures in testimony manifested in the March 17 deposition transcript or to confirm that a fully prepared witness would be produced soon to cure the problem, IPtronics would be filing its motion.[29]

On March 29, Avago sent yet another email in response, stating that IPtronics had not met and conferred by telephone or in person and was "refus[ing] to provide the further information it would have to provide if IPtronics were to file a motion to compel further responses."[30]  Avago still

---

[24] *See id.*

[25] *See id.*

[26] *See* Docket No. 542-5, Ex. D.

[27] *See id.*

[28] *See id.*

[29] *See id.*

[30] Docket No. 542-6, Ex. E.

5
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART DEFENDANTS' MOTION FOR SANCTIONS

refused to acknowledge any deficiency with the testimony of its witness, still refused to offer any supplemental deposition to cure the problem and only offered that it was available to speak by phone on March 31 "regarding specific questions asked to Ms. Hall or her responses if IPtronics is genuinely interested in attempting to resolve all disputed issues without judicial intervention and in good faith as required by Civil Local Rule 37."[31]

On March 30, IPtronics pointed out that despite its lengthy emails about wanting to meet and confer by phone, Avago had not made itself available for a call at any point since IPtronics first raised the issues in dispute.[32] IPtronics also noted that the Avago had yet to acknowledge the problem or offer to cure it, much less within the reasonable time frame offered by IPtronics.[33] IPtronics stated that based on those failures, it could not afford to delay resolution of this issue any further and would be filing its motion but that it would speak by phone to the Avago Entities' counsel on March 31 and, should the parties be able to resolve the dispute, IPtronics would withdraw its motion.[34]

The phone never rang.[35]

## II.

The court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367(a). The matter was referred to the undersigned pursuant to Fed. R. Civ. P. 72(a).

---

[31] *Id.*

[32] *See id.*

[33] *See id.*

[34] *See id.*

[35] After IPtronics moved, Avago offered two additional hours of deposition from Hall, which IPtronics found insufficient. *See* Docket No. 549 at 7. During the hearing, the court ordered the parties a final chance to meet and confer in the jury room. Avago offered no additional terms.

"Preclusive sanctions are within the court's discretion,"[36] and magistrate judges may issue monetary and other non-dispositive sanctions.[37]

### III.

When a discovery order has been violated, absent substantial justification or injustice,[38] the court must order the offending party, its counsel or both to pay the opposing party's reasonable expenses under Fed. R. Civ. P. 37, and may sanction further.[39] "Rule 37 sanctions are mandatory and must be applied diligently both to penalize those whose conduct may be deemed to warrant

---

[36] *See Apple Inc. v. Samsung Electronics Co.*, Case No. 5:11-cv-1846-LHK, 2012 WL 1595784, at *3 (N.D. Cal. May 4, 2012); (citing *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001) 2001) ("Sanctions may be warranted under Federal Rule of Civil Procedure 37(b)(2) for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of the discovery.").

[37] *See Apple Inc. v. Samsung Electronics Co.*, 888 F. Supp. 2d, 976, 985-86 (N.D. Cal. 2012) (citing *Herson v. City of Richmond,* Case No. 4:09-cv-02516-PJH, 2011 WL 3516162, at *2 (N.D. Cal. Aug. 11, 2011); *Io Grp. Inc. v. GLBT Ltd.,* Case No. 3:10-cv-1282-MMC, 2011 WL 4974337 (N.D. Cal. Oct. 19, 2011); *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.,* Case No. 5:06-cv-3359-JF, 2009 U.S. Dis. LEXIS 62668 (N.D. Cal. July 2, 2009); *see also Keithley v. Homestore.com, Inc.*, Case No. 3:03-cv-04447-SI, 2008 WL 4830752 (N.D. Cal. Nov. 6, 2008); *Maisonville v. F2 America, Inc.,* 902 F.2d 746, 747-48 (9th Cir. 1990) (finding monetary sanction imposed pursuant to Rule 11 are non-dispositive); *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (holding monetary sanctions imposed under Rule 37 are non-dispositive). *See also Apple*, 888 F. Supp. 2d at 988-89; *See MOSAID Techs. Inc. v. Samsung Elecs. Co.*, Case No. A01-cv-4340-WJM, 2004 WL 2550309, at *2 (D.N.J. Oct. 1, 2004) ("Courts have recognized that even if a magistrate judge's order has the potential to materially affect the outcome of an issue, the order should still be reviewed under the more deferential standard.").

[38] A party meets the "substantially justified" standard when there is a "genuine dispute" or if "reasonable people could differ" as to the appropriateness of the motion. *JSR Micro, Inc. v. QBE Ins. Corp*, Case No. 4:09-cv-03044-PJH, 2010 U.S. Dist. LEXIS 56000, at *4 (N.D. Cal. May 14, 2010) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Willfulness, bad faith or fault of the party including disobedient conduct not shown to be outside the litigant's control also prevent findings of substantial justification. *See Tacori Enters., Inc. v. Beverlly Jewellry Co., Ltd.*, 253 F.R.D. 577, 582 (C.D. Cal. 2008) (citations omitted).

[39] *See* Fed. R. Civ. P. 37(b)(2) (authorizing a range of sanctions, from terminating sanctions to mandatory expenses and attorney's fees for "fail[ure] to obey an order to provide or permit discovery[.]"); *Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*, Case No. 05-cv-1516-RSWL, 2007 U.S. Dist. LEXIS 72953, at *16 (C.D. Cal. Sept. 18, 2007) ("For the discovery system to function properly, the costs of resisting discovery must be sufficiently great so that the benefits to be gained from sharp or evasive discovery practices are outweighed by the sanctions imposed when those practices are discovered.").

such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent."[40] "The burden is on the disclosing party to show that the failure to disclose information or witnesses was justified or harmless."[41] Here, this is little doubt that an award of reasonable expenses is warranted. But further sanctions are not.

Avago's arguments in its defense are unavailing and do not reach the issue of the reasonableness of sanctions. Procedurally, Avago contends that IPtronics did not adequately meet and confer, and IPtronics did not file a proper motion to compel responses to particular questions under Fed. R. Civ. P. 37.[42] But in light of Avago's lack of willingness to pick up the phone and its violation of the court's previous order compelling a fair deposition on the noticed topics, IPtronics' motion for sanctions was not premature.

Avago also argues Hall provided substantial testimony and was adequately prepared given the nature of the deposition IPtronics demanded.[43] But the nature of IPtronics' deposition followed from the voluminous nature of Avago's claims—IPtronics has a right to check the details of those approximately 40 trade secrets, and the right to a 30(b)(6) witness prepared to speak to at least the vast majority of questions posed on noticed topics.[44]

---

[40] *Wingnut*, 2007 U.S. Dist. LEXIS 72953, at *54. *See also Navellier*, 262 F.3d at 947; Fed. R. Civ. P. 37(b)(2)(A) ("(2) Sanctions Sought in the District Where the Action Is Pending. (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: . . . (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence").

[41] *FormFactor, Inc. v. Micro-Probe, Inc.*, Case No. 4:10-cv-3095-PJH, 2012 U.S. Dist. LEXIS 62233, at *26 (N.D. Cal. May 3, 2012) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001)).

[42] *See* Docket No. 549 at 5, 7.

[43] *See id.* at 9, 15.

[44] *See, e.g.*, *Formfactor*, 2012 U.S. Dis. LEXIS 62233, at *5.

8
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART DEFENDANTS' MOTION FOR SANCTIONS

Avago also says it had no obligation to produce documents IPtronics did not request at the deposition or to update its trade secret disclosures.[45] Avago may be right that it is not required to provide documents not requested at the deposition,[46] and that it reached out to IPtronics first to provide those documents afterward.[47] But requested documents are missing still.[48] Avago also may be right that the Ninth Circuit has not clarified whether Cal. Code Civ. P. § 2019.210 applies in federal court with regard to amendments to trade secret disclosures.[49] But no defendant should have to litigate against a moving target because a plaintiff does not know what its own trade secrets are.[50] Finally, Avago argues its withholding of confidential information was in good faith.[51] But the only information the court sealed in the operative complaint was Avago's, and there is no reason Avago should not show its designated 30(b)(6) witness its own confidential information.[52]

---

[45] *See* Docket No. 549 at 9-10.

[46] *See* Fed R. Civ. P. 30(b)(2).

[47] *See* Docket No. 542-2, Ex. B.

[48] *See* Docket No. 542-2, Ex. A at 82:16-83:22, 141:16-142:7.

[49] *See, e.g.*, *Mattel, Inc. v. MGA Entertainment, Inc.*, 782 F. Supp. 2d 911 (C.D. Cal. 2010); *Farhang Indian Inst. Of Tech. v. Kharagpur*, 2010 U.S. Dist. LEXIS 53975 (N.D. Cal. June 1, 2010); *So. Cal. Ins. of Law v. TCS Educ. Sys.*, 2011 U.S. Dist. LEXIS 39827 (C.D. Cal. Apr. 5, 2011); *compare, e.g.*, *Hilderman v. Enea Teksci, Inc.*, 2010 U.S. Dist. LEXIS 1527 (S.D. Cal. Jan. 8, 2010); *Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.*, 2007 U.S. Dist. LEXIS 8870 (E.D. Cal. Jan. 29, 2007); *Proven Methods Seminars, LLC v. Am. Grants & Affordable Hous. Inst.*, 2008 U.S. Dist. LEXIS 10714 (E.D. Cal. Jan. 31, 2008).

[50] *See, e.g., Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 833-34 (2005) (holding that one of the purpose of the CCP §2019.210 disclosure is that "it enables defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation"); *Perlan Therapeutics, Inc. v. Superior Court*, 178 Cal. App. 4th 1333, 1350 (2009) ("If [a party] does not know what its own trade secrets are, it has no basis for suggesting defendants misappropriated them. Nor is [a party] entitled to hide its trade secrets in 'plain sight' by including surplusage and voluminous attachments in its trade secret statement.").

[51] *See* Docket No. 549 at 12.

[52] *See* Docket No. 77; Docket No. 542 at 6, 16; Docket No. 403.

9
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART DEFENDANTS' MOTION FOR SANCTIONS

In sum, IPtronics is plainly owed its fees and costs. Where there is no substantial justification or injustice and the moving party met and conferred in advance, the court must award IPtronics its expenses and fees under Fed. R. Civ. P. 37(b)(2)(C).[53] Rule 37's justification and injustice exceptions do not apply and IPtronics' attempts to meet and confer on this matter were sufficient.[54] Avago therefore shall pay IPtronics its attorney's fees and costs incurred in connection with (i) IPtronics' motion to compel and shorten time; (ii) IPtronics' opposition to Avago's motion to continue the hearing on the motion to compel; (iii) Hall's deposition and (iv) its motion for sanctions. The following fees and costs are reasonable:

| | |
|---|---|
| Attorney's fees incurred in connection with IPtronics' motion to compel deposition on previously agreed-upon date of March 10, 2015, and related motion to shorten time | $17,243.60 |
| Attorney's fees incurred in opposing Avago's motion to continue the March 12, 2015 hearing | $1,034.80 |
| Attorney's fees incurred in taking the March 17, 2015 deposition, reduced by 30% to reflect testimony Hall was able to provide | $3,523.52 |
| Costs incurred for the March 17, 2015 deposition, reduced by 30% to reflect testimony Hall was able to provide | $3,842.83 |
| Attorney's fees incurred in connection with this motion for sanctions | $9,076.40 |
| | **Total: $34,721.15**[55] |

---

[53] *See, e.g.*, *id.* at \*\*26-7 (citing Fed. R. Civ. P. 37(a)(5)(A)). Sanctions under Rule 37(d)(1)(A)(i) also are appropriate. The failure to produce an adequately prepared witness pursuant to Rule 30(b)(6) is tantamount to a failure to appear. *See JSR Micro*, 2010 U.S. Dist. LEXIS 56000, at \*7 (awarding sanctions for unprepared 30(b)(6) witness); *Black Horse Lane Assocs., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000) (affirming monetary sanctions because "if a Rule 30(b)(6) witness is unable to give useful information, he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it"); *Resolution Trust Corp. v. S. Union Co.*, 985 F.2d 196, 197,198 (5th Cir. 1993) (same); *Great Am. Ins. Co. of N. Y.*, 251 F.R.D. at 543 (same).

[54] *See* Docket No. 567. While IPtronics never succeeded in speaking with Avago, in person or by phone, it tried. The record is clear that, despite having 11 attorneys listed as counsel on the docket, not one made herself available to engage until March 31.

[55] IPtronics requests leave to file a supplemental declaration setting forth with the necessary particularity attorneys' fees for reviewing Avago's opposing papers, preparing their reply and preparing for and attending the hearing on their motion for sanctions. The court GRANTS IPtronics this leave. IPTronics' supplemental declaration shall be filed, along with a proposed order, no later than June 1.

As for additional sanctions, IPtronics seeks to preclude Avago from presenting any evidence or argument on any matter not disclosed or on which Hall could not be examined at the March 17, 2015 deposition.[56] IPtronics may be right that Avago's failure was not justified, harmless or in good faith.[57] But preclusive sanctions are not "just" in this case,[58] especially with time left on the discovery clock for Avago to correct the problems it created. No later than June 1, Avago shall make available for seven hours one or more 30(b)(6) witnesses adequately prepared on the noticed topics and produce any outstanding documents at least three days before the deposition.[59]

## IV.

IPtronics' motion for sanctions is GRANTED-IN-PART.

**SO ORDERED.**

Dated: May 19, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[56] *See* Docket No. 542 at 14.

[57] *Cf. FormFactor*, 2012 U.S. Dist. LEXIS 62233, at **10-15 (imposing preclusion sanctions for failure toproduce an adequate Rule 30(b)(6) witness on alleged trade secrets).

[58] *Cf. Guifi Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 393 (N.D. Cal. 2012).

[59] *Cf. E.E.O.C. v. Unit Drilling Co.*, 2014 U.S. Dist. LEXIS 97122, at *4 (N.D. Okla. July 17, 2014) ("Where, as here, a party fails to produce an adequately prepared Rule 30(b)(6) witness, the party is required to produce an additional designee with adequate knowledge."); *accord Gold*, 2014 U.S. Dist. LEXIS 93461, at *12.