UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES FIBER IP (SINGAPORE) PTE. LTD., et al., <br><br> Plaintiffs, <br><br> v. <br><br> IPTRONICS INC., et al., <br><br> Defendants. | Case No.  5:10-cv-02863-EJD <br><br> **ORDER DENYING MOTION FOR RELIEF FROM THE CASE SCHEDULE** <br><br> Re: Dkt. No. 520 |

## I.    INTRODUCTION

Plaintiff Avago Technologies Fiber IP (Singapore) Pte. Ltd. initiated this case on July 29, 2010, asserting that then-defendants IPtronics Inc. and IPtronics A/S infringed two of its patents. See Docket Item No. 1.  The parties then engaged in claim construction briefing and on September 4, 2012, the court issued an order construing the identified disputed terms from both patents.  See Docket item No. 258.  Although nearly three years have passed since the claim construction ruling, not much has changed.  The same patents are still in-suit.

There have been some changes on the business end, however.  As often occurs in the industry, IPtronics A/S was purchased by Mellanox Technologies, Ltd. ("MTL"), its name was changed to Mellanox Technologies Denmark ApS, and its affairs were wound up.  Plaintiffs were permitted to file a Fourth Amended Complaint to account for this change.  See Docket Item No. 453.  They were also permitted to join as defendants the corporate relations of the company formerly known as IPtronics A/S, MTL and Mellanox Technologies, Inc. ("MTI").

Defendants sought to have the claims reconstrued as a result of their entrance into the case. The court disagreed such proceedings were appropriate, explaining that "the Mellanox defendants

United States District Court
Northern District of California

United States District Court
Northern District of California

1   will not be considered new parties, but rather have entered this action in place of IPtronics and

2   take over the defense where IPtronics left off."  See Docket Item No. 517.  A case management

3   order was issued without deadlines related to claim construction.

4           Unsatisfied with the court's explanation, Defendants filed the present motion which they

5   style as one seeking relief from the case schedule.  See Docket Item No. 520.  Plaintiffs oppose the

6   motion.  Having carefully reviewed the arguments, the court is no more persuaded by Defendants'

7   position now than it was previously.  The time for claim construction has long since passed, and

8   Defendants have provided no good reason to revisit it.  Accordingly, this motion will be denied for

9   the reasons articulated below.

10  **II.    DISCUSSION**

11          Despite how Defendants have chosen to arrange this motion, this is essentially a motion

12  seeking reconsideration of decisions the court has already made.  Indeed, after reviewing a

13  proposed stipulation submitted on January 22, 2015, which contemplated an additional round of

14  claim construction, the court declined to enter the parties' proposed case schedule and instead

15  ordered them "to file an updated Joint Case Management Conference Statement on or before

16  January 29, 2015, which explains, inter alia, why additional claim construction proceedings should

17  occur in this action."  See Docket Item No. 509.  The parties did so, and Defendants presented

18  many of the same arguments in support of their position they now repeat in the instant motion.

19  The court considered Defendants' arguments, found them uncompelling in light of its intimate

20  experience with this action, and determined that further claim construction proceedings were

21  unwarranted.

22          In addition, and although this is not entirely clear, it is worth noting that what Defendants

23  appear to seek here is not the construction of newly-asserted claims or additional claim terms

24  unique to them.  Instead, what Defendants seem to want is a claim construction do-over.

25          The court, however, does not modify orders based on arguments already presented and

26  rejected, nor does it arbitrarily erase work already done and reengage lengthy, time-consuming

27  and expensive proceedings simply because a party asks for it.  If that was how it worked, litigation

28  

2

Case No.: 5:10-cv-02863-EJD
ORDER DENYING MOTION FOR RELIEF FROM THE CASE SCHEDULE

United States District Court
Northern District of California

1    would never conclude.  Instead, Civil Local Rule 7-9 requires a party seeking leave to file a

2    motion for reconsideration to make a specified showing: (1) "[t]hat at the time of the motion for

3    leave, a material difference in fact or law exists from that which was presented," (2) "[t]he

4    emergence of new material facts or a change of law occurring after the time of such order; or (3)

5    "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which

6    were presented to the Court before such interlocutory order."

7            Construing this motion as it should be construed under Rule 7-9, Defendants have failed to

8    justify the need for any sort of relief.  They cite no material differences in fact or law, new or

9    otherwise, that have occurred since the court denied Defendant's request for more claim

10   construction.

11           Nor have Defendants demonstrated some failure to consider material facts or dispositive

12   legal arguments.  In this motion, Defendants argue that due process and fairness should entitle

13   them to bypass a significant ruling entered after extensive efforts by all involved.   But Defendants

14   already raised this issue in response to the court's request to explain why further claim

15   construction was necessary.  There, Defendants indicated at the outset that "[t]he claim

16   construction proceedings are required to allow Mellanox, who has not had an opportunity to

17   present its claim construction issues to the Court, to present any claim constructions issues it may

18   have in accordance with the Local Rules."  See Docket Item No. 513.  The court read that

19   contention, as it has again in examining this motion, and considered whether or not MTL and MTI

20   would be denied process if it could not present "its claim construction issues," whatever those may

21   be.  The court determined that no such denial would occur because it was not, and still has not,

22   been shown that the interests of MTL and MTI are different from, in conflict with, or adversarial

23   to those of the former IPtronics A/S.  In fact, the opposite seems to be true.  It is admitted that

24   Defendants are related companies, given that MTL acquired IPtronics A/S and changed its name

25   to Mellanox Technologies Denmark ApS, and since each defendant is represented by the same

26   attorneys in this action, the likelihood of disparate interests between them is negligible, if not

27   altogether impossible.  The fact they are separate legal entities is of no moment under these

28
Case No.: 5:10-cv-02863-EJD
ORDER DENYING MOTION FOR RELIEF FROM THE CASE SCHEDULE

1   circumstances.

2       The court has reviewed Defendants' legal citations but finds then unpersuasive.  None

3   address the situation presented here: whether claim construction must be redone when one

4   company acquires another in the midst of patent litigation.  In contrast, they each address whether

5   a defendant is entitled to de novo construction of claim terms previously construed in separate

6   litigation against an unrelated defendant.  See Tex. Instruments, Inc. v. Linear Techs. Corp., 182

7   F. Supp. 2d 580 (E.D. Tex. 2002) (holding that constructions issued by one court within litigation

8   against Hyundai Electronics Industries Company do not preclude the construction of those same

9   terms in later litigation against Linear Technologies Corporation); see also Nilssen v. Motorola,

10  Inc., 80 F. Supp. 2d 921 (N.D. Ill. 2000) (stating, in a footnote, that independent construction of

11  claim terms would occur even though another judge had construed the same terms in an action

12  against another defendant).  They also support this court's opinion that only later-sued defendants

13  with "competing interests and strategies" are entitled to an individualized claim construction

14  hearing.  See, e.g., WiAV Networks LLC v. 3COM Corp., No. C 10-03448 WHA, 2010 WL

15  3895047, at *2, 2010 U.S. Dist. LEXIS 110957 (N.D. Cal. Oct. 1, 2010).

16      There is rarely a complete "win" in litigation, and the disappointed side of the case cannot

17  sidestep a ruling just because it is not enamored with it.  Yet that is exactly what Defendants have

18  tried to do here.  Defendants may not like the claim construction order, but that is the order that

19  was entered in this case.  In the end, no violation of due process or general fairness can be

20  sustained due to the alliance of interests between MTL, MTI and the company that was IPtronics

21  A/S.  There is no reason to conclude otherwise based on this record.

22  **III.    ORDER**

23      The Motion for Relief from the Case Schedule (Docket Item No. 520) is DENIED.

24      **IT IS SO ORDERED.**

25  Dated:  June 4, 2015

26  _____

27  EDWARD J. DAVILA
    United States District Judge

28

Case No.: 5:10-cv-02863-EJD
ORDER DENYING MOTION FOR RELIEF FROM THE CASE SCHEDULE

United States District Court
Northern District of California