Shawn E. McDonald (State Bar No. 237580)
Adrienne Hunacek Miller (State Bar No. 274660)
**FOLEY & LARDNER LLP**
EMAIL: SEMCDONALD@FOLEY.COM
EMAIL: AMILLER@FOLEY.COM
975 Page Mill Road
Palo Alto, CA  94304-1013
Telephone: (650) 856-3700
Facsimile:  (650) 856-3710

Nancy L. Stagg (State Bar No. 157034)
Ary Chang (State Bar No. 244247)
**FOLEY & LARDNER LLP**
EMAIL: NSTAGG@FOLEY.COM
EMAIL: ACHANG@FOLEY.COM
3579 Valley Centre Drive, Suite 300
San Diego, CA  92130
Telephone: (858) 847-6700
Facsimile:  (858) 792-6773

John C. Vetter (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
EMAIL: JVETTER@FOLEY.COM
Two South Biscayne Boulevard, Suite 1900
Miami, FL  33131
Telephone: (305) 382-8424
Facsimile:  (305) 482-8600

Richard S. Florsheim (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
EMAIL: RFLORSHEIM@FOLEY.COM
777 E Wisconsin Avenue
Milwaukee, WI  53202-5306
Telephone: (414) 271-2400
Facsimile:  (414) 297-4900

Attorneys for Plaintiffs
AVAGO TECHNOLOGIES U.S. INC.,
AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD.,
AVAGO TECHNOLOGIES TRADING LTD., AND
AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| AVAGO TECHNOLOGIES U.S. INC., AVAGO TECHNOLOGIES GENERAL IP (SINGAPORE) PTE. LTD., AVAGO TECHNOLOGIES TRADING LTD., AND AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>IPTRONICS INC., MELLANOX TECHNOLOGIES DENMARK APS, MELLANOX TECHNOLOGIES, LTD., AND MELLANOX TECHNOLOGIES, INC,<br><br>                    Defendants. | Case No.:  5:10-CV-02863-EJD (PSG)<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE UNDER THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**<br><br>Honorable Paul S. Grewal<br><br>[**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**] |

1. **Sender**

   The Honorable Paul S. Grewal
   United States Magistrate Judge
   United States District Court for the Northern District of California
   San Jose Division
   280 South 1st Street
   San Jose, CA 95113
   United States of America

2. **Central Authority of the Requested State**

   Ministère de la Justice
   13 Place Vendôme
   75042 Paris Cedex 01
   FRANCE

3. **Person to Whom the Executed Request Is to Be Returned**

   The Honorable Paul S. Grewal
   United States Magistrate Judge
   United States District Court for the Northern District of California
   San Jose Division
   280 South 1st Street
   San Jose, CA 95113
   United States of America

4. **Specification of the Date by Which the Requesting Authority Requires Receipt of the Response to the Letter Request**

   By August 1, 2015, or as soon as reasonably practicable.  Fact discovery is currently

   scheduled to end August 21, 2015.

**IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

5.   a.  **Requesting Judicial Authority (Art. 3(a))**

United States District Court for the Northern District of California
San Jose Division
280 South 1st Street
San Jose, CA 95113
United States of America

b.   **To the Competent Authority of (Art. 3(a))**

French Ministry of Justice

c.   **Name of the Case and Any Identifying Number**

*Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics, Inc. and IPtronics A/S*; Case Number 5:10-CV-02863 EJD (PSG), United States District Court for the Northern District of California.

6.   **Name and Addresses of the Parties and Their Representatives (Art. 3(b))**

a.   **Plaintiffs**

Avago Technologies U.S. Inc.
350 West Trimble Road, Building 90
San Jose CA 95131
USA
Telephone: (408) 435-7400

Avago Technologies General IP (Singapore) PTE. LTD.
1 Yishun Avenue 7
Singapore, 768923
Singapore
Telephone: 65-6755-7888

Avago Technologies Trading LTD.
4th Floor, IBL House
Caudan
Port Louis
Mauritius

Avago Technologies International Sales PTE. LTD.
1 Yishun Avenue 7
Singapore, 768923
Singapore
Telephone: 65-6755-7888

*Counsel for the Plaintiff*

Shawn E. McDonald
Adrienne Hunacek Miller
Foley & Lardner LLP
975 Page Mill Road
Palo Alto, CA  94304-1013
Telephone: (650) 856-3700
Facsimile:  (650) 856-3710
E-mail: SEMcDonald@Foley.com
E-mail: AMiller@Foley.com

b. **Defendants**

IPtronics, Inc
1370 Willow Road
2nd Floor
Menlo Park, California 94025
Telephone: 650-681-9653

Mellanox Technologies Denmark ApS
Ledreborg Allé 130B
DK-4000 Roskilde
Denmark
Telephone: +45 4632 8434

Mellanox Technologies, Ltd.
Hakidma 26
Ofer Industrial Park
Yokneam, Israel
Zip code 2069200
Telephone: +972-74-723-7200

Mellanox Technologies, Inc.
350 Oakmead Parkway, Suite 100
Sunnyvale, California 94085
Tel: (408) 970-3400

*Counsel for the Defendants*

Ryan W. Koppelman
Xavier Brandwajn
Timothy Watson
Alston & Bird LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
Email: ryan.koppelman@alston.com
Email: xavier.brandwajn@alston.com
Email: tim.watson@alston.com

Frank G. Smith, III
Randall L. Allen
B. Parker Miller
Alston & Bird LLP
1201 W Peachtree St.
Atlanta, GA 30309
Email: frank.smith@alston.com
Email: parker.miller@alston.com
Email: randall.allen@alston.com

Thomas Davison
Alston & Bird LLP
950 F Street, NW
Washington, DC 20004-1404
Email: tom.davison@alston.com

Mike Connor
Alston & Bird LLP
Bank of America Plaza
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280
Email: mike.connor@alston.com

7.   a.       **Nature of the Proceedings (Art. 3(c))**

This is a civil action with claims arising in part under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and, in particular, 35 U.S.C. § 271; under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1141 (the "Lanham Act"), and in particular 15 U.S.C. § 1125 (§ 43(a) of the Lanham Act); and under the State of California's Uniform Trade Secrets Act §§3426 *et seq.*

b.       **Summary of the Complaint (Art. 3(c))**

On June 29, 2010, Avago Technologies Fiber IP (Singapore) Pte. Ltd. ("Avago Fiber IP")

filed a Complaint against IPtronics, Inc. and IPtronics A/S (collectively, "IPtronics").

On September 18, 2012, Avago Fiber IP filed its Second Amended and Supplemental ("SASC") complaint to join Avago Technologies U.S. Inc. ("Avago US"), Avago Technologies General IP ("Avago General IP"), Avago Technologies International Sales Pte. Ltd. ("Avago Sales"), and Avago Technologies Trading Ltd. ("Avago Trading") (collectively, "Avago Licensees"), which have exclusive rights in the patents-in-suit to this action. The SASC included the original allegations that IPtronics (i) contributorily infringed and actively induced infringement of one or more claims of United States Patent No. 5,359,447, which Avago Fiber IP owned at the time, and (ii) directly infringed and actively induced infringement of one or more claims of United States Patent No. 6,947,456, which Avago Fiber IP owned at the time. The SASC also added factual allegations and related claims against IPtronics for violations of 15 U.S.C. § 1125 (§ 43(a) of the Lanham Act), misappropriation of trade secrets under the State of California's Uniform Trade Secrets Act §§ 3426 *et seq.*, and unlawful, unfair, or fraudulent business act or practices under California Business & Professional Code § 17200.

Effective October 29, 2012, Avago Fiber IP transferred ownership of the patents-in-suit to co-Plaintiff Avago General IP, and Avago Fiber IP ceased to exist.

On July 1, 2013, Mellanox Technologies Ltd. acquired defendant IPtronics A/S, now known as Mellanox Technologies Denmark ApS, which became a wholly owned subsidiary of Mellanox Technologies Ltd.

On December 10, 2014, the Court granted Plaintiffs' Motion for Leave to file a Fourth Amended and Supplemental Complaint, which added Mellanox Technologies, Ltd. and its United States subsidiary, Mellanox Technologies, Inc., as Defendants, and reflected the transfer of ownership of the asserted patents from Avago Fiber IP to Avago General IP.

    c.    **Summary of Defense (Art. 3(c))**

IPtronics has denied Avago's allegations and asserted counterclaims against Avago, including declaratory judgments of non-infringement and invalidity of Avago's patents, breach of contract, fraudulent misrepresentation, and other business tort claims.

**8.**    **a.**    **Evidence to Be Obtained (Art. 3(d))**

The evidence to be obtained is for use at trial in the action of *Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics, Inc. and IPtronics A/S*; Case Number 5:10-CV-02863 EJD (PSG), United States District Court for the Northern District of California, and includes (i) oral testimony from persons designated by at STMicroelectronics ("ST") in France (*see* paragraph 9, *infra*.), and (ii) documents from ST, 850 Rue Jean Monnet, 38920 Crolles, France, Telephone: +33 4 76 92 60 00. Schedule A, attached as Exhibit 1 hereto, sets forth a list of topics for examination and the documents sought. As set forth in paragraph 9, *infra*, ST is to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf as to the topics specified in Schedule A. Upon information and belief, ST is the company who manufactures the IPtronics products that are accused in this action ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. As Schedule A reflects, the evidence sought is limited, and relates to the design and fabrication of these accused products manufactured by ST, as well as communications between IPtronics and ST about the accused products and any testing, simulation or modeling of the accused IPtronics products done by ST. In addition, Schedule A also seeks information on the quantity of vertical-cavity, surface emitting laser ("VCSEL") drivers and transimpedance limiting amplifiers ("TIAs") made by ST for IPtronics and price paid by IPtronics to ST for these products. This additional information will be used to help determine the measure of damages to Avago for IPtronics' infringement.

    b.  **Purpose of the Evidence to Be Obtained (Art. 3(d))**

In general terms, the '456 Patent pertains to laser driver circuits and optical transmitters containing them, that are used to control arrays of VCSELs for high-speed optical data transmission. More specifically, they may be used to "drive" VCSELs in a VCSEL array with respective drive waveforms that represent the incoming data stream. The asserted claims of the '456 patent include "negative peaking" of the electrical signal, which refers to a transient present in the drive waveform during, and sometimes after, the transition from a "high" or "logic 1" level of the electrical drive waveform down to the "low" or "logic 0" of the waveform. An electronic model of the electrical properties of a VCSEL is useful for modeling the behavior of the electrical circuit in which the VCSEL operates. The evidence sought from ST relating to the design and fabrication of the accused

IPtronics products, including the process design kit used in the fabrication of each accused product, will be useful for modeling the electrical behavior of these accused products as a part of the proof that such products infringe the '456 Patent.  Similarly, evidence sought from ST relating to communications with IPtronics about the accused products and simulation or modeling of the IPtronics accused products by ST will also be useful for modeling the electrical behavior of these accused products and analyzing the results.  A true and correct copy of the '456 Patent, which includes a more detailed description of the invention covered, is attached hereto as <u>Exhibit 2</u>.  The '447 Patent is directed to optical communications networks having a VCSEL.  The VCSEL drivers made by ST for IPtronics provides current to each VCSEL in the claimed network.  The TIAs made by ST are located in the receivers of the claimed network and enables data sent optically through an optical medium to be recovered.  A true and correct copy of the '4447 Patent, which includes a more detailed description of the invention covered, is attached hereto as <u>Exhibit 3</u>.  Avago's complaint avers false advertising by IPtronics regarding the power consumption of the products made by ST, sold to IPtronics, and subsequently sold by IPtronics.  Financial information on the quantity of accused products manufactured by ST and sold to IPtronics is relevant to the determination of IPtronics profits, which is a measure of damages available to Avago for its false advertising claims.  This financial information is also relevant to Avago's patent damages claims.

**9. Identity of Persons to be Examined (Art. 3(e))**

STMicroelectronics shall designate one or more individuals who consent to testify on its behalf as to all information known or reasonably available to STMicroelectronics regarding the topics for examination set forth in <u>Schedule A</u>, attached hereto, including, but not limited to: (1) the design and fabrication of the accused IPtronics VCSEL drivers manufactured by STMicroelectronics; (2) testing, simulation, modeling, evaluation or analysis done by STMicroelectronics of any accused IPtronics VCSEL driver or component thereof; (3) communications between IPtronics and STMicroelectronics relating to any accused IPtronics VCSEL driver or component thereof; (4) information related to any process design kit used by STMicroelectronics in the fabrication of each and every IPtronics Accused VCSEL Driver; and, (5) the quantity of all accused IPtronics VCSEL drivers manufactured by STMicroelectronics and the

price paid for each. The individual witness or witnesses designated by STMicroelectronics shall have direct knowledge of the facts on which testimony is sought, or knowledge obtained through inquiry of those having direct knowledge and of related documents.

10. **Questions to be Put to the Persons to be Examined or Statement of the Subject-Matter About Which They are to be Examined (Art. 3(f))**

A list of topics for examination of the witness(es) is set forth on <u>Schedule A</u>, attached hereto.

11. **Documents or Other Property to be Inspected (Art. 3(g))**

The documents to be inspected are set forth on <u>Schedule A</u>, attached hereto.

The documents are to be produced by:

STMicroelectronics
850 Rue Jean Monnet
38920 Crolles, France
Telephone: +33 4 76 92 60 00.

12. **Requirement That the Evidence be Given on Oath or Affirmation (Art. 3(h))**

The witnesses should be examined under oath or affirmation.

13. **Special Methods or Procedures to be Followed (Art. 3(i) and 9)**

This Letter Request includes the following requests:

- That the witnesses be examined orally by attorneys for the Plaintiff, and, if the Defendants so choose, by attorneys for the Defendants;

- That attorneys for the Plaintiff, and, if the Defendants so choose, attorneys for the Defendants be permitted to ask the witnesses additional questions that are related to those questions on the topics set forth in <u>Schedule A</u>;

- That an authorized English language shorthand writer/court reporter be present at the examination who shall record the oral testimony verbatim and prepare a transcript of the evidence;

- That an authorized French language shorthand writer/court reporter be present at the examination who shall record the oral testimony verbatim and prepare a transcript of the evidence;

- That an authorized interpreter be present at the examination who shall translate the questions and oral testimony between French and English;

- That the examination take place at (1) the offices of Herbert Smith Freehills Paris, (2) a location as may be agreed upon between the witnesses and counsel for the parties, or (3) at a time and place set by the local court in France.

- That the examinations take place at dates and times as may be agreed upon between the witnesses and counsel for the parties;

- That, to the extent that multiple hearing dates are necessary to complete all the topics identified in Schedule A, the hearings are scheduled on consecutive days or as close to each other as reasonably practicable;

- That responsive documents be produced for inspection at (1) the offices of Herbert Smith Freehills Paris or (2) a location as may be agreed upon between ST and counsel for the parties; and

- That all evidence be obtained in a manner compliant with the Stipulated Protective Order, attached as Exhibit 4 and entered by the Honorable Paul S. Grewal on May 2, 2011 in the action of *Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics, Inc. and IPtronics A/S*; Case Number 5:10-CV-02863 EJD (PSG), United States District Court for the Northern District of California.

In the event the evidence cannot be taken in the manner or location requested, it is to be taken in such a manner or location as provided by local law.

  **14. Request for Notification of the Time and Place for the Execution of the Request and Identity and Address of Any Person to be Notified (Art. 7)**

Please notify the following counsel regarding the time and place for the execution of the Letter of Request:

 Shawn E. McDonald
 Adrienne Hunacek Miller
 Foley & Lardner LLP
 975 Page Mill Road
 Palo Alto, CA  94304-1013
 Telephone: (650) 856-3700
 Facsimile:  (650) 856-3710
 E-mail: SEMcDonald@Foley.com
 E-mail: AMiller@Foley.com

Alexandra Neri
Herbert Smith Freehills Paris LLP
66, avenue Marceau
75008 Paris
France
Telephone: +33 1 53 57 70 70
Facsimile: +33 1 53 57 70 80
E-mail: Alexandra.Neri@hsf.com

Ryan W. Koppelman
Xavier Brandwajn
Timothy Watson
Alston & Bird LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303
Email: ryan.koppelman@alston.com
Email: xavier.brandwajn@alston.com
Email: tim.watson@alston.com

Frank G. Smith, III
Randall L. Allen
B. Parker Miller
Alston & Bird LLP
1201 W Peachtree St.
Atlanta, GA 30309
Email: frank.smith@alston.com
Email: parker.miller@alston.com
Email: randall.allen@alston.com

Thomas Davison
Alston & Bird LLP
950 F Street, NW
Washington, DC 20004-1404
Email: tom.davison@alston.com

Mike Connor
Alston & Bird LLP
Bank of America Plaza
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280
Email: mike.connor@alston.com

**15. Request for Attendance of Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter Request (Art. 8)**

No attendance of judicial personnel is requested.

16. **Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin (Art. 11(b))**

The privilege or duty of the witnesses to refuse to give evidence shall be the same as if they were testifying under the applicable provisions of the Federal Rules of Civil Procedure, including if giving such evidence would (1) subject them to a real and appreciable danger of criminal liability in the United States, or (2) disclose a confidential and privileged communication between them and their respective attorneys.

17. **Counsel, to the Extent Necessary, to Take Evidence as Commissioners (Art. 17)**

In Section 13 of this Letter Request, it has been requested, under Articles 3(i) and 9, that the witnesses be examined orally by attorneys for the Plaintiff, and, if the Defendants so choose, by attorneys for the Defendants.  To the extent this request is deemed incompatible with local law or is otherwise not granted, it is requested, in the alternative, that attorneys for the Plaintiff, and, if the Defendants so choose, attorneys for the Defendants be permitted to examine the witnesses as commissioners under Article 17.

18. **Fees and Costs (Art. 14 and 26)**

Fees and costs incurred which are reimbursable under the Hague Convention shall be borne by Foley & Lardner LLP, 975 Page Mill Road, Palo Alto, California 94304.

Date of Request:　　　　　　　　　July 21, 2015

Signature and Seal of
Requesting Authority　　　　　　*[signature]*
　　　　　　　　　　　　　　　　Honorable Paul S. Grewal