**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES, INC., et al., | Case No. 5:10-cv-02863-EJD |
| Plaintiffs, | **ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING MOTION TO COMPEL** |
| v. | |
| IPTRONICS INC., et al., | |
| Defendants. | |
| | **(Re: Docket Nos. 564, 584, 597)** |

Not happy with the latest infringement contentions served by Plaintiffs Avago Technologies Inc., et al. on March 5, Defendant IPtronics Inc., et al. moves to strike. IPtronics takes particular issue with Avago for not showing how uncharted products are represented by charted products, for failing to explain and specify indirect infringement and for not showing how some products practice a single element of an asserted claim. Avago disputes IPtronics' assertions, but moves to amend its contentions to address at least some of IPtronics' concerns. Avago also moves to compel IPtronics to produce next-generation evaluation kits related to its latest contentions. After considering the parties' arguments, the court GRANTS-IN-PART IPtronics'

1
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT
CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING
MOTION TO COMPEL

motion to strike, GRANTS Avago's motion for leave to amend and GRANTS Avago's motion to compel.

**I.**

Under Patent L.R. 3-1, a party asserting patent infringement must provide "[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality."[1] A party asserting indirect infringement must identify, for each claim, any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or induce the direct infringement.[2] Both direct and indirect infringement contentions must be sufficiently specific to "provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'"[3] The purpose of the rules is to "'provide structure to discovery and enable the parties to move efficiently toward claim construction and the eventual

---

[1] Patent L.R. 3-1(c) ("A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function").

[2] *See* Patent L.R. 3-1(d) ("For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.").

[3] *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. Dec. 20, 2010) (quoting *View Eng'g., Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)) (Parties must "crystallize their theories of the case early in litigation and . . . adhere to those theories once they have been disclosed.") (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006)); *see also Logic Devices, Inc. v. Apple, Inc.*, Case No. 13-cv-02943-WHA, 2014 WL 491605 at *3 (N.D. Cal. Feb. 4, 2014); *France Telecom, S.A. v. Marvell Semiconductor, Inc.*, Case No. 12-cv-04967-WHA, 2013 WL 1878912 at *1 (N.D. Cal. May 3, 2013).

2
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING MOTION TO COMPEL

resolution of their dispute.'"[4] The rules do not "'require the disclosure of specific evidence[,] nor do they require a plaintiff to prove its infringement case.'"[5]

"Striking a patentee's infringement contentions is a severe sanction that should be used sparingly and only for good cause."[6] Accordingly, "[w]here appropriate, the [c]ourt will treat a motion to strike as a motion to compel amendment."[7] Under Patent L.R. 3-6, an "[a]mendment of the Infringement Contentions . . . may be made only by order of the Court upon a timely showing of good cause."[8] The court must consider first whether the moving party was diligent in amending its contentions and second whether allowing such amendment would prejudice the non-moving party.[9] "In considering the party's diligence, the critical question is whether the party 'could have

---

[4] *DCG Sys. v. Checkpoint Techs., LLC*, Case No. 5:11-cv-03792-PSG, 2012 WL 1309161, at *2 (N.D. Cal. April 16, 2012) (quoting *O2 Micro Int'l Ltd.*, 467 F.3d at 1366 n.12).

[5] *Id.* (quoting *Whipstock Service, Inc. v. Schlumberger Oilfield Services*, Case No. 6:09-cv-113-JDL, 2010 WL 143720, at *1 (E.D. Tex. Jan. 8, 2010)). The burden of satisfying the court is on the party asserting the infringement contention. *See Silicon Labs., Inc. v. Cresta Tech. Corp.*, Case No. 5:14-cv-03227-PSG, 2015 WL 846679, at *3 (N.D. Cal. Nov. 10, 2004); *Network Prot. Sciences, LLC v. Fortinet, Inc.*, Case No. 12-cv-01106-WHA, 2013 WL 5402089, at *3 (N.D. Cal. Sept. 26, 2013); *Bluestone Innovations LLC v. Nichia Corp.*, Case No. 12-cv-00059-SI, 2013 WL 8540910, at *1 (N.D. Cal. Sept. 25, 2013).

[6] *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2015 WL 1517920, at *11 (N.D. Cal. Apr. 2, 2015); *see, e.g., Bender v. Advanced Micro Devices, Inc.*, Case No. 09-cv-1149-EMC, 2010 WL 363341, at *1-2 (N.D. Cal. Feb. 1, 2010) (denying defendant's motion to strike which would "impose the draconian sanction of striking the infringement contentions" but rather compelling plaintiff to amend the contentions); *DCG Sys.*, 2012 WL 1309161, at *2 (finding that dismissing a plaintiff's indirect infringement claim is unwarranted where the plaintiff's infringement contentions disclose information sufficient for defendant to determine the plaintiff's theories of infringement).

[7] *Finjan*, 2015 WL 1517920, at *12; s*ee also Blue Spike, LLC v. Adobe Sys., Inc.*, Case No. 14-cv-01647-YGR, 2015 WL 335842, at *4 (N.D. Cal. Jan. 26, 2015) ("Where appropriate, courts treat a motion to strike as a motion to compel amendment to include additional information infringement contentions"); *see also France Telecom*, 2013 2013 WL 1878912, at *2 (same); *FusionArc, Inc. v. Solidus Networks, Inc.*, Case No. 06-cv-6760-RMW, 2007 WL 1052900, *2 (N.D. Cal. Apr. 5, 2007) (same).

[8] *Id.*

[9] *See O2 Micro Int'l*, 467 F.3d at 1366-68.

3
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING MOTION TO COMPEL

discovered' the new information 'earlier had it acted with the requisite diligence.'"[10] "If the court finds that the moving party was not diligent in amending its infringement contentions, there is no need to consider the question of prejudice to the non-moving party, although a court in its discretion may elect to do so."[11]

Five years ago, Avago sued IPtronics, alleging infringement of United States Patent Nos. 5,359,447 and 6,947,456.[12] Roughly speaking, the patents cover an optical communication network and a laser driver, respectively.[13] A few months later, Avago served infringement contentions.[14] After IPtronics complained about the contentions and various discovery responses,[15] the court granted Avago leave to supplement its contentions,[16] which Avago did shortly thereafter.[17]

---

[10] *Id.* at *2 (quoting *Google Inc. v. Netlist, Inc.*, No. 4:08-cv-04144-SBA, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010)). The burden is on the moving party to show diligence. *Pharmaceutica Par Pharm., Inc. v. Takeda Pharm. Co.*, Case No. 13-cv-01927-LHK, 2014 WL 3704819, at *2 (N.D. Cal. July 23, 2014).

[11] *O2 Micro Int'l*, 467 F.3d at 1366-68; *ASUS Computer Int'l v. Round Rock Research, LLC*, Case No. 12-CV-02099-JST, 2014 WL 554561, at *2 (N.D. Cal. Feb. 7, 2014).

[12] *See* Docket No. 1. Avago's claims now also include false descriptions or representations contrary to the Lanham Act and misappropriation of some 40 separate Avago trade secrets. *See* Docket No. 453.

[13] *See* Docket No. 1 at ¶¶ 26, 44.

[14] *See* Docket No. 654-2.

[15] *See* Docket No. 233. IPtronics asserted that Avago's infringement contentions were insufficient for: (i) failing to provide claim charts for each accused instrumentality, (ii) failing to articulate its indirect infringement theory by not identifying the acts of third parties alleged to directly infringe, (iii) failing to properly articulate its doctrine of equivalents theory and (iv) failing to disclose how IPtronics' products practice the patented inventions. *See* Docket No. 233-1 at 8-13.

[16] *See* Docket No. 290 at 3.

[17] *See* Docket No. 564-3, Ex. 2.

But then, everything came to a halt. Pending the outcome of United States International Trade Commission Investigation 337-TA-860,[18] in which Avago asserted the '456 patent against IPtronics, the court stayed this case. During the ITC investigation, Avago served infringement contentions as to many of the same IPtronics and Defendant Mellanox Technologies, Inc. products accused in this case.[19]

Eventually, after the ITC issued its final determination, this case was reopened.[20] Avago filed a fourth amended complaint, joining the Mellanox defendants as direct infringers of both asserted patents.[21] Avago served second supplemental infringement contentions on March 5, 2015, the deadline for doing so set by the presiding judge.[22] These contentions include newly accused instrumentalities for both asserted patents, including Mellanox cables and IPtronics laser drivers, transimpedance, limiting amplifiers and evaluation boards.[23] IPtronics promptly sent Avago a

---

[18] *See* Docket No. 370.

[19] *See id.*; Docket No. 582-6 at ¶ 3. The parties have stipulated that information produced in the ITC Investigation is deemed to have been produced in this action. *See* Docket No. 517.

[20] *See* Docket No. 388.

[21] *See* Docket No. 453 at ¶¶ 156-57.

[22] *See* Docket No. 522; Docket Nos. 564-4, Ex. 3; 564-5, Ex.4; 564-6, Ex.5; 564-7, Ex. 6; 564-8, Ex. 7; 564-9, Ex. 8; 564-10, Ex. 9; 564-11, Ex. 10; and 564-12, Ex. 11.

[23] Specifically, the newly accused products at issue are the "4-channel IPVD25G4C laser driver, 4-channel IPVD28G4C laser driver, 4-channel IPTA28G4CPT TIA, 4-channel IPRVD28G4C laser driver, 8-channel IPRVD28G8C laser driver, 12-channel IPRVD28G12C laser driver, 4-channel IPRTA28G4C TIA, 8-channel IPRTA28G8C TIA, 12-channel IPRTAG12C TIA" and "products described generically by IPtronics' website as . . . IPxx25G4C 4-channel chip sets, IPxx28G4C 4-channel chip sets, IPRxx28G4C 4-channel chip sets, IPRxx28G8C 8-channel chip sets, and IPRxx28G12C 12-channel chip sets" for the '447 patent and "IPVD25G4C 4-channel laser driver, and IPVD28G4C 4-channel laser driver and laser drivers as described generically on IPtronics' website as . . . IPxx25G4C 4-channel and IPxx28G4C 4-channel" and "IPBVD25G4C, and IPBVD28G4C evaluation boards" for the '456 patent. *See* Docket No. 564-4, Ex. 3 at 2-4. For the '447 patent, Avago's March 5 contentions contain seven charts directed towards IPtronics products labeled IPxx3X4, IPxx12X12, IPxx10G2CS, IPxx16G4C, IPxx16G12C, IPxx12G4C and IPxx12G011. *See* Docket No. 364-5-12, Exs. 4-11. Similarly, for the '456 patent, Avago provided charts as to IPxx3X4, IPxx12X12, IPxx16G4C, IPxx16G12C, IPxx12G4C. Docket No. 364-13, Ex.

5
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING MOTION TO COMPEL

letter detailing the deficiencies it saw in Avago's contentions and requesting that Avago withdraw all portions not in compliance with the Patent Local Rules.[24] Avago responded with a letter providing more detail.[25] And without IPtronics' consent or the court's leave, Avago served additional claim charts in response to some of the deficiencies IPtronics raised for the newer "25 and 28 G" products.[26] The parties met and conferred and exchanged further emails. Avago offered to formally supplement its infringement contentions.[27] The parties stipulated to a 30-day extension of time for IPtronics to serve its invalidity contentions.[28] But the parties could not come to an agreement as to Avago's infringement contentions, leading to the present motions.

IPtronics now requests that the court strike the following from Avago's infringement contentions:

1) The contention that IPtronics directly infringes the '447 patent;

2) The contention that Mellanox MC2207310 and MC2210310 products literally infringe the '447 patent;

3) The following chip sets from the list of accused instrumentalities in this case: IPtronics' 4-channel IPVD25G4C laser driver, 4-channel IPVD28G4C laser driver, 4-channel IPTA28G4CPT TIA, 4-channel IPRVD28G4C laser driver, 8-channel IPRVD28G8C laser

---

12. Avago used this naming contention to encompass multiple IPtronics products within a single claim chart.

[24] *See* Docket No. 564-14, Ex. 13.

[25] *See* Docket No. 564-15, Ex. 14.

[26] *See* Docket No. 564-16, Ex. 15; Docket No. 564-15, Ex. 16; Docket No. 564-16, Ex. 17; Docket No. 581-1 at ¶¶ 4-5; Docket No. 581-10, Ex. A; Docket No. 581-12, Ex. B. The charts detail how IPtronics' IPxx25GxC, IPRxx25GxC, IPxx28GxC and IPRxx28GxC products allegedly infringe and provide more pin cites. *See also* Docket No. 581-14, Ex. C.

[27] *See* Docket No. 564-15 at 5.

[28] *See* Docket No. 550.

driver, 12-channel IPRVD28G12C laser driver, 4-channel IPRTA28G4C TIA, 8-channel IPRTA28G8C TIA, 12-channel IPRTAG12C TIA and "products described generically by IPtronics' website as . . . IPxx25G4C 4-channel chip sets, IPxx28G4C 4-channel chip sets, IPRxx28G4C 4-channel chip sets, IPRxx28G8C 8-channel chip sets, and IPRxx28G12C 12- channel";

4) The contention that IPtronics induced infringement of the '447 patent by (i) FCI, (ii) Tyco, and/or (iii) unspecified customers; and

5) IPtronics' TIAs and evaluation boards from the list of instrumentalities accused of infringing the '447 patent.

Avago disputes that its infringement contentions are insufficiently specific or charted, but alternatively asks that the court grant Avago leave to amend its infringement contentions[29] to include the clarifications that are laid out in its March 27, 2015 letter and the additional infringement claim charts provided to IPtronics on April 2, 2015.[30] Avago specifically seeks to supplement its contentions with regard to IPtronics' 25 and 28 G products, indirect infringement, TIAs, evaluation boards and pin cites.

## II.

The court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367(a). The matter was referred to the undersigned pursuant to Fed. R. Civ. P. 72(a).

---

[29] *See* Docket No. 581-4 at 1.

[30] Avago provides a redlined and clean copy of their proposed "Amended Second Supplemental Infringement Contentions." *See* Docket No. 584-1-584-15, Exs. 1-14.

7
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING MOTION TO COMPEL

In nearly every discovery dispute thus far, one party has argued the other failed to meet and confer properly.[31] This dispute is no exception. But here, the parties at least met and conferred as to the motion to strike and the topics covering the motion to amend, and they met regarding the motion to compel following the court's order.[32] The court is satisfied that the motions before it are proper.

Through their briefs, the parties have come to agree on a few points. Avago does not contend that (1) Mellanox products literally infringe the asserted claims of the '447 patent; (2) Tyco products incorporating the IPtronics accused products infringe the asserted claims of the '447 patent or (3) IPtronics directly infringes the '447 claims.[33] IPtronics does not oppose Avago's proposed amendments to clarify these three points; as such, these amendments are permitted.[34] As to what remains opposed, the court rules as follows.

### III.

Six broad issues continue to vex the parties: (1) IPtronics' 25 and 28 G products, (2) IPtronics' alleged indirect infringement, (3) IPtronics' TIAs, (4) IPtronics' evaluation boards and (5) Avago's pin cites.

---

[31] *See, e.g.,* Docket Nos. 567, 607; L.R. 37-1(a) ("The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues.").

[32] *See* Docket No. 607, 614.

[33] *See* Docket No. 564-18 at 1-2, 4; Docket No. 581-4 at 3; s*ee, e.g.*, Docket No. 564-4, Ex. 3 at 1:20-22, 3:8-10, 5:19-23, 12:19-20, 13:26-27.

[34] *See* Docket No. 601-4 at 1. In response to IPtronics' motion to strike Avago's contention of Mellanox's infringement of the '447 patent, Avago seeks to clarify that unless further discovery or investigations reveal otherwise, or reveal that Mellanox products have included other unlicensed VCSELs with apertures greater than 8 microns, Avago will not contend that the asserted claims of the '447 patent are literally infringed by the Mellanox products, but Avago will contend that those products infringe under the doctrine of equivalents.[34] The court holds Avago to its assertion that it will not contend that Mellanox literally infringed the '447 patent. Avago may only contend that those products infringe under the doctrine of equivalents.

8
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT
CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING
MOTION TO COMPEL

*First*, IPtronics contends Avago should have provided charts because the new 25 and 28 G products reflect materially different fabrication processes, architectures and functionalities.[35] "A patentee is not require[d] to provide a claim chart for each accused product if the chart provided is representative of [charts for] the other accused products."[36] If a patentee elects to proceed by charting certain products as representative of others, "Rule 3-1 . . . requires Plaintiff to articulate how the accused products share the same, or substantially the same infringing [qualities] with any other product or with the . . . 'representative' product[]."[37]

The parties dispute whether Avago showed how "the accused products share the same . . . infringing [qualities]" with any "representative product."[38] IPtronics says Avago's support and analysis for its conclusion that "the record shows that the 25 and 28 G products are substantially the same in structure and operation as the charted products" was incompetent, inadequate and speculative because Avago admits it lacks technical information about those products.[39]

---

[35] *See* Docket No. 563-21 at 5; Docket No. 594-4 at ¶¶ 2-8; Docket No. 595-6 at ¶¶ 3-7.

[36] *Infineon Technologies AG v. Volterra Semiconductor*, Case No. 11-cv-06239-MMC, 2013 WL 5366131, at *1, 4 (N.D. Cal. July 31, 2013) (citing *Renesas Tech. Corp. v. Nanya Tech. Corp.*, Case No. 03-cv-5709-JF, 2004 WL 2600466, at *4 (N.D. Cal. Nov. 10, 2004)) (holding Patent L.R. 3-1 does not require a claim chart for every accused product; plaintiff need only provide enough information to "permit a reasonable inference that all accused products infringe.").

[37] *Silicon Labs.*, 2015 WL 846679, at *1 (citing *Bender v. Freescale Semiconductor, Inc.*, Case No. 09-cv-01156-MEJ, 2010 WL 1689465, at *3 (N.D. Cal. Apr. 26, 2010)).

[38] *Silicon Labs.*, 2015 WL 846679 at *1, 3 (citing *Bender v. Freescale Semiconductor, Inc.*, 2010 WL 1689465, at *3); *see also Bluestone Innovations*, 2013 WL 8540910, at *1 (finding that plaintiff failed to show how seven provided claim charts were representative of the 101 products accused of infringement); *Finjan*, 2015 WL 1517920, at *3; *Creargi, Inc. v. Pinnacliffe Inc., LLC*, Case No. 11-cv-06635-LHK-PSG, 2012 WL 5389775 at *3 (N.D. Cal. Nov. 2, 2012) (finding a single claim chart for multiple accused products sufficient where the plaintiff specified that all the identified products contained the same chemical compound, which plaintiff asserted was the infringing element of each of the identified products); *Network Prot. Sciences*, 2013 WL 5402089, at *3 ("[W]hen supported by adequate analysis showing that the accused products share the same critical characteristics, representative infringement contentions may suffice.").

[39] *See id.* at 7, 9 n.4; Docket No. 582-2 at ¶ 4; Docket No. 582-4 at ¶¶ 4-5.

9
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING MOTION TO COMPEL

IPtronics is correct that Avago's attempts to place the burden on IPtronics to produce documents to show the uncharted products are not reasonably similar, or to look to the ITC record, are unavailing.[40]  Put another way, the burden is on Avago to explain how it believes IPtronics' products infringe or to provide comprehensive charts.[41]  But Avago's burden at this stage does not mean that is must prove it is right.  Patent L.R. 3-1 contentions need only provide "reasonable notice to the defendant as to why the plaintiff believes it has a reasonable chance of proving infringement."[42]  Avago's March 5 contentions included 158 pages of supplemental infringement claim charts addressing 7 specific model numbers of IPtronics VCSEL drivers and 7 specific model numbers of IPtronics TIAs, all of which appear to be configured and used similarly regardless of the bandwidth, speed and model number.[43]  Any differences between the uncharted and charted products (such as the IPVD12G011 VCSEL driver) have only to do with rated speed and number channels, which do not appear material to the asserted claims of either patent-in-suit.[44]  This provided reasonable notice to IPtronics of Avago's theory as to the 25 and 28 G products, whatever the ultimate merits of that theory.

---

[40] *See* Docket No. 583-4 at 14, 15; Docket No. 581-4 at 6 ("IPtronics has made no showing that the uncharted products are not reasonably similar in structure and/or operation to the charted products—in any respect that is material to the claims of either patent from all the other accused IPtronics VCSEL drivers, TIAs and evaluation boards.").

[41] *Silicon Labs*, 2015 WL 846679, at *3; *Network Prot. Sciences*, 2013 WL 5402089, at *3; *Bluestone Innovations,* 2013 WL 8540910, at *1.

[42] *Shared Memory Graphics*, 812 F. Supp. 2d at 1025.

[43] *See* Docket Nos. 522, 564-4, 564-5, 564-6, 564-7, 564-8, 564-9, 564-10, 564-11, 564-12, 564-13; Docket No. 581-4 at 7-8.

[44] *See* Docket No. 581-4 at 7.  The asserted claims of the '447 patent require, among other things, a VCSEL, a VCSEL driver that provides a bias current to drive the VCSEL into multiple transverse mode of operation, and a multimode optical medium to carry that signal from the VCSEL to a receiver.  None of the '447 claims specifies the speed of data transmission, so the speed of IPtronics VCSEL drivers, as far as Avago can tell, is irrelevant to the claims of the '447 patent.

This still leaves the question of whether Avago may supplement its infringement contentions on the 25 and 28 G products. After serving 25 and 28 G contentions as represented by charted products on March 5, Avago provided supplemental information, including charts on April 2, and waited until May 21 to file its motion for leave to amend.[45] A plaintiff "may not serve infringement contentions as required by the Patent Local Rules and then informally supplement them after the fact (either through correspondence with Defendants or through briefing to the Court)."[46] No doubt IPtronics is correct that the April 2 charts were untimely.[47] But unlike in *Finjan* and others, Avago does not attempt to change or provide new contentions past the deadline;[48] it merely seeks to clarify existing contentions.

IPtronics maintains that Avago was not diligent because it has been aware for years that the products would at some point be released[49] but did not seek specific discovery until after March 5.[50] In the same breath, IPtronics says Avago has absolutely no information or basis to believe that

---

[45] *See* Docket No. 584 at 13.

[46] *Finjan, Inc.*, 2015 WL 1517920, *5; *see also Trans Video Elec., Ltd. v. Sony Elec., Inc.*, 278 F.R.D. 505, 507-509 (N.D. Cal. 2011).

[47] *See* Docket No. 564-1 at ¶ 22.

[48] *See, e.g.*, *DCG Sys.*, 2012 WL 1309161, at *2; *Dynetix Design Solutions Inc. v. Synopsys Inc.*, No. 11-cv-05973-PSG, 2012 WL 6019898 at *2 (N.D. Cal. Dec. 3, 2012); *Acer, Inc. et al. v. Technology Properties Ltd. et al.*, Case Nos. 5:08-cv-00877-JF, 5:08-cv-00882-JF, 5:08-cv-05398-JF, 2010 WL 3618687 (N.D. Cal. Sept. 10, 2010). Avago complied with its deadline and identified all accused IPtronics products specifically by model number. *Karl Storz Endoscropy-America, Inc. v. Stryker Corp.*, 2011 WL 5574807, at *1 (N.D. Cal. Nov. 16, 2011) (denying plaintiff's motion for leave to amend its infringement contentions when fact discovery had already closed, the parties had exchanged their expert reports, and defendant's motion for summary judgment was set for hearing). Here, the close of fact discovery is August 21, 2015, almost four months after Avago provided the additional charts and information that Defendants sought. *See* Docket No. 522.

[49] See Docket No. 582 at 10-1 (citing IPtronics documents produced "in 2012, with some produced in March 2013" and publicly available, third party specification sheets "dated 2014"). *But see* Docket No. 611-1 at ¶¶ 2-3; Docket Nos. 611-2, Ex. A, 611-3, Ex. B (declaring that in the February 26, 2015, production, IPtronics produced over 34,000 pages of documents to Avago).

[50] *See* Docket No. 564-15; Docket No. 582 at 11, n.7.

11
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING MOTION TO COMPEL

these products are made, used, sold, offered for sale or imported into the U.S., just that the products still are in prototype and sampling stages of development and not commercially released.[51] But in a different breath, IPtronics admits that its next generation products have been released in the United States[52]—though IPtronics did not supplement its responses to interrogatories as required under Rule 26(e).[53] This is inconsistent, to say the least, and does not suggest any lack of diligence by Avago.

A final point on the 25 and 28 G products: Avago moves to compel next generation evaluation kits from IPtronics in response to its requests for production nos. 124 and 125.[54] IPtronics cites its motion to strike the 25 and 28 G products from Avago's infringement

---

[51] *See* Docket No. 582 at 10-11, n.8. Avago says it has not been able to locate any IPtronics public datasheets indicating the products differ from IPtronics' IPVD12G011 product in any way that is material to any of the asserted claims of either patent. *See* Docket No. 581-1 at ¶ 14. Nor have documents IPtronics has designated as "HIGHLY CONFIDENTIAL SOURCE CODE" included any information relating to the IPxx25GxC, IPRxx25GxC, IPxx28GxC, and IPRxx28GxC products. Docket No. 582-2 at ¶ 4.

[52] *See* Docket No. 595-1 at ¶ 4 ("IPtronics' 25 and 28 G products have only been sampled to select customers, most of which are outside the United States.").

[53] Defendants acknowledge Avago's prior discovery requests from October 2010 pre-dated the development of the 25 and 28 G products. *See* Docket No. 601-4, at 10:4-7. Avago could not then have requested documents as to the specific 25 and 28 G products, but Avago's general discovery requests should have been supplemented. *See* Fed. R. Civ. P. 26(e).

[54] *See* Fed R. Civ. P. 37(a)(1) ("[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). *See* Docket No. 596-4 at 8, Docket No. 597-3, Ex. A (RFP No. 124 requesting "One of each IPtronics test board(s) for IPtronics 2-channel, 4-channel, and 12-channel products"; RFP No. 125 requesting "IPtronics graphical user interface software for programming IPtronics 2-channel, 4-channel, and 12-channel products"). IPtronics argues Avago's 2011 RFP Nos. 124 and 125 could not call for the production of the next generation evaluation kits because Avago did not learn about the 25 and 28 G products until 2012, *see* Docket No. 582 at 10, and Avago first requested these next-generation evaluation kits in May 2005. The 2011 requests call for production of IPtronics' evaluation kits without any limitation as to the products' nominal operating speed.

12
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING MOTION TO COMPEL

contentions to explain why it did not produce.[55] Having denied IPtronics' motion to strike these contentions, the court sees no good reason why IPtronics may continue to withhold these kits.[56]

*Second*, IPtronics argues that Avago's contentions regarding IPtronics' indirect infringement did not specifically identify direct infringement. The question here is to what extent Avago must necessarily identify underlying direct infringement in the United States in contending that IPtronics induced infringement.[57] For induced infringement, Patent L.R. 3-1(d) requires "an identification of any direct infringement" as well as a "description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement."[58] The specificity required depends on the stage of litigation.[59] "[I]nfringement contentions should become more specific and

---

[55] *E.g. Bender v. Freescale Semiconductor, Inc.*, 2010 WL 1689465, at *2 ("In effect, Rule 3-1 is essentially a 'discovery device' intended to streamline discovery.").

[56] Because IPtronics admits it has already delivered these evaluation kits in the United States, the designation of these evaluation boards should no higher than "confidential." *See* Docket No. 595-1 at ¶ 4; Docket No. 349 at 3 ("IPtronics relied on this lower, not higher, level of confidentiality in distributing the products to a third-party (but Avago-related) entity, Avago Technologies U.S., Inc. IPtronics cannot now claim that the lower level of confidentiality is insufficient to protect their products when they have previously distributed products to customers under only that level of confidentiality. If the lower level of confidentiality was sufficient outside of this litigation, it will be sufficient inside of it.").

[57] *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S.Ct. 2111, 2117 (2014) (stating that there is "no doubt that inducement liability may arise 'if, but only if, [there is] . . . direct infringement'") (citation omitted); *see also ACCO Brands, Inc. v. ABA Locks Mfrs. Co.,z Ltd.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007) ("Hypothetical instances of direct infringement are insufficient to establish vicarious liability or indirect infringement.") (citation omitted).

[58] Patent L.R. 3-1(d); *Fujitsu Ltd. v. Belkin Intern Inc.*, No. 10-cv-03972-LHK, 2012 WL 4497966 at *9 (N.D. Cal. Sep. 28, 2012) (granting motion to strike evidence of alleged infringement by third-party products not disclosed in infringement contentions); *Nuance Comm'ns, Inc. v. ABBYY Software House et al.*, Case No. 08-cv-02912-JSW, Docket No. 137 at 3 (N.D. Cal. Oct. 1, 2009) (finding contentions that "generally refer to press releases and other materials from Defendants that discuss customers of Accused Products in the United Stated but do not specifically identify the direct infringers or their direct infringement" fail to satisfy Patent L.R. 3-1(d)).

[59] *See Finjan,* 2015 WL 1517920, at *11-12 ("The United States Supreme Court's recent decision in *Limelight* . . . simply did not address the level of specificity required of a plaintiff's infringement contentions under this District's Patent Local Rules. Under *Limelight,* Finjan must eventually identify the parties that committed the underlying acts of direct infringement in order to prevail on its indirect infringement claim, but no authority requires Finjan to do so at this stage of the litigation."); *but see Nuance Comm'ns, Inc. v. ABBYY Software House*, Case No. 08-cv-02912-

13
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING MOTION TO COMPEL

fine-tuned as the case progresses, not more sprawling and encompassing."[60] While circumstantial evidence may be sufficient,[61] in most cases an indirect infringer is entitled "to notice under Patent Local Rule 3-1(b) and (d) of the name or model number of a direct infringer's devices."[62]

Avago argues its contentions comply with the Patent Local Rules' requirements by identifying IPtronics customers Mellanox, Emcore, Tyco and FCI as direct infringers[63] and stating that all customers who make, offer for sale, sell or use the IPtronics' accused products in conjunction with a VCSEL that operates in multiple transverse mode and a receiver infringe asserted claims of the '447 patent.[64] Avago did so by providing a claim chart showing direct infringement based on the Mellanox accused products[65] and citing to a variety of documents.[66] Avago contends it need not provide a claim chart as to each non-party that directly infringes.[67]

---

JSW, Docket No. 137 at 3 (N.D. Cal. Oct. 1, 2009) (finding contentions that "generally refer to press releases and other materials from Defendants that discuss customers of Accused Products in the United States but do not specifically identify the direct infringers or their direct infringement" fail to satisfy Patent L.R. 3-1(d)).

[60] *Apple Inc. v. Samsung Electronics Co., Ltd. et al.*, No. 5:12-cv-00630-LHK (PSG), Docket No. 636 at 6 (N.D. Cal. June 26, 2013).

[61] *See Metabolite Labs., Inc. v. Laboratory Corp.*, 370 F.3d 1354, 1364-65 (Fed. Cir. 2004) (affirming judgment of inducement based upon acts of direct infringement by third-party physicians, stating that "[t]o support the verdict, the record does not need to contain direct evidence that every physician performed the 'correlating' step. . . . [T]he record contains sufficient circumstantial evidence to permit the jury to imply that physicians directly infringe."); *see also Liquid Dynamics Corp. v. Vaughn Co.*, 449 F.3d 1209, 1220-21 (Fed. Cir. 2006) (affirming judgment of infringement based solely on circumstantial evidence); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317-18 (Fed. Cir. 2009) ("[Patentee presented] little, if any, direct evidence of infringement" and "failed to introduce any evidence that any customer actually used the claimed method in any of the Microsoft products." The court held that expert testimony that methods taught in Microsoft's instruction manuals would infringe was sufficient to support the jury's finding of direct infringement).

[62] *EON Corp IP Holding LLC v. Sprint Spectrum, L.P.*, No. 12-cv-01011-JST, 2014 WL 1022536 at *4 (N.D. Cal. Mar. 13, 2014); *Fujitsu*, 2012 WL 4497966 at *9; *Netflix, Inc. v. Rovi Corp., et al.*, No. 11-cv-06591-PJH (N.D. Cal. Apr. 6, 2015).

[63] *See* Docket No. 564-4, 12:20-21.

[64] See *d.* at 5:10-12.

[65] *See* Docket No. 564-5.

14
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING MOTION TO COMPEL

But having reached the deadline of its infringement contentions, Avago's contentions should by now identify the directly infringing parties and products and describe the acts of the alleged indirect infringer that contribute to or induce the direct infringement.[68] Measured against this standard, Avago's March 5 contentions regarding induced infringement are lacking. They do not disclose the specific accused third party and product other than for Tyco and FCI,[69] and for FCI, Avago provides no claim chart or explanation of how FCI products directly infringe, either literally or under the doctrine of equivalents.[70] As one example, the contentions and supporting documents show Emcore purchased IPtronics products but say nothing about infringing use.[71] This is not reasonable notice of why Avago believes it has "a reasonable chance of proving infringement."[72]

As for amendment, even if each document Avago cites was available to Avago when their contentions were due, Avago was sufficiently diligent in this case, at least for some products.[73] Where Avago does not identify the direct infringers or products, its contentions are simply stricken. But Avago has shown good cause to amend to the extent it identifies the direct infringer and products in its April 21 proposal.

---

[66] *See* Docket No. 564-4, 12:2-13:21.

[67] *Compare* Patent L.R. 3-1(c) to 3-1(d).

[68] *See* Patent L.R. 3-1(d); *ACCO Brands*, 501 F.3d at 1313.

[69] *See* Docket No. 564 at 12-13; Docket No. 563-35, Ex. 3 at 13:17-22.

[70] IPtronics' specific confusion is whether the size of the aperture is greater or less than 8 millimeters. *See* Docket No. 563-35, Ex. 3 at 5.

[71] *See* Docket No. 564 at 13; 564-14, Ex. 13 at 4, 13:13-17.

[72] *See Bradley v. Applied Marine Systems LLC*, Case No. 13-cv-03941-JSC, 2014 WL 1867354 at *2 (N.D. Cal. May 7, 2014) (citing *Shared Memory Graphics*, 812 F. Supp. 2d at 1025.

[73] *See* Docket No. 563-1 at ¶2; Docket No. 564-15.

15
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING MOTION TO COMPEL

***Third***, Avago accuses nine different models of IPtronics' TIAs. A patentee must "disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate information is reasonably available to it."[74] "The rules do not authorize the addition of accused instrumentalities that do not practice any specific claim limitations."[75]

IPtronics argues Avago fails to provide any explanation as to how any of those TIAs perform any limitation of the asserted '447 claims.[76] The contentions state only that TIAs are "used with" accused instrumentalities—that is, Avago never alleged that any claim element is present in the TIAs, only that the TIAs are ancillary structures.[77] IPtronics contends the vast majority of the allegations and evidence contained in claim charts purporting to cover both IPtronics' VCSEL drivers and TIA products[78] do not relate to TIAs. That the TIAs could be used as a receiver does not mean they are.

Regardless of their merits, Avago's contentions that IPtronics' TIAs indirectly infringe are sufficient. The accusation is that IPtronics induced infringement by encouraging TIA purchasers to

---

[74] *DCG Sys.*, 2012 WL 1309161, at *2.

[75] *Technology Licensing Corp. v. Grass Valley USA, Inc.*, Case No. 5:12-cv-06060-PSG, 2014 WL 3752108 at *2 (N.D. Cal. July 30, 2014) (striking ancillary products that were only alleged to be used "in conjunction with one or more accused products").

[76] IPtronics says Avago improperly relies on the preamble and does not explain how the TIAs are used to provide an optical communication network, what aspect of the network they comprise, or that they are necessary to form such a network when it says "IPtronics instructs how to connect IPtronics VCSEL driver and TIA products with an optical coupling medium with a VCSEL or VCSEL array to provide an optical communication network." *See, e.g.*, Docket No. 563-27, Ex. 5 at 1. "A preamble is not regarded as limiting . . . when the claim body describes a structurally complete invention such that deletion of the preamble phrase does not affect the structure or steps of the claimed invention." *American Med. Sys., Inc. v. Biolitec, Inc.*, 618 F.3d 1354, 1358-59 (Fed. Cir. 2010).

[77] *See, e.g.*, Docket No. 563-27, Ex. 5 at 2, Docket No. 563-28, Ex. 3 at 4. IPtronics cites Patent L.R. 3-1(c) for the proposition that "ancillary products cannot be accused instrumentalities for purposes of infringement contentions."

[78] *See* Docket No. 563-27, Ex. 16 at 5:24-6:8.

16
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING MOTION TO COMPEL

use the TIAs as components of "receivers"[79] in combinations directly infringing the '447 patent's claim.[80]  Because under Avago's theory, each IPtronics VCSEL driver and TIA is a component of an optical communications network comprising a receiver covered by claim 2 of the '447 patent, Avago was not required to serve separate claim charts for TIAs under Patent L.R. 3-1(b) and (c).  Still, Avago did provide claim charts,[81] including a representative chart of an accused Mellanox instrumentality directly infringing the '447 patent using an IPtronics TIA.[82]  This was enough.

As for amendment, IPtronics again disputes that Avago should be able to amend because Avago is wrong on the merits.  But again, the merits are not at issue here.  Avago identified several TIAs pursuant to Patent L.R. 3-1(b).[83]  Avago seeks a simple clarification that "each and all of the IPtronics laser drivers and TIAs, when assembled and/or used as instructed, exhibited or demonstrated infringe the asserted claims of the '447 patent."[84]  This is reasonable.

***Fourth***, IPtronics argues the March 5 contentions are deficient with respect to Avago's list of eight IPtronics laser driver evaluation boards.[85]  Avago says it specifically identified evaluation

---

[79] *See* Docket Nos. 564-2 at 3:1-14, 4:4-8, 7:14-28, 9:17-19; 16:21-17:1-12, 19:1-14, 20:7-9; Docket No. 564-3 at 2:1-18, 3:9-23, 6:12-28, 11:17-19, 13:23-14:10, 16:1-14, 20:7-19; Docket No. 564-4 at 2:7-3:10, 5:1-5, 13:2- 5, 15:8-25, 17:4-18:13.

[80] *See* Docket No. 581-3 at 19:4- 22:6; Docket No. 583-4, at 7:16.  In its sale of TIAs, IPtronics teaches customers how to use those TIAs in combinations that directly infringe the '447 patent. Each infringing transceiver includes a receiver, which in turn consists of an accused IPtronics' TIA.  Various IPtronics customers sold products that exactly embody IPtronics' teaching, including use of IPtronics TIA as part of a receiver.  Each IPtronics VCSEL driver and TIA is a component of an optical communications network comprising of a receiver covered by the '447 patent.

[81] *E.g.*, Docket No. 564-4 (reciting IPtronics' responses to Avago's requests for admission).

[82] *E.g.*, *id.* at 12-18.

[83] *See* Docket Nos. 564-4-564-12.

[84] *See* Docket No. 564-15, 3.

[85] *See* Docket No. 563-25, Ex. 3 at 4.

17
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING MOTION TO COMPEL

boards as directly and indirectly infringing instrumentalities pursuant to Rule 3-1(c).[86] When used as intended in optical mode, each evaluation kit and evaluation board infringes at least the same claims as the accused VCSEL driver and/or TIA it is designed to evaluate—including the direct infringement of the '456 claims by IPtronics' VCSEL drivers and the indirect infringement of both patents. The IPtronics evaluation kits and evaluation boards comprise the accused IPtronics VCSEL drivers and TIA's. Avago's infringement contentions cite to a 31-page IPtronics document providing detailed instructions on how to infringe the '447 patent using an IPtronics test board.[87] Avago says the IPtronics evaluation boards include some of the elements of the '447 patent claims and that IPtronics uses these boards along with its documentation to induce its customers to directly infringe.[88]

Whatever their virtues, these contentions suffer from at least one vice: Avago does not provide any notice to IPtronics as to what claim limitations the evaluation boards allegedly practice. Avago did not serve individual claim charts, nor do its existing charts mention the evaluation boards.[89] To the extent any of the documents cited in the claim charts refer to evaluation boards, Avago has provided no explanation as to how the evaluation boards themselves, as opposed to the accused laser drivers, perform any claim limitations.[90] Under such circumstances, IPtronics cannot defend against allegations of indirect infringement if it does not know (i) which specific drivers are optically coupled to which specific VCSELs with an aperture

---

[86] *See* Docket No. 564-4 at 4-5.

[87] *See* Docket No. 427-4; Docket No. 564-4, 15-18.

[88] *See* Docket No. 564-4, 15-18.

[89] *See* Docket Nos. 563-26-563-33, Exs. 4-11. IPtronics provided notice. *See* Docket No. 233 at 9-10.

[90] *See Technology Licensing Corp.*, 2014 WL 3752108 at *2.

18
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING MOTION TO COMPEL

larger than 8 micrometers, (ii) whether that VCSEL is operating in multiple transverse mode, or (iii) in which optical communication environment an unnamed customer is using the evaluation kit.[91]

Once again, this leaves the question of amendment. The parties' arguments regarding Avago's motion to amend are the same as those for the TIAs. While Avago may have been less diligent with respect to the evaluation boards, given its previous disclosures, Avago has shown good cause to amend.

*Fifth*, Avago seeks to amend its infringement contentions by providing pin cites for the instrumentalities which Avago says infringe the asserted claims of the '456 patent. Avago included these pin cites in its March 27 letter.[92] IPtronics disputes Avago's diligence; but given the letter IPtronics was on notice of Avago's intentions here. This amendment is reasonable.

In sum, whatever their shortcomings, Avago timely filed its March 5 contentions. However unsuccessfully, Avago attempted to provide more information by the March 27 letter and the April 2 charts.[93] Avago's April 21 motion shows the infringement Avago seeks to contend. While limited time for additional discovery remains, IPtronics will not be unreasonably prejudiced by Avago's further amendments.

**IV.**

IPtronics' motion to strike is GRANTED with regard to Avago's contentions that IPtronics directly infringes the '447 patent, that Mellanox products literally infringe the '447 patent, that Tyco products infringe the '447 patent, that any Defendant indirectly infringes based on any unnamed third-party infringers and products and that any infringement arises from IPtronics'

---

[91] *See* Docket No. 582 at 23.

[92] *See* Docket No. 584 at 11-12.

[93] *See* Docket No. 564-16; Docket Nos. 581-7–581-9, Exs. A, B, C.

19
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART MOTION TO STRIKE-IN-PART AVAGO'S INFRINGEMENT CONTENTIONS; GRANTING MOTION FOR LEAVE TO AMEND AND GRANTING MOTION TO COMPEL

evaluation boards.  Avago's motion for leave to amend its infringement contentions—including its contentions regarding third-party infringers and products and the evaluation boards—is GRANTED.  Avago's motion to compel IPtronics' next-generation evaluation kits is GRANTED.  Amendments in accordance with this order shall be served within seven days, and the next generation evaluation kits shall be produced within fourteen days from the date of this order.

**SO ORDERED.**

Dated:  August 5, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge