UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AVAGO TECHNOLOGIES FIBER IP (SINGAPORE) PTE. LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IPTRONICS INC., et al.,<br><br>Defendants. | Case No. 5:10-cv-02863-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 621 |

## I. INTRODUCTION

After discovering that an expert witness retained by Plaintiff Avago[1] may have prosecuted patents in violation of the protective order entered in this case, Defendant IPtronics filed a motion under Federal Rule of Civil Procedure 37(b) to enforce the prosecution bar and remedy the protective order violation. See Docket Item No. 546. Avago opposed the motion. See Docket Item No. 555.

The matter was referred to Magistrate Judge Paul S. Grewal, who held a hearing on May 12, 2015. See Docket Item No. 573. In a written ruling filed on June 11, 2015, Judge Grewal granted IPtronics' motion, finding that Avago's expert, Dr. Dennis Deppe, had violated the protective order. See Docket Item No. 609. As a remedy, Judge Grewal excluded Deppe from providing evidence in this action.

Avago now moves this court for partial relief from Judge Grewal's order, specifically the

---

[1] In this order, "Avago" refers to all of the plaintiffs: Avago Technologies U.S. Inc., Avago Technologies General IP (Singapore) Pte. Ltd., Avago Technologies Trading, Ltd., and Avago Technologies International Sales Pte., Ltd. "IPtronics" refers to the two named defendants: IPtronics, Inc. and Mellanox Technologies Denmark Aps.

1
Case No.: 5:10-cv-02863-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

portion banning Deppe from acting as an expert witness.  See Docket Item No. 621.  Its arguments are without merit.  Accordingly, the invitation to second-guess Judge Grewal will be denied.

## II. LEGAL STANDARD

Subject to limitations not relevant here, any non-dispositive pretrial matter before the district court may be referred to a magistrate judge for determination.  28 U.S.C. § 636(b)(1)(A).  Once rendered, the decision of the magistrate judge may only be reconsidered by the district court where the order is "clearly erroneous" or "contrary to law."  Id.; Fed. R. Civ. P. 72(a).  This standard is not easily met because it affords the magistrate judge significant deference.  United States v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court.").

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  Tompkins v. R.J. Reynolds Tobacco Co., 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

## III. DISCUSSION

As an initial matter, it is important to frame the issue before the court.  Avago does not contest that finding that Deppe prosecuted patents which, as Judge Grewal found, "plainly relate to optical communication on systems using VCSELs, parallel optical interconnects and laser drivers" - the same technology embodied in the patents-in-suit.  Instead, Avago seeks review and modification of the remedy Judge Grewal imposed.  To that end, Avago argues that Judge Grewal could only have ordered sanctions pursuant to the court's inherent authority and, in doing so, basically failed to observe the limits of such authority when he precluded Deppe from further participation in this case.

2
Case No.: 5:10-cv-02863-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

Avago's argument is unpersuasive for two principal reasons. First, it was not raised before Judge Grewal. Not once did Avago claim that Rule 37(b) sanctions cannot be imposed on a retained expert witness because such a witness is not "a party or a party's officer, director, or managing agent or a witness designated under Rule 30(b)(6) or 31(a)(4)." That failure alone is fatal to this motion. Much like a court of appeals, a reviewing district court does not consider arguments that could have made to the magistrate judge but were not. See Favoured Devs. Ltd. v. Lomas, No. C06-02752 MJJ, 2007 U.S. Dist. LEXIS 78599, at *5-6, 2007 WL 3105107 (N.D. Cal. Oct. 23, 2007). Avago provides no compelling reason to take up the argument now. The court therefore concludes that Avago has waived it.

Second, and in any event, this court would reject Avago's reasoning even if the argument was raised. Aside from the prosecution bar, the protective order provides in explicit terms the type of punishment that may befall those who sign-on and then violate its provisions. It states: "I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt." Avago did not dispute that Deppe became subject to this provision of the protective order in exchange for his receipt of IPtronics' confidential information. Deppe, therefore, consented to the court's supervision of his activities in relation to this action and, in turn, consented to the imposition of punishment for non-compliance. Thus, whether under Rule 37(b) or pursuant to inherent powers, it is unquestionable that the court had authority to impose a sanction on Deppe for his violation of a valid court order. A finding of bad faith was not a necessary precursor even assuming, as Avago does, that only inherent powers can support a sanction under these circumstances. See Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2012) ("[A] district court has the inherent power to sanction for: (1) willful violation of a court order; or (2) bad faith. A determination that a party was willfully disobedient is different from a finding that a party acted in bad faith. Either supports the imposition of sanctions.").

Furthermore, the remedy fashioned by Judge Grewal was not clearly erroneous or contrary

3
Case No.: 5:10-cv-02863-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE

to law.  It is obvious that Judge Grewal thoughtfully considered alternatives to the outright exclusion of Deppe, but observed "the difficulty in separating out confidential information in testimony, and the unreasonable lack of trust such a [protective order]violation fosters."  In the end, Judge Grewal determined that the gravity of Deppe's violation - which was by no means inconsequential - and the unsettling conditions it created could only be alleviated by an order precluding Deppe from providing evidence in this action.  Given the discretionary review to which sanctions decisions are subjected, Judge Grewal's finding is entitled to significant deference.  See Grimes v. City & Cnty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991) (holding that pretrial orders of a magistrate judge are not subject to de novo review and, as such, "the reviewing court may not simply substitute its judgment for that of the deciding court.").  Although it may have preferred a different order, Avago simply has not provided a viable reason to undermine or modify the one that issued.

## IV. ORDER

Based on the foregoing, the court finds that Judge Grewal's exclusion of Deppe as an expert witness is neither clearly erroneous nor contrary to law.  Avago's motion for relief from that order is DENIED.

**IT IS SO ORDERED.**

Dated: October 27, 2015



EDWARD J. DAVILA
United States District Judge

4

Case No.: 5:10-cv-02863-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE