UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVAGO TECHNOLOGIES FIBER IP (SINGAPORE) PTE. LTD., et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>IPTRONICS INC., et al.,<br><br>   Defendants. | Case No. 5:10-cv-02863-EJD<br><br>**ORDER GRANTING MOTION TO STRIKE SUPPLEMENTAL PETERSON EXPERT REPORT**<br><br>**(Re:  Docket No. 786)** |

Defendants Mellanox Technologies Denmark APS, Mellanox Technologies, Inc., Mellanox Technologies, Ltd., and IPtronics, Inc. move to strike the supplemental expert report of Harry Peterson, an expert for Plaintiffs Avago Technologies U.S. Inc., Avago Technologies General IP (Singapore) Ptd. Ltd., Avago Technologies Trading Ltd., and Avago Technologies International Sales Pte. Ltd.  The supplemental Peterson report is untimely and improper and so Defendants' motion is GRANTED.

Following much ado last summer about the production of technical netlists,[1] the parties resolved that discovery issue and entered into a stipulation[2] after enjoying the hospitality of the court.[3]  The parties' opening expert reports were due on September 18, 2015,[4] and the stipulation

---

[1] *See* Docket Nos. 737, 738.

[2] *See* Docket Nos. 744, 765.

[3] *See* Docket Nos. 739, 744.

[4] *See* Docket No. 522 at 7.

1
Case No. 5:10-cv-02863-EJD
ORDER GRANTING MOTION TO STRIKE SUPPLEMENTAL PETERSON EXPERT REPORT

provided that if Defendants produced the netlists after September 4, then the parties would stipulate to seek leave to extend the deadline for Plaintiff's technical expert reports by the same number of days as the delay in production.[5]

Defendants produced the netlists on September 4, 2015, in native format, and then in Eldo format on September 14, 2015, at Plaintiffs' request.[6] Plaintiffs timely served the Peterson expert report on September 18 and Defendants timely served the rebuttal expert report of Dr. Michael Lebby on October 16.[7] Plaintiffs then served the supplemental Peterson report on November 6, 2015, and served an additional 2,279 pages of simulation results on November 13, 2015.[8]

The supplemental Peterson report is improper under the court's scheduling order and under Fed. R. Civ. P. 26(e). The court's scheduling order provides for the designation and service of Opening Experts with Reports and Rebuttal Experts with Reports.[9] It makes no provision for reply expert reports or rebuttals to rebuttal expert reports. Plaintiffs argue that the scheduling order does not forbid reply expert reports, and that Fed. R. Civ. P. 26(a)(2)(D)(ii) allows the disclosure of expert testimony within 30 days of another party's disclosure "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(b) or (C)." However, Plaintiffs' position that they may serve as much reply expert evidence as they please because the schedule order does not explicitly forbid it is untenable. "[T]he Court's scheduling order with respect to opening and rebuttal expert reports, [is] in place to allow for the orderly litigation of patent disputes."[10] By Plaintiffs' logic, the parties

---

[5] *See* Docket No. 765 at 1-2.

[6] *See* Docket No. 785-4 at 2-3.

[7] *See* Docket No. 785-4 at 3; Docket No. 522 at 7.

[8] *See* Docket No. 785-4 at 4-5.

[9] *See* Docket No. 522 at 7.

[10] *MediaTek Inc. v. Freescale Semiconductor*, Case No. 11–cv–5341 YGR, 2014 WL 2854773, at *5 (N.D. Cal. June 20, 2014).

2
Case No. 5:10-cv-02863-EJD
ORDER GRANTING MOTION TO STRIKE SUPPLEMENTAL PETERSON EXPERT REPORT

could embark on an endless cycle of replies to replies to replies under Fed. R. Civ. P. 26(a)(2)(D)(ii), because the scheduling order does not explicitly forbid it.  This would make a mockery of the orderly litigation process and cannot be allowed.  At the very least, the proper course for Plaintiffs would have been to seek leave of the court to file their response to Defendants' rebuttal expert report.

Furthermore, the supplemental Peterson report is not a proper supplement within the meaning of Fed. R. Civ. P. 26(e).  Rule 26(e) requires supplementation of expert reports if the initial disclosure is "incomplete or incorrect."  Plaintiffs argue that the supplemental report discloses information that was not reasonably available to Peterson at the time of his initial expert report, because the netlists produced on September 4, 2015, were unusable for his simulations.[11]  However, the Eldo netlists produced on September 14, 2015, were in a usable format,[12] and so under the parties' September stipulation, the proper course of action would have been to stipulate and seek leave of the court to extend Plaintiffs' deadline for serving Peterson's opening report by ten days, the same number of days that Defendants allegedly delayed in properly producing the netlists.  Plaintiffs' deadline for an opening expert report disclosing information based on simulations run on the Eldo netlists would then have been September 28, 2015, ten days after the original September 18, 2015 deadline.  Plaintiffs did not serve the supplemental report until November 6, 49 days after the deadline.

**SO ORDERED.**

Dated: December 4, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[11] *See* Docket No. 795 at 10-11.

[12] *See id.*

Case No. 5:10-cv-02863-EJD
ORDER GRANTING MOTION TO STRIKE SUPPLEMENTAL PETERSON EXPERT REPORT