1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    AVAGO TECHNOLOGIES FIBER IP              Case No. 5:10-cv-02863-EJD
     (SINGAPORE) PTE. LTD., et al.,
8                                            ORDER GRANTING-IN-PART
                    Plaintiffs,              FINISAR'S MOTION FOR FEES
9
           v.                                (Re:  Docket No. 780)
10
     IPTRONICS INC., et al.,
11
                    Defendants.
12

13         Last August, the court refereed several discovery disputes between Plaintiffs Avago

14   Technologies, Inc., et al. and Defendants IPtronics Inc., et al. as well as third parties, including

15   Finisar Corp.[1]  The upshot of these proceedings was that Avago was allowed to depose third

16   parties that it had not previously deposed, and that Avago would bear the fees and costs of these

17   depositions and document production.[2]  Unfortunately, this straightforward order has predictably

18   spawned further bickering, and Finisar now moves for an order to show cause why Avago should

19   not be held in contempt for its failure to pay Finisar's fees and costs, or alternatively, to compel

20   payment.[3]

21         In June and July, Avago served deposition and document subpoenas on Finisar.[4]  Finisar

22

23   _____

24   [1] See Docket No. 697.

25   [2] See Docket No. 703 at 2.

26   [3] See Docket No. 780.

27   [4] See Docket No. 780 at 1.

28                                              1
     Case No. 5:10-cv-02863-EJD
     ORDER GRANTING-IN-PART FINISAR'S MOTION FOR FEES

objected,[5] Avago moved to compel compliance with the subpoenas,[6] and Finisar both opposed Avago's motion[7] and moved for a protective order and to quash the deposition subpoena.[8]  While this motion practice proceeded, Finisar also worked on analyzing the subpoenas and began identifying potentially responsive documents and potential witnesses for deposition.[9]  Following a hearing on these (and other) motions,[10] the court issued a written order on August 7, 2015.[11]  The court held that Avago could "only take deposition of third parties it [had] not previously deposed, including Finisar Corporation."[12]  It also held that "Avago shall pay for any fees and costs associated with document production and depositions."[13]  Following the court's August 7 order, Finisar and Avago proceeded with discovery through October.[14]  Finisar produced approximately 1,130 pages and Avago deposed three Finisar witnesses on October 7, for a total of fewer than seven hours.[15]

On August 12, 2015, Finisar sent Avago its first fees and costs invoice, for $52,541.07, covering work done by Finisar personnel and outside counsel from June 2 to August 10.[16]  On

_____

[5] *See id.*

[6] *See* Docket No. 649; Docket No. 674 at 3-4.

[7] *See* Docket No. 678.

[8] *See* Docket No. 677.

[9] *See* Docket No. 780 at 2.

[10] *See* Docket No. 697.

[11] *See* Docket No. 703.

[12] *Id.* at 2.

[13] *Id.*

[14] *See* Docket No. 780 at 3.

[15] *See* Docket No. 794 at 1.

[16] *See* Docket No. 780-6.

Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART FINISAR'S MOTION FOR FEES

United States District Court
Northern District of California

1   October 13, 2015, Finisar sent its second invoice, for $130,754.92, covering August 11 to October

2   13.[17]  As detailed in a letter to Avago, Invoices One and Two include fees and costs for Finisar's

3   motion for a protective order and its opposition to Avago's motion to compel, as well as fees and

4   costs relating to the depositions and document production.[18]   On December 10, 2015, Finisar sent

5   its third invoice, for $44,812.08, covering October 13 to November 30.[19]  Invoice Three includes

6   Finisar's fees and costs for its motion to compel payment.[20]  In total, Finisar requests

7   $228,108.07.[21]  Avago opposes and disputes the reasonableness of the fees and costs that Finisar

8   seeks.[22]

9        The court's order allowed Avago to depose third parties it had not previously deposed, and

10   to pay "any fees and costs associated with document production and depositions."[23]  As Finisar's

11   counsel admitted at oral argument, this means "reasonable" fees and costs associated with

12   document production and depositions.[24]  The "any" is not to be construed as a blank check.

13   Furthermore, the language of the order plainly states that the fees and costs must be "associated

14   with document production and depositions."[25]  With those principles as guides, the court

15   GRANTS-IN-PART Finisar's motion to compel payment of fees and costs as follows.

16        Finisar is entitled to payment of fees and costs associated with the depositions and

17

18   [17] *See* Docket No. 780-11.

19   [18] *See* Docket No. 780-14 at 4-6.

20   [19] *See* Docket No. 816.

21   [20] *See* Docket No. 816 at ¶ 5.

22   [21] *See id.* at 2.

23   [22] *See* Docket No. 794 at 1.

24   [23] Docket No. 703 at 2.

25   [24] *See* Docket No. 817.

26   [25] Docket No. 703 at 2.

27

28
Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART FINISAR'S MOTION FOR FEES

United States District Court
Northern District of California

document production, but not with its motion for a protective order[26] or its opposition to Avago's motion to compel.[27]  These filings preceded the court's order on fees and costs and were unrelated to conducting the depositions and document production that eventually took place.  Moreover, Finisar lost both motions.[28]  Granting fees and costs for this motion practice would give Finisar an inappropriate windfall.  Finisar also is not entitled to the fees and costs associated with its motion to compel payment, because these also are not related to the depositions and document production.

Finisar's invoices are block-billed and provide only monetary totals for each Finisar employee and outside counsel's work during the period covered by each invoice,[29] rather than discrete time entries setting forth the amount of time spent per task, a description of the work performed and the relevant billing rate.  The court thus relies on the dates that document production and the depositions occurred to determine which invoiced fees and costs were incurred in complying with the depositions and document production.

On August 19, 2015, Avago sent a letter to Finisar, which stated,

> As you well know, Finisar steadfastly refused to produce any documents until ordered to do so by the Court on August 7. There has been no document production by Finisar, and Finisar refuses even to respond to Avago's proposed significant narrowing of the Requests for Production in the document subpoena, so that the document collection process may begin. In the face of this refusal to cooperate, Avago is concerned about the ability of Finisar to comply with the Court's Order specifying a deadline of September 21, 2015. . . .
>
> During the August 11 call, you stated that Finisar had not yet begun even to collect documents, and I proposed that we cooperate to develop a reasonable plan for the production of documents, based upon the narrowed scope of the revised Requests for Production, provided to you on August 13, 2015.[30]

Invoice One covered June 2 to August 10.  It is apparent from Avago's letter that Finisar

---

[26] *See* Docket No. 677.

[27] *See* Docket No. 678.

[28] *See* Docket No. 703.

[29] *See* Docket Nos. 780-6, 780-11, 816.

[30] Docket No. 780-7.

United States District Court
Northern District of California

4

Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART FINISAR'S MOTION FOR FEES

had not begun collecting documents or producing documents as of August 11.  Taken in combination with Finisar's letter stating that Invoices One and Two included attorney work on Finisar's motion for a protective order and its opposition to Avago's motion to compel,[31] these facts make it apparent that the work charged in Invoice One was likely not "associated with [the] document production and depositions"[32] that the court compelled, but primarily related to Finisar's unsuccessful motion practice.  Finisar argues that during June and July, the period before the court's order, it worked on "evaluating and responding" to Avago's subpoenas and this work "was part and parcel of Finisar's document production and depositions."[33]  However, given Finisar's continued refusal as of August 19 to begin collecting documents, producing documents or responding to Avago's proposed narrowing of document production, this pre-order work was extraordinarily unproductive and it is not obvious that they were related to the document production and depositions that actually took place, rather than the motions.  Finisar may not receive the monies requested in Invoice One.

Invoice Two covered August 11 to October 13.  Avago and Finisar began corresponding on narrowed subpoena topics as early as August 13,[34] and document production presumably occurred sometime afterward.[35]  The Finisar depositions occurred on October 7.[36]  Based on these facts, the fees and costs in Invoice Two were associated with the depositions and document production ordered by the court.  Finisar may receive the monies requested in Invoice Two.

Invoice Three covered October 13 to November 30.  The depositions already had

---

[31] See Docket No. 780-14 at 3-5.

[32] Docket No. 703 at 2.

[33] Docket No. 797 at 4-5.

[34] See Docket No. 780-7 at 2-3.

[35] See, e.g., Docket No. 780-9 (confirming partial document production on September 15, 2015).

[36] See Docket No. 780 at 3.

Case No. 5:10-cv-02863-EJD
ORDER GRANTING-IN-PART FINISAR'S MOTION FOR FEES

United States District Court
Northern District of California

1   concluded before this period.  It is apparent from Finisar's own papers that the bulk of the work

2   performed in this period related to invoices, correspondence, meet and confers and motion practice

3   for Finisar's fees and costs.[37]  Strictly speaking, none of this work is "associated with document

4   production and depositions."[38]  The court's order was intended to mitigate the burden that third

5   party Finisar faced in complying with Avago's discovery subpoenas.[39]  It was not intended to

6   allow Finisar to run up fees and costs tangentially related to discovery compliance and charge

7   them to Avago.  Finisar may not receive the monies requested in Invoice Three.

8          Finisar's motion is GRANTED-IN-PART.  Avago shall pay Finisar for Invoice Two,

9   $130,754.92, within 14 days.

10  **SO ORDERED.**

11  Dated: December 17, 2015

12                                                      _Paul S. Grewal_
                                                        PAUL S. GREWAL
13                                                      United States Magistrate Judge

_____

[37] _See_ Docket No. 780 at 4-5.

[38] Docket No. 703 at 2.

[39] _See id._

6

United States District Court
Northern District of California