1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                   NORTHERN DISTRICT OF CALIFORNIA

6

7    AVAGO TECHNOLOGIES FIBER IP            Case No. 5:10-cv-02863-EJD
     (SINGAPORE) PTE. LTD., et al.,
8                                           **ORDER DENYING MOTION FOR**
                    Plaintiffs,             **COSTS**
9
            v.                              **(Re:  Docket No. 782)**
10
     IPTRONICS INC., et al.,
11
                    Defendants.
12

13          Last August, the court allowed Plaintiffs Avago Technologies, Inc. et al. to take

14   depositions and secure document production from third parties it had not already deposed, on the

15   condition that Avago bear the burden of fees and costs associated with those depositions and

16   document production.[1]  Non-party Sumitomo Electric Device Innovations U.S.A., Inc., which

17   Avago did not depose, moves to compel payment of its fees and costs associated with preparing

18   for a deposition that never happened and document production that did.[2]  SEDU's motion is

19   DENIED.

20          Between December 2014 and May 2015, Avago served three deposition and document

21   production subpoenas on SEDU.[3]  As an initial matter, SEDU responded with general objections,

22   one of which stated:

23          Any and all costs relating to the Subpoena should be borne completely and in

24   _____

25   [1] *See* Docket No. 703 at 2.

26   [2] *See* Docket No. 782.

27   [3] *See id.* at 1.

28                                                    1
     Case No. 5:10-cv-02863-EJD
     ORDER DENYING MOTION FOR COSTS

advance by the party issuing the Subpoena, and SEDU objects to producing any materials sought by the Subpoena in the absence of Avago's prior written commitment to pay for all reasonable costs of production.[4]

While meeting and conferring on May 29, 2015, Avago explicitly rejected the request that Avago pay these discovery costs[5] and never gave SEDU a written commitment that it would.[6] Nevertheless, from February to June, Avago and SEDU met, conferred and narrowed the scope of the subpoenas.[7] They were able to reach a tentative agreement on the scope of document production,[8] and notwithstanding Avago's refusal to pay costs, SEDU produced approximately 47,000 documents from June 12, 2015 to July 24, 2015.[9]

Talks about the deposition subpoenas were less successful, and on July 29, 2015, Avago moved to compel the deposition of SEDU.[10] Meanwhile, SEDU prepared to respond to the subpoena.[11]

In August, the court ruled on a number of discovery motions together and denied Avago's motion to compel deposition as to SEDU but granted Avago's motions to compel against other entities.[12] The court established "ground rules" for the depositions and discovery that it authorized: first, Avago could "only take deposition of third parties it [had] not previously

---

[4] *See* Docket No. 978 at 3.

[5] *See* Docket No. 798-1 at ¶ 2.

[6] *See* Docket No. 798 at 3.

[7] *See id.* at 2.

[8] *See* Docket No. 782 at 3.

[9] *See id.*

[10] *See* Docket No. 653.

[11] *See* Docket No. 782 at 3.

[12] *See* Docket No. 703 (denying depositions of parties previously deposed); Docket No. 723 (explicitly denying Avago's motion to compel SEDU's deposition).

Case No. 5:10-cv-02863-EJD
ORDER DENYING MOTION FOR COSTS

United States District Court
Northern District of California

deposed,"[13] and second, "Avago shall pay for any fees and costs associated with document production and depositions."[14]  Avago had previously deposed SEDU in an ITC proceeding,[15] and so the court's order prevented Avago from re-deposing SEDU.  Nonetheless, SEDU moves under the court's prior order[16] and Fed. R. Civ. P. 45(d)(2)(B)(ii) to request a minimum of $426,694.63 in fees and costs incurred in responding to Avago's document production subpoenas and in preparing for a deposition that never occurred.[17]

The court's prior order plainly does not authorize SEDU to recover its discovery fees and costs.  The order allowed Avago to depose third parties it had not previously deposed—which excluded SEDU—and then, to reduce the burden that imposed on those third parties, required Avago to pay fees and costs associated with those depositions and document production.  The order did not allow every third party ever involved in this litigation to recover its discovery fees and costs, which is what SEDU's interpretation of the order would require.  The court denied Avago's motion to compel a deposition of SEDU, and because SEDU was not deposed, it cannot recover its fees and costs incurred in preparing for and opposing the deposition.

SEDU also cannot recover its fees and costs under Fed. R. Civ. P. 45(d)(2)(B)(ii).  This rule states that when a court compels production or inspection, the court's order "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."  If the court does not issue an order compelling production or inspection, "costs may be shifted under Rule 45(d)(2)(B)(ii) if the requesting party is on notice that the non-party will seek reimbursement of costs."[18]

---

[13] Docket No. 703 at 2.

[14] *Id.*

[15] *See* Docket No. 798 at 7.

[16] *See* Docket No. 703 at 2.

[17] *See* Docket No. 782 at 1.

[18] *Spears v. First Am. Eappraiseit*, Case No. 5-08-CV-00868-RMW, 2014 WL 6901808, at *3

Case No. 5:10-cv-02863-EJD
ORDER DENYING MOTION FOR COSTS

United States District Court
Northern District of California

1    Fed. R. Civ. P. 45(d)(2)(B)(ii) does not provide SEDU any relief.  The court did not order

2  SEDU's compliance with the deposition or document production subpoenas.  In fact, SEDU's

3  document production occurred without a court order.  In order for SEDU to recover its fees under

4  this rule, then, Avago would have to have been on notice that SEDU would seek reimbursement of

5  costs.  SEDU argues that it put Avago on notice first with its general objection[19] and then again

6  during the May 29, 2015 meet and confer.[20]  However, despite SEDU's general objection "to

7  producing any materials . . . in the absence of Avago's prior written commitment to pay for all

8  reasonable costs of production,"[21] Avago's lack of a written commitment[22] and Avago's explicit

9  refusal to pay for costs,[23] SEDU produced documents.[24]  SEDU's decision to proceed with

10  production even in the face of Avago's refusal to pay for costs, and in contradiction of its stated

11  objection, did not put Avago on notice that SEDU would seek reimbursement of costs.

12  **SO ORDERED.**

13  Dated: December 17, 2015

14  _____
    PAUL S. GREWAL

15  United States Magistrate Judge

16

17

18

19

20  _____

(N.D. Cal. Dec. 8, 2014).

21  [19] *See* Docket No. 798 at 3.

22

23  [20] *See* Docket No. 782 at 2.

24  [21] *See* Docket No. 798 at 3.

25  [22] *See id.*

26  [23] *See* Docket No. 798-1 at ¶ 2.

27  [24] *See* Docket No. 782 at 3.

28
Case No. 5:10-cv-02863-EJD
ORDER DENYING MOTION FOR COSTS