UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVAGO TECHNOLOGIES FIBER IP (SINGAPORE) PTE. LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IPTRONICS INC., et al.,<br><br>Defendants. | Case No. 5:10-cv-02863-EJD<br><br>**ORDER DENYING MOTION FOR CONTEMPT AND SANCTIONS**<br><br>**(Re: Docket No. 706)** |

Defendants IPtronics Inc. et al. allege that Plaintiffs Avago Technologies Inc. et al. failed to obey the court's orders to produce a Rule 30(b)(6) witness,[1] and move for monetary and preclusion sanctions.[2] IPtronics' motion is DENIED.

**I.**

The origins of this dispute go back to November 2014, when IPtronics noticed a 30(b)(6) deposition on topics relating to Avago's trade secret, Lanham Act and unjust enrichment claims.[3] After IPtronics experienced significant difficulty in scheduling the deposition, they successfully moved to compel.[4] IPtronics then deposed Sharon Hall, Avago's designated witness, on March 18, 2015, but Hall was unable to speak to over a third of the noticed topics and could address the

---

[1] *See* Docket Nos. 537, 580.

[2] *See* Docket No. 705-4.

[3] *See* Docket No. 705-4 at 2-3.

[4] *See* Docket Nos. 527, 537.

rest only in-part, citing confidentiality concerns.[5] Following another motion by IPtronics,[6] the court found that Avago had violated its previous discovery order, imposed monetary sanctions on Avago, ordered Avago to make available by June 1, 2015 "one or more 30(b)(6) witnesses adequately prepared on the noticed topics," and ordered Avago to produce any outstanding documents reviewed by the witness in preparation for the deposition at least three days before the additional deposition.[7]

On May 27, 2015, three business days before the deposition deadline, Avago amended their trade secret designations, reducing their trade secrets from 40 to three.[8] On May 28, 2015, Avago produced documents that Hall had reviewed and would rely on.[9] On June 1, 2015, IPtronics deposed Hall on the new trade secret designations.[10] The next day, June 2, 2015, Avago produced two additional pages of documents.[11]

Over a month and a half later, IPtronics notified Avago that they believed Avago had not "complied with the court's order in requiring production of a 30(b)(6) witness on the trade secret issues, particularly in light of amending the trade secrets immediately before the deposition."[12] IPtronics stated that this conduct prejudiced their ability to defend against "continually shifting" and "unsupportable" claims, and they would be moving for sanctions.[13] Avago responded that

---

[5] *See* Docket No. 580 at 3.

[6] *See* Docket No. 542.

[7] Docket No. 580 at 4, 8, 10-11.

[8] *Compare* Docket No. 452-6 *with* Docket No. 705-6.

[9] *See* Docket No. 706-11 at 1.

[10] *See*

[11] *See* Docket No. 706-7; Docket No. 735-1 at ¶ 6.

[12] Docket No. 706-8 at 52:12-22.

[13] Docket No. 706-9.

2
Case No. 5:10-cv-02863-EJD
ORDER DENYING MOTION FOR CONTEMPT AND SANCTIONS

they had complied—they had made Hall available for deposition on June 1, 2015, and produced the documents she reviewed and relied upon on May 28, 2015.[14] Moreover, IPtronics had neither raised any issue about the new designations during the deposition, nor made any "claim about the sufficiency of Ms. Hall's testimony" since the deposition.[15] As for the amended trade secret designations, Avago stated that they were not newly formulated, but that they were "either the same as or compiled and re-stated from the previously designated trade secrets," and explained how the new designations were related to the old designations.[16]

Following an unsuccessful meet and confer, IPtronics now moves for an order precluding Avago from presenting, in support of their trade secret claims, any evidence 1) concerning the trade secrets that were the subject of Avago's September 12, 2012 and December 11, 2014 trade secret designations; 2) concerning the trade secrets that were the subject of Avago's May 27, 2015 trade secret designation and 3) that was first disclosed at the March 18, 2015 or June 1, 2015 Hall depositions.[17] IPtronics also seeks to preclude Avago from further amending its trade secret designations and seeks its fees for the June 1, 2015 30(b)(6) deposition and for its motion for contempt and sanctions.[18]

## II.

The court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367(a). This matter was referred to the undersigned pursuant to Fed. R. Civ. P. 72(a).

Fed. R. Civ. P. 37 allows the court to impose evidentiary and monetary sanctions for discovery violations.[19] Furthermore, "Rule 37 sanctions are mandatory and must be applied

---

[14] *See* Docket No. 706-11 at 1.

[15] *Id.* at 1-2.

[16] *Id.* at 2.

[17] *See* Docket No. 705-4 at 1, 9-10.

[18] *Id.* at 1.

[19] *See Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

3
Case No. 5:10-cv-02863-EJD
ORDER DENYING MOTION FOR CONTEMPT AND SANCTIONS

diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent."[20]

Under Fed. R. Civ. P. 37(b)(2)(A), the court may sanction a party's failure to obey an order to provide discovery by "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." "Preclusive sanctions are within the court's discretion,"[21] and magistrate judges may issue monetary and other non-dispositive sanctions.[22]

Fed. R. Civ. P. 37(b)(2)(C) provides that when a party or its counsel violates a discovery order, the court must order the party, its counsel or both to pay the "reasonable expenses, including attorney's fees, caused by the failure" to comply with a discovery order, unless the failure was "substantially justified or other circumstances make an award of expenses unjust."

---

[20] *Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*, Case No. 05-cv-1516-RSWL, 2007 U.S. Dist. LEXIS 72953, at *54 (C.D. Cal. Sept. 18, 2007); *see also Navellier*, 262 F.3d at 947; Fed. R. Civ. P. 37(b)(2)(A) ("(2) Sanctions Sought in the District Where the Action Is Pending. (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: . . . (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence").

[21] *See Apple Inc. v. Samsung Electronics Co.*, Case No. 5:11-cv-1846-LHK, 2012 WL 1595784, at *3 (N.D. Cal. May 4, 2012) (citing *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001) ("Sanctions may be warranted under Federal Rule of Civil Procedure 37(b)(2) for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of the discovery.")).

[22] *See Apple Inc. v. Samsung Electronics Co.*, 888 F. Supp. 2d, 976, 985-86 (N.D. Cal. 2012) (citing *Herson v. City of Richmond,* Case No. 4:09-cv-02516-PJH, 2011 WL 3516162, at *2 (N.D. Cal. Aug. 11, 2011)); *Io Grp. Inc. v. GLBT Ltd.*, Case No. 3:10-cv-1282-MMC, 2011 WL 4974337 (N.D. Cal. Oct. 19, 2011); *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, Case No. 5:06-cv-3359-JF, 2009 U.S. Dis. LEXIS 62668 (N.D. Cal. July 2, 2009); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (holding monetary sanctions imposed under Rule 37 are nondispositive); *Maisonville v. F2 America, Inc.,* 902 F.2d 746, 747-48 (9th Cir. 1990) (finding monetary sanction imposed pursuant to Rule 11 are non-dispositive); *Keithley v. Homestore.com, Inc.*, Case No. 3:03-cv-04447-SI, 2008 WL 4830752 (N.D. Cal. Nov. 6, 2008).

4
Case No. 5:10-cv-02863-EJD
ORDER DENYING MOTION FOR CONTEMPT AND SANCTIONS

"The burden is on the disclosing party to show that the failure to disclose information or witnesses was justified or harmless."[23]

### III.

Cutting to the chase, the dispositive question in determining whether monetary and preclusion sanctions are appropriate here is whether Avago violated the court's order. The court ordered Avago to do two things: first, to produce a 30(b)(6) witness "adequately prepared on the noticed topics," and second, to produce any outstanding documents at least three days before the deposition.[24] Regarding the 30(b)(6) deposition, IPtronics did not allege, either in its communications with Avago or in its motion to the court, that Hall was unprepared for the deposition.[25] While Avago changed the scope of the trade secrets claimed just two days before the deposition, IPtronics has not identified any questions that Hall could not answer or any topic on which she was not prepared.[26] Regarding the document production, Avago produced the documents that Hall had reviewed and intended to rely upon in her deposition on May 29, 2015, three days before the June 1, 2015 deposition.[27] Although Avago also produced other documents on June 2, 2015, these documents were unrelated to the trade secret claims and the 30(b)(6) deposition, and Hall did not review them in preparation for her deposition.[28] Because the court's order covered only documents relating to the 30(b)(6) deposition, Avago has not violated the court's order.

---

[23] *FormFactor, Inc. v. Micro-Probe, Inc.*, Case No. 4:10-cv-3095-PJH, 2012 U.S. Dist. LEXIS 62233, at *26 (N.D. Cal. May 3, 2012) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001)).

[24] Docket No. 580 at 8, 10-11.

[25] *See* Docket Nos. 706-8, 706-9, 706-10, 705-4.

[26] *See* Docket Nos. 706-8, 706-9, 706-10, 705-4.

[27] *See* Docket No. 735 at 4, 9.

[28] *See* Docket No. 735-1 at ¶ 6.

**SO ORDERED.**

Dated: December 18, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge